IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LANCE'S TAVERN, LLC d/b/a SKEETERS PUB & REGGIE'S INC., | Civil Action No.: **2:25-cv-06245-JHS** |
| Plaintiffs, | |
| v. | |
| SUTTON SPECIALTY INS. CO. 110 E Atlantic Avenue, Suite 330 Delray Beach, FL 33444, | |
| Defendant. | |

**SUTTON SPECIALTY INSURANCE COMPANY'S
RESPONSE TO PLAINTIFF'S "UNDISPUTED MATERIAL FACTS"**

Pursuant to Fed. R. Civ. P. 56, Sutton Specialty Insurance Company ("Sutton") responds to Plaintiff's "Undisputed Material Facts" as follows:

1.  Sutton Specialty Insurance Company issued a commercial insurance policy to Plaintiffs that included liquor liability coverage.

RESPONSE: Sutton objects to paragraph "1" on the grounds that contrary to Fed. R. Civ. P. 56 and Judge Slomsky's Scheduling And Motion Practices and Procedures, V. Rule 56 Motions, Plaintiff failed to cite the source relied on in support of the alleged fact. Subject to and without waiving its objections, Sutton states that it issued to "Reggie's Inc. & Lance's Taven LLC DBA Skeeter's Pub" ("Skeeter's Pub") Policy Number ISCH0200000218-01, for the Policy Period June 16, 2023 - June 16, 2023 (the "Sutton Policy"), the terms of which speak for themselves. A copy of the Sutton Policy is attached as **Exhibit A**.

2.  The Underlying Action alleges that Plaintiffs negligently served alcohol to a visibly intoxicated individual in violation of Pennsylvania law.

RESPONSE: Sutton objects to paragraph "2" on the grounds that contrary to Fed. R. Civ. P. 56 and Judge Slomsky's Scheduling And Motion Practices and Procedures, V. Rule 56 Motions, Plaintiff failed to cite the source relied on in support of the alleged fact. Sutton further objects to paragraph 2 on the grounds that the phrase "[t]he Underlying Action alleges…" is vague, ambiguous, and incapable of a response in its present form. Subject to and without waiving its objections, Sutton states that the complaints in the Underlying Action allege that Skeeter's Pub negligently served alcohol to a visibly intoxicated person in violation of Pennsylvania law.

3.      The Underlying Complaint claims that Plaintiffs negligently served alcohol to a visibly intoxicated person in violation of Pennsylvania's Dram Shop Act.

RESPONSE: Sutton objects to paragraph "3" on the grounds that contrary to Fed. R. Civ. P. 56 and Judge Slomsky's Scheduling And Motion Practices and Procedures, V. Rule 56 Motions, Plaintiff failed to cite the source relied on in support of the alleged fact. Subject to and without waiving its objections, Sutton states that the complaints in the Underlying Action allege that Skeeter's Pub negligently served alcohol to a visibly intoxicated person in violation of Pennsylvania's Dram Shop Act.

4.      Sutton denied coverage and refused to provide a defense.

RESPONSE: Sutton objects to paragraph "4" on the grounds that contrary to Fed. R. Civ. P. 56 and Judge Slomsky's Scheduling And Motion Practices and Procedures, V. Rule 56 Motions, Plaintiff failed to cite the source relied on in support of the alleged fact. Subject to and without waiving its objections, Sutton admits that it properly denied coverage and has no duty to defend or indemnify Skeeter's Pub in the Underlying Action.

5.      Plaintiffs have incurred substantial defense costs as a result of Sutton's refusal, in excess of $40,000 to date.

RESPONSE: Sutton objects to paragraph "5" on the grounds that contrary to Fed. R. Civ. P. 56 and Judge Slomsky's Scheduling And Motion Practices and Procedures, V. Rule 56 Motions, Plaintiff failed to cite the source relied on in support of the alleged fact. Subject to and without waiving its objections, Sutton states that it has no knowledge of the amount of costs allegedly incurred by Plaintiff in the defense of the Underlying Action, and Plaintiff has not provided any documentation in support of this assertion. As such, Sutton denies the assertion made in paragraph 5, and the court should not consider this assertion pursuant to Fed. R. Civ. P. 56 (c)(3).

**SUTTON'S STATEMENT OF UNDISPUTED MATERIAL FACTS IN OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

**A.   THE UNDERLYING ACTION**

1.   The action Jane Doe K.K., v. Lyft, Inc, et al, Case No. 250402203, in the Court of Common Pleas, Philadelphia County (the "Underlying Action"), alleges Jane Doe K.K. ("Jane Doe"), after becoming intoxicated at various establishments, was sexually assaulted by a Lyft driver. A copy of the Third Amended Complaint filed in the Underlying Action attached as **Exhibit B**.

2.   The Underlying Action alleges that Skeeter's Pub served intoxicating amounts of alcohol to Jane Doe, who was visibly intoxicated, prior to her getting into a Lyft vehicle in which she was sexually assaulted. Id. at ¶¶ 34; 38.

3.   The Underlying Action alleges Skeeter's Pub knew or had reason to know that Jane Doe "would be intoxicated and unsafe, using rideshares since she was left incapacitated and/or incapable of consent to sexual acts." Id. at ¶¶ 34; 38.

4.   Count XII of the Third Amended Complaint alleges "Negligence" against Skeeter's Pub and other and demands, *inter alia*, punitive damages. Id. at Count XII (¶¶271-279).

5. Count XIV of the Third Amended Complaint alleges "Liquor Liability" against Skeeter's Pub and demands, *inter alia*, punitive damages. Id. at Count XIV (¶¶288-295).

B. **THE SUTTON POLICY**

6. Sutton issued to "Reggie's Inc. & Lance's Taven LLC DBA Skeeter's Pub" ("Skeeter's Pub"), located at 7-11 Coels Road, Blackwood, NJ 08012, Policy Number ISCH0200000218-01, for the Policy Period June 16, 2023 - June 16, 2023 (the "Sutton Policy"). (A true and correct copy of the Sutton Policy is attached as **Exhibit A**.)

7. The Commercial General Liability Coverage Part Declarations in the Sutton Policy includes a "SCHEDULE OF RATING LOCATIONS" and identifies a sole location: "11 Coles Road, Blackwood, NJ 08012." Id. at Commercial General Liability Coverage Part Declarations, form SSCG RBT DEC 00 (10/21), Bates No. SUTTON 000047.[1]

8. The Sutton Policy contains the Commercial General Liability Coverage Form (form CG 00 01 04 13) (the "CGL Coverage Form") that provides:

> **SECTION I – COVERAGES**
> **COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY**
> 1. **Insuring Agreement**
>    a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result….
>                              * * *
> 2. **Exclusions**

---

[1] Pursuant to the Court Rules, Sutton has been specific with its citations by identifying the policy form number, as well as Bates Range numbers.

4

This insurance does not apply to:

\* \* \*

**c. Liquor Liability**

"Bodily injury" or "property damage" for which any insured may be held liable by reason of:

**(1)** Causing or contributing to the intoxication of any person;

**(2)** The furnishing of alcoholic beverages to a person under the legal drinking age or under the influence of alcohol; or

**(3)** Any statute, ordinance or regulation relating to the sale, gift, distribution or use of alcoholic beverages.

This exclusion applies even if the claims against any insured allege negligence or other wrongdoing in:

**(a)** The supervision, hiring, employment, training or monitoring of others by that insured; or

**(b)** Providing or failing to provide transportation with respect to any person that may be under the influence of alcohol;

if the "occurrence" which caused the "bodily injury" or "property damage", involved that which is described in Paragraph **(1), (2)** or **(3)** above.

However, this exclusion applies only if you are in the business of manufacturing, distributing, selling, serving or furnishing alcoholic beverages. For the purposes of this exclusion, permitting a person to bring alcoholic beverages on your premises, for consumption on your premises, whether or not a fee is charged or a license is required for such activity, is not by itself considered the business of selling, serving or furnishing alcoholic beverages.

[See Exhibit A at form CG 00 01 04 13, Bates No. SUTTON 000049 –50.]

9. The Sutton Policy contains the Liquor Liability Coverage Form (form CG 00 33 04 13) that provides:

**SECTION I – LIQUOR LIABILITY COVERAGE**

**1. Insuring Agreement**

**a.** We will pay those sums that the insured becomes legally obligated to pay as damages because of "injury" to which this insurance applies if liability for such "injury" is imposed on the insured by reason of the selling, serving or furnishing

>of any alcoholic beverage. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "injury" to which this insurance does not apply. We may, at our discretion, investigate any "injury" and settle any claim or "suit" that may result….
>
>[See Exhibit A at form CG 00 33 04 13, Bates No. SUTTON000091.]

10. The Sutton Policy contains the Limited Assault Or Battery Coverage endorsement (form IL HOS 05 05 01 14) that provides:

>**LIMITED ASSAULT OR BATTERY COVERAGE**
>**(Claims Expense within Coverage Limits)**
>
>This endorsement modifies insurance provided under the following:
>
>COMMERCIAL GENERAL LIABILTY COVERAGE FORM
>
>LIQUOR LIABILTY COVERAGE FORM
>
>**SCHEDULE**
>
>**Sub-limits of Insurance:**
>
>>$100,000 **Each Assault or Battery Incident Sub-limit**
>>$100,000 **Annual Assault or Battery Aggregate Sub-limit**
>
>**I.    LIMITED ASSAULT AND BATTERY INSURING AGREEMENT**
>
>>**A.** We will pay all sums the Named Insured is legally obligated to pay as damages because of "injury", "bodily injury", "property damage" or "personal and advertising injury" arising out of an "assault or battery incident" by any insured.
>>
>>**B.** We will have the right and duty to defend the Insured against any "suit" seeking those damages.
>>
>>However, we will have no duty to defend the Insured against any "suit" seeking damages for "injury", "bodily injury", "property damage" or "personal and advertising injury" to which this insurance does not apply. We may, at our discretion, investigate any "assault and battery incident" and settle any claim or "suit" that may result. But:

6

1. The amount we will pay for damages and the cost of defense is limited as described in Section **II LIMITS OF INSURANCE** of this coverage form; and

2. Our right and duty to defend end when we have used up the applicable sub-limit of insurance in the payment of judgments or settlements under as described in Section **II LIMITS OF INSURANCE** in this coverage form.

No other obligation or liability to pay sums or perform acts or services is covered.

C. This insurance applies only if the "assault or battery incident":

1. Arises out of your operations, which includes, but is not limited to, the selling, serving or furnishing of alcoholic beverages

2. Takes place in the "coverage territory"; and

3. Occurs during the policy period.

Damages because of "bodily injury" include damages claimed by any person or organization for care, loss of services or death resulting at any time from the "bodily injury."

\* \* \*

III. **EXCLUSIONS**

A. **Additional Exclusion Applicable to the COMMERCIAL GENERAL LIABILITY COVERAGE FORM**

The following exclusion is added to the **COMMERCIAL GENERAL LIABILITY COVERAGE FORM**:[2]

Injury, damage or loss, however caused, arising, directly or indirectly, out of:

1. Assault;

2. Battery;

3. Any "assault or battery incident".

B. **Additional Exclusion Applicable to the LIQUOR LIABILITY COVERAGE FORM**

The following exclusion is added to the **LIQUOR LIABILITY COVERAGE FORM**:[3]

---

[2] Hereinafter referred to as the "Assault or Battery Exclusion – CGL."
[3] Hereinafter referred to as the "Assault or Battery Exclusion – Liquor Liability." The Assault or Battery Exclusion – CGL and Assault or Battery Exclusion – Liquor Liability are collectively referred to as the "Assault or Battery

7

This insurance does not apply to "injury", damage or loss, however caused, arising, directly or indirectly, out of:

1. Assault;
2. Battery;
3. Any "assault or battery incident".

**C. Exclusions Applicable to the LIMITED ASSAULT AND BATTERY COVERAGE**

This insurance does not apply to:

1. "Injury", claim or loss, however caused, arising, directly or indirectly, out of sexual assault, abuse or molestation.
2. Any claim for punitive or exemplary damages.

Further, the exclusions applicable to the **LIQUOR LIABILITY COVERAGE FORM** shall also apply to **LIMITED ASSAULT AND BATTERY COVERAGE**.

\* \* \*

**IV. DEFINITIONS**

"Assault or battery incident" means harmful or offensive contact between or among two or more persons including, but not limited to, apprehension of harmful or offensive contact or threats or harmful or offensive contact. An "assault or battery incident" may be:

**a.** provoked or unprovoked by any person; and

**b.** arise out of or result from any act or omission in connection with:

  **(1)** Prevention or suppression of an "assault or battery incident";

  **(2)** Protection of persons or property;

  **(3)** Negligent hiring, supervision, retention or training of any "employee" of the Insured; or

  **(4)** Implementation of adequate security measures, through security personnel, surveillance or other security devices.

[See Exhibit A at form IL HOS 05 05 01 14, Bates Nos. SUTTON000039-42.]

---

Exclusions."

11. The Sutton Policy contains the Exclusion-Punitive Or Exemplary Damages endorsement (form IL HOS 03 09 01 14) (the "Punitive Damages Exclusion") that provides:

> **EXCLUSION – PUNITIVE OR EXEMPLARY DAMAGES**
>
> This endorsement modifies insurance provided under the following:
>
> COMMERCIAL GENERAL LIABILITY COVERAGE FORM
> LIQUOR LIABILITY COVERAGE FORM
>
> Regardless of any other provision of this policy, this policy does not apply to punitive or exemplary damages.
>
> If a "suit" is brought against any insured, and falls within the coverage provided by the policy, seeking both compensatory damages (damages for economic loss and pain and suffering) and "punitive or exemplary damages" (damages as a means of punishment), no coverage shall be provided by this policy for any costs, interest, defense costs, attorney or legal fees or any type of damages attributable to punitive or exemplary damages.
>
> "Punitive or exemplary damages" means those damages imposed to punish a wrongdoer and to deter others from similar conduct.
>
> [See Exhibit A at form IL HOS 03 09 01 14, Bates No. SUTTON000033.]

**C.    TENDER AND RESPONSES**

12. On or about May 2, 2025, Sutton received a General Liability Notice Of Occurrence/Claim that provided "Plaintiff was sexually assaulted by a Lyft driver. This has absolutely nothing to do with insured's establishment." (A true and correct copy of the General Liability Notice Of Occurrence/Claim is attached as **Exhibit C**.)

13. By letter dated May 13, 2025, Triton Claim Management, LLC ("Triton"), the authorized representative for Sutton, issued a disclaimer to Skeeter's Pub based on the terms, conditions, and exclusions of the Sutton Policy. (A true and correct copy of the May 13, 2025 disclaimer is attached as **Exhibit D**.)

14. On or about May 14, 2025, Ronald Sharrar of Progressive Brokerage Group responded and disputed the coverage position "as this is a liquor claim and the insured has $1M in liquor liability coverage. We understand there is no coverage for a sexual assault nor punitive damages but the liquor claim is what would trigger coverage." (A true and correct copy of the May 14, 2025 communication is attached as **Exhibit E**.)

15. By letter dated June 9, 2025, counsel for Sutton responded to Mr. Sharrar and set forth the basis for Sutton's proper denial of coverage for the Underlying Action, on among other grounds, the Assault or Battery Exclusions and because as Skeeter's Pub (or employees) did not commit the alleged assault, the Limited Assault of Battery Coverage did not apply. (A true and correct copy of the June 9, 2025 letter is attached as **Exhibit F**.)

16. On or about September 16, 2025, counsel for Skeeter's Pub provided to Sutton's counsel "an initial draft of the Declaratory Judgment" for review. (A true copy of the September 16, 2025 cover letter is attached as **Exhibit G**.)

17. By letter dated September 29, 2025, Sutton's counsel responded to Skeeter's Pub's counsel. As it appeared Skeeter's Pub's counsel did not receive the June 9, 2025 supplemental disclaimer, a copy was attached and supplemented. (A true copy of the September 29, 2025 letter is attached as **Exhibit H**.)

18. On October 2, 2025, Skeeter's Pub commenced this action in the Court of Common Pleas of Philadelphia County seeking a declaratory judgment and alleging bad faith against Sutton. (A true and correct copy of the Complaint is attached as **Exhibit I**.)

19. On November 4, 2025, Defendants removed this matter to the United States District Court for the Eastern District of Pennsylvania. (A true and correct copy of the Notice of Removal is attached as **Exhibit J**.)

20.  On November 7, 2025, Triton filed a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), which resulted in the parties entering a Stipulation of Voluntary Dismissal as to Triton that was filed on December 10, 2025 ("Stipulation"). (A true copy of the Stipulation is attached as **Exhibit K**.)

21.  On January 29, 2026, Sutton filed its Answer to Complaint and Affirmative Defenses ("Answer"). (A true and correct copy of the Answer is attached as **Exhibit L**.)

Respectfully submitted,

Date: March 4, 2026

**WEBER GALLAGHER SIMPSON STAPLETON FIRES & NEWBY, LLP**

/s/ _____

By: Denise M. DePekary, Esq.
Attorney ID: 328217
Neil L. Sambursky, Esq.
(Admitted *pro hac vice*)
Kathleen J. Devlin, Esq.
(Admitted *pro hac vice*)
2000 Market Street, 13th Floor
Philadelphia, PA 19102
ddepekary@wglaw.com
neil.sambursky@wglaw.com
kdevlin@wglaw.com
*Attorneys for Defendant*
*Sutton Specialty Insurance Company*