# EXHIBIT B



Filed and Attested by the
Office of Judicial Records
03 JUL 2025 12:41 pm
S. GILLIAM

**NOTICE TO PLEAD**

To: All Parties

You are hereby notified to respond to the Enclosed Complaint within twenty (20) days of service or Judgment may be entered against you.

_/s/ Heidi G. Villari, Esquire_
**Heidi G. Villari, Esquire**

**ATTORNEYS FOR PLAINTIFF**
**MESSA & ASSOCIATES, P.C.**
BY:    Joseph L. Messa, Jr., Esquire
Attorney I.D. No.: 53645
123 S. 22nd Street
Philadelphia, PA 19103
(215) 569-3500
(215) 568-3501 (fax)
_jmessa@messalaw.com_

**THE VILLARI FIRM, PLLC**
BY:    Heidi G. Villari, Esquire
Attorney I.D. No.: 82771
258 S. 11th Street, 1st Floor
Philadelphia, PA 19107
(215) 600-1363
(215) 600-1309 (fax)
_hvillari@villarifirm.com_

| | |
|---|---|
| **JANE DOE K.K.** <br> c/o The Villari Firm, PLLC <br> 258 S. 11th Street, 1st Floor <br> Philadelphia, PA 19107 <br><br> Plaintiff, <br><br> **vs.** <br><br> **LYFT, INC.** <br> 3945 Frankford Avenue <br> Philadelphia, PA 19124 <br><br> and <br><br> **ENES AYDIN** <br> 7331 Sackett Street <br> Philadelphia, PA 19152 <br><br> and <br><br> **OMER F. ARCAGOK** <br> 42 Ranoldo Terrace <br> Cherry Hill, NJ 08034 <br><br> and | **PHILADELPHIA COUNTY** <br> _Court of Common Pleas_ <br><br> **No.: 250402203** <br><br> **PLAINTIFF'S THIRD AMENDED COMPLAINT** <br><br> **JURY TRIAL DEMANDED** <br><br> **2O: PERSONAL INJURY - OTHER** |

THE VILLARI FIRM, PLLC
258 S. 11TH STREET
PHILADELPHIA, PA 19107
215.600.1363
215.600.1309 (FAX)
WWW.VILLARIFIRM.COM

MESSA & ASSOCIATES, P.C.
123 S. 22ND STREET
PHILADELPHIA, PA 19103
215.569.3500
215.568.3501 (FAX)
WWW.MESSALAW.COM

_Jane Doe K.K. v. Lyft, Inc., et al._
_Plaintiff's Third Amended Complaint_

Case ID: 250402203
Control No.: 25121203

**SIN PHILADELPHIA, LLC**
3335 Pietro Way
Philadelphia, PA 19145

and

**SDG 1102 GERMANTOWN AVE, LLC**
1835 Market Street, Suite 625
Philadelphia, PA 19103

and

**JVZ HOSPITALITY LLC**
c/o Corporation Service Company
5235 North Front Street
Harrisburg, PA 17110

and

**LMB68, LLC**
c/o Corporation Service Company
5235 North Front Street
Harrisburg, PA 17110

and

**WM HOSPITALITY, LLC**
c/o Corporation Service Company
5235 North Front Street
Harrisburg, PA 17110

and

**JUSTIN VEASEY**
3335 Pietro Way
Philadelphia, PA 19145

and

**SKEETERS PUB**
7 Coles Road
Blackwood, NJ 08012

and

:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:

THE VILLARI FIRM, PLLC
25B S. 11TH STREET
PHILADELPHIA, PA 19107
215.600.1300
215.600.1366
215.600.1366 (FAX)
WWW.VILLARIFIRM.COM

MESSA & ASSOCIATES, P.C.
123 S. 22ND STREET
PHILADELPHIA, PA 19103
215.568.3500
215.568.3501 (FAX)
WWW.MESSALAW.COM

2

*Jane Doe K.K. v. Lyft, Inc., et al.*
*Plaintiff's Third Amended Complaint*

Case ID: 250402203
Control No.: 25082603

**REGGIE'S, INC.**
7 Coles Road
Blackwood, NJ 08012

and

**SAGE HOSPITALITY RESOURCES,
LLC d/b/a SAGE HOSPITALITY
GROUP and ASSEMBLY ROOFTOP
LOUNGE**
c/o Cogency Global, Inc.
600 17th Street, Suite 1450 S
Denver, Colorado 80202

and

**SAGE CLIENT 258, LLC also d/b/a
ASSEMBLY ROOFTOP LOUNGE**
c/o Cogency Global, Inc.
600 17th Street, Suite 1450 S
Denver, Colorado 80202

and

**HMC OLS II, L.P.**
c/o Corporation Service Company
5235 North Front Street
Harrisburg, PA 17110

and

**CCFS PHILADELPHIA, LLC**
c/o Corporation Service Company
5235 North Front Street
Harrisburg, PA 17110

and

**HOST HOTELS & RESORTS, LP**
4747 Bethesda Avenue, Suite 1300
Bethesda, MD 20814

and

**HILTON WORLDWIDE, INC.**
7930 Jones Branch Drive

*Jane Doe K.K. v. Lyft, Inc., et al.*
*Plaintiff's Third Amended Complaint*

Case ID: 250402203
Control No.: 25121610203



McLean, VA 22102

and

**HILTON FRANCHISE HOLDING, LLC**
7930 Jones Branch Drive, Suite 1100,
McLean, VA 22102

and

**PARK HOTELS & RESORTS, INC.**
1775 Tysons Blvd., Floor 7
McLean, VA 22102

and

**JOHN/JANE DOE I through III**
(Driver/Operation of Vehicle)

and

**JOHN/JANE DOE IV and V**
(Owners and/or Possessors of the subject
Tesla)

and

**JOHN/JANE DOE VI through XVI**
(Wait staff, servers, management, and/or
bartenders)

and

**ABC CORPORATATION I through VII**
(Restaurants, bars, hospitality groups,
property management, management and/or
hotels)

and

**ABC CORPORATION VIII through X**
(Rideshare companies)

                                      Defendants.

The Villari Firm, PLLC
258 S. 11th Street
Philadelphia, PA 19107
215.600.1363
215.600.1309 (FAX)
WWW.VILLARIFIRM.COM

MESSA & ASSOCIATES, P.C.
123 S. 22nd Street
Philadelphia, PA 19103
215.568.3500
215.568.3501 (FAX)
WWW.MESSALAW.COM

4

*Jane Doe K.K. v. Lyft, Inc., et al.*
*Plaintiff's Third Amended Complaint*

Case ID: 250402203
Control No.: 25023203

## NOTICE TO DEFEND – CIVIL

**You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.**

**YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DONOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW.THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.**

**IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLETO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFERLEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.**

**LAWYER REFERENCE SERVICE
PHILADELPHIA BAR ASSOCIATION
1101 MARKET STREET, 11
PHILADELPHIA, PA 19107
(215) 238-6300**

## PLAINTIFF'S FOURTH AMENDED COMPLAINT

Plaintiff, Jane Doe K.K., by and through her attorneys, Heidi G. Villari, Esquire of

The Villari Firm, PLLC, and Joseph L. Messa, Esquire of Messa & Associates, hereby

demand damages from the Defendants in excess of the local arbitration limits exclusive

of interest, costs and damages for pre-judgment delay upon the cause of action set forth

below.

## INTRODUCTION

This Third Amended Complaint is being timely filed in response to Preliminary

Objections pursuant to Pennsylvania Rules of Civil Procedure 1028   approximately *5*

*months in advance* of the applicable Statutes of Limitations, and <u>after discovery</u> has been

initiated which reveals additional pleading-worthy information and theories related to

the events that took place on January 13-14, 2024 that led to the catastrophic harm,

injuries and damages of Jane Doe K.K., a sexual assault victim.  What started as a night

THE VILLARI FIRM, PLLC
25B S. 11TH STREET
PHILADELPHIA, PA 19107
215.600.1363
215.600.1309 (FAX)
WWW.VILLARIFIRM.COM

MESSA & ASSOCIATES, P.C.
123 S. 22ND STREET
PHILADELPHIA, PA 19103
215.568.3500
215.568.5501 (FAX)
WWW.MESSALAW.COM

5

*Jane Doe K.K. v. Lyft, Inc., et al.*
*Plaintiff's Third Amended Complaint*



of celebration for a friend's birthday turned into a reasonably *foreseeable* sexual assault that was otherwise preventable.  Jane Doe K.K. was a vulnerable young woman on a girls' night out that ended tragically after 3 drinking establishments located in Philadelphia[1], and  then a fourth drinking establishment excessively served Jane Doe K.K.  The culmination of the negligent acts of all the defendants including ride share company, Lyft, Inc. ("Lyft") created the perfect storm for Jane Doe K.K. who was highly intoxicated/inebriated when she got into the backseat of a Lyft, Inc. vehicle, passed out to sleep only to wake up with the Lyft driver on top of her.

It is publicly known that Lyft, Inc.  has a pattern of ignoring sexual predators, turning a blind eye to repeated sexual assaults and rapes, and neglecting to properly vet the individuals they permit to drive Lyft rideshares.  In the latest of a long line of horrific events,  Jane Doe K.K. 28-year-old was violated sexually after being *excessively* served alcohol by Defendants-drinking establishments located in Philadelphia, Pennsylvania including but not limited to "Assembly", "SIN", and a third Philadelphia bar[2], before going to Skeeters Pub.  Attempting to get safely home after being excessively overserved, in rounds and rounds of drinks, shots and glasses of champagne, ordered a Lyft rideshare.  K.K.  was rendered passed out and *asleep* in the back seat of the Lyft only to be awakened by the Lyft's driver who had climbed on top of her, and without her permission, or consent, lifted up her dress to access, and penetrate her vaginally in a shocking and

---

[1] It is alleged here that 22 drinking establishment entities and/or individuals conduct business and/or are residents of Philadelphia and/or Pennsylvania and are responsible for the negligent operations of their respective drinking establishments.
[2] Fergie's Pub defendants are identified in the companion action No. 250701118 that was consolidated with this litigation by August 14, 2025 Court Order.

THE VILLARI FIRM, PLLC
258 S. 11TH STREET
PHILADELPHIA, PA 19107
215.600.1363
215.600.1309 (FAX)
WWW.VILLARIFIRM.COM

MESSA & ASSOCIATES, P.C.
123 S. 22ND STREET
PHILADELPHIA, PA 19103
215.568.3500
215.568.3501 (FAX)
WWW.MESSALAW.COM

6

*Jane Doe K.K. v. Lyft, Inc., et al.*
*Plaintiff's Third Amended Complaint*

Case ID: 250402203
Control No.: 250802623

traumatic manner. For all the defendants, however, who engaged in liability producing conduct, the driver's acts were reasonably foreseeable, avoidable and preventable.

"Assembly", "SIN" and " Skeeter Pub Defendants[3], its owners and managing entities including but not limited to Justin Veasey, SDG 1102 Germantown Ave, LLC, JVZ Hospitality, LLC, LMB68, LLC, WM Hospitality, LLC, Reggie's, Inc., Sage Hospitality Resources, LLC d/b/a Sage Hospitality Group and Assembly Rooftop Lounge, Sage Client 258, LLC also d/b/a Assembly Rooftop Lounge, HMC OLS II, LP, CCFS Philadelphia, LLC, Hilton Worldwide, Inc., Hilton Franchise Holding, LLC, Park Hotels & Resorts, Inc., Host Hotels & Resorts, LP, have a responsibility not to overserve their patrons such as KK who had too much alcohol and as a result, was unable to drive or comprehend her surroundings when she was picked up by Lyft, Inc., its driver. The drinking establishment defendants engaged in unsafe practices and negligent operations of its establishment who at all times consisted of liability-inducing conduct that were substantial factors in causing about the harm described throughout this Third Amended Complaint while Lyft, Inc. once again and historically turned its blind eye in real time.

Shockingly, despite the fact that Defendant Lyft, in real time, knew something was terribly wrong, it turned a blind eye. First, defendant Lyft, Inc. ("Lyft") has a pattern of ignoring sexual predators, turning a blind eye to repeated sexual assaults and rapes, and neglecting to properly vet the individuals they permit to drive Lyft rideshares. In the latest of a long line of horrific events, Defendant Lyft's driver, Omer Arcagok, violated 28-year-old K.K. It is every woman's worst nightmare to be the victim of sexual assault and rape.

---

[3] "Fergie's Pub" action identifies 7 more defendants including Fergie's Pub, Race Street Restaurants, Inc., d/b/a Fergie's Pub, Race Street Restaurant, Inc., Bathmat, LLC, Trepantry, LLC, Fergus A. Carey and James McNamara.

THE VILLARI FIRM, PLLC
258 S. 11TH STREET
PHILADELPHIA, PA 19107
215.600.1303
215.600.1309 (FAX)
WWW.VILLARIFIRM.COM

MESSA & ASSOCIATES, P.C.
123 S. 22ND STREET
PHILADELPHIA, PA 19103
215.568.3500
215.568.3501 (FAX)
WWW.MESSALAW.COM

7

Unfortunately, this was the preventable reality for K.K. Here, K.K., while helpless, was attacked, sexually assaulted, and raped by a stranger – her Lyft driver. As this nightmare unfolded, Defendant Lyft was notified that its driver had taken KK off route to a secluded location. Defendant, Lyft and its driver remained stationary for approximately 54 minutes while KK was being sexually assaulted. Instead of taking the appropriate steps to notify law enforcement, Defendant Lyft sent K.K. a silent push notification *twice* stating, "You've been stopped for a while, do you need help?" Defendant Lyft then took no action to ensure the safety of its customer, K.K., placing K.K. in a worsened position due to its silence. With Defendant Lyft's driver identified as "Enes" on the Lyft, Inc. app, the driver was actually "Omer Arcagok", on top of her, yanking up her dress, penetrating her vaginally, and raping her repeatedly, who was awakened by the act of sexual violence K.K. was petrified, traumatized, and uncertain whether she would survive-- Stopped for approximately 54 minutes and unable to respond to the bot notifications, there were no real humans to help protect K.K. despite their boasts online about Lyft, Inc. being a safe for women passengers.

After ejaculating on her stomach, and "cleaning it up" with a napkin, Defendant Lyft's driver proceeded to drive the traumatized young woman to her apartment. After arriving home, still in shock and traumatized, K.K. confided in her roommate. K.K. remained distraught and went to the hospital for medical care. K.K.'s life will never be the same. Like so many other women before her, she was endangered, injured and traumatized by all the aforementioned defendants in this case. *And to* Lyft, K.K. is merely a statistic, one of the thousands of women to have endured similar horrors during a Lyft rideshare. Lyft gives nothing more than lip service to its statement that it "prohibit[s] any

THE VILLARI FIRM, PLLC
258 S. 11TH STREET
PHILADELPHIA, PA 19107
215.600.1363
215.600.1309 (FAX)
WWW.VILLARIFIRM.COM

MESSA & ASSOCIATES, P.C.
123 S. 22ND STREET
PHILADELPHIA, PA 19103
215.568.3500
215.568.3501 (FAX)
WWW.MESSALAW.COM

*Jane Doe K.K. v. Lyft, Inc., et al.*
*Plaintiff's Third Amended Complaint*

Case ID: 250402203
Control No.: 25021623

form of sexual assault or misconduct."[4] From 2017-2019 there were 4,158 reports of sexual assault and 2,651 reports of sexual assault from 2020-2022.[5] This publicly acknowledged epidemic of Lyft drivers sexually assaulting customers must stop.

In 2020, Defendant Lyft's shareholders brought a derivative action against Defendant Lyft's board of directors and members of upper management for, *inter alia,* failing to disclose that passengers were physically assaulted, sexually harassed, and/or raped by Lyft drivers who had reported their complaints to Defendant Lyft about their experiences. The derivative action avers that despite extensive news coverage and numerous sexual assaults, "Defendant Lyft failed to protect its customers from harms, and, more importantly, failed to adequately respond to and remedy past instances of assault." Defendant Lyft failed to take appropriate acts by introducing easily implemented and available procedures, training, and policies to deal with these drivers. Instead, Lyft provided a defective application for end users including Jane Doe K.K. While Defendant Lyft's drivers repeatedly sexually assault women, Defendant Lyft repeatedly chooses to ignore the magnitude of the problem and fails to take proper acts to prevent it. Now, as if that were not enough, Lyft, Inc. knew that the driving community was engaged in account swapping, car swapping and phone number swapping so that a single account could be used among multiple individuals and in fact, had prior incidents reported in similar claims that pre-date the events here[6]. It had been known to Lyft for several years that the driver community swapped accounts—flatlining the ability to vet drivers who were actually behind the wheel of a rideshare. There was no facial recognition software,

---

[4] *Lyft's 2024 Safety Transparency Report,* LYFT NEWS (July 11, 2024), https://wwww.lyft.com/blog/posts/2024-safety-transparency-report.
[5] *Id.*
[6] *See* Jane Doe, A.F. v. Lyft, Inc., EDPA No. 2:23-CV-03990-KSM.

9

THE VILLARI FIRM, PLLC
25 S. S. 11TH STREET
PHILADELPHIA, PA 19107
215.600.1393
215.600.1399 (FAX)
WWW.VILLARIFIRM.COM

MESSA & ASSOCIATES, P.C.
123 S. 22ND STREET
PHILADELPHIA, PA 19103
215.568.3500
215.568.3501 (FAX)
WWW.MESSALAW.COM

Case ID: 250402203
Control No.: 25123663

cameras, dash cameras or any safeguards to prevent the practice known to Lyft, Inc. Driver authentication safeguards were not in place while background checks were not completed and/or conducted and vehicles were untraceable to the drivers as well so that at no time, did Lyft check, when it should have known, just who was behind the wheel for 5 days and including when the driver was in the backseat of the KK trip while off-route for a lengthy time. Enes Aydin had been an authorized driver-agent who participated in account swapping allowed for ride share to continue with the authorized time, and was in substantial part, done to serve Lyft when Enes Aydin would be unavailable to drive. Lyft knew that something was wrong on the dates in question and was not surprised when the app showed the location of the vehicle and its off-route status. Lyft, recognizing that improper touching without the consent of the intoxicated passenger occurs has been reported as such in the past as most recently as 2021, sent push notifications to the end-user's phone, KK asking if she was okay which fell without a response, did nothing more to escalate the warnings Lyft had. For Defendant Lyft, the cost of implementing safety measures, and a product that was safe instead of defective, outweighs the life-altering and permanently destructive damage suffered by victims of unwanted non-consensual sexual assault, like K.K.

## **PARTIES**

1.      Plaintiff, Jane Doe K.K. ("Plaintiff") is an individual adult female citizen and resident of Philadelphia, Pennsylvania, 19145[7].

---

[7] Plaintiff is living in Philadelphia, PA and for her protection and safety, the exact address will be confidentially made known to defendants' counsel at the appropriate time and off all records.

The Villari Firm, PLLC
258 S. 11TH STREET
PHILADELPHIA, PA 19107
215.600.3369
215.600.1909 (FAX)
WWW.VILLARIFIRM.COM

MESSA & ASSOCIATES, P.C.
123 S. 22ND STREET
PHILADELPHIA, PA 19103
215.568.3500
215.568.3501 (FAX)
WWW.MESSALAW.COM

*Jane Doe K.K. v. Lyft, Inc., et al.*
*Plaintiff's Third Amended Complaint*

Case ID: 250402203
Control No.: 25020203

2. Given the allegations contained in Plaintiff's Third Amended Complaint, Plaintiff's name, date of birth and address are not contained herein to protect her privacy. In lieu of her name, Plaintiff is referred to herein as the fictitious name of "Jane Doe K.K.," "K.K." and/or "Plaintiff".

3. Counsel for Plaintiff will identify Jane Doe's name and address to Counsel for Defendants.

4. Defendants, Lyft, Inc. is a foreign business corporation registered within the Commonwealth of Pennsylvania to do business.

5. Defendant, Lyft, Inc. is a ride-share company who regularly conducts habitual business activities in Philadelphia County within the Commonwealth of Pennsylvania.

6. At all times material, Lyft, Inc. is a Transportation Network Company defined by 53 Pa.C.S. § 5701 and owed Plaintiff a duty to exercise reasonable care under the circumstances in the provision of rideshare services, including reasonable care in the screening, supervision, and retention of drivers using its platform and in responding to foreseeable risks of harm arising during an active Lyft Ride and to ensure the safety of its passengers they transport including K.K.

7. At all times relevant hereto, the acts and omissions of the Lyft driver(s) identified herein, including Defendant Enes Aydin, Omer F. Arcagok, and/or John/Jane Doe drivers, were committed within the course and scope of their engagement in providing rideshare services through Lyft's platform, and were undertaken in furtherance of Lyft's business, such that Defendant Lyft, Inc. is vicariously liable for said acts and omissions under the doctrines of respondeat superior and/or agency, including actual agency, apparent agency, and ostensible agency.

11

THE VILLARI FIRM, PLLC
25 8 S. 11TH STREET
PHILADELPHIA, PA 19107
215.600.1363
215.600.1369 (FAX)
WWW.VILLARIFIRM.COM

MESSA & ASSOCIATES, P.C.
123 S. 22ND STREET
PHILADELPHIA, PA 19103
215.568.3500
215.568.3501 (FAX)
WWW.MESSALAW.COM

*Jane Doe K.K. v. Lyft, Inc., et al.*
*Plaintiff's Third Amended Complaint*

8. Defendant, Lyft, Inc. maintains an office known as a "service location" at 3945 Frankford Avenue, Philadelphia, Pennsylvania 19124.

9. Defendant Enes Aydin, previously identified in the Original Complaint as "Enes" is an adult individual who has at all times was the direct and/or ostensible agent of Lyft, Inc. whose account was in use at the time of the wrongful acts perpetrated by defendants on the plaintiff, KK, with a reported address of 7331 Sackett Street, Philadelphia, PA 19152, was served via process server on May 29, 2025 at the following address: 221 Woodbine Avenue, Apartment A, Westville, NJ 08093.

10. At all times material hereto, Defendant Enes Aydin was acting individually and as an employee, servant, partner in a joint venture and/or agent of Defendant, Lyft, Inc. whose acts and omissions *were substantial factors  in bringing about the harm* to K.K. and did so in reckless disregard for safety, so that they all could "make money."

11. Defendant Omer F. Arcagok is an adult individual with a last known address at 42 Ranoldo Terrace, Cherry Hill, NJ 08034.  Service was made on April 19, 2025 and since then, Omer F. Arcagok upon information and belief, has fled the country presumably to his country of origin, Turkey with no forwarding address[8]. Omer Arcagok's acts of sexual assault and rape and omissions were substantial factors in bringing about the harm to K.K. and did so in reckless disregard for safety. The aim was nevertheless for Lyft, Arcagok and Aydin to make money for and for Lyft to profit, as well.

12. At all times material hereto, Omer Arcagok was acting individually and as an employee, servant, partner in a joint venture and/or agent of Defendant, Lyft, Inc.

---

[8] Defendant Arcagok's present-day whereabouts, having been served, are now and recently unknown.

THE VILLARI FIRM, PLLC
25 S S. 11TH STREET
PHILADELPHIA, PA 19107
215.600.1303
215.600.1309 (FAX)
WWW.VILLARIFIRM.COM

MESSA & ASSOCIATES, P.C.
123 S. 22ND STREET
PHILADELPHIA, PA 19103
215.568.3500
215.568.3501 (FAX)
WWW.MESSALAW.COM

12

*Jane Doe K.K. v. Lyft, Inc., et al.*
*Plaintiff's Third Amended Complaint*

Case ID: 250402203
Control No.: 250402203

13.    All of the aforementioned defendants, including Lyft were aware of the unsafe practices of account and car swapping, the vulnerability of intoxicated young women in the back seats of ride shares, and in this instance whose joint and several acts and omissions *were substantial factors in bringing about the harm* to K.K. and did so in reckless disregard for safety, so that they all could "make money."

14.    Defendant, SIN Philadelphia, LLC ("SIN") is a Pennsylvania corporation and/or business entity that operates in the Northern Liberties section of Philadelphia. Its principal place of business is at the above address which is located in Philadelphia County.

15.    SIN takes an active role in the operation, management and direction of its restaurant and/or drinking establishment and advertises a "nightlife" vibe and as part of its operation, conducts substantial business activities in Philadelphia County through its restaurant location in Northern Liberties at the above-captioned address.  Through its enticement of sexy vibes, and over-service, its liability-producing conduct lent itself to the foreseeable assault that occurred.  SIN knew and had reason to know, as the supervision presence on site, that Jane Doe K.K. would be intoxicated and unsafe, using rideshares since she was left incapacitated and/or incapable of consent to sexual acts-a substantial factor in bringing about the harm to the plaintiff. At all times material, this defendant's negligent or reckless acts and/or omissions as described in this pleading were a substantial factor in bringing about the harm to the plaintiff.

16.    At all times material hereto, SIN was serving intoxicating amounts of alcohol to Jane Doe, K.K. while visibly intoxicated at SIN and prior to her getting into the subject Lyft vehicle where she was sexually assaulted while passed out only to awake to find her assailant-Lyft driver, Omer F. Arcagok on top of her in advance of his ejaculation.

THE VILLARI FIRM, PLLC
258 S. 13TH STREET
PHILADELPHIA, PA 19107
215.600.1303
215.600.1309 (FAX)
WWW.VILLARIFIRM.COM

MESSA & ASSOCIATES, P.C.
123 S. 22ND STREET
PHILADELPHIA, PA 19103
215.568.3500
215.568.3501 (FAX)
WWW.MESSALAW.COM

13

*Jane Doe K.K. v. Lyft, Inc., et al.*
*Plaintiff's Third Amended Complaint*

Case ID: 250402203
Control No.: 25123162

17.     Defendant, SDG 1102 Germantown Ave, LLC ("SDG"), is a business entity that owns, operates, manages the SIN drinking establishment and eatery at the above-captioned Philadelphia address.

18.     Defendant, SDG takes an active role in the operation, management and direction of its eatery and/or drinking establishment, SIN and advertises a "nightlife" vibe and as part of its operation, conducts substantial business activities in Philadelphia County through its restaurant location.

19.     At all times material hereto, SDG and its agent employee(s) and/or ostensible agents were serving intoxicating amounts of alcohol to Jane Doe, K.K. at SIN while she was visibly intoxicated and prior to her getting into the subject Lyft vehicle where she was sexually assaulted while passed out only to awake to find her assailant-Lyft driver, Omer F. Arcagok on top of her in advance of his ejaculation. SDG knew and had reason to know, as the supervision presence on site, that Jane Doe K.K. would be intoxicated and unsafe, using rideshares since she was left incapacitated and/or incapable of consent to sexual acts. At all times material, this defendant's negligent and/or reckless acts and/or omissions as described in this pleading were a substantial factor in bringing about the harm to the plaintiff.

20.     Defendant, JVZ Hospitality, LLC ("JVZ"), is a business entity that owns, operates, manages and/or is an officer of the SIN drinking establishment and eatery at the above-captioned Philadelphia address.

21.     Defendant, JVZ takes an active role in the operation, management and direction of its eatery and/or drinking establishment, SIN and advertises a "nightlife" vibe

THE VILLARI FIRM, PLLC
258 S. 11TH STREET
PHILADELPHIA, PA 19107
215.600.1369
215.600.1909 (FAX)
WWW.VILLARIFIRM.COM

MESSA & ASSOCIATES, P.C.
123 S. 22ND STREET
PHILADELPHIA, PA 19103
215.568.3500
215.568.5501 (FAX)
WWW.MESSALAW.COM

14

*Jane Doe K.K. v. Lyft, Inc., et al.*
*Plaintiff's Third Amended Complaint*

Case ID: 250402203
Control No.: 25123023

and as part of its operation, conducts substantial business activities in Philadelphia County through its restaurant location.

22.     At all times material hereto, JVZ and its agent employee(s) and/or ostensible agents were serving intoxicating amounts of alcohol to Jane Doe, K.K. at SIN while she was visibly intoxicated and prior to her getting into the subject Lyft vehicle where she was sexually assaulted while passed out only to awake to find her assailant-Lyft driver, Omer F. Arcagok on top of her in advance of his ejaculation. JVZ knew and had reason to know, as the supervision presence on site, that Jane Doe K.K. would be intoxicated and unsafe, using rideshares since she was left incapacitated and/or incapable of consent to sexual acts. At all times material, this defendant's negligent and/or reckless acts and/or omissions as described in this pleading were a substantial factor in bringing about the harm to the plaintiff.

23.     Defendant, LMB68, LLC ("LMB"), is a business entity that owns, operates, manages and/or is an officer of the SIN drinking establishment and eatery at the above-captioned Philadelphia address.

24.     Defendant, LMB takes an active role in the operation, management and direction of its eatery and/or drinking establishment, SIN and advertises a "nightlife" vibe and as part of its operation, conducts substantial business activities in Philadelphia County through its restaurant location.

25.     At all times material hereto, LMB and its agents, employee(s) and/or ostensible agents served intoxicating amounts of alcohol to Jane Doe, K.K. at SIN while she was visibly intoxicated and prior to her getting into the subject Lyft vehicle where she was sexually assaulted while passed out only to awake to find her assailant-Lyft driver,

THE VILLARI FIRM, PLLC
258 S. 11TH STREET
PHILADELPHIA, PA 19107
215.600.1363
215.600.1309 (FAX)
WWW.VILLARIFIRM.COM

MESSA & ASSOCIATES, P.C.
123 S. 22ND STREET
PHILADELPHIA, PA 19103
215.568.3500
215.568.3501 (FAX)
WWW.MESSALAW.COM

15

*Jane Doe K.K. v. Lyft, Inc., et al.*
*Plaintiff's Third Amended Complaint*

Case ID: 250402203
Control No.: 25123163

Omer F. Arcagok on top of her in advance of his ejaculation. LMB knew and had reason to know, as the supervision presence on site, that Jane Doe K.K. would be intoxicated and unsafe, using rideshares since she was left incapacitated and/or incapable of consent to sexual acts. At all times material, this defendant's negligent and/or reckless acts and/or omissions as described in this pleading were a substantial factor in bringing about the harm to the plaintiff.

26.    Defendant, WM Hospitality, LLC ("WM"), is a business entity that owns, operates, manages and/or is an officer of the SIN drinking establishment and eatery at the above-captioned Philadelphia address.

27.    Defendant, WM takes an active role in the operation, management and direction of its eatery and/or drinking establishment, SIN and advertises a "nightlife" vibe and as part of its operation, conducts substantial business activities in Philadelphia County through its restaurant location.

28.    At all times material hereto, WM and its agent employee(s) and/or ostensible agents were serving intoxicating amounts of alcohol to Jane Doe, K.K. at SIN while she was visibly intoxicated and prior to her getting into the subject Lyft vehicle where she was sexually assaulted while passed out only to awake to find her assailant-Lyft driver, Omer F. Arcagok on top of her in advance of his ejaculation. WM knew and had reason to know, as the supervision presence on site, that Jane Doe K.K. would be intoxicated and unsafe, using rideshares since she was left incapacitated and/or incapable of consent to sexual acts. At all times material, this defendant's negligent and/or reckless acts and/or omissions as described in this pleading were a substantial factor in bringing about the harm to the plaintiff.

THE VILLARI FIRM, PLLC
258 S. 11TH STREET
PHILADELPHIA, PA 19107
215.600.1356
215.600.1309 (FAX)
WWW.VILLARIFIRM.COM

MESSA & ASSOCIATES, P.C.
123 S. 22ND STREET
PHILADELPHIA, PA 19103
215.568.3500
215.568.3501 (FAX)
WWW.MESSALAW.COM

16

*Jane Doe K.K. v. Lyft, Inc., et al.*
*Plaintiff's Third Amended Complaint*

Case ID: 250402203
Control No.: 25126203

29.    Defendant, Justin Veasey is an adult individual with a last known address of 3335 Pietro Way, Philadelphia, PA 19145.

30.    At all times material hereto, Justin Veasey was acting individually as the owner, founder and manager of Defendant SIN Philadelphia, LLC, a Pennsylvania corporation and/or business entity that operates in the Northern Liberties section of Philadelphia.  Its principal place of business is at the above address which is located in Philadelphia County.

31.    Justin Veasey takes an active role in the operation, management and direction   and supervision of SIN restaurant and/or drinking establishment and advertises a "nightlife" vibe and as part of its operation, conducts substantial business activities in Philadelphia County through its restaurant location in Northern Liberties at the above-captioned address.

32.    At all times material hereto, Justin Veasey, who was present on site, had the responsibility to supervise staff on the evening of January 13, 2024 allowed  Lauren Szasz and Eric Royer and  the waitstaff including but not limited to Arielle Branch a/k/a Arielle Brown of SIN to  serve intoxicating amounts of alcohol to Jane Doe, K.K. while visibly intoxicated at SIN and prior to her getting into the subject Lyft vehicle where she was sexually assaulted while passed out only to awake to find her assailant-Lyft driver, Omer F. Arcagok on top of her in advance of his ejaculation.  Justin Veasey knew and had reason to know, as the supervision presence on site, that Jane Doe K.K. would be intoxicated and using rideshares since she was left incapacitated and/or incapable of consent to sexual acts.  Justin Veasey knew and had reason to know, as the supervision presence on site, that Jane Doe K.K. would be intoxicated and unsafe, using rideshares since she was left

THE VILLARI FIRM, PLLC
258 S. 11TH STREET
PHILADELPHIA, PA 19107
215.600.1303
215.600.1309 (FAX)
WWW.VILLARIFIRM.COM

MESSA & ASSOCIATES, P.C.
123 S. 22ND STREET
PHILADELPHIA, PA 19103
215.568.3500
215.568.3501 (FAX)
WWW.MESSALAW.COM

*Jane Doe K.K. v. Lyft, Inc., et al.*
*Plaintiff's Third Amended Complaint*

Case ID: 250402203
Control No.: 25121820?

Case ID: 250402203
Control No.: 25121820?

incapacitated and/or incapable of consent to sexual acts. At all times material, this defendant's negligent and/or reckless acts and/or omissions as described in this pleading were a substantial factor in bringing about the harm to the plaintiff.

33.     At all times material, SIN Philadelphia, LLC, Justin Veasey, SDG 1102 Germantown Ave, LLC, JVZ Hospitality, LLC, LMB68, LLC, and WM Hospitality are inter-related and acted collaboratively in the service of entertainment and the furnishing of alcoholic beverages to KK, hereinafter also described here as the "SIN Defendants".

34.     Defendant, Skeeters Pub is a foreign corporation and/or business entity that operates at the above-captioned address, which is its principal place of business.

35.     At all times material hereto, Skeeters Pub and its agent employee(s) and/or ostensible agents served intoxicating amounts of alcohol to Jane Doe K.K. who was visibly intoxicated and prior to her getting into the subject Lyft vehicle where she was sexually assaulted while initially passed out only to awake to find her assailant-Lyft driver.  This defendant knew and had reason to know, as the supervision presence on site, that Jane Doe K.K. would be intoxicated and unsafe, using rideshares since she was left incapacitated and/or incapable of consent to sexual acts.  Skeeter Pub knew and had reason to know, as the supervision presence on site, that Jane Doe K.K. would be intoxicated and unsafe, using rideshares since she was left incapacitated and/or incapable of consent to sexual acts.  At all times material, this defendant's negligent and/or reckless acts and/or omissions as described in this pleading were a substantial factor in bringing about the harm to the plaintiff.

The Villari Firm, PLLC
258 S. 11th Street
Philadelphia, PA 19107
215.600.1363
215.600.1309 (FAX)
WWW.VILLARIFIRM.COM

MESSA & ASSOCIATES, P.C.
123 S. 22nd Street
Philadelphia, PA 19103
215.568.3500
215.568.3501 (FAX)
WWW.MESSALAW.COM

18

*Jane Doe K.K. v. Lyft, Inc., et al.*
*Plaintiff's Third Amended Complaint*

Case ID: 250402203
Control No.: 25040203

36.     Skeeters Pub plays an active role in the operation, management and direction of its restaurant and/or drinking establishment and advertises its late-night hours luring patrons to "join us for a drink" online.

37.     Defendant, Reggie's, Inc. ("Reggie's"), is a business entity that owns, operates, manages the Skeeters Pub drinking establishment and eatery at the above-captioned address.

38.     Defendant, Reggie's takes an active role in the operation, management and direction of its eatery and/or drinking establishment, Skeeters Pub and advertises its late-night hours luring patrons to "join us for a drink" online, and as part of its operation, conducts substantial business activities through its restaurant location at the above-captioned address. This defendant knew and had reason to know, as the supervision presence on site, that Jane Doe K.K. would be intoxicated and unsafe, using rideshares since she was left incapacitated and/or incapable of consent to sexual acts.

39.     At all times material hereto, Reggie's and its agent employee(s) and/or ostensible agents were serving intoxicating amounts of alcohol to Jane Doe, K.K. at Skeeters Pub while she was  visibly intoxicated and prior to her getting into the subject Lyft vehicle where she was sexually assaulted while passed out only to awake to find her assailant-Lyft driver, Omer F. Arcagok on top of her in advance of his ejaculation.  Reggies knew and had reason to know, as the supervision presence on site, that Jane Doe K.K. would be intoxicated and unsafe, using rideshares since she was left incapacitated and/or incapable of consent to sexual acts. At all times material, this defendant's negligent and/or reckless acts and/or omissions as described in this pleading were a substantial factor in bringing about the harm to the plaintiff.

THE VILLARI FIRM, PLLC
258 S. 11TH STREET
PHILADELPHIA, PA 19107
215.600.1393
215.600.1309 (FAX)
WWW.VILLARIFIRM.COM

MESSA & ASSOCIATES, P.C.
123 S. 22ND STREET
PHILADELPHIA, PA 19103
215.568.3500
215.568.3501 (FAX)
WWW.MESSALAW.COM

19

*Jane Doe K.K. v. Lyft, Inc., et al.*
*Plaintiff's Third Amended Complaint*

Case ID: 250402203
Control No.: 25123106203

40.     At all times materials, Defendants Skeeters Pub and Reggie's, Inc. acted inter-relatedly and collaboratively to service entertainment & sale/furnishment of alcoholic beverages to KK.  These Defendants are collectively referred hereinafter as the "Skeeters Defendants".

41.     Defendant, Sage Hospitality Resources, LLC d/b/a Sage Hospitality Group and Assembly Rooftop Lounge ("Sage"), is a business entity that owns, operates, manages its rooftop drinking establishment and eatery while doing business as "the Assembly Rooftop Lounge" at the Logan Hotel in Philadelphia County at the above-captioned Philadelphia address.

42.     Defendant, Sage takes an active role in the operation, management and direction of its rooftop lounge and/or drinking establishment and advertises itself as an extremely popular, classy, upscale rooftop bar serving "amazing cocktails" and as part of its operation, conducts substantial business activities in Philadelphia County through its restaurant location.

43.     At all times material hereto, Sage was serving intoxicating amounts of alcohol to plaintiff, Jane Doe, K.K. in the Assembly Rooftop Lounge at the Logan Philadelphia Hotel while ~~becoming~~ visibly intoxicated and prior to her getting into the subject Lyft vehicle where she was sexually assaulted while passed out only to awake to find her assailant-Lyft driver, who was identified as "Enes", the Account Holder, Enes Aydin, but actually Omer F. Arcagok on top of her in advance of his ejaculation as the two had swapped accounts so that Omer F. Arcagok could make money, a common practice known to Lyft who made no effort to safeguard this practice. Sage knew and had reason to know, as the supervision presence on site, that Jane Doe K.K. would be intoxicated and

THE VILLARI FIRM, PLLC
258 S. 11TH STREET
PHILADELPHIA, PA 19107
215.600.1367
215.600.1309 (FAX)
WWW.VILLARIFIRM.COM

MESSA & ASSOCIATES, P.C.
123 S. 22ND STREET
PHILADELPHIA, PA 19103
215.568.3500
215.568.3501 (FAX)
WWW.MESSALAW.COM

*Jane Doe K.K. v. Lyft, Inc., et al.*
*Plaintiff's Third Amended Complaint*

Case ID: 250402203
Control No.: 250602623

unsafe, using rideshares since she was left incapacitated and/or incapable of consent to sexual acts. At all times material, this defendant's negligent and/or reckless acts and/or omissions as described in this pleading were a substantial factor in bringing about the harm to the plaintiff.

44. Defendant, Sage Client 258, LLC ("Sage Client") d/b/a Assembly Rooftop Lounge, is a business entity that has care, custody and control as well as operates and manages the Logan Philadelphia's Hotel, and in turn its rooftop drinking establishment and eatery, the Assembly Rooftop Lounge located at One Logan Square, Philadelphia, PA 19103. At all times material, Sage Client also owns and maintains the liquor license for its drinking establishment, known to the public as Assembly Rooftop Lounge.

45. Defendant, Sage Client takes an active role in the operation, management and direction of its rooftop lounge and/or drinking establishment and advertises itself as an extremely popular, classy, upscale rooftop bar serving "amazing cocktails" and as part of its operation, conducts substantial business activities in Philadelphia County through its restaurant location.

46. At all times material hereto, Sage Client and its agent employee(s) and/or ostensible agents including but not limited to Yogev Avidar were serving intoxicating amounts of alcohol to Jane Doe, K.K. in the Assembly Rooftop Lounge at the Logan Philadelphia's Hotel while visibly intoxicated and prior to her getting into the subject Lyft vehicle where she was sexually assaulted while passed out only to awake to find her assailant-Lyft driver, Omer F. Arcagok on top of her in advance of his ejaculation. Sage Client knew and had reason to know, as the supervision presence on site, that Jane Doe K.K. would be intoxicated and unsafe, using rideshares since she was left incapacitated

THE VILLARI FIRM, PLLC
25B S. 11TH STREET
PHILADELPHIA, PA 19107
215.600.1360
215.600.1399 (FAX)
WWW.VILLARIFIRM.COM

MESSA & ASSOCIATES, P.C.
123 S. 22ND STREET
PHILADELPHIA, PA 19103
215.568.3500
215.568.3501 (FAX)
WWW.MESSALAW.COM

21

*Jane Doe K.K. v. Lyft, Inc., et al.*
*Plaintiff's Third Amended Complaint*

Case ID: 250402203
Control No.: 25123163

and/or incapable of consent to sexual acts. At all times material. This defendant's negligent and/or reckless acts and/or omissions as described in this pleading were a substantial factor in bringing about the harm to the plaintiff.

47.    At all times material hereto, Sage Hospitality Resources, LLC, d/b/a Sage Hospitality Group, and Sage Client 258, LLC, acted inter-relatedly and collaboratively in the entertainment services and sale/furnishment of alcohol beverages to KK, while doing business as the Assembly Rooftop Lounge and described as "Assembly Defendants" hereinafter.

48.    Defendant, HMC OLS II, LP ("HMC"), is a business entity that owns, manages and oversees, and does business as the Logan Philadelphia's Hotel, and in turn the rooftop drinking establishment and eatery, known to the public as Assembly Rooftop Lounge and located at One Logan Square, Philadelphia, PA 19103 within the hotel location.

49.    Defendant, HMC OLS II, LP takes an active role in the operation, management and direction of Assembly Rooftop Lounge and/or drinking establishment and advertises itself as an extremely popular, classy, upscale rooftop bar serving "amazing cocktails" and as part of its operation, conducts substantial business activities in Philadelphia County through its restaurant location.

50.    At all times material hereto, HMC OLS II, LP and its agent employee(s) and/or ostensible agents were serving intoxicating amounts of alcohol to Jane Doe, K.K. in the Assembly Rooftop Lounge at the Logan Philadelphia's Hotel while visibly intoxicated and prior to her getting into the subject Lyft vehicle where she was sexually assaulted while passed out only to awake to find her assailant-Lyft driver, Omer F.

THE VILLARI FIRM, PLLC
258 S. 11TH STREET
PHILADELPHIA, PA 19107
215.600.1363
215.600.1309 (FAX)
WWW.VILLARIFIRM.COM

MESSA & ASSOCIATES, P.C.
123 S. 22ND STREET
PHILADELPHIA, PA 19103
215.568.3500
215.568.3501 (FAX)
WWW.MESSALAW.COM

22

*Jane Doe K.K. v. Lyft, Inc., et al.*
*Plaintiff's Third Amended Complaint*

Case ID: 250402203
Control No.: 250402623

Arcagok on top of her in advance of his ejaculation.   HMC OLS II, LP knew and had reason to know, as the supervision presence on site, that Jane Doe K.K. would be intoxicated and unsafe, using rideshares since she was left incapacitated and/or incapable of consent to sexual acts At all times material, this defendant's negligent and/or reckless acts and/or omissions as described in this pleading were a substantial factor in bringing about the harm to the plaintiff.

51.     Defendant, CCFS Philadelphia, LLC ("CCFS"), is a business entity that has care, custody, control and otherwise, occupies and oversees and uses the fictitious name, the Logan Philadelphia's Hotel and contracted with "Sage Client", and in turn the Logan Philadelphia's Hotel's rooftop drinking establishment and eatery, "the Assembly Rooftop Lounge" located at One Logan Square, Philadelphia, PA 19103.

52.     Defendant, CCFS Philadelphia, LLC takes an active role in the operation, management and direction of Assembly Rooftop Lounge and/or drinking establishment and advertises itself as an extremely popular, classy, upscale rooftop bar serving "amazing cocktails" and as part of its operation, conducts substantial business activities in Philadelphia County through its restaurant location.

53.     At all times material hereto, CCFS Philadelphia, LLC and its agent employee(s) and/or ostensible agents  were serving intoxicating amounts of alcohol to Jane Doe, K.K. in the Assembly Rooftop Lounge at the Logan Philadelphia's Hotel while visibly intoxicated and prior to her getting into the subject Lyft vehicle where she was sexually assaulted while passed out only to awake to find her assailant-Lyft driver, Omer F. Arcagok on top of her in advance of his ejaculation.  CCFS knew and had reason to know, as the supervision presence on site, that Jane Doe K.K. would be intoxicated and

THE VILLARI FIRM, PLLC
25B S. 11TH STREET
PHILADELPHIA, PA 19107
215.600.3360
215.600.1509 (FAX)
WWW.VILLARIFIRM.COM

MESSA & ASSOCIATES, P.C.
123 S. 22ND STREET
PHILADELPHIA, PA 19103
215.568.3500
215.568.3501 (FAX)
WWW.MESSALAW.COM

23

*Jane Doe K.K. v. Lyft, Inc., et al.*
*Plaintiff's Third Amended Complaint*

unsafe, using rideshares since she was left incapacitated and/or incapable of consent to sexual acts. At all times material, this defendant's negligent and/or reckless acts and/or omissions as described in this pleading were a substantial factor in bringing about the harm to the plaintiff.

54. At all times material hereto, HMC OLS II, LP and CCFS Philadelphia, LLC to acted inter-relatedly and collaboratively to oversee, manage and control the entertainment services and sale/furnishment of alcohol beverages to KK at the Logan Philadelphia's Hotel lounge, having a publicly known lounge, Assembly Rooftop Lounge.

55. Defendant, Host Hotels and Resort LP is a business entity that owns, operates, and manages its rooftop drinking establishment and eatery, publicly called the Assembly Rooftop Lounge at the Logan Hotel in Philadelphia County at the above-captioned Philadelphia address.

56. Defendant, Host Hotels and Resorts LP takes an active role in the operation, management and direction of its rooftop lounge and/or drinking establishment and advertises itself as an extremely popular, classy, upscale rooftop bar serving "amazing cocktails" and as part of its operation, conducts substantial business activities in Philadelphia County through its restaurant location.

57. At all times material hereto, Host Hotels and Resorts LP was serving intoxicating amounts of alcohol to Jane Doe, K.K. at their rooftop lounge while she was visibly intoxicated and prior to her getting into the subject Lyft vehicle where she was sexually assaulted while passed out only to awake to find her assailant-Lyft driver, Omer F. Arcagok on top of her in advance of his ejaculation. Host Hotels and Resorts LP knew and had reason to know, as the supervision presence on site, that Jane Doe K.K. would be

THE VILLARI FIRM, PLLC
258 S. 11TH STREET
PHILADELPHIA, PA 19107
215.600.3350
215.600.1309 (FAX)
WWW.VILLARIFIRM.COM

MESSA & ASSOCIATES, P.C.
123 S. 22ND STREET
PHILADELPHIA, PA 19103
215.568.3500
215.568.3501 (FAX)
WWW.MESSALAW.COM

24

*Jane Doe K.K. v. Lyft, Inc., et al.*
*Plaintiff's Third Amended Complaint*

Case ID: 250402203
Control No.: 25042063

intoxicated and unsafe, using rideshares since she was left incapacitated and/or incapable of consent to sexual acts. At all times material, this defendant's negligent and/or reckless acts and/or omissions as described in this pleading were a substantial factor in bringing about the harm to the plaintiff.

58.    Hilton Worldwide, Inc. ("Hilton") is an international corporation and/or business entity that operates more than 7,500 hotels in 118 countries and territories with its principal place of business located at the above captioned address that owns, operates, manages its rooftop drinking establishment and eatery, the Assembly Rooftop Lounge at the Logan Philadelphia Hotel in Philadelphia County at the above-captioned Philadelphia address.

59.    Defendant, Hilton takes an active role in the operation, management and direction of its rooftop lounge and/or drinking establishment and advertises itself as an extremely popular, classy, upscale rooftop bar serving "amazing cocktails" and as part of its operation, conducts substantial business activities in Philadelphia County through its restaurant location.

60.    At all times material hereto, Hilton was serving intoxicating amounts of alcohol to Jane Doe K.K. in the Assembly Rooftop Lounge at the Logan Philadelphia Hotel while visibly intoxicated and prior to her getting into the subject Lyft vehicle where she was sexually assaulted while passed out only to awake to find her assailant-Lyft driver, Omer F. Arcagok on top of her in advance of his ejaculation. Hilton knew and had reason to know, as the supervision presence on site, that Jane Doe K.K. would be intoxicated and unsafe, using rideshares since she was left incapacitated and/or incapable of consent to sexual acts. At all times material, this defendant's negligent and/or reckless acts and/or

THE VILLARI FIRM, PLLC
25F S. 11TH STREET
PHILADELPHIA, PA 19107
215.600.1303
215.600.1309 (FAX)
WWW.VILLARIFIRM.COM

MESSA & ASSOCIATES, P.C.
123 S. 22ND STREET
PHILADELPHIA, PA 19103
215.568.3500
215.568.5501 (FAX)
WWW.MESSALAW.COM

*Jane Doe K.K. v. Lyft, Inc., et al.*
*Plaintiff's Third Amended Complaint*

Case ID: 250402203
Control No.: 25120822203

omissions as described in this pleading were a substantial factor in bringing about the harm to the plaintiff.

61.    Defendant, Hilton Franchise Holding, LLC takes an active role in the operation, management and direction of its rooftop lounge and/or drinking establishment and advertises itself as an extremely popular, classy, upscale rooftop bar serving "amazing cocktails" and as part of its operation, conducts substantial business activities in Philadelphia County through its restaurant location.

62.    At all times material hereto,  Hilton Franchise Holding, LLC and its agent employee(s) and/or ostensible agents were serving intoxicating amounts of alcohol to Jane Doe K.K. in the Assembly Rooftop Lounge at the Logan Philadelphia Hotel while she was  visibly intoxicated and prior to her getting into the subject Lyft vehicle where she was sexually assaulted while passed out only to awake to find her assailant-Lyft driver, Omer F. Arcagok on top of her in advance of his ejaculation. Hilton Franchise Holding, LLC knew and had reason to know, as the supervision presence on site, that Jane Doe K.K. would be intoxicated and unsafe, using rideshares since she was left incapacitated and/or incapable of consent to sexual acts. At all times material, this defendant's negligent and/or reckless acts and/or omissions as described in this pleading were a substantial factor in bringing about the harm to the plaintiff.

63.    Defendant, Park Hotels & Resorts, Inc. ("Park") is an international corporation and/or business entity that operates more than 43 premium-branded hotels in multiple countries and territories with its principal place of business located at the above captioned address that owns, operates, manages its rooftop drinking establishment

THE VILLARI FIRM, PLLC
258 S. 11TH STREET
PHILADELPHIA, PA 19107
215.600.1363
215.600.1309 (FAX)
WWW.VILLARIFIRM.COM

MESSA & ASSOCIATES, P.C.
123 S. 22ND STREET
PHILADELPHIA, PA 19103
215.568.3500
215.568.3501 (FAX)
WWW.MESSALAW.COM

26

*Jane Doe K.K. v. Lyft, Inc., et al.*
*Plaintiff's Third Amended Complaint*

Case ID: 250402203
Control No.: 25020203

and eatery, publicly called the Assembly Rooftop Lounge at the Logan Philadelphia Hotel in Philadelphia County at the above-captioned Philadelphia address.

64.     Defendant, Park takes an active role in the operation, management and direction of its rooftop lounge and/or drinking establishment and advertises itself as an extremely popular, classy, upscale rooftop bar serving "amazing cocktails" and as part of its operation, conducts substantial business activities in Philadelphia County through its restaurant location.

65.     At all times material hereto, Park and its agent employee(s) and/or ostensible agents were serving intoxicating amounts of alcohol to Jane Doe K.K. in the Assembly Rooftop Lounge at the Logan Philadelphia Hotel while she was visibly intoxicated and prior to her getting into the subject Lyft vehicle where she was sexually assaulted while passed out only to awake to find her assailant-Lyft driver, Omer F. Arcagok on top of her in advance of his ejaculation. Park knew and had reason to know, as the supervision's presence on site, that Jane Doe K.K. would be intoxicated and unsafe, using rideshares since she was left incapacitated and/or incapable of consent to sexual acts. At all times material, this defendant's negligent and/or reckless acts and/or omissions as described in this pleading were a substantial factor in bringing about the harm to the plaintiff.

66.     At all times material hereto, HMC OLS II, LP, CCFS Philadelphia, LLC Hilton Franchise Holding, LLC, Hilton Worldwide, Inc., Park Hotels & Resorts, Inc. and Host Hotels and Resort, LP acted inter-relatedly and collaboratively in the entertainment services and sale/furnishment of alcohol beverages to KK, also described hereinafter as "Logan Hotel Defendants".

THE VILLARI FIRM, PLLC
258 S. 11th STREET
PHILADELPHIA, PA 19107
215.600.1363
215.600.1306 (FAX)
WWW.VILLARIFIRM.COM

MESSA & ASSOCIATES, P.C.
123 S. 22nd STREET
PHILADELPHIA, PA 19103
215.568.3500
215.568.3501 (FAX)
WWW.MESSALAW.COM

*Jane Doe K.K. v. Lyft, Inc., et al.*
*Plaintiff's Third Amended Complaint*

Case ID: 250402203
Control No.: 25123162

67.     Defendant, John/Jane Doe I thru III are fictitiously designated drivers/operators of the subject vehicle owned and/or operated under the supervision and/or by and through Defendant, Lyft, Inc., as Plaintiff is unaware of their true identities. At all times material hereto John/Jane Doe I thru III were drivers/operators of the subject vehicle and were present and/or drove/operated the subject Tesla vehicle. It is believed and therefore averred that John/Jane Doe I thru III were employed and/or worked in tandem with Enes Aydin and/or Omer F. Arcagok. Lyft, Inc., who are directly and vicariously responsible for the acts and/or omissions of their drivers/operators and owners of subject Tesla including Enes Aydin and/or Omer F. Arcagok and John Doe I thru III. At all times material hereto, John/Jane Doe I thru III played a part, by driving and/or operating the subject Tesla vehicle, in which she was sexually assaulted while initially passed out only to awake to find her assailant Lyft driver. Plaintiff is unaware of the true identity of all of the individual Defendants at the time of filing this Third Amended Complaint. At all times material, these defendants' negligent and/or reckless acts and/or omissions as described in this pleading were a substantial factor in bringing about the harm to the plaintiff.

68.     John/Jane Doe IV-V are fictitiously designated as owners and/or possessors of the subject Tesla who negligently, carelessly and recklessly entrusted the subject Tesla to the Lyft driver who sexually assaulted the plaintiff, KK thereby causing injuries as defined in this Complaint to KK.

69.     Defendants, John/Jane Doe VI thru XVI are fictitiously designated wait staff, servers, management and/or bartenders of "Assembly Defendants", "Logan Hotel Defendants", "SIN Defendants" and/or "Skeeters Defendants", as Plaintiff is unaware of

THE VILLARI FIRM, PLLC
258 S. 11TH STREET
PHILADELPHIA, PA 19107
215.600.1303
215.600.1309 (FAX)
WWW.VILLARIFIRM.COM

MESSA & ASSOCIATES, P.C.
123 S. 22ND STREET
PHILADELPHIA, PA 19103
215.568.3500
215.568.3501 (FAX)
WWW.MESSALAW.COM

28

*Jane Doe K.K. v. Lyft, Inc., et al.*
*Plaintiff's Third Amended Complaint*

Case ID: 250402203
Control No.: 250402203

their true identities. At all times material hereto, Defendants John/Jane Doe VI thru XVI were wait staff, serves, management and/or bartenders who were present and/or served alcohol to Jane Doe, K.K. on the evening of January 13, 2024 and/or early morning of January 14, 2024, prior to the sexual assault outlined herein. It is believed and therefore averred that John/Jane Doe VI thru XVI were employed by "Assembly Defendants", "Logan Hotel Defendants", "SIN Defendants" and/or "Skeeters Defendants", whom are directly and vicariously responsible for the acts and/or omissions of their employees. At all times material hereto, Defendants John/Jane Doe VI thru XVI served intoxicating amounts of alcohol to Jane Doe K.K. who was visibly intoxicated and prior to her getting into the subject Lyft vehicle where she was sexually assaulted while initially passed out only to awake to find her assailant-Lyft driver. The Does identified here knew and had reason to know, as the supervision presence on site, that Jane Doe K.K. would be intoxicated and unsafe, using rideshares since she was left incapacitated and/or incapable of consent to sexual acts. At all times material, this defendant's negligent and/or reckless acts and/or omissions as described in this pleading were a substantial factor in bringing about the harm to the plaintiff.

70.     Plaintiff is unaware of the true identify of these individual Defendants at the time of filing this Complaint.

71.     Defendants, ABC Corporation I thru VII are fictitiously designated restaurants, bars, hospitality groups, property management, management and/or hotels, as Plaintiff is unaware of their true identities. At all times material hereto, Defendants ABC Corporation I thru VII were restaurants, bars, hospitality groups, property management, management and/or hotels who owned, operated a liquor license and a

THE VILLARI FIRM, PLLC
258 S. 11th STREET
PHILADELPHIA, PA 19107
215.600.1369
215.600.1369 (FAX)
WWW.VILLARIFIRM.COM

MESSA & ASSOCIATES, P.C.
123 S. 22nd STREET
PHILADELPHIA, PA 19103
215.568.3500
215.568.3501 (FAX)
WWW.MESSALAW.COM

29

*Jane Doe K.K. v. Lyft, Inc., et al.*
*Plaintiff's Third Amended Complaint*

Case ID: 250402203
Control No.: 25123162

drinking establishment that employed those who were present and/or served alcohol to Jane Doe, K.K. on the evening of January 13, 2024 and/or the early morning of January 14, 2024 prior to the sexual assault outlined herein. It is believed and therefore averred that ABC Corporations I thru VII are directly and vicariously responsible for the acts and/or omissions of their employees, including but not limited to wait staff, servers, management and/or bartenders. At all times material hereto, Defendant ABC Corporations I thru VII's employees, agents and/or servants served intoxicating amounts of alcohol to Jane Doe K.K. who was visibly intoxicated and prior to her getting into the subject Lyft vehicle where she was sexually assaulted while initially passed out only to awake to find her assailant-Lyft driver. The plaintiff is unaware of the true identity of these entity Defendants at the time of filing this Complaint.

72.    Defendants, ABC Corporations VIII thru X are fictitiously designated rideshare companies, as Plaintiff is unaware of their true identities. At all times material hereto, Defendants ABC Corporations VIII thru X were rideshare companies in use at the time of the wrongful acts perpetrated by defendants, including but not limited to ABC Corporations VIII thru X's employees, agents and/or servants, on the plaintiff, KK on the evening of January 13 and/or the early morning of January 14, 2024. It is believed and therefore averred that ABC Corporations VIII thru X are directly and vicariously responsible for the acts and/or omissions of their employees, including but not limited to drivers, operators, possessors, owners of their vehicles and/or vehicles used during their course of business. The plaintiff is unaware of the true identity of these entity Defendants at the time of filing this Complaint. The ABC Corporations identified here knew and had reason to know, as the supervision presence on site, that Jane Doe K.K. would be

THE VILLARI FIRM, PLLC
258 S. 11TH STREET
PHILADELPHIA, PA 19107
215.600.1963
215.600.1309 (FAX)
WWW.VILLARIFIRM.COM

MESSA & ASSOCIATES, P.C.
123 S. 22ND STREET
PHILADELPHIA, PA 19103
215.568.3500
215.568.3501 (FAX)
WWW.MESSALAW.COM

30

*Jane Doe K.K. v. Lyft, Inc., et al.*
*Plaintiff's Third Amended Complaint*

Case ID: 250402203
Control No.: 25021623

intoxicated and unsafe, using rideshares since she was left incapacitated and/or incapable of consent to sexual acts. At all times material, this defendant's negligent and/or reckless acts and/or omissions as described in this pleading were a substantial factor in bringing about the harm to the plaintiff.

## JURISDICTION AND VENUE

73.     This Court has jurisdiction over this case in that the amount in controversy vastly exceeds the Arbitration limits and Plaintiffs have demanded a trial by jury of twelve.

74.     Venue is proper as 1.) the chosen forum by the Plaintiff Jane Doe K.K. who 2.) now resides in Philadelphia for this personal injury action as 3.) the Lyft Defendants, "SIN Defendants", "Logan Hotel Defendants", and the "Assembly Defendants" regularly conduct business in Philadelphia County and maintain offices in Philadelphia County. Further, 4.) this matter involves the inclusion of *negligent operations* and liquor liability of 3 separate drinking establishments located in Philadelphia and 22 defendant entities/individuals that have ties to Philadelphia and/or Pennsylvania – "SIN", "Assembly" and another bar location[9] and their entities making jurisdiction and venue, always, proper.

## FACTS

75.     On January 13, 2024, K.K. has plans to celebrate a friend's birthday.

76.     K.K. drives to Philadelphia from her home in New Jersey.

77.     The plan was for a meet-up at the Assembly Rooftop at 7:00 p.m.

---

[9] Fergie's Defendants, including Fergie's Pub, Race Street Restaurant, Inc. d/b/a Fergie's Pub, Race Street Restaurant, Inc., Bathmat, LLC, Trepantry, LLC, Fergus A. Carey and James McNamara, identified in a companion action under PCCP No. 250701118 recently consolidated by August 14, 2025 Order of this Honorable Court.

THE VILLARI FIRM, PLLC
258 S. 11TH STREET
PHILADELPHIA, PA 19107
215.600.1365
215.600.1399 (FAX)
WWW.VILLARIFIRM.COM

MESSA & ASSOCIATES, P.C.
123 S. 22ND STREET
PHILADELPHIA, PA 19103
215.568.3500
215.568.3501 (FAX)
WWW.MESSALAW.COM

31

*Jane Doe K.K. v. Lyft, Inc., et al.*
*Plaintiff's Third Amended Complaint*

Case ID: 250402203
Control No.: 25123162

78.   According to the celebration plan, K.K.  first patronizes the Assembly Rooftop Lounge, owned, operated, managed and/or supervised by Defendants Sage Client 258, LLC, Sage Hospitality Resources, LLC d/b/a Sage Hospitality Group, HMC OLS II, LP, CCFS Philadelphia, LLC, Host Hotels & Resorts, LP, Hilton Worldwide, Inc., Hilton Franchise Holding, LLC and Park Hotels & Resorts, Inc.

79.   The check associated with drinking  and K.K. at the first establishment on January as produced recently during the discovery period of this litigation by Sage Client 258 and/or Sage Hospitality Resources, LLC shows that a check among  zero (0) guests was opened by server Yogev Avidar at "19:38 p.m." where 5 drinks were listed, two of which were "Titos", 1 Liquid Love and 2 Spiced Wassail".

80.   While at Assembly Rooftop Lounge, K.K. quickly consumes alcoholic beverages while visibly intoxicated  and such unlawful service was a substantial factor in bringing about harm to K.K.

81.   Despite being visibly intoxicated, the "Logan Hotel" and "Assembly" Defendants noted above individually, jointly and/or by and through its employees, workers, agents, servants and/or ostensible agents negligently, carelessly and/or recklessly continue to sell, furnish, give, supply and/or provide intoxicating alcoholic beverages to K.K.

82.   K.K. then leaves the Defendants' "Assembly Rooftop Lounge" in an intoxicated state for the planned reservation at SIN. At all times, these defendants were aware that these K.K. was vulnerable in her state and leaves in a cognitively impaired state and obvious signs knew or had reason to have known that intoxication created a foreseeable risk of harm.

THE VILLARI FIRM, PLLC
258 S. 11TH STREET
PHILADELPHIA, PA 19107
215.600.1393
215.600.1306 (FAX)
WWW.VILLARIFIRM.COM

MESSA & ASSOCIATES, P.C.
123 S. 22ND STREET
PHILADELPHIA, PA 19103
215.568.3500
215.568.3501 (FAX)
WWW.MESSALAW.COM

32

*Jane Doe K.K. v. Lyft, Inc., et al.*
*Plaintiff's Third Amended Complaint*

Case ID: 250402203
Control No.: 25020203

83.     After leaving Assembly, she visited SIN. The reservation was set by her friend for a count of 15, though only **approximately 9 women** came to SIN. K.K., on the evening of January 13, 2024, was a patron who knew her colleague Arielle Branch a/k/a Arielle Brown, ('Arielle Branch"), Lauren Szasz and Eric Royer served her many drinks through Justin Veasey's sanction.   At all times material, K.K. came onto the premises as a business invitee to participate in the continued events planned for the birthday celebration.

84.     A check was opened at 8:39 p.m.  The check, now produced in discovery, shows that only 7 entrees were ordered and 6 appetizers, and 7 pasta sides with 2 potato sides **in sharp contrast to 25 drinks, plus 16 shots were documented as comped, and others were not with bottles after bottle of champagne, also comped, were marched out, of which were never documented by SIN or Justin Veasey as having been consumed**  A total of $405.00 was paid in "cash" for alcohol as documented, while the documented comped shots were purportedly "$5.00" per shot and an $80.00 figure was also noted as comped.  The champagne bottles were not accounted for though video coverage of the guests' drinking champagne has been discovered during the discovery in this case.

85.     The women including K.K. were visibly intoxicated.  Glasses broke at the table, and K.K.'s coat had fallen from the back of her chair so many times that it was finally removed and placed in a storage area by Justin Veasey who knew all the while that K.K. was visibly intoxicated and yet the SIN defendants continued to excessively served her Titos, shots, champagne and the like.

THE VILLARI FIRM, PLLC
258 S. 11TH STREET
PHILADELPHIA, PA 19107
215.600.3363
215.600.3309 (FAX)
WWW.VILLARIFIRM.COM

MESSA & ASSOCIATES, P.C.
123 S. 22ND STREET
PHILADELPHIA, PA 19103
215.568.3500
215.568.3501 (FAX)
WWW.MESSALAW.COM

*Jane Doe K.K. v. Lyft, Inc., et al.*
*Plaintiff's Third Amended Complaint*

Case ID: 250402203
Control No.: 25123162203

86.   By 10:57 p.m., cash was tendered in the amount of $1065.06 that did not include all the free alcohol.

87.   The excessive alcohol described at the SIN Philadelphia location and sanctioned by Philadelphia-resident, Justin Veasey was consumed in less than *two hours and 20 minutes*.

88.   Despite being in a highly intoxicated and cognitively impaired state, the SIN defendants as sanctioned by Justin Veasey as well and who was present on site, continued to serve K.K. despite obvious and visible signs of intoxication and such unlawful service was a substantial factor in bringing about harm to K.K.   K.K. then, leaves SIN after the reckless and negligent operations ensues as described above and below, incorporated here by reference.

89.   At all times, Justin Veasey and the SIN defendants were aware that these K.K. was vulnerable when left in a Lyft alone in her state and despite obvious signs knew or had reason to have known that the intoxication created a foreseeable risk when she leaves in a cognitively impaired state knowing she was using rideshares. She left her car in their parking lot.

90.   Unable to drive, K.K. responsibly leaves her car in Philadelphia and one of the party members order a rideshare for the next stop.  During the course of discovery, it was discovered that K.K and her friends attempt to go to "Barstool", but since the line was too long, some of the women including K.K. crossed the street to stop off for more drinking at another Philadelphia bar who has been identified in the companion action recently consolidated.[10]

---

[10] For the purposes of clarity, the allegations as against Fergie's Pub, Race Street Restaurant, Inc. d/b/a Fergie's Pub, Race Street Restaurant, Inc.,

THE VILLARI FIRM, PLLC
258 S. 11TH STREET
PHILADELPHIA, PA 19107
215.600.1300
215.600.1309 (FAX)
WWW.VILLARIFIRM.COM

MESSA & ASSOCIATES, P.C.
123 S. 22ND STREET
PHILADELPHIA, PA 19103
215.568.3500
215.568.3501 (FAX)
WWW.MESSALAW.COM

34

*Jane Doe K.K. v. Lyft, Inc., et al.*
*Plaintiff's Third Amended Complaint*

91.    K.K. and other women who were invited to this birthday celebration then go on to Skeeters Pub in the ap.

92.    K.K. is visibility intoxicated, however, Defendant Skeeters Pub, individually, jointly and/or through its employees, workers, agents, servants and/or ostensible agents negligently, carelessly and/or recklessly continues to sell, furnish, give, supply and/or provide intoxicating alcoholic beverages to K.K.

93.    At some point, K.K. is permitted to leave Skeeters Pub in a highly intoxicated and cognitively impaired state after closing and the "last call" where several drinks more were consumed. At all times, these Skeeters Pub defendants were aware that these K.K. was vulnerable in her state and leaves in a cognitively impaired state.

94.    Combined, the alcohol served by all the drinking establishment defendants causes Jane Doe K.K. to be beyond inebriated by and through their reckless and negligent acts, and/or as well as the liquor liability producing conduct that violates Pennsylvania law.

95.    Throughout the night, the "Assembly Defendants", "Logan Hotel Defendants", "SIN Defendants" and "Skeeters Defendants" individually, jointly and/or by and through their employees, workers, agents, servants and/or ostensible agents negligently, carelessly and/or recklessly continued to serve alcoholic beverages to K.K.

---

Bathmat, LLC, Trepantry, LLC, Fergus A. Carey and James McNamara regarding the third bar in Philadelphia are pled in a companion action under Case No. 250701118, consolidated under by Order of this Court on August 14, 2025. At all times material, the Fergie's Pub, Race Street Restaurant, Inc. d/b/a Fergie's Pub, Race Street Restaurant, Inc., Bathmat, LLC, Trepantry, LLC, Fergus A. Carey and James McNamara negligent and/or reckless acts and/or omissions as described were also a substantial factor in bringing about the harm to the plaintiff.

The Villari Firm, PLLC
258 S. 11ᵀᴴ Street
Philadelphia, PA 19107
215.600.1369
215.600.1309 (FAX)
WWW.VILLARIFIRM.COM

MESSA & ASSOCIATES, P.C.
123 S. 22ᴺᴰ Street
Philadelphia, PA 19103
215.568.3500
215.568.3501 (FAX)
WWW.MESSALAW.COM

35

*Jane Doe K.K. v. Lyft, Inc., et al.*
*Plaintiff's Third Amended Complaint*

Case ID: 250402203
Control No.: 25123162

when they knew or should have known that she was visibly intoxicated, in a vulnerable position and what would next transpire was, at all times, foreseeable.

96.     The "Assembly Defendants", "Logan Hotel Defendants", "SIN Defendants" and "Skeeters Defendants", individually, jointly and/or by and through their employees, workers, agents, servants and/or ostensible agents knew or should have known K.K. was exhibiting signs of visible intoxication, including but not limited to, an altered gait, stumbling, bloodshot eyes, slurred speech, and the odor of alcohol.

97.     In violation of Pennsylvania Liquor Code, 47 P.S. §4-493(1), the "Assembly Defendants", "Logan Hotel Defendants", "SIN Defendants" and "Skeeters Defendants", by and through their employees, workers, agents, servants and/or ostensible agents continued to sell, furnish, give, supply and/or provide alcoholic beverages to K.K., even though she was visibly intoxicated and/or exhibiting the signs and/or symptoms of visible intoxication, service was continued when these defendants knew or had reason to have known that the intoxication created a foreseeable risk of harm and such unlawful service was a substantial factor in causing harm.

98.     All Defendant Lyft, Inc. is a transportation network company that operates a mobile application connecting passengers with drivers for hire. Defendant designs, develops, maintains, and distributes the Lyft rideshare application ("Lyft App") to consumers, including plaintiff. The Lyft App is a product that defendant places into the stream of commerce. Before January 14, 2024 Plaintiff downloaded and installed the Lyft App and Jane Doe K.K. had downloaded and installed the Lyft Inc. App.

99.     on January 14, 2024, at approximately 3:00 AM, K.K. orders a Lyft, Inc. ("Lyft") rideshare through Defendant Lyft's defective cell phone application.

36

THE VILLARI FIRM, PLLC
258 S. 11TH STREET
PHILADELPHIA, PA 19107
215.600.1363
215.600.1309 (FAX)
WWW.VILLARIFIRM.COM

MESSA & ASSOCIATES, P.C.
123 S. 22ND STREET
PHILADELPHIA, PA 19103
215.568.3500
215.568.3501 (FAX)
WWW.MESSALAW.COM

*Jane Doe K.K. v. Lyft, Inc., et al.*
*Plaintiff's Third Amended Complaint*

Case ID: 250402203
Control No.: 25030603

100.   The Lyft is assigned to a driver named "Enes" also known as Enes Aydin who was described as using a Tesla Model 3 with license plate number N78SZE known to defendant Lyft that was owned by or leased from Defendant Lyft and/or its agent and/or John Doe.   At all times, material, Lyft knew or had reason to know that the owner of the vehicle and the identified driver were different from the driver who engaged in the sex assault upon plaintiff while on a driving assignment for Lyft as the authentication system had large gaps for safety precautions despite the advertisements that Lyft was a safe option for women looking for ride, and the promotional materials that were associated with promising safety which included on their very website in the rider safety portion:

> Lyft is a community where everyone belongs.  We'll always treat you with respect and look out for your safety. We do this by maintaining high standards, which start before your very first ride.  **Our proactive safety measures are always on. And anytime night or day, we offer real help from real humans[11].**

101.   Lyft, Inc. has also pledged in misrepresentations on its website, https://www.lyft.com/safety/rider that it had system of pre-screening drivers, and used technology for safety and engaged in criminal background checks under the safe rider section:

---

[11] These statements were on the website in January 2024 and through to at least June 2024.

The Villari Firm, PLLC
25B S. 11TH STREET
PHILADELPHIA, PA 19107
215.600.1363
215.600.1309 (FAX)
WWW.VILLARIFIRM.COM

MESSA & ASSOCIATES, P.C.
123 S. 22ND STREET
PHILADELPHIA, PA 19103
215.568.3500
215.568.3501 (FAX)
WWW.MESSALAW.COM

37

*Jane Doe K.K. v. Lyft, Inc., et al.*
*Plaintiff's Third Amended Complaint*



# Committed to getting you there safely, every time

From the moment you open the Lyft app to the moment your ride ends, we're focused on making your experience safe.

With protective measures like driver background checks and real-time ride monitoring, plus in-ride safety tools to give you more control, like Location Sharing and Audio Recording, you're supported at every turn. When you ride with Lyft, you join a community that prioritizes safety.

102.    The above statements made in Paragraphs 100 and 101, at all times relevant, were advertised on the website and are a misrepresentation of material fact that Lyft knew it made without knowledge as to its truth or falsity and/or made the misrepresentations identified in the above paragraph for profit when it knew or ought to have known of its falsity.  These mis-representations described in the above paragraphs at 100 and 101 at all times relevant were intended to induce Jane Doe K.K. and women like her to use the Lyft App and lead Jane Doe K.K and women like Jane Doe K.K. used the app that Lyft, Inc. because she was induced to believe that Lyft, Inc. is not just a community where everyone belongs, and that it maintains high standards of safety which starts even before her very first ride, **but also that proactive safety measure are always on and that anytime night or day, Lyft offers real help from real humans in spite these material representations** as note above that the "proactive safety measures are always on[12] and at any time of night or day, we offer real humans and that background checks

---

[12] As to the proactive safety measures and real humans available to help, it is alleged that such assertions were false at the time Jane Doe K.K. was taken off route and pinned under the driver as the push notifications by a bot that were sent at 3:52 a.m. and 4:22 a.m. were not human inquiries nor were there escalations to the police.

THE VILLARI FIRM, PLLC
258 S. 11TH STREET
PHILADELPHIA, PA 19107
215.600.1303
215.600.1305 (FAX)
WWW.VILLARIFIRM.COM

MESSA & ASSOCIATES, P.C.
123 S. 22ND STREET
PHILADELPHIA, PA 19103
215.568.3500
215.568.3501 (FAX)
WWW.MESSALAW.COM

*Jane Doe K.K. v. Lyft, Inc., et al.*
*Plaintiff's Third Amended Complaint*

Case ID: 250402203
Control No.: 250402203

and real-time monitoring and the like noted in paragraph 100, **when none of it was true**, as established by the facts in this case where notifications were sent but no real human stepped in the way to stop what was happening inside the off-route and stopped Lyft, Inc. vehicle.

103.   At all times relevant, the above specific and measurable mis-representations identified in paragraph 100 and 101 and incorporated here were made by Lyft, Inc. without regard to the truth or falsity and when Lyft ought to have known were false.  The aforementioned misrepresentations resulted in injury to Jane Doe K.K. who acted in justifiable reliance on the misrepresentations noted in Paragraph 100 through 102.

104.   Before Jane Doe K.K. got into the subject Lyft vehicle identified on the Lyft, Inc. app as plate Number NJ78SXE--  Licenses plates were had been recently changed, and **as well as the phone number** associated with the Account had also been changed on multiple times beginning on within a window of time starting on January 9, 2024.

105.   Also, there were no fingerprint log-in, voice recognition, face recognition to confirm the identity of the driver nor dash cam recordings to deter drivers from engaging in sexual fraternization and improper touching of an intoxicated passenger despite such mis-representations.

106.   During criminal investigation, it was uncovered that "Enes," now identified by his full name, Enes Aydin was in fact Omer C. Arcagok, who was driving under the account assigned to Enes Aydin--a custom, habit and practice of account swapping or renting that is widespread and known to Lyft who intentionally and/or recklessly and/or wantonly and/or negligently turned a blind eye to the widespread practice so that it could

THE VILLARI FIRM, PLLC
25B S. 11TH STREET
PHILADELPHIA, PA 19107
215.600.1363
215.600.1309 (FAX)
WWW.VILLARIFIRM.COM

MESSA & ASSOCIATES, P.C.
123 S. 22ND STREET
PHILADELPHIA, PA 19103
215.568.3500
215.568.3501 (FAX)
WWW.MESSALAW.COM

39

*Jane Doe K.K. v. Lyft, Inc., et al.*
*Plaintiff's Third Amended Complaint*

Case ID: 250402203
Control No.: 25123102

profit from rideshares without regard to passenger safety and protections from non-consensual touching.

107.    It was also determined that in advance of picking up Jane Doe K.K Omer C. Arcagok had been using the Lyft account to have sex and engaged with women including after January 9, 2024 account swap.   In the three days before Jane Doe K.K. the assault, there was enough suspicious activity including fraternization of other passengers, off-route changes of travel and a free ride(s) picking up a passenger that should have but did not trigger that something had gone bad with the Aydin account. Suspicious activity beginning January 9, 2024 and leading up to the Jane Doe K.K. ride should have trigged the promised real time monitoring that is purportedly "always on" but did not in advance of Jane Doe K.K.'s ride on the morning of January 14, 2024.

108.    At all times material, Defendant Lyft, Inc.'s negligent and/or reckless acts and/or omissions were a substantial factor in bringing about harm to Plaintiff.

109.    At all times material, Defendant Lyft, Inc. knew or should have known about the defects in the Lyft App.

110.    At all times material, Defendant, Lyft, Inc. failed to correct all the defects described in this pleading or adequately warn users about them.

111.    At all times material, Defendant Lyft is vicariously liable for its drivers who are agents and/or ostensible agents of Defendant Lyft.

112.    At all times material, Defendant, Lyft is vicariously liable for the acts committed by Enes Aydin, as that Lyft knew that its account holders, like Enes Aydin would swap and/or use a vehicle and license plate belonging to someone else while permitting another individual like defendant Omar Arcagok to drive for the completion

THE VILLARI FIRM, PLLC
258 S. 11TH STREET
PHILADELPHIA, PA 19107
215.600.1303
215.600.1309 (FAX)
WWW.VILLARIFIRM.COM

MESSA & ASSOCIATES, P.C.
123 S. 22ND STREET
PHILADELPHIA, PA 19103
215.568.3500
215.568.3501 (FAX)
WWW.MESSALAW.COM

40

*Jane Doe K.K. v. Lyft, Inc., et al.*
*Plaintiff's Third Amended Complaint*

Case ID: 250402203
Control No.: 25123103203

of trips during the early-morning hours, all of which was unsafe practice. The acts committed by Enes Aydin were of the kind and nature that was expected from *Lyft as long as t*he Lyft App was working and earning Lyft profit for ride sharing.

113.   At all times material, the account swapping as participated by Enes Aydin and known to Lyft occurred within the authorized time limits allowed by Lyft for operation of the ride share app, and was, at all times, actuated substantially by a purpose to serve Lyft while its employee/agent, Enes Aydin was away and unavailable to use the ride share.

114.   Lyft and its ostensible agent and/or agent/employee, Enes Aydin increased the risk of harm that KK would become injured as these defendants engaged in account swapping with other persons like Omar Arcagok in the past, and in this instance Omar Arcagok while none of the use of force to coerce KK was unexpected as Lyft, by and through its ostensible agent and/or agent/employee would create an environment that caused improper reckless touching of a passenger, that within 3 days of the sexual assault here, and then again, in this instance, KK who was too intoxicated to give consent.  Lyft, Defendants Aydin and Arcagok negligently and recklessly engaged in a foreseeable scheme as to this turn of events, the conduct of Aydin and Arcagok who were making profit for Lyft, Inc. that would inevitably harm KK.

115.   The practice described above was commonplace among Lyft drivers and Lyft Inc. who took no steps to tighten security and the "Enes account" could easily be utilized by changing the telephone number to 856-515-79XX, Omer F. Arcagok's cell phone number as well as the plate number, previous off route and free ride activity which should have triggered the shut down by Lyft, Inc. before January 14, 2024 but did not. In

THE VILLARI FIRM, PLLC
258 S. 11TH STREET
PHILADELPHIA, PA 19107
215.600.1363
215.600.1309 (FAX)
WWW.VILLARIFIRM.COM

MESSA & ASSOCIATES, P.C.
123 S. 22ND STREET
PHILADELPHIA, PA 19103
215.568.3500
215.568.3501 (FAX)
WWW.MESSALAW.COM

*Jane Doe K.K. v. Lyft, Inc., et al.*
*Plaintiff's Third Amended Complaint*

Case ID: 250402203
Control No.: 25123162203

addition to failing to flag the suspicious activity, no such safeguards such as implementing facial recognition and other security measures were in place by Lyft, Inc. for when account information changes or when the account is in use to pick up ride share customers.

116.    Omer F. Arcagok had been using the Enes Aydin account for several days before he picked up KK, while Lyft should have picked up on all of the suspicious activity that took in the 5 days before the Jane Doe K.K. ride.

117.    As recently as August 2021[13] and earlier, Lyft knew and had reason to know that account swapping led to unauthorized and unsavory characters who engaged in sexual misconduct during a ride share and while the clock was running and the Lyft, Inc. was paid for the ride as was the case with Jane Doe K.K.  who charged Jane Doe K.K. a total of $43.00 when it knew that the plaintiff was in harm's way and that the harm was foreseeable so much so that it sent two push notifications during the assault. The acts committed by Omer Arcagok, given the acute history on the account, the long-term history of account swapping and the push notification, were of the kind and nature that was obviously anticipated and ignored by *Lyft as long as t*he Lyft App was working and earning Lyft profit for ride sharing as evidenced by the defective app who charged K.K. after the assault occurred.

118.    The Lyft application was defective in that it failed to detect that the driver had changed so that a new background check process was performed.  The Lyft application was defective in that it should not have allowed "Omer Arcagok" to drive as Enes or hold him out as Enes to the public including K.K.

---

[13] Lyft, Inc. has also previously been sued for an account swapping unauthorized sexual assault scenario which proves that the allegations here were, at all times, foreseeable.

THE VILLARI FIRM, PLLC
258 S. 11TH STREET
PHILADELPHIA, PA 19107
215.600.1263
215.600.1309 (FAX)
WWW.VILLARIFIRM.COM

MESSA & ASSOCIATES, P.C.
123 S. 22ND STREET
PHILADELPHIA, PA 19103
215.568.3500
215.568.3501 (FAX)
WWW.MESSALAW.COM

Case ID: 250402203
Control No.: 25021623

119.    In addition to the known prior August 2021 sexual assault involving another earlier account swap, for years it was known to Lyft, Inc. and not unexpected that sexual assaults occur  as released in its 2021 Community Safety Report as identified on its website at https://www.lyft.com/blog/posts/lyfts-community-safety-report that details frequent and voluminous reports of non-consensual and/or touching and vaginal penetration of its passengers.  For example, in 2017, there were 93 reports of non-consensual and/or sexual penetration, and in 2018, there were 111 instances of non-consensual and/or  penetration that occurred during a Lyft rideshare while in 2019, there were 1041 instances of non-consensual touching of a sexual body part occurred during a Lyft rideshare, and 156 instances of non-consensual sexual penetration occurring during a Lyft rideshare.   For years, Lyft has been aware of the pervasive problem that occurs during their rideshare services, and on the particular night, even though it knew of the aforementioned voluminous prior incidents, left K.K.  not protected, though Lyft knew and understood that what was happening to K.K. on the rideshare was in fact common place among its drivers—given the number of complaints and lawsuits Lyft has and defends.  None of the acts described throughout this pleading are unexpected on the part of Lyft.

120.    On January 14, 2024, K.K. fell victim to Lyft, Inc's lack of oversight in the 5 days critical period when the suspicious activity on the Aydin account related to sexual misconduct should have been flagged and  the failed remediation of the common place swapping of account practices and driver sexual assault known to Lyft, Inc.,  all of which were foreseeable given Lyft's history as described above.

THE VILLARI FIRM, PLLC
258 S. 11TH STREET
PHILADELPHIA, PA 19107
215.600.1363
215.600.1309 (FAX)
WWW.VILLARIFIRM.COM

MESSA & ASSOCIATES, P.C.
123 S. 22ND STREET
PHILADELPHIA, PA 19103
215.568.3500
215.568.3501 (FAX)
WWW.MESSALAW.COM

43

_____
*Jane Doe K.K. v. Lyft, Inc., et al.*
*Plaintiff's Third Amended Complaint*

Case ID: 250402203
Control No.: 25123162



121.    Defendant Omer Arcagok picked Plaintiff up in a gray Tesla Model 3 vehicle with NJ tag N78SZE at or around 3:17 AM.

122.    According to Google Maps, the drive from Riverside, NJ to Berlin, NJ at this time should have taken approximately 30 minutes.

123.    During the Lyft ride, Jane Doe K.K., who had been drinking and in an inebriated state passed out asleep in the back seat.

124.    Lyft, Inc. and its driver "Enes" a/k/a Enes Aydin and/or Omer Arcagok takes K.K. off route, imprisoning her to an unknown secluded location in Marlton, New Jersey.

THE VILLARI FIRM, PLLC
258 S. 11TH STREET
PHILADELPHIA, PA 19107
215.600.1363
215.600.1309 (FAX)
WWW.VILLARIFIRM.COM

MESSA & ASSOCIATES, P.C.
123 S. 22ND STREET
PHILADELPHIA, PA 19103
215.568.3500
215.568.3501 (FAX)
WWW.MESSALAW.COM

44

*Jane Doe K.K. v. Lyft, Inc., et al.*
*Plaintiff's Third Amended Complaint*

Case ID: 250402203
Control No.: 25021623

125.    Lyft, Inc. and its driver, Enes a/k/a/ Enes Aydin and/or Omer Arcagok recklessly takes K.K. off route- the acts of which was at all times material, foreseeable to the Lyft, Inc.

126.    At no time, did the Lyft, Inc.  application of real-time monitoring occur as promised on the website, nor did the defective Lyft, Inc. app fail to warn and/or trigger any safety feature to stop anything that was happening within the subject vehicle.

127.    Somewhere along the way between Riverside, NJ and Berlin, NJ, Lyft's driver "Enes" who is Omer Arcagok pulls into an unlit vacant parking lot, exits the driver's seat and enters the back seat of the car.  Cell phone tracking data as supplied by Lyft, Inc. later revealed that the location was near 1 West Main Street, Marlton, NJ.  Lyft, Inc.'s driver engaged recklessly in taking the plaintiff off-route and engaging in sexual conduct, all of which was foreseeable to the Lyft, Inc.

128.    Lyft's Driver "Enes" who is Omer Arcagok then proceeds to push up K.K.'s dress to her breast line.

129.    Defendant Lyft, Inc., by and through its cell phone application, knows that the Lyft, Inc. vehicle is off-route and remains stationery.

130.    Lyft sends silent push notifications stating, "you've been stopped for a while, do you need help?"  K.K. wakes up to find Defendant Arcagok on top of her, penetrating her vaginally.

131.    She is distraught, frozen and does not know what to do — she has no idea where she is or how to escape as the Lyft Inc. driver was on top of her.

132.    Without KK's consent, the Lyft Driver continues to act recklessly in his interactions with KK who was intoxicated.  He continues to sexually assaults and rape her

THE VILLARI FIRM, PLLC
25 S. 11TH STREET
PHILADELPHIA, PA 19107
215.600.1303
215.600.1300 (FAX)
WWW.VILLARIFIRM.COM

MESSA & ASSOCIATES, P.C.
123 S. 22ND STREET
PHILADELPHIA, PA 19103
215.568.3500
215.568.3501 (FAX)
WWW.MESSALAW.COM

45

Jane Doe K.K. v. Lyft, Inc., et al.
Plaintiff's Third Amended Complaint

Case ID: 250402203
Control No.: 251206203

while K.K. squirms in an unsuccessful attempt to break free.  Defendant Arcagok does not stop until he finishes, ejaculating onto K.K.'s stomach.  Only a napkin[14] is used to "clean up".

133.    The sexual assault precipitated by the account swapping was sanctioned by Lyft which took place during the time and scope of Plaintiff's Lyft transport and with Lyft's knowledge that the account had been swapped and that K.K. was stopped for such an unreasonable time that Lyft sent push notifications rather than dispatch to police or utilize any form of safety measures including biometric data.  The push notifications were approximately 30 minutes apart and yet Lyft did nothing to intervene when it knew or should have known that another unwanted sex act was occurring while it was charging the client for an unsafe ride.

134.    The sexual assault that had taken place inside the Tesla vehicle which, upon information and belief, was provided by Defendant Lyft, Inc. by and through Lyft Services and Rentals/Lyft Driver Support located at 3945 Frankford Avenue, Philadelphia, PA 19124.

---

[14] The wet napkin and Jane Doe K.K.'s dress and coat were turned over to police as evidence in the criminal investigation.

46

THE VILLARI FIRM, PLLC
258 S. 11TH STREET
PHILADELPHIA, PA 19107
215.600.1303
215.600.1309 (FAX)
WWW.VILLARIFIRM.COM

MESSA & ASSOCIATES, P.C.
123 S. 22ND STREET
PHILADELPHIA, PA 19103
215.568.3500
215.568.3501 (FAX)
WWW.MESSALAW.COM

*Jane Doe K.K. v. Lyft, Inc., et al.*
*Plaintiff's Third Amended Complaint*

Case ID: 250402203
Control No.: 25082623



135.    Defendant Lyft, Inc., by and through their mobile app, agents, servants, contractors and/or employees, ostensible agents failed to radio the police after not achieving a response to their push notification, when they obviously were aware of the Lyft vehicle being stopped for some time at an off route location prior to reaching its destination and that something was dangerously wrong.

136.    As reported by the Lyft mobile application, the entire trip length was 89 minutes — it should have only taken approximately 30-35 minutes to drive Jane Doe K.K.

THE VILLARI FIRM, PLLC
25B S. 11TH STREET
PHILADELPHIA, PA 19107
215.600.1365
215.600.1309 (FAX)
WWW.VILLARIFIRM.COM

MESSA & ASSOCIATES, P.C.
123 S. 22ND STREET
PHILADELPHIA, PA 19103
215.568.3500
215.568.3501 (FAX)
WWW.MESSALAW.COM

*Jane Doe K.K. v. Lyft, Inc., et al.*
*Plaintiff's Third Amended Complaint*



Case ID: 250402203
Control No.: 25123162

to her destination without incident.  55-59 minutes were unaccounted for, and neither Lyft or its app did anything to attempt to intervene outside of the push notifications.  The next push notification requesting a driver tip was sent through at 4:46 a.m.



137.    K.K. finally arrives at her Berlin, NJ apartment at or around 4:46 AM.

THE VILLARI FIRM, PLLC
258 S. 11TH STREET
PHILADELPHIA, PA 19107
215.600.1303
215.600.1309 (FAX)
WWW.VILLARIFIRM.COM

MESSA & ASSOCIATES, P.C.
123 S. 22ND STREET
PHILADELPHIA, PA 19103
215.568.3500
215.568.3501 (FAX)
WWW.MESSALAW.COM

48

*Jane Doe K.K. v. Lyft, Inc., et al.*
*Plaintiff's Third Amended Complaint*

Case ID: 250402203
Control No.: 25123162



138. Lyft also sends a rating request at some point after the ride.

139. K.K. immediately confides in her roommate upon entering the apartment and tells her that she was just sexually assaulted and raped by her Lyft driver. She then retreats to her bedroom, visibly shaken and still intoxicated.

140. K.K., severely distressed, replays the sexual assault and rape in her head.

141. At or around 6:56 PM on that same date, January 14, 2024, K.K. presents to the Cooper University Hospital emergency room for an examination and to receive treatment for her injuries.

THE VILLARI FIRM, PLLC
258 S. 11TH STREET
PHILADELPHIA, PA 19107
215.600.1363
215.600.1309 (FAX)
WWW.VILLARIFIRM.COM

MESSA & ASSOCIATES, P.C.
123 S. 22ND STREET
PHILADELPHIA, PA 19103
215.568.3500
215.568.3501 (FAX)
WWW.MESSALAW.COM

Case ID: 250402203
Control No.: 25123162



142.    At Cooper Hospital, K.K. advises the staff of the horrific encounter she experienced earlier that morning:

Chief Complaint
Patient presents with
• Alleged Sexual Assault
    *This AM, 5am. Wants to by evaluated*

Context:  28 yo female took a Lyft home early this am and had been drinking. Pt awoke in the back seat with the driver on top of her. She now has some vaginal discomfort but no rectal pain.

143.    Still distressed and in shock, her blood pressure at 6:58 PM is 138/97.

144.    Cooper University Hospital providers perform a SANE exam[15] and provide prescriptions for Isentress, Truvada and Doxycycline to treat potential HIV/STD exposure. The hospital also notifies the appropriate police authority to initiate a criminal investigation.

145.    On January 22, 2024, ten days after this horrific incident, Lyft is continuing to follow up by and through its agent, "Felino" to "check in and offer my support" to K.K.

146.     At the time of the filing of this Third Amended Complaint, Jane Doe K.K. is living in Philadelphia and treating a Philadelphia-psychologist.

**(INTENTIONALLY LEFT BLANK).**

---

[15] Results of the SANE exam were turned over to police in relation to the criminal investigation.

THE VILLARI FIRM, PLLC
258 S. 11TH STREET
PHILADELPHIA, PA 19107
215.600.1363
215.600.1309 (FAX)
WWW.VILLARIFIRM.COM

MESSA & ASSOCIATES, P.C.
123 S. 22ND STREET
PHILADELPHIA, PA 19103
215.568.3500
215.568.5501 (FAX)
WWW.MESSALAW.COM

*Jane Doe K.K. v. Lyft, Inc., et al.*
*Plaintiff's Third Amended Complaint*

Case ID: 250402203
Control No.: 25120603



147. Lyft's agents Enes Aydin and Omer Arcagok are subsequently investigated and "Felino" writes to K.K. after the assault.

148. Criminal Docket searches show that Omer Arcagok was charged with an indictable offense, NJ 2C:14-2C(1) "Sexual Assault- Force/Coercion." The Case Initiation date is listed as July 22, 2024, although there is no disposition or sentencing date:

THE VILLARI FIRM, PLLC
258 S. 11TH STREET
PHILADELPHIA, PA 19107
215.600.1393
215.600.1309 (FAX)
WWW.VILLARIFIRM.COM

MESSA & ASSOCIATES, P.C.
123 S. 22ND STREET
PHILADELPHIA, PA 19103
215.568.3500
215.568.3501 (FAX)
WWW.MESSALAW.COM

51

*Jane Doe K.K. v. Lyft, Inc., et al.*
*Plaintiff's Third Amended Complaint*


Case ID: 250402203
Control No.: 25123102

```
CASE NUMBER     : 24003080                        DEFENDANT NO : 001
DEFENDANT NAME : ARCAGOK              OMER      F
```

```
IND/ACC NO    : 00-00-00000-  CHARG DOC: COMPLAINT         COUNT:  000
CHARGE COUNT  : 001    CRIME TYPE : INDICTABLE OFFENSE   DEGREE : 2
PRIMARY STATUTE: 2C:14-2C(1)       SEXUAL ASSAULT-FORCE/COERCION NO SEVERE PERS
  AUX STATUTE:
DRUG TYPE     :                             OFFENSE DATE : 01  14  2024
CDR NUMBER    : W 20240003690313       CDR ISS DATE: 07 22 2024
CDR REC DATE  : 07  22  2024  POLC CASE NO : 2024-7588   MUNIC DOC : 001

INTERFACE IND : Y
CHARGE COMMENTS:
CHG DISP IND  : N        CHG DISP DATE: 00  00  0000

CHARGE ACTION :
APPEALED IND  :                    RETRAXIT CODE:
CHANGE STATUTE:
CHG AUX STATUTE:
PROSECUTOR    :                         CHANGE DEGREE : 0
```

```
BIRTH NAME : ARCAGOK            OMER     F
SBI NO :      BIRTH YEAR : 1995    SEX: M
COUNTY CASE NO : 24003080
  BUR   CASE INIT DATE : 07 22 2024
  ◯      DEFN NO  : 001   DEFN'S CASE NAME : ARCAGOK        OMER     F
   CHARG DOC  : CO
    INDIC/ACC NO: 00-00-00000-0  DISP DATE  : 00 00 0000 ACTION    :
    REASON    :     SENTENCE DATE: 00 00 0000
```

```
CASE NUMBER    : 24003080   DEFENDANT NO : 001
DEFENDANT NAME : ARCAGOK         OMER     F
DEFN ATTY NAME :
DEFN ATTY TYPE :
JAIL DAYS   : 0000
SENT LENGTH :
JAIL CASE IND :

********************** S U M M A R Y   D A T A **********************
CHARGING DOCUM : COMPLAINT        DISPOSITION DATE  : 00  00  0000
DISP ACTION    :                  SENTENCE DATE     : 00  00  0000
DISP REASON    :                  TRANSFER TO:
```

149.  On March 10, 2025, Omer Arcagok fails to appear in response to the charges.

THE VILLARI FIRM, PLLC
258 S. 11TH STREET
PHILADELPHIA, PA 19107
215.600.1363
215.600.1309 (FAX)
WWW.VILLARIFIRM.COM

MESSA & ASSOCIATES, P.C.
123 S. 22ND STREET
PHILADELPHIA, PA 19103
215.568.3500
215.568.3501 (FAX)
WWW.MESSALAW.COM

52



*Jane Doe K.K. v. Lyft, Inc., et al.*
*Plaintiff's Third Amended Complaint*




Case ID: 250402203
Control No.: 25123803

150. On April 19, 2025, Omer Arcagok accepts service of the Original Complaint in this civil litigation[16].

151. As a result, of joint and several liability producing conduct by all of Defendants' negligence, gross negligence, recklessness, wanton and outrageous conduct, acts and omissions, Plaintiff Jane Doe K.K. has suffered permanent damages, including but not limited to:

a. *Sexual assault;*
b. *Rape;*
c. *Non-consensual touching*
d. *Forcible vaginal penetration;*
e. *Unconsented sexual contact;*
f. *Emotional trauma;*
g. *Emotional distress;*
h. *Severe mental anguish;*
i. *Humiliation;*
j. *Embarrassment;*
k. *Loss of life's pleasures;*
l. *Depression;*
m. *Anxiety;*
n. *Insomnia, sleep disturbance, erratic sleep schedules;*
o. *Brain fog;*
p. *Migraine headaches;*
q. *Pain and suffering;*
r. *Sexual dysfunction;*
s. *Vaginal injury;*
t. *Bruising and contusions at her inner thigh region*
u. *Significant post-traumatic stress disorder;*
v. *Loss of earning capacity;*
w. *Past and future expenses for medical treatment, psychological treatment, therapy and counseling; and*
x. *Significant manifestations of severe emotional distress including headaches, nausea, vomiting, nightmares, intrusive thoughts, brain fog, loss of appetite, sleep disturbances as noted above and flashbacks.*

---

[16] By July 17, 2025, a moved left no address notice is indicated on USPS tracking sent to Omer Arcagok and is believed to no longer be in the United States and presumably in Turkey.

THE VILLARI FIRM, PLLC
258 S. 11TH STREET
PHILADELPHIA, PA 19107
215.600.1303
215.600.1309 (FAX)
WWW.VILLARIFIRM.COM

MESSA & ASSOCIATES, P.C.
123 S. 22ND STREET
PHILADELPHIA, PA 19103
215.568.3500
215.568.3501 (FAX)
WWW.MESSALAW.COM

53

*Jane Doe K.K. v. Lyft, Inc., et al.*
*Plaintiff's Third Amended Complaint*

Case ID: 250402203
Control No.: 25120403203

152.   All references in this Third Amended Complaint to the event at issue refer to conduct occurring on the evening of January 13, 2024 and/or the early morning hours of January 14, 2024 unless otherwise expressly stated.

**COUNT I**
**NEGLIGENCE AND GROSS NEGLIGENCE**
**PLAINTIFF v. DEFENDANTS, LYFT, INC., ITS OSTENSIBLE AGENTS ENES AYDIN, AND OMER F. ARCAGOK**

Plaintiffs incorporate by reference the preceding paragraphs as if same were more fully set forth herein at length.

153.   At all times relevant, Lyft Inc. had a duty to exercise reasonable care to prevent the account swapping practice that it knew about and to stop unvetted drivers from gaining access to accounts and from individuals including Omer Arcagok who was transporting riders like the Plaintiff who had no reason to believe that driver wasn't authorized.

154.   Lyft should have known that the Aydin account was being utilized by the unauthorized Omer Arcagok who had a tendency to have sexual contact with customers.

155.   Defendant Lyft had a duty to take reasonable acts against the foreseeable acts and to take reasonable action to protect against the unreasonable but foreseeable risk of psychological damages, physical harm, sexual assault, physical assault and battery of the plaintiff which caused fear of the plaintiff.

156.   At all times relevant hereto, Defendant, Lyft, Inc., Enes Aydin and Omer Arcagok's negligence, carelessness, recklessness and such acts and omissions include the following:

   a. *Failure to exercises reasonable due care to protect passengers from foreseeable harm during a Lyft ride so as to ensure the safety of Jane Doe*

THE VILLARI FIRM, PLLC
258 S. 11TH STREET
PHILADELPHIA, PA 19107
215.600.1363
215.600.1309 (FAX)
WWW.VILLARIFIRM.COM

MESSA & ASSOCIATES, P.C.
123 S. 22ND STREET
PHILADELPHIA, PA 19103
215.568.3500
215.568.3501 (FAX)
WWW.MESSALAW.COM

54

*Jane Doe K.K. v. Lyft, Inc., et al.*
*Plaintiff's Third Amended Complaint*

Case ID: 250402203
Control No.: 250402623

KK[17];

b. *Failure to take reasonable steps under the circumstances once the risk of harm became apparent;*

c. *Failure to take reasonable care in the administration of its digital platform and in responding to foreseeable safety risks during an active ride;*

d. *failure to monitor Enes Aydin's account activity;*

e. *failure to monitor Omer Arcagok's interacts with customers in advance of the January 14 2024 ride that gave warning to the sexual misconduct on the Aydin account and then, specifically with Plaintiff Jane Doe KK;*

f. *failure to adequately supervise "Enes, the account", Enes Aydin and Omer Arcagok;*

g. *negligently and recklessly allowing account swapping among the defendants while picking up intoxicated passengers who are unable to consent to physical touching;*

h. *failure to take proper security measures;*

i. *failure to install/require video recording devices in all Lyft vehicles;*

j. *failure to install live feed video streaming devices in all Lyft vehicles including the subject Lyft vehicle;*

k. *failure to timely and properly track drivers by GPS or other means;*

l. *failure to send signal to police when they knew and had reason to know the subject Lyft was off-route and stopped for an extended period of time;*

m. *failure to require all prospective drivers to utilize Live Scan, a fingerprinting based background check which is administered through the department of Justice and FBI databases;*

n. *failure to require all drivers to resubmit to Live Scan screening on imminent, periodic basis;*

o. *knowingly allowing illegal residents to purchase driver identities;*

p. *promoting a black market for selling driver identities;*

q. *failure to require all prospective drivers to undergo interviews in person;*

r. *failure to use face recognition monitoring, voice recognition, fingerprint recognition of all drivers for each shift as a sign-in;*

s. *failure to require and perform reference checks on all prospective drivers including proof of residency; character references and employment history;*

t. *failure to provide in-app panic buttons that would send an alert to Lyft's Critical Response Team, local police, and other relevant agencies so a passenger has a way to quickly contact authorities in the event of an unsafe situation or the threat of an assault;*

u. *failure to install tamper-proof dash cameras in all Lyft vehicles that alert the Critical Response Team if the camera is disabled or in some way malfunctions;*

v. *failure to employ a means for female passengers to connect with female drivers if they wish;*

---

[17] To the extent under conflict of law analysis, Lyft has a duty as a TNC and to the extent common carrier applies to this action, plaintiff reserves her right to raise it alternatively.

THE VILLARI FIRM, PLLC
258 S. 11TH STREET
PHILADELPHIA, PA 19107
215.600.1363
215.600.1309 (FAX)
WWW.VILLARIFIRM.COM

MESSA & ASSOCIATES, P.C.
123 S. 22ND STREET
PHILADELPHIA, PA 19103
215.568.3500
215.568.3501 (FAX)
WWW.MESSALAW.COM

*Jane Doe K.K. v. Lyft, Inc., et al.*
*Plaintiff's Third Amended Complaint*


Case ID: 250402203
Control No.: 25123162

w. *failure to deploy a service to check on drivers and passengers if the Lyft ride stops unexpectedly somewhere, veers far off course, or takes much longer than expected to complete the ride;*

x. *failure to report all complaints of physical and/or sexual violence, assault and harassment by Lyft drivers to law enforcements;*

y. *failure to require all drivers to complete sexual harassment and sexual assault prevention training prior to being able to drive for Lyft;*

z. *failure to have policies in place to immediately deactivate any driver Lyft receives a complaint or allegation of sexual assault by that driver;*

aa. *failing to require all drivers to immediately report to Lyft any charge involving kidnapping, violence, physical force, kidnapping and/or any charge involving physical and/or sexual assault;*

bb. *failure to adopt a zero-tolerance policy for improper conduct;*

cc. *failure to maintain a surveillance camera and rules requiring its continuing operation during all rides;*

dd. *failure to inform drivers that if they turn off the surveillance system during a Lyft ride, they will be terminated from the Lyft platform;*

ee. *failure to inform drivers that they may not leave the car and accompany a passenger to their home or to any other location outside the vehicle;*

ff. *failure to inform the drivers that any reports of criminal acts committed by Lyft drivers during, or as a result of driving with Lyft, will be fully investigated by Lyft and reported to law enforcement;*

gg. *failing to provide for the safety and protection of Plaintiff, Jane Doe K.K.;*

hh. *failing to adequately train employees to not engage in sexual assault and abuse;*

ii. *failing to take reasonable measures to protect customers such as Plaintiff, Jane Doe K.K., against violent crimes, sexual assault and abuse and/or harm from its employees;*

jj. *failing to implement policies to prevent the sexual abuse and sexual assault of customers;*

kk. *failing to enforce policies which were enacted to prevent sexual abuse and sexual assault of customers;*

ll. *failing to adequately control interaction between its drivers and customers;*

mm. *failing to adequately have policies in place to perform appropriate background and criminal activity checks on its drivers;*

nn. *failing to perform an adequate background and criminal activity check on Defendant Enes Aydin and Omer Arcagok;*

oo. *failing to perform adequate screening on Defendant Enes Aydin and Omer Arcagok;*

pp. *failing to adequately investigate assault allegations against Lyft drivers;*

qq. *failing to report assault allegations against Lyft drivers;*

rr. *failing to run thorough background checks on drivers;*

ss. *failing to cooperate with law enforcement investigations regarding reports of physical and sexual assault;*

tt. *failing to timely intervene to stop the assault against Plaintiff, Jane Doe*

THE VILLARI FIRM, PLLC
25o S. 11ᵀᴴ STREET
PHILADELPHIA, PA 19107
215.600.1303
215.600.1309 (FAX)
WWW.VILLARIFIRM.COM

MESSA & ASSOCIATES, P.C.
123 S. 22ᴺᴰ STREET
PHILADELPHIA, PA 19103
215.568.3500
215.568.3501 (FAX)
WWW.MESSALAW.COM

*Jane Doe K.K. v. Lyft, Inc., et al.*
*Plaintiff's Third Amended Complaint*



Case ID: 250402203
Control No.: 25123162

Case ID: 250402203

K.K.;

uu. failing to timely respond and assist Plaintiff, Jane Doe, K.K.;

vv. committing negligence per se:

1. Indecent Assault, pursuant to 18 Pa.C.S.A. §3126;
2. Aggravated Indecent Assault, pursuant to 18 Pa.C.S.A. §3125;
3. Sexual Assault, pursuant to 18 Pa.C.S.A. §3124.1;
4. Involuntary Deviate Sexual Intercourse, pursuant to 18 Pa.C.S.A. §3123;
5. Simple Assault, pursuant to 18 Pa.C.S.A. §2701;

ww. failing to take reasonable safety measures to ensure the safety and well- being of customers such as Plaintiff, Jane Doe K.K.;

xx. negligent entrustment of vehicle;

yy. knowing that Lyft vehicles are taken off route by the driver and failing to follow up on the push notification or radio to the police so that a wellness check can be immediately performed when the car is taken off route and/or stopped at the wrong location;

zz. engaging and oversight of unsafe practice of swapping Lyft accounts;

aaa. negligent entrustment of application, account services, utilization of the program, vehicles and equipment;

bbb. failing to intervene in the foreseeable unwanted, non-consensual sex acts of Omer Arcagok who acted as described while in furtherance of Lyft's business who profited during the subject ride;

ccc. failing to provide appropriate safeguards for account authentication;

ddd. failing to realize over the course of three days that multiple drivers were using a single account;

eee. allowing a phone number and license plate to be altered without checks and balances to avoid driver identity modifications;

fff. failing to recognize an altered number from the creation profile of Enes Aydin;

ggg. failing to recognize that the subject vehicle was not owned or operated by the account holder;

hhh. allowing account renting and vehicle swapping among driving community without appropriate safeguards and warnings;

iii. failing to warn KK that the driver may not be the individual identified on the account;

jjj. knowingly ignoring and/or sanctioning and/or endorsing the unsafe practice of account swapping among drivers;

kkk. negligently, falsely imprisoning Jane Doe, K.K.;

lll. failing to intervene on the widespread practice of account and car swapping among drivers and vehicle owners without appropriate background checks;

mmm. misleading KK into believing that the driver identified was safely trained to avoid sexual harassment and assault;

nnn. recklessly sending silent push notifications rather than escalate

THE VILLARI FIRM, PLLC
258 S. 11TH STREET
PHILADELPHIA, PA 19107
215.600.1363
215.600.1309 (FAX)
WWW.VILLARIFIRM.COM

MESSA & ASSOCIATES, P.C.
123 S. 22ND STREET
PHILADELPHIA, PA 19103
215.568.3500
215.568.3501 (FAX)
WWW.MESSALAW.COM

*Jane Doe K.K. v. Lyft, Inc., et al.*
*Plaintiff's Third Amended Complaint*

Case ID: 250402203
Control No.: 25123162

and mobilize for wellness safety check;

ooo.    recklessly failing to use location equipment to locate off-route driver;

ppp.    failing to warn KK that the driver may not be the individual identified on the account;

qqq.    knowingly ignoring and/or sanctioning and/or endorsing the unsafe practice of account swapping among drivers; and

rrr.    failing to notify Plaintiff that she was being driven by an unauthorized driver after the suspicious activity ensued beginning on January 9, 2024 and before when others were using the account;

sss.    failing to monitor rides and to deter sexual misconduct and sexual assault and rape by requiring the dash cams in all vehicles;

ttt. Failing to alert the Critical Response Team when a camera like the one in the subject vehicle was disabled or not functioning as it should;

uuu.    Failing to identify obvious fraud indicators that demonstrated unauthorized driving was occurring in advance and during the K.K. ride;

vvv.    Failing to have policies and procedures in place for biometic data to confirm log-on and periodically during the rides including once the vehicle was in off-route status, telephone numbers and/or license plates were changed;

www.    Failing within the 5 day window, to monitor, detect that Omer Arcagok had sexual relations and improper contact with another customer which should have alerted Lyft that the unauthorized driver had a tendency to commit sexual acts;

xxx.    Other acts or omissions constituting negligence, gross negligence, recklessness, and carelessness as may be ascertained through discovery and may be demonstrated by the evidence at the trial of this case.

157.    As a direct and proximate result of the negligence, carelessness, recklessness, wanton and tortious conduct of Defendant, Lyft, acting individually and by and through it agents including but not limited to Enes Aydin, Omer Arcagok,  Plaintiff, Jane Doe K.K., was severely and permanently injured, and suffered pain, humiliation, mental anguish, embarrassment, anxiety, depression and damages asserted throughout the complaint and incorporated here by reference.

158.    As a direct and proximate result of negligence, gross negligence, wanton, reckless and outrageous behavior of Defendant, Lyft, and its ostensible agents Omer Arcagok and/or Enes Aydin, and those not yet identified but known to Lyft, Inc., Plaintiff,

THE VILLARI FIRM, PLLC
258 S. 11TH STREET
PHILADELPHIA, PA 19107
215.600.1263
215.600.1309 (FAX)
WWW.VILLARIFIRM.COM

MESSA & ASSOCIATES, P.C.
123 S. 22ND STREET
PHILADELPHIA, PA 19103
215.568.3500
215.568.3501 (FAX)
WWW.MESSALAW.COM

58

*Jane Doe K.K. v. Lyft, Inc., et al.*
*Plaintiff's Third Amended Complaint*

Case ID: 250402203
Control No.: 25020203

Jane Doe K.K., suffered the injuries described in the Facts section above, and incorporated herein as if fully set forth.

159.   As a direct and proximate result of negligence, gross negligence, wanton and outrageous conduct of Defendant, Lyft, Plaintiff, Jane Doe K.K., has suffered pain and suffering, humiliation, embarrassment, mental anguish, anxiety, depression and damages alleged throughout this Complaint and will continue to do so for an infinite amount of time into the future.

160.   As a direct and proximate result of the negligence, gross negligence, carelessness, recklessness, wanton and/or willful conduct of Defendant, Lyft, by and through its servants, employees, agents and/or ostensible agents including Enes Aydin and Omer Arcagok, and those not yet identified but known to Lyft, Inc., Plaintiff, Jane Doe K.K., has been deprived of the past and future ordinary pleasures of life and will continue to suffer for an infinite amount of time into the future, all to her great detriment and loss.

**WHEREFORE,** Plaintiff, Jane Doe K.K., hereby demands judgment against all named Defendants jointly and severally and claim compensatory damages against all named Defendants in an amount in excess of the jurisdictional amount subject to compulsory arbitration, as well as prejudgment interest, post-judgment interest, punitive damages and delay damages.

**COUNT II**
**STRICT PRODUCTS LIABILITY- DESIGN DEFECT**
**Plaintiff v. Defendant, Lyft, Inc.**

161.   The averments of the previous paragraphs are incorporated by reference as though fully set forth herein.

THE VILLARI FIRM, PLLC
25 S. 11TH STREET
PHILADELPHIA, PA 19107
215.600.3365
215.600.1306 (FAX)
WWW.VILLARIFIRM.COM

MESSA & ASSOCIATES, P.C.
123 S. 22ND STREET
PHILADELPHIA, PA 19103
215.568.3500
215.568.3501 (FAX)
WWW.MESSALAW.COM

59

*Jane Doe K.K. v. Lyft, Inc., et al.*
*Plaintiff's Third Amended Complaint*

Case ID: 250402203
Control No.: 251231162

162.    Defendant designed, developed, and distributed the Lyft App in a defective condition that was unreasonably dangerous to users.

163.    The Lyft App contained design defects that made it unreasonably dangerous when used as intended and/or in a reasonably foreseeable manner.

164.    The defects in the Lyft App existed at the time it left defendant's control.

165.    The Lyft App reached plaintiff without substantial change in its condition.

166.    The defects in the Lyft App including but not limited to interface defects, geolocation defects, push notification defects, screening of driver defects and what has been described throughout this pleading and more fully below were a proximate cause of plaintiff's injuries.

167.    As a direct and proximate result of the defectively designed Lyft App, plaintiff suffered injuries and damages.

168.    Lyft's app owned by Lyft, Inc. (and its algorithm) is a product that is downloaded and used by millions of drivers and riders internationally, including Plaintiff Jane Doe K.K., the driver Omer Arcagok, and the account holder, Enes Aydin.

169.    The Lyft app owned by Lyft Inc. and its algorithm are designed, developed, programmed, manufactured, marketed, sold, supplied, distributed, operated, and/or managed by Lyft.

170.    Lyft designed and deployed a safety-critical digital safety system that affirmatively increased risk by the way it delivered information, prompts and defaults to drivers and riders on a platform that governs driver-rider matching, routing and communications and behavioral prompts without reasonable safeguards to avoid account swapping, and failed pushed notifications warning it riders of real-time dangers despite

THE VILLARI FIRM, PLLC
258 S. 11TH STREET
PHILADELPHIA, PA 19107
215.600.1999
215.600.1999 (FAX)
WWW.VILLARIFIRM.COM

MESSA & ASSOCIATES, P.C.
123 S. 22ND STREET
PHILADELPHIA, PA 19103
215.568.3500
215.568.3501 (FAX)
WWW.MESSALAW.COM

60



*Jane Doe K.K. v. Lyft, Inc., et al.*
*Plaintiff's Third Amended Complaint*



Case ID: 250402203
Control No.: 25123102

Case ID: 250402203

its knowledge of the account swapping practices among its drivers and warn the riders in real-time of the foreseeable dangers of having an authorized driver on the platform.

171. Lyft, by and through its agents, servants, workers, contractors, designers, developers, programmers, manufacturers, sellers, marketers, suppliers, distributors, subsidiaries, are strictly liable under § 402A of the Restatement (Second) of Torts because:

   a. *Defendants are in the business of designing, developing, programming, manufacturing, marketing, selling, supplying, and/or distributing app-based products and algorithms, including the Lyft app and its associated algorithm;*
   b. *The Lyft app and algorithm that caused Plaintiff's injuries were designed, created, programmed, developed, marketed, and introduced into the stream of commerce by Defendants;*
   c. *The Lyft app and algorithm were intended to, and did in fact, reach end users such as Plaintiff without undergoing any substantial change from the condition in which they were designed, developed, programmed, manufactured, marketed, distributed, and/or sold;*
   d. *The Lyft app and algorithm were in a defective condition at the time they were designed, developed, programmed, manufactured, marketed, distributed, and/or sold, for the reasons set forth herein.*

172. The Lyft app and its algorithm were in a defective condition because:

   (1) the dangers posed were unknowable and unacceptable to the average or ordinary consumer; and/or

   (2) a reasonable person would find that the likelihood and severity of harm caused by the product outweigh the burden or cost of implementing preventative measures.

173. Lyft, through its agents, employees, contractors, designers, developers, programmers, manufacturers, sellers, marketers, suppliers, distributors, subsidiaries, affiliates, parent companies, successors, and/or predecessors, is strictly liable under §

THE VILLARI FIRM, PLLC
258 S. 11TH STREET
PHILADELPHIA, PA 19107
215.600.1363
215.600.1309 (FAX)
WWW.VILLARIFIRM.COM

MESSA & ASSOCIATES, P.C.
123 S. 22ND STREET
PHILADELPHIA, PA 19103
215.568.3500
215.568.3501 (FAX)
WWW.MESSALAW.COM

*Jane Doe K.K. v. Lyft, Inc., et al.*
*Plaintiff's Third Amended Complaint*

Case ID: 250402203
Control No.: 25020622203

402A of the Restatement (Second) of Torts for:

    a. *Designing, developing, programming, manufacturing, selling, supplying, and/or distributing a defective product (the Lyft app and its algorithm);*

    b. *Failing to provide adequate warnings for a product (the Lyft app and its algorithm);*

    c. *Creating and distributing a product lacking safeguards to prevent unauthorized individuals from accessing verified Lyft driver accounts;*

    d. *Failing to incorporate essential safety features to protect users, including the Plaintiff;*

    e. *Omitting biometric verification safeguards to confirm a driver's identity upon login;*

    f. *Failing to include in-vehicle or dash cameras or similar protective features to prevent physical or sexual assault by drivers;*

    g. *Not implementing features to detect fraudulent activity or unauthorized access to verified Lyft driver accounts;*

    h. *Failing to include safeguards to protect riders from assault or misconduct by drivers;*

    i. *Distributing a product whose risks outweigh its benefits;*

    j. *Despite being aware of unauthorized driver risks, failing to evaluate vulnerabilities or adopt feasible alternative designs or features;*

    k. *Despite knowing the risks of sexual assault by Lyft drivers, particularly against young women using the app late at night, failing to take reasonable, available steps to mitigate these dangers;*

    l. *Despite knowledge of ongoing sexual assaults by Lyft drivers, failing to implement feasible alternatives such as dash cameras or biometric verification to ensure the driver is the account holder;*

    m. *Distributing a product in which the hazards substantially outweighed any utility (in violation of the risk-utility test);*

    n. *Failing to incorporate available, safer alternative designs that could have reduced risks to users, including the Plaintiff;*

    o. *Creating a product with dangers that were unknown or unknowable to consumers (in violation of the consumer expectations test);*

    p. *Failing to warn consumers of the tendencies and propensities of drivers that use the Lyft application;*

    q. *Failing to create warning labels and reminders and decals to prevent and deter unauthorized driving and sexual conduct;*

    r. *Failing to shut down when driver changes are made until background checks can be performed and/or driver identity confirmed;*

    s. *Failure to Verify Active Driver Identity at Ride Start App failure to require the actual driver to verify identity (e.g., facial scan or fingerprint) before a ride begins;*

    t. *Lack of Immediate Alert for Driver-Identity Mismatch;*

    u. *App failure to notify passengers if the actual person in the car differs from the approved driver profile;*

THE VILLARI FIRM, PLLC
258 S. 11TH STREET
PHILADELPHIA, PA 19107
215.600.1360
215.600.1309 (FAX)
WWW.VILLARIFIRM.COM

MESSA & ASSOCIATES, P.C.
123 S. 22ND STREET
PHILADELPHIA, PA 19103
215.568.3500
215.568.3501 (FAX)
WWW.MESSALAW.COM

62

*Jane Doe K.K. v. Lyft, Inc., et al.*
*Plaintiff's Third Amended Complaint*

Case ID: 250402203
Control No.: 250402203

v. *Inadequate Real-Time Route Deviation Detection;*

w. *The app failure to flag or alert either the passenger or Lyft HQ when the driver significantly deviates from the expected route;*

x. *Failure to have Auto-Lockout for Inactive or Suspicious Accounts;*

y. *The app failure to detect Drivers with suspicious behavior or inactivity may retain access without triggering review;*

z. *Absence of Mandatory Driver Authentication During Ride;*

aa. *The app failure to Defect: App does not periodically confirm that the driver is still the authorized person and re-authentication during the ride;*

bb. *Weak Emergency Response Features;*

cc. *Failure to have app emergency buttons visible and note buried in the app;*

dd. *The app failure to provide live monitoring;*

ee. *The app does not allow for in-ride recording, even where local laws permit it.*

ff. *The app failed to use phone sensors to detect sudden stops, off-road activity, or vehicle idling in remote areas;*

gg. *The App failure to identify high-risk situations in real time;*

hh. *The App does not enforce license plate or vehicle verification through computer vision;*

ii. *The App failed to restrict driver logins on multiple devices or shared usage;*

jj. *The App doesn't assess contextual risk factors (e.g., time of day, isolated pickup/drop-off, prior complaints);*

kk. *The App failed to detect High-risk rides for added monitoring;*

ll. *Failing to have a mandatory lockout after red flag events that would identify a new driver had been added to the platform on the same account.*

174.   Lyft designed, developed, programmed, manufactured, marketed, sold, supplied, and/or distributed a product—namely, the Lyft app and its algorithm—the dangers and risks of which significantly outweighed its utility or benefits. This constitutes a violation of the risk-utility standard established in *Tincher v. Omega Flex, Inc.*, 104 A.3d 328 (Pa. 2014), its progeny, and Section 402A of the Restatement (Second) of Torts.

175.   Lyft designed, developed, programmed, manufactured, marketed, sold, supplied, and/or distributed a product—specifically, the Lyft app and its algorithm—the risks of which were either unknown or not reasonably knowable to consumers. As a result, consumers, including Plaintiff, could not reasonably anticipate or recognize the product's dangerous condition, thereby violating the consumer expectations standard established

THE VILLARI FIRM, PLLC
258 S. 11TH STREET
PHILADELPHIA, PA 19107
215.600.3366
215.600.1300 (FAX)
WWW.VILLARIFIRM.COM

MESSA & ASSOCIATES, P.C.
123 S. 22ND STREET
PHILADELPHIA, PA 19103
215.568.3500
215.568.3501 (FAX)
WWW.MESSALAW.COM

63

*Jane Doe K.K. v. Lyft, Inc., et al.*
*Plaintiff's Third Amended Complaint*

Case ID: 250402203
Control No.: 25123162

in *Tincher v. Omega Flex, Inc.*, 104 A.3d 328, its subsequent interpretations, and Section 402A of the Restatement (Second) of Torts.

176.    The health and safety of its users, particularly women, including Plaintiff, traveling alone late at night, being driven by male drivers were not a priority and instead, Lyft's profit and revenues took precedence over Jane Doe K.K. safety and health and protection from her injuries and harm.

**WHEREFORE,** Plaintiff, Jane Doe K.K., hereby demands judgment against all named Defendants jointly and severally and claim compensatory damages against all named Defendants in an amount in excess of the jurisdictional amount subject to compulsory arbitration, as well as prejudgment interest, post-judgment interest, punitive damages and delay damages.

## COUNT III
## NEGLIGENCE- STRICT LIABILITY- FAILURE TO WARN
## PLAINTIFF v. DEFENDANT, LYFT, INC.

177.    The averments of the previous paragraphs are incorporated by reference as though fully set forth herein.

178.    Defendant failed to provide adequate warnings or instructions regarding foreseeable risks associated with using the Lyft App.

179.    The Lyft App was defective due to inadequate warnings or instructions about foreseeable risks.

180.    Lyft, through its agents, employees, contractors, designers, developers, programmers, manufacturers, sellers, marketers, suppliers, distributors, subsidiaries, affiliates, parent companies, successors, and/or predecessors, is strictly liable under § 402A of the Restatement (Second) of Torts for:

THE VILLARI FIRM, PLLC
258 S. 11TH STREET
PHILADELPHIA, PA 19107
215.600.1303
215.600.1309 (FAX)
WWW.VILLARIFIRM.COM

MESSA & ASSOCIATES, P.C.
123 S. 22ND STREET
PHILADELPHIA, PA 19103
215.568.3500
215.568.3501 (FAX)
WWW.MESSALAW.COM

64

*Jane Doe K.K. v. Lyft, Inc., et al.*
*Plaintiff's Third Amended Complaint*



Case ID: 250402203
Control No.: 25123162

a. Failure to provide Real-time route deviation alerts to passenger;
b. Failure to provide mandatory on trip and/or audio recording with notice to the driver and passenger;
c. Failure to warn and allow unauthorized drivers to operate;
d. Failure to warn that the application functionality would compromise user safety;
e. Failure to warn that when driver deviates from the intended route;
f. Failure to escalate inadequate push notifications when driver is stopped too long;
g. Failure to warn that the app's functionality and/or technical issues will compromise user safety such as using push notifications, allowing drivers to swap accounts and not having safety precautions in place to confirm driver identity to the passenger;
h. Failure to make other warnings so as to ensure K.K.'s safety while in the Lyft vehicle;
i. Failure to Warn users to Verify Your Driver Before Entering the Vehicle;
j. Failure to Warn user Not to Get Into a Vehicle with an Unverified Driver;
k. Failure to Warn users that Emergency Assistance Is One Tap Away;
l. Failure to warn Unauthorized Drivers Are Strictly Prohibited;
m. Failure to warn users to Share Your Ride Details With Trusted Contacts;
n. Failure to warn users that Background Checks Are Not a Guarantee of Safety;
o. Failure to warn users to Report Suspicious or Inappropriate Behavior Immediately;
p. Failure to warn that there is a no Tolerance for Violence or Harassment for any persons using the app.

181.    The lack of adequate warnings existed when the Lyft App left defendant's control.

182.    The lack of adequate warnings was a proximate cause of plaintiff's injuries and damages.

183.    The lack of warning directed contributed to plaintiff's injuries and damages.

184.    As a direct and proximate result of defendant's failure to provide adequate warnings, plaintiff suffered injuries and damages.

**WHEREFORE,** Plaintiff, Jane Doe K.K., hereby demands judgment against all named Defendants jointly and severally and claim compensatory damages against all named Defendants in an amount in excess of the jurisdictional amount subject to

THE VILLARI FIRM, PLLC
258 S. 11TH STREET
PHILADELPHIA, PA 19107
215.600.2363
215.600.1309 (FAX)
WWW.VILLARIFIRM.COM

MESSA & ASSOCIATES, P.C.
123 S. 22ND STREET
PHILADELPHIA, PA 19103
215.568.3500
215.568.3501 (FAX)
WWW.MESSALAW.COM

65

*Jane Doe K.K. v. Lyft, Inc., et al.*
*Plaintiff's Third Amended Complaint*

Case ID: 250402203
Control No.: 23010203

compulsory arbitration, as well as prejudgment interest, post-judgment interest, punitive damages and delay damages.

## COUNT IV
### NEGLIGENCE- STRICT LIABILITY- MANUFACTURING DEFECT
### PLAINTIFF v. DEFENDANT, LYFT, INC.

185.    Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 182 as if fully set forth herein.

186.    Defendant manufactured and distributed the Lyft App with manufacturing defects.

187.    The Lyft App contained coding errors, bugs, or other manufacturing defects that caused it to depart from its intended design.

188.    The manufacturing defects such as software bugs, coding errors, or other technical issues caused the app to malfunction or operate differently than intended.

189.    Lyft, through its agents, employees, contractors, designers, developers, programmers, manufacturers, sellers, marketers, suppliers, distributors, subsidiaries, affiliates, parent companies, successors, and/or predecessors, is strictly liable under § 402A of the Restatement (Second) of Torts for:

   a. *Failure to Verify Active Driver Identity at Ride Start;*
   b. *App failure to require the actual driver to verify identity (e.g., facial scan or fingerprint) before a ride begins;*
   c. *Lack of Immediate Alert for Driver-Identity Mismatch;*
   d. *App failure to notify passengers if the actual person in the car differs from the approved driver profile;*
   e. *Inadequate Real-Time Route Deviation Detection;*
   f. *The app failure to flag or alert either the passenger or Lyft HQ when the driver significantly deviates from the expected route;*
   g. *Failure to have Auto-Lockout for Inactive or Suspicious Accounts;*
   h. *The app failure to detect Drivers with suspicious behavior or inactivity may retain access without triggering review;*
   i. *Absence of Mandatory Driver Authentication During Ride;*

THE VILLARI FIRM, PLLC
258 S. 11TH STREET
PHILADELPHIA, PA 19107
215.600.1303
215.600.1309 (FAX)
WWW.VILLARIFIRM.COM

MESSA & ASSOCIATES, P.C.
123 S. 22ND STREET
PHILADELPHIA, PA 19103
215.568.3500
215.568.3501 (FAX)
WWW.MESSALAW.COM

*Jane Doe K.K. v. Lyft, Inc., et al.*
*Plaintiff's Third Amended Complaint*

Case ID: 250402203
Control No.: 25042022203
Case ID: 250402203

j. The app failure to Defect: App does not periodically confirm that the driver is still the authorized person and re-authentication during the ride;
k. Weak Emergency Response Features;
l. Failure to have app emergency buttons visible and note buried in the app;
m. The app failure to provide live monitoring;
n. The app does not allow for in-ride recording, even where local laws permit it;
o. The app failed to use phone sensors to detect sudden stops, off-road activity, or vehicle idling in remote areas;
p. The App failed to identify high-risk situations in real time;
q. The App does not enforce license plate or vehicle verification through computer vision;
r. The App failed to restrict driver logins on multiple devices or shared usage;
s. The App doesn't assess contextual risk factors (e.g., time of day, isolated pickup/drop-off, prior complaints);
t. The App failed to detect High-risk rides for added monitoring.

190. The manufacturing defects existed when the Lyft App left defendant's control.

191. The manufacturing defects were a proximate cause of plaintiff's injuries and damages.

192. As a direct and proximate result of the manufacturing defects in the Lyft App, plaintiff suffered injuries and damages.

193. **WHEREFORE,** Plaintiff, Jane Doe K.K., hereby demands judgment against all named Defendants jointly and severally and claim compensatory damages against all named Defendants in an amount in excess of the jurisdictional amount subject to compulsory arbitration, as well as prejudgment interest, post-judgment interest, punitive damages and delay damages.

THE VILLARI FIRM, PLLC
258 S. 11TH STREET
PHILADELPHIA, PA 19107
215.600.1369
215.600.1300 (FAX)
WWW.VILLARIFIRM.COM

MESSA & ASSOCIATES, P.C.
123 S. 22ND STREET
PHILADELPHIA, PA 19103
215.568.3500
215.568.3501 (FAX)
WWW.MESSALAW.COM

67

*Jane Doe K.K. v. Lyft, Inc., et al.*
*Plaintiff's Third Amended Complaint*

Case ID: 250402203
Control No.: 25123162


## COUNT V
## NEGLIGENCE- VICARIOUS LIABILITY
## PLAINTIFF v. DEFENDANT, LYFT, INC.

Plaintiffs incorporate by reference the preceding paragraphs as if same were more fully set forth herein at length.

194.     Plaintiff, Jane Doe K.K. was assaulted and attacked due to Defendant, Enes Aydin, a Lyft driver lending out his account to Omer Arcagok.

195.     At all times relevant hereto, Defendant Enes Aydin was an agent and/or ostensible agent of Lyft, and Lyft always pertinent, knew and/or should have known that Defendant Enes Aydin had given away his account for the evening assignments.

196.     At all times relevant hereto, Defendant Omer F. Arcagok was acting as an agent and/or ostensible agent of Lyft.

197.     At all times relevant hereto, Defendant Lyft knew or had reason to know that these two driver-agents had been using the subject Tesla interchangeably in furtherance of Lyft's transportation business.

198.     Plaintiff, Jane Doe K.K, was physically attacked and sexually assaulted by Defendant Omer Arcagok who was, at all times relevant hereto, an employee, agent and/or ostensible agent of Defendant Lyft- the acts of which were foreseeable to the defendant, Lyft.

199.     At all times pertinent hereto, Defendant Omer Arcagok was acting as the sole or joint agent, servant and/or employee of Defendant Lyft and in furtherance of Lyft's business.

200.     At times material hereto, Defendant Omer Arcagok was acting in the course and scope of his employment with Defendant Lyft.

THE VILLARI FIRM, PLLC
258 S. 11TH STREET
PHILADELPHIA, PA 19107
215.600.1363
215.600.1309 (FAX)
WWW.VILLARIFIRM.COM

MESSA & ASSOCIATES, P.C.
123 S. 22ND STREET
PHILADELPHIA, PA 19103
215.568.3500
215.568.3501 (FAX)
WWW.MESSALAW.COM

*Jane Doe K.K. v. Lyft, Inc., et al.*
*Plaintiff's Third Amended Complaint*

Case ID: 250402203
Control No.: 25123162

201.    Defendant Lyft had a duty and obligation to KK, the paying customer, to exercise reasonable care in the appointment and hiring, training, and retention of its drivers.  Defendant Lyft knew or had reason to know that Enes Aydin had swapped accounts with Omer Arcagok.  Lyft failed to perform appropriate clearances of its drivers.

202.    Defendant Lyft is vicariously liable for the acts of its managers and drivers, including Defendants Enes Aydin and Omer Arcagok, the drivers described herein, in that the acts that were perpetuated upon Plaintiff, Jane Doe K.K., were negligent, grossly negligent, reckless and careless, specifically as follows:

a. *committing harassment, pursuant to 18 Pa.C.S.A. §2709(a);*
b. *committing indecent assault, pursuant to 18 Pa.C.S.A. §3126(a);*
c. *committing sexual abuse;*
d. *failing to take reasonable safety measures to ensure the safety and well-being of customers such as Plaintiff, Jane Doe K.K.;*
e. *failing to take reasonable measures to protect customers such as Plaintiff, Jane Doe K.K., against violent crimes, sexual assault and abuse and/or harm from its drivers;*
f. *negligent hiring and/or selection and/or retention of agents, employees, managers and/or contractors;*
g. *taking and/or allowing KK to be taken off-route without rendering proper assistance;*
h. *negligently and recklessly misrepresenting the identity of the drivers to KK;*
i. *negligently, careless and recklessly failing to intervene;*
j. *causing the injuries identified throughout this complaint by failing to recognize that the off-route delay required an escalation of communication beyond a push notification;*
k. *engaging and oversight of unsafe practice of swapping Lyft accounts;*
l. *failing to communicate properly with the authorities concerning the unsafe swapping practice; the off-route delay and stopped vehicle in order to prevent harm to K.K.*
m. *negligent entrustment of application, account services, utilization of the program, vehicles and equipment;*
n. *failing to communicate with the authorities about the swapping of vehicle practice, the off-route delay and the subject vehicle being stopped for an extended period of time;*
o. *engaging in negligent and reckless retention and hiring of drivers;*
p. *negligent entrustment of application, account services, utilization of the program, vehicles and equipment;*

THE VILLARI FIRM, PLLC
258 S. 11TH STREET
PHILADELPHIA, PA 19107
215.600.1363
215.600.1309 (FAX)
WWW.VILLARIFIRM.COM

MESSA & ASSOCIATES, P.C.
123 S. 22ND STREET
PHILADELPHIA, PA 19103
215.568.3500
215.568.3501 (FAX)
WWW.MESSALAW.COM

*Jane Doe K.K. v. Lyft, Inc., et al.*
*Plaintiff's Third Amended Complaint*

Case ID: 250402203
Control No.: 25103106203

q. *knowingly ignoring and/or sanctioning and/or endorsing the unsafe practice of account swapping among drivers;*
r. *failing to provide appropriate safeguards for account authentication;*
s. *failing to realize over the course of three days that multiple drivers were using a single account;*
t. *Allowing a phone number to be altered without checks and balances to avoid driver identity modifications;*
u. *Failing to recognize an altered number from the creation profile of Enes Aydin;*
v. *Failing to recognize that the subject vehicle was not owned or operated by the account holder;*
w. *Allowing account renting and vehicle swapping among driving community without appropriate safeguards and warnings;*
x. *Failing to intervene on the widespread practice of account and car swapping among drivers and vehicle owners without appropriate background checks;*
y. *Misleading KK into believing that the driver identified was safely trained to avoid sexual harassment and assault;*
z. *Recklessly sending silent push notifications rather than escalate and mobilize for wellness safety check;*
aa. *Recklessly failing to use location equipment to locate off-route driver;*
bb. *Failing to warn KK that the driver may not be the individual identified on the account;*
cc. *knowingly ignoring and/or sanctioning and/or endorsing the unsafe practice of account swapping among drivers;*
dd. *negligently, falsely imprisoning Jane Doe, K.K.;*
ee. *failing within the 5 day window, to monitor, detect that Omer Arcagok had sexual relations and improper contact with another customer which should have alerted Lyft that the unauthorized driver had a tendency to commit sexual acts;*
ff. *other acts or omissions constituting negligence, gross negligence, recklessness, and carelessness as may be ascertained through discovery and may be demonstrated by the evidence at the trial of this case.*

203.    As a direct and proximate result of the negligence, gross negligence, carelessness, and reckless conduct of Defendant Lyft, acting individually and by and through its agents, servants and/or employees, including Enes Aydin and Omer Arcagok, Plaintiff, Jane Doe K.K., has suffered pain and suffering, humiliation, embarrassment, mental anguish, and losses as described herein and as contained in medical records and will continue to do so for an infinite amount of time into the future.

THE VILLARI FIRM, PLLC
258 S. 11TH STREET
PHILADELPHIA, PA 19107
215.600.1363
215.600.1309 (FAX)
WWW.VILLARIFIRM.COM

MESSA & ASSOCIATES, P.C.
123 S. 22ND STREET
PHILADELPHIA, PA 19103
215.568.3500
215.568.3501 (FAX)
WWW.MESSALAW.COM

*Jane Doe K.K. v. Lyft, Inc., et al.*
*Plaintiff's Third Amended Complaint*

Case ID: 250402203
Control No.: 25040190

204.    As a direct and proximate result of the negligence, gross negligence, carelessness, and reckless conduct of Defendant, Lyft, acting individually and by and through its agents, servants and/or employees, including Defendant Enes Aydin and Omer Arcagok, Plaintiff, Jane Doe K.K., has been deprived of the past and future ordinary pleasures of life and will continue to suffer for an infinite amount of time into the future, all to her great detriment and loss.

**WHEREFORE,** Plaintiff, Jane Doe K.K., hereby demands judgment against all named Defendants jointly and severally and claim compensatory damages against all named Defendants in an amount in excess of the jurisdictional amount subject to compulsory arbitration, as well as prejudgment interest, post-judgment interest, punitive damages and delay damages.

### COUNT VI
### NEGLIGENCE – DIRECT LIABILITY
### PLAINTIFF V. DEFENDANT, LYFT, INC.

Plaintiffs incorporate by reference the preceding paragraphs as if same were more fully set forth herein at length.

205.    It is believed and therefore averred that Defendants, Enes Aydin and/or Omer F. Arcagok utilized Lyft, Inc. prior to, during and after the sexual assault incident outlined herein, and therefore Lyft was involved in the subject January 14, 2024 sexual assault and/or events leading up to/after the sexual assault.

206.    Defendant, Lyft, Inc. is directly liable for their own negligent, careless and reckless indifference toward Plaintiff, K.K. by and through Defendant, Lyft, Inc.'s mobile app.

THE VILLARI FIRM, PLLC
25B S. 11TH STREET
PHILADELPHIA, PA 19107
215.600.1263
215.600.1309 (FAX)
WWW.VILLARIFIRM.COM

MESSA & ASSOCIATES, P.C.
123 S. 22ND STREET
PHILADELPHIA, PA 19103
215.568.3500
215.568.3501 (FAX)
WWW.MESSALAW.COM

71

*Jane Doe K.K. v. Lyft, Inc., et al.*
*Plaintiff's Third Amended Complaint*

Case ID: 250402203
Control No.: 25125162

207. At all times relevant hereto, Defendant, Lyft, Inc.'s negligence, carelessness, recklessness and such acts and omissions include the following:

a. *failure to monitor Enes Aydin's account activity;*
b. *failure to monitor Omer Arcagok's interacts with customers specifically with Plaintiff Jane Doe KK;*
c. *failure to adequately supervise the account identified to the public as "Enes", its account holder, Enes Aydin and Omer Arcagok;*
d. *failure to take proper security measures;*
e. *failure to install/require video recording devices in all Lyft vehicles;*
f. *failure to install live feed video streaming device in all Lyft vehicles including the subject Lyft vehicle;*
g. *failure to timely and properly track drivers by GPS or other means;*
h. *failure to send signal to police when they knew and had reason to know the subject Lyft was off-route and stopped for an extended period of time;*
i. *failure to require all prospective drivers to utilize Live Scan, a fingerprinting based background check which is administered through the department of Justice and FBI databases;*
j. *failure to require all drivers to resubmit to Live Scan screening on an imminent periodic basis;*
k. *knowingly allowing illegal residents to purchase driver identities;*
l. *promoting a black market for selling driver identities;*
m. *failure to require all prospective drivers to undergo in person interviews;*
n. *failure to use face recognition monitoring of all drivers for each shift as a sign-in;*
o. *failure to require and perform reference checks on all prospective drivers including proof of residency; character references and employment history;*
p. *failure to provide in-app panic buttons that would send an alert to Lyft's Critical Response Team, local police, and other relevant agencies so a passenger has a way to quickly contact authorities in the event of an unsafe situation or the threat of an assault;*
q. *failure to install tamper-proof dash cameras in all Lyft vehicles that alert the Critical Response Team if the camera is disabled or in some way malfunctions;*
r. *failure to employ a means for female passengers to connect with female drivers if they wish;*
s. *failure to deploy a service to check on drivers and passengers if the Lyft ride stops unexpectedly somewhere, veers far off course, or takes much longer than expected to complete the ride;*
t. *failure to report all complaints of physical and/or sexual violence, assault and harassment by Lyft drivers to law enforcements;*
u. *failure to require all drivers to complete sexual harassment and sexual assault prevention training prior to being able to drive for Lyft;*
v. *failure to have policies in place to immediately deactivate any driver Lyft*

THE VILLARI FIRM, PLLC
258 S. 11TH STREET
PHILADELPHIA, PA 19107
215.600.1900
215.600.1309 (FAX)
WWW.VILLARIFIRM.COM

MESSA & ASSOCIATES, P.C.
123 S. 22ND STREET
PHILADELPHIA, PA 19103
215.568.3500
215.568.3501 (FAX)
WWW.MESSALAW.COM

*Jane Doe K.K. v. Lyft, Inc., et al.*
*Plaintiff's Third Amended Complaint*



Case ID: 250402203
Control No.: 25123102

receives a complaint or allegation of sexual assault by that driver;

w. failing to require all drivers to immediately report to Lyft any charge involving kidnapping, violence, physical force, kidnapping and/or any charge involving physical and/or sexual assault;

x. failure to adopt a zero-tolerance policy for improper conduct;

y. failure to maintain a surveillance camera and rules requiring its continuing operation during all rides;

z. failure to inform drivers that if they turn off the surveillance system during a Lyft ride, they will be terminated from the Lyft platform;

aa. failure to inform drivers that they may not leave the car and accompany a passenger to their home or to any other location outside the vehicle;

bb. failure to inform the drivers that any reports of criminal acts committed by Lyft drivers during, or as a result of driving with Lyft, will be fully investigated by Lyft and reported to law enforcement;

cc. failing to provide for the safety and protection of Plaintiff, Jane Doe K.K.;

dd. failing to adequately train employees to not engage in sexual assault and abuse;

ee. failing to take reasonable measures to protect customers such as Plaintiff, Jane Doe K.K., against violent crimes, sexual assault and abuse and/or harm from its employees;

ff. failing to implement policies to prevent the sexual abuse and sexual assault of customers;

gg. failing to enforce policies which were enacted to prevent sexual abuse and sexual assault of customers;

hh. failing to adequately control interaction between its drivers and customers;

ii. failing to adequately have policies in place to perform appropriate background and criminal activity checks on its drivers;

jj. failing to perform an adequate background and criminal activity check on Defendant Enes Aydin and Omer Arcagok;

kk. failing to perform adequate screening on Defendant Enes Aydin and Omer Arcagok;

ll. failing to adequately investigate assault allegations against Lyft drivers;

mm.          failing to report assault allegations against Lyft drivers;

nn. failing to run thorough background checks on drivers;

oo. failing to cooperate with law enforcement investigations regarding reports of physical and sexual assault;

pp. failing to timely intervene to stop the assault against Plaintiff, Jane Doe K.K.;

qq. failing to timely respond and assist Plaintiff, Jane Doe, K.K.;

rr. committing negligence per se:

    1.      Indecent Assault, pursuant to 18 Pa.C.S.A. §3126;

    2.      Aggravated Indecent Assault, pursuant to 18 Pa.C.S.A. §3125;

    3.      Sexual Assault, pursuant to 18 Pa.C.S.A. §3124.1;

    4.      Involuntary Deviate Sexual Intercourse, pursuant to 18

THE VILLARI FIRM, PLLC
258 S. 11TH STREET
PHILADELPHIA, PA 19107
215.600.1363
215.600.1309 (FAX)
WWW.VILLARIFIRM.COM

MESSA & ASSOCIATES, P.C.
123 S. 22ND STREET
PHILADELPHIA, PA 19103
215.568.3500
215.568.3501 (FAX)
WWW.MESSALAW.COM

*Jane Doe K.K. v. Lyft, Inc., et al.*
*Plaintiff's Third Amended Complaint*

Case ID: 250402203
Control No.: 250406203

*Pa.C.S.A. §3123;*

5.       *Simple Assault, pursuant to 18 Pa.C.S.A. §2701;*

ss. *failing to take reasonable safety measures to ensure the safety and well-being of customers such as Plaintiff, Jane Doe K.K.;*

tt. *negligent entrustment of vehicle;*

uu. *knowing that Lyft vehicles are taken off route by the driver and failing to follow up on the push notification or radio to the police so that a wellness check can be immediately performed when the car is taken off route and/or stopped at the wrong location;*

vv. *engaging and oversight of unsafe practice of swapping Lyft accounts;*

ww. *negligent entrustment of application, account services, utilization of the program, vehicles and equipment;*

xx. *knowingly ignoring and/or sanctioning and/or endorsing the unsafe practice of account swapping among drivers;*

yy. *negligently, falsely imprisoning Jane Doe, K.K.;*

zz. *failure to develop policies, procedures protocols that would circumvent driver account swapping activities;*

aaa.       *failure to implement policies, procedures, protocols that would circumvent driver account swapping activities;*

bbb.       *failure to develop policies, procedures, protocols that would provide completed safety check to customers taken off-route;*

ccc.       *failure to implement policies, procedures, protocols that would provide completed safety check to customers taken off-route;*

ddd.       *failure to develop policies, procedures and protocols that would properly vet prospective drivers;*

eee.       *failure to implement policies, procedures and protocols that would properly vet prospective drivers;*

fff. *failure to develop policies, procedures and protocols for face recognition use before and throughout each shift to ensure proper identity of driver;*

ggg.       *failure to implement policies, procedures and protocols for face recognition use for each shift and throughout each shift to ensure proper identity of driver;*

hhh.       *failure to develop policies, procedures and protocols for escalation of push notifications when customers fail to respond;*

iii. *failure to implement policies, procedures and protocols for escalation of push notifications when customers fail to respond;*

jjj. *failure to develop policies, procedures and protocols for appropriate safety measures and equipment to avoid customer assaults within the vehicle;*

kkk.       *failure to implement policies, procedures and protocols for appropriate safety measures and equipment to avoid customer assaults within the vehicle;*

lll. *Failing to develop and implement prevention and intervention on the widespread practice of account and car swapping among drivers and vehicle owners without appropriate background checks;*

mmm.       *misleading KK into believing that the driver identified was safely trained to avoid sexual harassment and assault;*

THE VILLARI FIRM, PLLC
258 S. 11TH STREET
PHILADELPHIA, PA 19107
215.600.3363
215.600.1399 (FAX)
WWW.VILLARIFIRM.COM

MESSA & ASSOCIATES, P.C.
123 S. 22ND STREET
PHILADELPHIA, PA 19103
215.568.3500
215.568.5501 (FAX)
WWW.MESSALAW.COM

74

*Jane Doe K.K. v. Lyft, Inc., et al.*
*Plaintiff's Third Amended Complaint*

Case ID: 250402203
Control No.: 250402203

nnn.　　　　recklessly sending silent push notifications rather than escalate and mobilize for wellness safety check;

ooo.　　　　recklessly failing to use location equipment to locate off-route driver;

ppp.　　　　failing to warn KK that the driver may not be the individual identified on the account;

qqq.　　　　knowingly ignoring and/or sanctioning and/or endorsing the unsafe practice of account swapping among drivers;

rrr.　　　　failing to provide appropriate safeguards for account authentication;

sss.　　　　failing to realize over the course of three days that multiple drivers were using a single account;

ttt. Allowing a phone number to be altered without checks and balances to avoid driver identity modifications;

uuu.　　　　failing to recognize an altered number from the creation profile of Enes Aydin;

vvv.　　　　failing to recognize that the subject vehicle was not owned or operated by the account holder;

www.　　　　allowing account renting and vehicle swapping among driving community without appropriate safeguards and warnings;

xxx.　　　　failing to warn KK that the driver may not be the individual identified on the account;

yyy.　　　failure to develop and implement policies that would cause an escalation the push notifications sent to passengers phone to the police;

zzz.　　　failure to warn drivers from committing sexual harassment and assault in app;

aaaa.　　　failure to warn passenger of driver identity crises due to account swapping practice;

bbbb.　　　failure to stop driver from taking KK off-route;

cccc.　　　failure to develop and implement policies procedures and protocols that dispatch to the local authorities for suspicious activity such as the events complained of throughout this pleading;

dddd.　　　failure to develop and implement preventative and interventional measures to safeguard female passenger from being assaulted;

eeee.　　　failure to develop and implement policies protocols and procedures that would require lock down for interim period and driver authentication following data and/or phone number change on Enes Aydin's account;

ffff.　　　failure to check unusual activity on Enes Aydin's account;

gggg.　　　failure to flag the account in advance of KK trip for improper procedure;

hhhh.　　　failure to use face recognition monitoring of all drivers for each shift as a sign-in;

iiii. knowingly ignoring and/or sanctioning and/or endorsing the unsafe practice of account swapping among drivers;

jjjj. failure to develop and implement policies that would close the unsafe gaps

THE VILLARI FIRM, PLLC
258 S. 11TH STREET
PHILADELPHIA, PA 19107
215.600.1363
215.600.1309 (FAX)
WWW.VILLARIFIRM.COM

MESSA & ASSOCIATES, P.C.
123 S. 22ND STREET
PHILADELPHIA, PA 19103
215.568.3500
215.568.3501 (FAX)
WWW.MESSALAW.COM

*Jane Doe K.K. v. Lyft, Inc., et al.*
*Plaintiff's Third Amended Complaint*

Case ID: 250402203
Control No.: 25123162

in driver authentication;

kkkk.          failure to develop and implement policies procedures and protocols that would prevent and intervene on account swapping;

llll.failing within the 5 day window, to monitor, detect that Omer Arcagok had sexual relations and improper contact with another customer which should have alerted Lyft that the unauthorized driver had a tendency to commit sexual acts;

mmmm.        other acts or omissions constituting negligence, gross negligence, recklessness, and carelessness as may be ascertained through discovery and may be demonstrated by the evidence at the trial of this case.

208. As a direct and proximate result of the negligence, carelessness, recklessness, willful and tortious conduct of Defendant, Lyft, Inc., Jane Doe K.K., was severely and permanently injured.

209. As a direct and proximate result of negligence, gross negligence, willfulness, reckless and outrageous behavior of Defendants Lyft, Inc., Plaintiff, Jane Doe K.K., suffered the injuries described in the Facts section above, and incorporated herein as if fully set forth.

210. As a direct and proximate result of negligence, gross negligence, willful, wanton and outrageous conduct of Defendant Lyft, Inc., Plaintiff, Jane Doe K.K., has suffered pain and suffering, humiliation, embarrassment, mental anguish, and will continue to do so for an infinite amount of time into the future.

211. As a direct and proximate result of the negligence, gross negligence, carelessness, recklessness, wanton and/or willful conduct of Defendant Lyft, Inc., Plaintiff, Jane Doe K.K., has been deprived of the past and future ordinary pleasures of life and will continue to suffer for an infinite amount of time into the future, all to her great detriment and loss.

**WHEREFORE,** Plaintiff, Jane Doe K.K., hereby demands judgment against all

THE VILLARI FIRM, PLLC
258 S. 11TH STREET
PHILADELPHIA, PA 19107
215.600.1969
215.600.1300 (FAX)
WWW.VILLARIFIRM.COM

MESSA & ASSOCIATES, P.C.
123 S. 22ND STREET
PHILADELPHIA, PA 19103
215.568.3500
215.568.3501 (FAX)
WWW.MESSALAW.COM

76

*Jane Doe K.K. v. Lyft, Inc., et al.*
*Plaintiff's Third Amended Complaint*

Case ID: 250402203
Control No.: 25125102

named Defendants jointly and severally and claim compensatory damages against all named Defendants in an amount in excess of the jurisdictional amount subject to compulsory arbitration, as well as prejudgment interest, post-judgment interest, punitive damages and delay damages.

**COUNT VII**
**NEGLIGENCE AND GROSS NEGLIGENCE**
**HIRING, TRAINING AND SUPERVISION**
**PLAINTIFF v. DEFENDANT, LYFT, INC.**

Plaintiffs incorporate by reference the preceding paragraphs as if same were more fully set forth herein at length.

212.    Defendant Lyft had a duty and obligation to Plaintiff, Jane Doe K.K., as a customer, to exercise reasonable care in the appointment and re-appointment of members of employees, servants and/or agents.

213.    Defendant Lyft also had a duty and obligation to supervise, monitor and control the acts, behaviors, and conduct of its drivers.

214.    It is believed and, therefore, averred that Defendant Lyft was negligent, grossly negligent and reckless in failing to properly and truly determine the qualifications and fitness of Defendants Enes Aydin and Omer Arcagok prior to hiring drivers and permitting drivers to remain as members of its staff of drivers.  Defendant Lyft, Inc. knew or should have known that there was need to closely monitor Enes Aydin, Enes Aydin's account and the ostensible agent, Omer Arcagok, and by failing to do so, exposed the plaintiff to the employee's behavior.

215.    Enes Aydin's account had suspiciously changed, and off-routes, unkosher rides and picks ups had taken place.  Lyft should have known that Enes Aydin was in the

THE VILLARI FIRM, PLLC
258 S. 11TH STREET
PHILADELPHIA, PA 19107
215.600.1363
215.600.1309 (FAX)
WWW.VILLARIFIRM.COM

MESSA & ASSOCIATES, P.C.
123 S. 22ND STREET
PHILADELPHIA, PA 19103
215.568.3500
215.568.3501 (FAX)
WWW.MESSALAW.COM

77

*Jane Doe K.K. v. Lyft, Inc., et al.*
*Plaintiff's Third Amended Complaint*

business of swapping accounts.

216.     Within the 5 day window, Omer Arcagok had sexual relations and improper contact with another customer which should have alerted Lyft that the unauthorized driver had a tendency to commit sexual acts.

217.     These events collectively should have placed Lyft, Inc. on notice of the propensities described above by Enes Aydin and Omer Arcagok.

218.     It is believed and, therefore, averred that Defendant Lyft, Inc. was negligent, grossly negligent and reckless in failing to properly train its drivers, Defendants Enes Aydin and Omer Arcagok.

219.     It is believed and, therefore, averred that Defendant Lyft was negligent, grossly negligent and reckless in failing to supervise and monitor the acts of its drivers, Defendants Enes Aydin and Omer Arcagok.

220.     Defendant Lyft was negligent, grossly negligent, careless and reckless in failing to control the conduct of its account holders/drivers including Defendants Enes Aydin and Omer Arcagok as contemplated by the Restatement (Second) of Torts § 317.

221.     Defendant Lyft was negligent, grossly negligent, careless and reckless in the following respects:

   a. persistently and repeatedly failing or refusing to supervise staff and/or other employees, and/or having a lack of oversight;
   b. failing to recognize that its employee was sexually abusing and/or exploiting customer, Plaintiff, Jane Doe K.K.;
   c. negligently, grossly negligently, carelessly and/or recklessly failing to observe and supervise Defendant Enes Aydin and Omer Arcagok's inappropriate sexual interaction with Plaintiff, Jane Doe K.K.;
   d. negligently, grossly negligently, carelessly and/or recklessly failing to implement and enforce policies and procedures that would have prevented the sexual misconduct, sexual abuse and sexual assault of Plaintiff, Jane Doe K.K., by Defendant Enes Aydin and Omer Arcagok to occur;
   e. failure to use due care under the circumstances;

THE VILLARI FIRM, PLLC
258 S. 11TH STREET
PHILADELPHIA, PA 19107
215.600.1303
215.600.1309 (FAX)
WWW.VILLARIFIRM.COM

MESSA & ASSOCIATES, P.C.
123 S. 22ND STREET
PHILADELPHIA, PA 19103
215.568.3500
215.568.3501 (FAX)
WWW.MESSALAW.COM

78

Jane Doe K.K. v. Lyft, Inc., et al.
Plaintiff's Third Amended Complaint

Case ID: 250402203
Control No.: 25049203

f.   negligent supervision as may be proven from facts now exclusively in the possession of Defendant Lyft;

g.   failing to conduct a thorough background check of Enes Aydin and his alter ego, Omer Arcagok;

h.   failing to contact appropriate references for Defendant Enes Aydin and Omer Arcagok;

i.   failing to use due care in the selection of Defendant Enes Aydin and Omer as a driver for Defendant Lyft;

j.   failing to use due care in the retention of Lyft as a driver who was responsible and had authoritative control over Defendant Lyft's passengers;

k.   failing to monitor Defendant Enes Aydin and Omer Arcagok's interacts with customers and specifically with Plaintiff, Jane Doe K.K.;

l.   failing to adequately supervise Defendant Enes Aydin and Omer Arcagok;

m.   failing to take proper security measures;

n.   failing to install/require video recording devices in all Lyft vehicles;

o.   failing to install/require live video streaming device in all Lyft vehicles;

p.   failing to disable child lock and window lock features on driver vehicles;

q.   failing to properly track drivers by GPS or other means;

r.   failing to require all prospective drivers to utilize Live Scan, a fingerprint-based background check which is administered through the Department of Justice and the FBI databases;

s.   failing to require all drivers to resubmit to Live Scan screening every six (6) months;

t.   failing to require all prospective drivers to undergo in-person interviews;

u.   failing to require and perform reference checks on all prospective drivers and require prospective drivers to provide character references;

v.   failing to provide in-app panic buttons that would send an alert to Lyft's Critical Response Team, local police, and other relevant agencies so a passenger has a way to quickly contact authorities in the event of an unsafe situation or the threat of an assault;

w.   failure to escalate the push notifications sent to passengers phone to the police;

x.   failure to warn drivers from committing sexual harassment and assault in app;

y.   failure to warn passenger of driver identity crises due to account swapping practice;

z.   failure to stop driver from taking KK off-route;

aa. failure to dispatch to the local authorities;

bb. failure to implement preventative and interventional measures to safeguard female passenger from being assaulted;

cc. failure to check driver authentication and phone number change on Enes Aydin's account;

dd. failure to check unusual activity on Enes Aydin's account;

ee. failure to flag the account in advance of KK trip for improper procedure;

ff.   failure to use face recognition monitoring of all drivers for each shift as a

THE VILLARI FIRM, PLLC
258 S. 11ᵀᴴ STREET
PHILADELPHIA, PA 19107
215.600.1363
215.600.1309 (FAX)
WWW.VILLARIFIRM.COM

MESSA & ASSOCIATES, P.C.
123 S. 22ᴺᴰ STREET
PHILADELPHIA, PA 19103
215.568.3500
215.568.3501 (FAX)
WWW.MESSALAW.COM

79

*Jane Doe K.K. v. Lyft, Inc., et al.*
*Plaintiff's Third Amended Complaint*



Case ID: 250402203
Control No.: 25123162

sign-in;

gg. failure to install tamper-proof dash cameras in all Lyft vehicles that alert the Critical Response Team if the camera is disabled or in some way malfunctions;

hh. failure to employ a means for female passengers to connect with female drivers if they wish;

ii. failure to deploy a service to check on drivers and passengers if the Lyft ride stops unexpectedly somewhere, veers far off course, or takes much longer than expected to complete the ride;

jj. failure to report all complaints of physical and/or sexual violence, assault and harassment by Lyft drivers to law enforcement;

kk. failure to require all drivers to complete sexual harassment and sexual assault prevention training prior to being able to drive for Lyft;

ll. failure to have policies in place to immediately deactivate any driver if Lyft receives a complaint or allegation of sexual assault by that driver;

mm. failing to require all drivers to immediately report to Lyft any charge involving kidnapping, violence, physical force, kidnapping and/or any charge involving physical and/or sexual assault;

nn. failing to adopt a zero-tolerance policy for improper conduct;

oo. failing to maintain a surveillance camera and rules requiring its continuing operation during all rides;

pp. failing to inform drivers that if they turn off the surveillance system during a Lyft ride, they will be terminated from the Lyft platform;

qq. failing to inform drivers that they may not leave the car and accompany a passenger to their home or to any other location outside the vehicle;

rr. failing to inform the drivers that any reports of criminal acts committed by Lyft drivers during or as a result of driving with Lyft will be fully investigated by Lyft and reported to law enforcement;

ss. failing to adequately train employees to not engage in sexual assault and abuse;

tt. failing to take reasonable safety measures to ensure the safety and well-being of customers such as Plaintiff, Jane Doe K.K.;

uu. failing to take reasonable measures to protect customers such as Plaintiff, Jane Doe K.K., against violent crimes, sexual assault and abuse and/or harm from its employees;

vv. failing to implement policies to prevent the sexual abuse and sexual assault of customers;

ww. failing to enforce policies which were enacted to prevent sexual abuse and sexual assault of customers;

xx. failing to adequately control interaction between its drivers and customers;

yy. failing to adequately have policies in place to perform appropriate background and criminal activity checks on its drivers;

zz. failing to perform an adequate background and criminal activity check on Defendant Enes Aydin and Omer Arcagok;

aaa. failing to perform adequate screening on Enes Aydin and Omer

THE VILLARI FIRM, PLLC
2828 S. 11TH STREET
PHILADELPHIA, PA 19107
215.600.1363
215.600.1309 (FAX)
WWW.VILLARIFIRM.COM

MESSA & ASSOCIATES, P.C.
123 S. 22ND STREET
PHILADELPHIA, PA 19103
215.568.3500
215.568.3501 (FAX)
WWW.MESSALAW.COM

*Jane Doe K.K. v. Lyft, Inc., et al.*
*Plaintiff's Third Amended Complaint*

Case ID: 250402203
Control No.: 25123102


*Arcagok and the account utilized by both;*

bbb.     *failing to report assault allegations against Lyft drivers;*

ccc.     *failing to run thorough background checks on drivers;*

ddd.     *failing to cooperate with law enforcement investigations regarding reports of physical and sexual assault;*

eee.     *engaging and oversight of unsafe practice of swapping Lyft accounts;*

fff. *negligent entrustment of application, account services, utilization of the program, vehicles and equipment;*

ggg.     *negligently, falsely imprisoning Jane Doe, K.K.;*

hhh.     *failure to educate, train and provide training and/or training modules for its drivers/users on sexual harassment and assault on the customer by drivers;*

iii. *failure to educate, train and provide training and/or training modules for drivers/driver app users on the appropriate use of a driver account;*

jjj. *failure to educate, train and provide training and/or training modules on the route-following rules related to the customer destination;*

kkk.     *failure to perform checks on all account holders to ensure driver hired is driver using the app;*

lll. *failure to perform periodic background checks on drivers, and driver accounts;*

mmm.     *failure to supervise account holders/drivers/vehicle owners to ensure customer safety; and*

nnn.     *other acts or omissions constituting negligence, gross negligence, recklessness, and carelessness as may be ascertained through discovery and may be demonstrated by the evidence at the trial of this case.*

222.     The harms, injuries, losses, and damages suffered by Plaintiff, Jane Doe K.K., and that she will continue to suffer from, were directly and proximately caused by the negligence, gross negligence recklessness and careless conduct of Defendant Lyft, individually and by and through its agents, servants, and/or employees, including Defendant Enes Aydin and Omer Arcagok, consisted of all of the conduct set forth herein.

223.     As a direct and proximate result of negligence, gross negligence, recklessness, and careless behavior of Defendant Lyft, individually, and by and through its agents, servants and/or employees' negligence, gross negligence, recklessness and careless conduct as set forth in this Third Amended Complaint, Plaintiff, Jane Doe K.K., suffered the injuries described in the Facts section above, and incorporated herein as if

THE VILLARI FIRM, PLLC
25B S. 11TH STREET
PHILADELPHIA, PA 19107
215.600.1300
215.600.1355 (FAX)
WWW.VILLARIFIRM.COM

MESSA & ASSOCIATES, P.C.
123 S. 22ND STREET
PHILADELPHIA, PA 19103
215.568.3500
215.568.3501 (FAX)
WWW.MESSALAW.COM

81

*Jane Doe K.K. v. Lyft, Inc., et al.*
*Plaintiff's Third Amended Complaint*

Case ID: 250402203
Control No.: 25124162203

fully set forth, Plaintiff, Jane Doe K.K., demands judgment against Defendant Lyft, for compensatory and punitive damages, exclusive of pre- judgment interest, costs and post-judgment interest in excess of the local arbitration limits.

**WHEREFORE,** Plaintiff, Jane Doe K.K., hereby demands judgment against all named Defendants jointly and severally and claim compensatory damages against all named Defendants in an amount in excess of the jurisdictional amount subject to compulsory arbitration, as well as prejudgment interest, post-judgment interest, punitive damages and delay damages.

## COUNT VIII
### NEGLIGENT PERFORMANCE OF UNDERTAKING TO RENDER SERVICES
### PLAINTIFF v. DEFENDANT, LYFT, INC.

Plaintiffs incorporate by reference the preceding paragraphs as if same were more fully set forth herein at length.

224.    Defendant Lyft, undertook, for consideration, the provision of Commercial transportation services to Plaintiff, Jane Doe K.K., pursuant to Restatement (Second) of Torts §323.

225.    Defendant Lyft should have recognized that Plaintiff, Jane Doe K.K., needed to be protected from Defendants Enes Aydin and Omer Arcagok.

226.    Defendant, Lyft, Inc. by and through it agents, Defendant Omer Arcagok permitted a negligent and reckless harmful or offensive contact with the body of Plaintiff, Jane Doe K.K., placing Plaintiff, Jane Doe K.K., in reasonable and immediate fear of a harmful or offensive contact with her body which resulted in harmful or offensive contact with the body of Plaintiff, Jane Doe K.K.

THE VILLARI FIRM, PLLC
258 S. 11TH STREET
PHILADELPHIA, PA 19107
215.600.3363
215.600.1399 (FAX)
WWW.VILLARIFIRM.COM

MESSA & ASSOCIATES, P.C.
123 S. 22ND STREET
PHILADELPHIA, PA 19103
215.568.3500
215.568.3501 (FAX)
WWW.MESSALAW.COM

82

*Jane Doe K.K. v. Lyft, Inc., et al.*
*Plaintiff's Third Amended Complaint*

Case ID: 250402203
Control No.: 25020203

227.    Defendant Omer Arcagok's unwanted sexual acts and improper conduct took place within the authorized time and space limits at the regular "workplace" on the supervised and controlled by Defendant Lyft and while Omer Arcagok was actively working and within the scope of his employment.

228.    Defendant Omer Arcagok was doing work assigned by, and under the direction or control of, his employer, Defendant Lyft, when Defendant Omar Arcagok sexually assaulted Plaintiff, Jane Doe K.K.

229.    Defendant Lyft directed and controlled the contact of its employees, drivers, agents, including Defendant Omer Arcagok, with Defendant Lyft's customers, including Plaintiff, Jane Doe K.K., through its policies and procedures and the Lyft driver app.

230.    When Defendant Omer Arcagok explicitly decided to give additional attention to Plaintiff, Jane Doe K.K., it was acted, at least in part, with a purpose to serve his employer, Defendant Lyft who never deterred Omer Arcagok or Enes Aydin by warning them that no sexual conduct would be tolerated.

231.    Defendant, Lyft then negligently undertakes an effort to protect the plaintiff K.K. by recognizing that the subject vehicle during the subject ride was off route and stopped but merely sends push notifications in a negligent and reckless manner but does nothing else during the undertaking of attempting to protect the plaintiff from the tendencies of the driver that it knew about or had reason to believe was harmful and despite its years of knowledge that account swapping is associated with sexual assaults as recent as August 2021 and earlier.  This is a blatant disregard for K.K.'s safety and need for protection that Lyft only partially endeavored.

232.    Defendant, Lyft was negligent, grossly negligent, careless and reckless in

THE VILLARI FIRM, PLLC
258 S. 11TH STREET
PHILADELPHIA, PA 19107
215.600.1363
215.600.1309 (FAX)
WWW.VILLARIFIRM.COM

MESSA & ASSOCIATES, P.C.
123 S. 22ND STREET
PHILADELPHIA, PA 19103
215.568.3500
215.568.3501 (FAX)
WWW.MESSALAW.COM

*Jane Doe K.K. v. Lyft, Inc., et al.*
*Plaintiff's Third Amended Complaint*

Case ID: 250402203
Control No.: 25123162

their undertaking as follows:

    a.  *failure to monitor Enes Aydin's account activity;*

    b.  *failure to flag the suspicious activity within the 5 day window of account changes and improper activity described in this complaint when it knew or had reason to do so;*

    c.  *failure to monitor Omer Arcagok's interacts with customers specifically with Plaintiff Jane Doe KK;*

    d.  *failure to adequately supervise Enes Aydin's and Omer Arcagok;*

    e.  *failure to take proper security measures;*

    f.  *failure to install/require video recording devices in all Lyft vehicles;*

    g.  *failure to install live feed video streaming device in all Lyft vehicles including the subject Lyft vehicle;*

    h.  *failure to timely and properly track drivers by GPS or other means;*

    i.  *failure to send signal to police when they knew and had reason to know the subject Lyft was off-route and stopped for an extended period of time;*

    j.  *failure to require all prospective drivers to utilize Live Scan, a fingerprinting based background check which is administered through the department of Justice and FBI databases;*

    k.  *failure to require all drivers to resubmit to Live Scan screening on imminent periodic basis;*

    l.  *knowingly allowing illegal residents to purchase driver identities;*

    m.  *promoting a black market for selling driver identities;*

    n.  *failure to require all prospective drivers to undergo in person interviews;*

    o.  *failure to escalate the push notifications sent to passengers phone to the police;*

    p.  *failure to warn drivers from committing sexual harassment and assault in app;*

    q.  *failure to warn passenger of driver identity crises due to account swapping practice;*

    r.  *failure to stop driver from taking KK off-route;*

    s.  *failure to dispatch to the local authorities;*

    t.  *failure to implement preventative and interventional measures to safeguard female passenger from being assaulted;*

    u.  *failure to check phone number change on Enes Aydin's account;*

    v.  *failure to check unusual activity on Enes Aydin's account;*

    w.  *failure to flag the account in advance of KK trip for improper procedure;*

    x.  *failure to use face recognition monitoring of all drivers for each shift as a sign-in;*

    y.  *failure to require and perform reference checks on all prospective drivers including proof of residency; character references and employment history;*

    z.  *failure to provide in-app panic buttons that would send an alert to Lyft's Critical Response Team, local police, and other relevant agencies so a passenger has a way to quickly contact authorities in the event of an unsafe situation or the threat of an assault;*

84

THE VILLARI FIRM, PLLC
258 S. 11th STREET
PHILADELPHIA, PA 19107
215.600.1369
215.600.1309 (FAX)
WWW.VILLARIFIRM.COM

MESSA & ASSOCIATES, P.C.
123 S. 22nd STREET
PHILADELPHIA, PA 19103
215.568.3500
215.568.3501 (FAX)
WWW.MESSALAW.COM

*Jane Doe K.K. v. Lyft, Inc., et al.*
*Plaintiff's Third Amended Complaint*

Case ID: 250402203
Control No.: 25123162

aa. failure to install tamper-proof dash cameras in all Lyft vehicles that alert the Critical Response Team if the camera is disabled or in some way malfunctions;

bb. failure to employ a means for female passengers to connect with female drivers if they wish;

cc. failure to deploy a service to check on drivers and passengers if the Lyft ride stops unexpectedly somewhere, veers far off course, or takes much longer than expected to complete the ride;

dd. failure to report all complaints of physical and/or sexual violence, assault and harassment by Lyft drivers to law enforcements;

ee. failure to require all drivers to complete sexual harassment and sexual assault prevention training prior to being able to drive for Lyft;

ff. failure to have policies in place to immediately deactivate any driver Lyft receives a complaint or allegation of sexual assault by that driver;

gg. failing to require all drivers to immediately report to Lyft any charge involving kidnapping, violence, physical force, kidnapping and/or any charge involving physical and/or sexual assault;

hh. failure to adopt a zero-tolerance policy for improper conduct;

ii. failure to maintain a surveillance camera and rules requiring its continuing operation during all rides;

jj. failure to inform drivers that if they turn off the surveillance system during a Lyft ride, they will be terminated from the Lyft platform;

kk. Failure to inform drivers that they may not leave the car and accompany a passenger to their home or to any other location outside the vehicle;

ll. failure to inform the drivers that any reports of criminal acts committed by Lyft drivers during, or as a result of driving with Lyft, will be fully investigated by Lyft and reported to law enforcement;

mm. failing to provide for the safety and protection of Plaintiff, Jane Doe K.K.;

nn. failing to adequately train employees to not engage in sexual assault and abuse;

oo. failing to take reasonable measures to protect customers such as Plaintiff, Jane Doe K.K., against violent crimes, sexual assault and abuse and/or harm from its employees;

pp. failing to implement policies to prevent the sexual abuse and sexual assault of customers;

qq. failing to enforce policies which were enacted to prevent sexual abuse and sexual assault of customers;

rr. failing to adequately control interaction between its drivers and customers;

ss. failing to adequately have policies in place to perform appropriate background and criminal activity checks on its drivers;

tt. failing to perform an adequate background and criminal activity check on Defendant Enes Aydin and Omer Arcagok;

uu. failing to perform adequate screening on Defendant Enes Aydin and Omer Arcagok;

THE VILLARI FIRM, PLLC
255 S. 11th STREET
PHILADELPHIA, PA 19107
215.600.1303
215.600.1300 (FAX)
WWW.VILLARIFIRM.COM

MESSA & ASSOCIATES, P.C.
123 S. 22nd STREET
PHILADELPHIA, PA 19103
215.568.3500
215.568.3501 (FAX)
WWW.MESSALAW.COM

*Jane Doe K.K. v. Lyft, Inc., et al.*
*Plaintiff's Third Amended Complaint*

Case ID: 250402203
Control No.: 25123162
Case ID: 250402203

vv. failing to adequately investigate assault allegations against Lyft drivers;

ww.     failing to report assault allegations against Lyft drivers;

xx. failing to run thorough background checks on drivers;

yy. failing to cooperate with law enforcement investigations regarding reports of physical and sexual assault;

zz. failing to timely intervene to stop the assault against Plaintiff, Jane Doe K.K.;

aaa.     failing to timely respond and assist Plaintiff, Jane Doe, K.K.;

bbb.     committing negligence per se:

1. Indecent Assault, pursuant to 18 Pa.C.S.A. §3126;

2. Aggravated Indecent Assault, pursuant to 18 Pa.C.S.A. §3125;

3. Sexual Assault, pursuant to 18 Pa.C.S.A. §3124.1;

4. Involuntary Deviate Sexual Intercourse, pursuant to 18 Pa.C.S.A. §3123;

5. Simple Assault, pursuant to 18 Pa.C.S.A. §2701;

ccc.     failing to take reasonable safety measures to ensure the safety and well- being of customers such as Plaintiff, Jane Doe K.K.;

ddd.     negligent entrustment of vehicle;

eee.     knowing that Lyft vehicles are taken off route by the driver and failing to follow up on the push notification or radio to the police so that a wellness check can be immediately performed when the car is taken off route and/or stopped at the wrong location;

fff. engaging and oversight of unsafe practice of swapping Lyft accounts;

ggg.     negligent entrustment of application, account services, utilization of the program, vehicles and equipment;

hhh.     knowingly ignoring and/or sanctioning and/or endorsing the unsafe practice of account swapping among drivers;

iii. negligently and falsely imprisoning and holding Jane Doe, K.K. against her will;

jjj. failing to provide appropriate safeguards for account authentication.

kkk.     failing to realize over the course of three days that multiple drivers were using a single account;

lll. allowing a phone number to be altered without checks and balances to avoid driver identity modifications;

mmm.     failing to recognize an altered number from the creation profile of Enes Aydin;

nnn.     failing to recognize that the subject vehicle was not owned or operated by the account holder;

ooo.     allowing account renting and vehicle swapping among driving community without appropriate safeguards and warnings;

ppp.     failing to warn KK that the driver may not be the individual identified on the account;

qqq.     Sending two push notifications thirty minutes apart and making no effort thereafter to escalate warning, notification, driver's identity check or notification to the police.

86

THE VILLARI FIRM, PLLC
258 S. 11TH STREET
PHILADELPHIA, PA 19107
215.600.1363
215.600.1309 (FAX)
WWW.VILLARIFIRM.COM

MESSA & ASSOCIATES, P.C.
123 S. 22ND STREET
PHILADELPHIA, PA 19103
215.568.3500
215.568.5501 (FAX)
WWW.MESSALAW.COM

Case ID: 250402203
Control No.: 25040203
Case ID: 250402203

rrr.    knowingly ignoring and/or sanctioning and/or endorsing the unsafe practice of account swapping among drivers;

sss.    failing within the 5 day window, to monitor, detect that Omer Arcagok had sexual relations and improper contact with another customer which should have alerted Lyft that the unauthorized driver had a tendency to commit sexual acts;

ttt.    other acts or omissions constituting negligence, gross negligence, recklessness, and carelessness as may be ascertained through discovery and may be demonstrated by the evidence at the trial of this case.

233.    Plaintiff, Jane Doe K.K., suffered harm because of Defendant Lyft's failure to exercise reasonable care to perform its undertaking as described, which was a substantial factor in bringing about the harm and/or increasing the risk of harm to the plaintiff.

234.    Defendant Lyft's failure to exercise such care increased the risk of harm to the Plaintiff, Jane Doe K.K., and/or Plaintiff, Jane Doe K.K., was harmed because of her reliance upon Defendant Lyft's undertaking to provide services to her.

235.    As a direct and proximate result of the negligence, gross negligence, carelessness, and recklessness of Defendant Lyft, acting individually and by and through its agents, servants and/or employees, including Defendants Enes Aydin and Omer Arcagok, Plaintiff, Jane Doe K.K., has suffered pain and suffering, humiliation, embarrassment, mental anguish, and will continue to do so for an infinite amount of time into the future.

236.    As a direct and proximate result of the negligence, gross negligence, carelessness and recklessness of Defendant Lyft, acting individually and by and through its agents, servants and/or employees, including Defendants Enes Aydin and Omer Arcagok, Plaintiff, Jane Doe K.K., has been deprived of the past and future ordinary pleasures of life and will continue to suffer for an infinite amount of time into the future,

The Villari Firm, PLLC
258 S. 11th Street
Philadelphia, PA 19107
215.600.1363
215.600.1309 (FAX)
WWW.VILLARIFIRM.COM

Messa & Associates, P.C.
123 S. 22nd Street
Philadelphia, PA 19103
215.568.3500
215.568.3501 (FAX)
WWW.MESSALAW.COM

*Jane Doe K.K. v. Lyft, Inc., et al.*
*Plaintiff's Third Amended Complaint*

Case ID: 250402203
Control No.: 251251162

all to her great detriment and loss.

**WHEREFORE,** Plaintiff, Jane Doe K.K., hereby demands judgment against all named Defendants jointly and severally and claim compensatory damages against all named Defendants in an amount in excess of the jurisdictional amount subject to compulsory arbitration, as well as prejudgment interest, post-judgment interest, punitive damages and delay damages.

### COUNT IX
### NEGLIGENT MISREPRESENTATION
### PLAINTIFF v. DEFENDANT, LYFT, INC., ENES AYDIN AND OMER F. ARCAGOK

Plaintiffs incorporate by reference the preceding paragraphs as if same were more fully set forth herein at length.

237.   At all times material hereto, Lyft, Inc. was acting by and through its application, and its agents and/or ostensible agents.

238.   Defendant Lyft's staff and/or agents made numerous misrepresentations of material fact to Plaintiff, including, but not limited to, promises to keep Plaintiff safe from harm.

239.   The Defendants' misrepresentations identified through the Complaint and here was material to the transacts between the Plaintiff and Defendants relative to, among other things, Plaintiff's safe transport.

240.   The Defendant, Lyft, Inc. should have known that the negligent misrepresentations related to safe travel, customer safety, driver identity, account validation, anticipated route to be taken as identified on the app were false when made to the Plaintiff (and other passengers), especially given the numerous complaints Lyft

THE VILLARI FIRM, PLLC
258 S. 11TH STREET
PHILADELPHIA, PA 19107
215.600.1963
215.600.1300 (FAX)
WWW.VILLARIFIRM.COM

MESSA & ASSOCIATES, P.C.
123 S. 22ND STREET
PHILADELPHIA, PA 19103
215.568.3500
215.568.3501 (FAX)
WWW.MESSALAW.COM

88

*Jane Doe K.K. v. Lyft, Inc., et al.*
*Plaintiff's Third Amended Complaint*

Case ID: 250402203
Control No.: 25123162

had received related to voluminous sexual assaults and reckless off-route foul-play in advance of the subject assault on Jane Doe K.K., all of which continues to this day.

241. The Defendants, Enes Aydin and Arcagok who were agents (direct, ostensible or otherwise) of Lyft, Inc. should have known that the negligent misrepresentations made from their identity, carrier safety, account swapping, route taken to the concealment of sexual assaults and reckless off-route foul-play in advance of the subject assault on Jane Doe K.K. to the other occasions that they account swapped, all of which continues to this day.

242. The Defendants made negligent mis-representations of safe travel, customer safety, a qualified driver, account holder identity, route identity and negligent concealment of prior engagement of account swapping by Enes Aydin, Omer Arcagok and other drivers, and prior known sexual conduct while negligently misleading plaintiff KK into believing she was purchasing a safe ride share, with the intent of gaining the competitive advantage and inducing the Plaintiffs to rely upon said misrepresentations, and without performing any investigation or regard into the truth of any of the misrepresentations and when they ought to have known that the misrepresentations were untrue as identified throughout this Complaint, thereby inducing the plaintiff to use Lyft, Inc., et al. for transportation for the Defendants' profit.

243. Plaintiff justifiably and reasonably relied on the Defendants' misrepresentations to her great detriment, as she suffered great emotional distress and injury on account of being sexually violated while expecting to be transported safely home.

244. The acts of Defendant Lyft's staff and/or agents during the course and scope

THE VILLARI FIRM, PLLC
25 S. 11TH STREET
PHILADELPHIA, PA 19107
215.600.1329
215.600.1309 (FAX)
WWW.VILLARIFIRM.COM

MESSA & ASSOCIATES, P.C.
123 S. 22ND STREET
PHILADELPHIA, PA 19103
215.568.3500
215.568.3501 (FAX)
WWW.MESSALAW.COM

89

*Jane Doe K.K. v. Lyft, Inc., et al.*
*Plaintiff's Third Amended Complaint*

Case ID: 250402203
Control No.: 25123016203

of their employment directly and/or indirectly failed to act in accordance with the

negligent and reckless misrepresentations that Plaintiff justifiably and reasonably relied

upon, failed to warn, failed to rescue, and engaged in misconduct that resulted in harmful

or offensive contact with Plaintiff's bodies including but not limited to:

 a. *indecent Assault, pursuant to Tile 18 § 3126;*
 b. *aggravated Indecent Assault, pursuant to 18 Pa.C.S.A. §3125;*
 c. *sexual Assault, pursuant to 18 Pa.C.S.A. §3124.1;*
 d. *involuntary Deviate Sexual Intercourse, pursuant to 18 Pa.C.S.A. §3123;*
 e. *simple Assault, pursuant to 18 Pa.C.S.A. §2701;*
 f. *aggravated Indecent Assault, pursuant to Title 18 § 3125;*
 g. *indecent Exposure, pursuant to Title 18 § 3127;*
 h. *simple Assault, pursuant to Title 18 § 2701;*
 i. *negligently, falsely imprisoning Jane Doe, K.K.;*
 j. *offensive sexual, impermissive touching;*
 k. *impermissive touching;*
 l. *impermissive sexual conduct when Plaintiff was not able to consent;*
 m. *other criminal and other violations;*
 n. *negligence;*
 o. *recklessness;*
 p. *gross negligence;*
 q. *negligent hiring and retention;*
 r. *negligent infliction of emotional distress;*
 s. *misrepresenting to the plaintiff that she was safe while defendants were engaging and oversight of unsafe practice of swapping Lyft accounts;*
 t. *misrepresenting that the driver identified in the Lyft application was the same as the driver behind the wheel;*
 u. *misrepresenting that Lyft's app was free from mis-identity of drivers and swapping of the actual drivers advertised on the Lyft end-user app;*
 v. *negligent entrustment of application, account services, utilization of the program, vehicles and equipment;*
 w. *giving plaintiff the false sense of belief that she was entering a safe Lyft ride when in fact she would be sexually assaulted by the driver;*
 x. *allowing plaintiff's body and mental health to be injured by misrepresenting the identity of the driver and that the vehicle was safe for travel;*
 y. *misrepresenting the identity of the Driver of the Lyft customer app; and*
 z. *other acts or omissions constituting negligence, gross negligence, recklessness, and carelessness as may be ascertained through discovery and may be demonstrated by the evidence at the trial of this case.*

245. The contact made by the Lyft driver with Plaintiff's body was offensive such

THE VILLARI FIRM, PLLC
258 S. 11TH STREET
PHILADELPHIA, PA 19107
215.600.1595
215.600.1909 (FAX)
WWW.VILLARIFIRM.COM

MESSA & ASSOCIATES, P.C.
123 S. 22ND STREET
PHILADELPHIA, PA 19103
215.568.3500
215.568.3501 (FAX)
WWW.MESSALAW.COM

90

Case ID: 250402203
Control No.: 25062603

that it would offend a reasonable person's personal sense of dignity.

246.    The unlawful contact that Plaintiff endured and that took place while Defendant Lyft was supposed to be transporting Plaintiff safely, took place on a Lyft ride, which was owned, operated, and/or maintained by "Enes" also known as Enes Aydin and/or Omer Arcagok and/or John/Jane Doe I thru V and all of the staff members present virtually as this misconduct occurred, were employees of Defendant Lyft, actively working, and within the scope of his employment and/or agency, as defined more fully herein.

247.    Defendant Lyft's agents, ostensible agents and staff promised and were required to keep Plaintiff safe, and they used their status of authority and power, granted to them by way of their employment with Defendant Lyft, to permit harmful contact to befall on its passengers, like Plaintiff.

248.    In addition, Defendant Lyft knew and/or had reason to know that the subject Lyft was stopped, and off-route but did not comply with its own standards as it failed to radio to police for a wellness check.   The "push" notification only served to provide air cover to Defendant, Lyft, Inc. as its agents were involved in the allowance and occurrence of a sexual assault.

249.    As a direct result of the Defendants' misrepresentation, Plaintiff's detrimental reliance on the Defendants' misrepresentation, negligence, carelessness, recklessness, wanton, willful, and tortious conduct that occurred because of the negligence of Defendants, Plaintiff was severely and permanently injured.

250.    Prior to, or during the sexual abuse averred herein, Defendant Lyft knew or should have known, of the sexual tendencies of the perpetrating drivers, and the illegal

THE VILLARI FIRM, PLLC
258 S. 11TH STREET
PHILADELPHIA, PA 19107
215.600.3365
215.600.1319 (FAX)
WWW.VILLARIFIRM.COM

MESSA & ASSOCIATES, P.C.
123 S. 22ND STREET
PHILADELPHIA, PA 19103
215.568.3500
215.568.3501 (FAX)
WWW.MESSALAW.COM

91

*Jane Doe K.K. v. Lyft, Inc., et al.*
*Plaintiff's Third Amended Complaint*

Case ID: 250402203
Control No.: 25123162

activity violative of the driving expectations of the company and car share standard of care yet they failed to supervise or implement safeguards to prevent unwanted contact as perpetrated against Plaintiff.

251.    Despite their representations to the contrary, Defendant Lyft failed to take reasonable steps and failed to implement reasonable safeguards to prevent, eliminate, and/or avoid acts of unlawful sexual conduct its drivers on its passengers, by failing to properly hire and/or screen competent and fit staff, failing to train and/or supervise staff.

252.    Furthermore, despite representations to the contrary, at all times relevant hereto, Defendants did not have and/or failed to properly use a system or procedure in place to appropriately communication, appropriately supervise and/or monitor the drivers and/or passengers, to ensure their safety; despite being required to, and despite promising passengers that they would be safe.

253.    As a result of the Defendant's misrepresentation, Plaintiff's detrimental reliance on the Defendant's misrepresentation, and Defendants' acts, omissions, and utter misconduct, as outlined herein, Plaintiff has suffered and continues to suffer physical manifestations of emotional distress, embarrassment, loss of self-esteem, disgrace, humiliation and loss of enjoyment of life; distrust, anxiety, and distress; depression, nightmares, nervousness, stress, and/or other trauma; mental anguish, humiliation, embarrassment, insomnia, fear, and other emotional distress; were prevented and will continue to be prevented from performing Plaintiff's daily activities and obtaining the full enjoyment of life; have sustained and will continue to sustain loss of earnings and earning capacity; and/or has incurred and will continue to incur expenses for medical and psychological treatment, therapy and counseling.

THE VILLARI FIRM, PLLC
258 S. 11TH STREET
PHILADELPHIA, PA 19107
215.600.3903
215.600.1309 (FAX)
WWW.VILLARIFIRM.COM

MESSA & ASSOCIATES, P.C.
123 S. 22ND STREET
PHILADELPHIA, PA 19103
215.568.3500
215.568.3501 (FAX)
WWW.MESSALAW.COM

*Jane Doe K.K. v. Lyft, Inc., et al.*
*Plaintiff's Third Amended Complaint*

Case ID: 250402203
Control No.: 251230162

254.   The harms, injuries, losses, and damages suffered by Plaintiff, and that Plaintiff continue to suffer from, were directly and proximately caused by negligence, willfulness, wanton, recklessness, and outrageous conduct of Defendants, individually and by and through their agents, servants, and/or employees, which consisted of, among other things, all conduct described more fully herein.

255.   As a direct and proximate result of negligence, gross negligence, wanton, willfulness, reckless, and outrageous behavior and conduct of Defendant Lyft, individually acting by and through its agents, servants, and/or employees, Plaintiffs have incurred and will continue to incur medical and psychological treatment and services.

256.   Because of the grossly negligent, wanton, and outrageous conduct as set forth in this complaint Plaintiffs are entitled to punitive damages.

**WHEREFORE,** Plaintiff, Jane Doe K.K., hereby demands judgment against all named Defendants jointly and severally and claim compensatory damages against all named Defendants in an amount in excess of the jurisdictional amount subject to compulsory arbitration, as well as prejudgment interest, post-judgment interest, punitive damages and delay damages.


## COUNT X
### WANTON AND/OR RECKLESS INFLICTION OF EMOTIONAL DISTRESS
### PLAINTIFF v. DEFENDANTS, LYFT, INC., ENES AYDIN, AND OMAR ARCAGOK

Plaintiff incorporates by reference the preceding paragraphs as if same were more fully set forth herein at length.

257.   The conduct of Defendants Enes Aydin and Omar Arcagok, acting as an employee and/or agent of Defendant Lyft, in the scope of employment, was extreme and

THE VILLARI FIRM, PLLC
258 S. 11TH STREET
PHILADELPHIA, PA 19107
215.600.1358
215.600.1309 (FAX)
WWW.VILLARIFIRM.COM

MESSA & ASSOCIATES, P.C.
123 S. 22ND STREET
PHILADELPHIA, PA 19103
215.568.3500
215.568.3501 (FAX)
WWW.MESSALAW.COM

*Jane Doe K.K. v. Lyft, Inc., et al.*
*Plaintiff's Third Amended Complaint*

Case ID: 250402203
Control No.: 25123162

outrageous, so as to cause severe emotional distress non-consensually, wantonly and/or recklessly, and with blatant disregard, was the actual, proximate, and factual cause of severe emotion distress to Plaintiff, Jane Doe K.K.

258.    The conduct of Defendants Lyft, Enes Aydin, and Omar Arcagok executed distress non-consensually, wanton and/or recklessly, and with blatant and a conscious disregard of the likelihood of harm and/or severe emotional distress.

259.    Plaintiff experienced direct and contemporaneous observation of:

   a. *indecent Assault, pursuant to 18 Pa.C.S.A. §3126;*
   b. *aggravated Indecent Assault, pursuant to 18 Pa.C.S.A. §3125;*
   c. *sexual Assault, pursuant to 18 Pa.C.S.A. §3124.1;*
   d. *involuntary Deviate Sexual Intercourse, pursuant to 18 Pa.C.S.A. §3123;*
   e. *simple Assault, pursuant to 18 Pa.C.S.A. §2701;*
   f. *negligently, falsely imprisoning Jane Doe, K.K.;*
   g. *offensive sexual, impermissive touching;*
   h. *impermissive touching;*
   i. *impermissive sexual conduct when Plaintiff was not able to consent;*
   j. *other acts or omissions constituting negligence, gross negligence, recklessness, and carelessness as may be ascertained through discovery and may be demonstrated by the evidence at the trial of this case.*

260.    The conduct of Defendants Lyft, Enes Aydin, and Omar Arcagok was executed in such a way as to inflict emotional distress and to harm Plaintiff, Jane Doe K.K., emotionally, mentally, physically, and psychologically.

261.    Defendants Enes Aydin and Omar Arcagok, acting as employees and/or agents of Defendant Lyft, and by and through employment their employment with Defendant Lyft, engaged in willful, wanton, reckless and/or non-consensual acts as described above which caused the injuries as described above, and incorporated herein as if fully set forth, to Plaintiff, Jane Doe K.K.

262.    The aforementioned injuries and damages were due to the willful, wanton, reckless, negligent and/or non-consensual collusive acts of Defendants Lyft, Enes Aydin,

THE VILLARI FIRM, PLLC
258 S. 11ᵀᴴ STREET
PHILADELPHIA, PA 19107
215.600.1303
215.600.1309 (FAX)
WWW.VILLARIFIRM.COM

MESSA & ASSOCIATES, P.C.
123 S. 22ᴺᴰ STREET
PHILADELPHIA, PA 19103
215.568.3500
215.568.3501 (FAX)
WWW.MESSALAW.COM

94

*Jane Doe K.K. v. Lyft, Inc., et al.*
*Plaintiff's Third Amended Complaint*

Case ID: 250402203
Control No.: 251123162

and Omar Arcagok, and were in no way caused by any act or failure to act on the part of Plaintiff, Jane Doe K.K.

263.    As a further result of the willful, wanton, reckless, careless, negligent and/or non-consensual acts of Defendants Lyft, Enes Aydin, and Omar Arcagok, Plaintiff, Jane Doe K.K., was caused to endure great pain and suffering, humiliation, embarrassment, shame, and self-blame, and will continue to suffer into the future.

**WHEREFORE,** Plaintiff, Jane Doe K.K., hereby demands judgment against all named Defendants jointly and severally and claim compensatory damages against all named Defendants in an amount in excess of the jurisdictional amount subject to compulsory arbitration, as well as prejudgment interest, post-judgment interest, punitive damages and delay damages.

## COUNT XI
## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
## PLAINTIFF v. DEFENDANTS, LYFT, INC., ENES AYDIN, AND OMAR ARCAGOK

Plaintiff incorporates by reference the preceding paragraphs as if same were more fully set forth herein at length.

264.    The conduct of Defendants, Lyft,  Enes Aydin and Omar Arcagok, who were acting as an employee and/or agent of Defendant Lyft, in the scope of employment, was extreme and outrageous, so as to cause severe emotional distress negligently and with an indifference toward KK's safety, was the actual, proximate, and factual cause of severe emotional distress to Plaintiff, Jane Doe K.K.

265.    The conduct of Defendants Lyft, Enes Aydin and Omar Arcagok executed distress negligent, wanton and/or recklessly, and with blatant and a conscious disregard

THE VILLARI FIRM, PLLC
258 S. 11TH STREET
PHILADELPHIA, PA 19107
215.600.1303
215.600.1309 (FAX)
WWW.VILLARIFIRM.COM

MESSA & ASSOCIATES, P.C.
123 S. 22ND STREET
PHILADELPHIA, PA 19103
215.568.3500
215.568.3501 (FAX)
WWW.MESSALAW.COM

95

*Jane Doe K.K. v. Lyft, Inc., et al.*
*Plaintiff's Third Amended Complaint*

of the likelihood of harm and/or severe emotional distress.

266. Plaintiff experienced direct and contemporaneous observation of:

a. *indecent Assault, pursuant to 18 Pa.C.S.A. §3126;*
b. *aggravated Indecent Assault, pursuant to 18 Pa.C.S.A. §3125;*
c. *sexual Assault, pursuant to 18 Pa.C.S.A. §3124.1;*
d. *involuntary Deviate Sexual Intercourse, pursuant to 18 Pa.C.S.A. §3123;*
e. *simple Assault, pursuant to 18 Pa.C.S.A. §2701;*
f. *negligently, falsely imprisoning Jane Doe, K.K.;*
g. *offensive sexual, impermissive touching;*
h. *impermissive touching;*
i. *impermissive sexual conduct when Plaintiff was not able to consent;*
j. *failing to escalate warning that "Enes" was not the actual account holder;*
k. *failing to dispatch to police once the car was stopped;*
l. *failing to take measures to prevent account swapping that was a long standing practice known to Lyft;*
m. *other acts or omissions constitute negligence, gross negligence, recklessness, and carelessness as may be ascertained through discovery and may be demonstrated by the evidence at the trial of this case.*

267. The conduct of Defendants Lyft, Enes Aydin, Omar Arcagok and/or its other employees/agents who were known to Lyft and unknown to Plaintiff, was executed in such a way as to inflict emotional distress and to harm Plaintiff, Jane Doe K.K., emotionally, mentally, physically, and psychologically who contemporaneously observed the negligent acts and omissions of these defendants.

268. Defendants Lyft, Enes Aydin and Omar Arcagok, acting as employees and/or agents of Defendant Lyft, and its agents/employees who are known to Lyft and unknown to Plaintiff, and by and through employment their employment with Defendant Lyft, engaged in negligent and reckless acts that showed an indifference toward KK's safety and freedom from harm and imprisonment as described above which caused the injuries as described above, and incorporated herein as if fully set forth, to Plaintiff, Jane Doe K.K.

269. The aforementioned injuries and damages were due to the willful, wanton,

THE VILLARI FIRM, PLLC
25B S. 11TH STREET
PHILADELPHIA, PA 19107
215.600.1302
215.600.1309 (FAX)
WWW.VILLARIFIRM.COM

MESSA & ASSOCIATES, P.C.
123 S. 22ND STREET
PHILADELPHIA, PA 19103
215.568.3500
215.568.3501 (FAX)
WWW.MESSALAW.COM

96

*Jane Doe K.K. v. Lyft, Inc., et al.*
*Plaintiff's Third Amended Complaint*

Case ID: 250402203
Control No.: 25123162

reckless, negligent and/or non-consensual acts of Defendants Lyft, Enes Aydin, Omar Arcagok and its agents/employees who are known to Lyft and unknown to Plaintiff, and were in no way caused by any act or failure to act on the part of Plaintiff, Jane Doe K.K.

270.    As a further result of the willful, wanton, reckless, careless, negligent and/or non-consensual acts of Defendants Lyft, Enes Aydin, Omar Arcagok, and Lyft's agents/employees who are known to Defendant, Lyft and unknown to Plaintiff, Plaintiff, Jane Doe K.K., was caused to endure great pain and suffering, humiliation, embarrassment, shame, and self-blame, and will continue to suffer into the future.

**WHEREFORE,** Plaintiff, Jane Doe K.K., hereby demands judgment against all named Defendants jointly and severally and claim compensatory damages against all named Defendants in an amount in excess of the jurisdictional amount subject to compulsory arbitration, as well as prejudgment interest, post-judgment interest, punitive damages and delay damages.

## COUNT XII
### NEGLIGENCE
### PLAINTIFF v. "SIN DEFENDANTS", "ASSEMBLY DEFENDANTS", "LOGAN HOTEL DEFENDANTS", AND "SKEETERS DEFENDANTS"

Plaintiffs incorporate by reference the preceding paragraphs as if same were more fully set forth herein at length.

271.    At all times relevant hereto, "Sin Defendants[18]", "Logan Hotel Defendants", "Assembly Defendants" and "Skeeters Defendants" had a duty to exercise reasonable care to prevent intoxicated persons like K.K. from leaving in an inebriated state and from

---

[18] "Sin Defendants" includes also Justin Veasey as owner & manager supervising staff.

THE VILLARI FIRM, PLLC
258 S. 11TH STREET
PHILADELPHIA, PA 19107
215.600.1303
215.600.1300 (FAX)
WWW.VILLARIFIRM.COM

MESSA & ASSOCIATES, P.C.
123 S. 22ND STREET
PHILADELPHIA, PA 19103
215.568.3500
215.568.3501 (FAX)
WWW.MESSALAW.COM

97

*Jane Doe K.K. v. Lyft, Inc., et al.*
*Plaintiff's Third Amended Complaint*



Case ID: 250402203
Control No.: 251231102

overserving practices.

272.    At all times relevant hereto, "Sin Defendants", "Logan Hotel Defendants", "Assembly Defendants" and "Skeeters Defendants" knew or had reason to know that K.K. was leaving in an inebriated state due to the overservice of alcohol.

273.    In 2024, drinking establishments including "Sin Defendants", "Logan Hotel Defendants", "Assembly Defendants" and "Skeeters Defendants" knew or had reason to know that women like K.K. who leave in a vulnerable impaired state are at risk for harm during rideshare activity.

274.    At all material times, the events that led to the sexual assault, including those occurring in the rideshare vehicle in the early morning of January 14, 2024, as described in the foregoing paragraphs, were reasonably foreseeable to Defendants, SIN Philadelphia, LLC, SDG 1102 Germantown Ave, LLC, JVZ Hospitality, LLC, LMB68, LLC, WM Hospitality, LLC, Justin Veasey, Skeeters Pub, Reggie's Inc., Sage Hospitality Resources, LLC d/b/a Sage Hospitality Group and Assembly Rooftop Lounge, Sage Client 258, LLC d/b/a Assembly Rooftop Lounge, HMC OLS II, LP, CCFS Philadelphia, LLC, Host Hotels and Resorts, LP, Hilton Worldwide, Inc., Hilton Franchise Holding, LLC and Park Hotels and Resorts, Inc.  It was reasonably foreseeable to these aforementioned defendants that overserving an obviously intoxicated female patron would place her at increased risk of harm during transportation following departure from the premises.

275.    At all times relevant hereto, "Sin Defendants" "Logan Hotel Defendants", "Assembly Defendants" and "Skeeters Defendants" who had a duty to exercise reasonable care to protect K.K. committed negligence, carelessness, recklessness and such acts and omissions include the following:

THE VILLARI FIRM, PLLC
258 S. 11TH STREET
PHILADELPHIA, PA 19107
215.600.1303
215.600.1309 (FAX)
WWW.VILLARIFIRM.COM

MESSA & ASSOCIATES, P.C.
123 S. 22ND STREET
PHILADELPHIA, PA 19103
215.568.3500
215.568.3501 (FAX)
WWW.MESSALAW.COM

*Jane Doe K.K. v. Lyft, Inc., et al.*
*Plaintiff's Third Amended Complaint*

Case ID: 250402203
Control No.: 25123162

a. *outrageously, recklessly, negligently and carelessly serving intoxicating beverages in such quantities to Plaintiff Jane Doe K.K. as to cause her to become intoxicated;*

b. *outrageously, recklessly, negligently and carelessly continuing to serve intoxicating beverages to Plaintiff Jane Doe K.K. at a time when the agents, servants, representatives and/or employees of Sin Philadelphia, LLC, SDG 1102 Germantown Ave, LLC, JVZ Hospitality, LLC, LMB68, LLC, WM Hospitality, LLC, Justin Veasey, Skeeters Pub, Reggies, Inc., Sage Hospitality Resources, LLC d/b/a Sage Hospitality Group, Sage Client 258, LLC, HMC OLS II, LP, CCFS Philadelphia, LLC, Host Hotels & Resorts, LP, Hilton Worldwide, Inc., Hilton Franchise Holding, LLC and/or Park Hotels & Resorts, Inc. knew or should have known that Jane Doe K.K. was visibly intoxicated;*

c. *employing incompetently trained bartenders, waiters and/or waitresses and/or other employees, agents, representatives and/or servants;*

d. *recklessly, negligently and carelessly failing to instruct or train its agents, servants, representatives and/or employees regarding the amounts of intoxicating beverages to be serves to customers, patrons and/or business invitees of the Defendant;*

e. *recklessly, negligently and carelessly failing to instruct or train its agents, servants, representatives and/or employees to recognize the signs of visible intoxication;*

f. *recklessly failing to have or follow an established program instituted and operating which would prevent service to visibly intoxicated patrons;*

g. *recklessly failing to stop service of intoxicating beverages to Plaintiff Jane Doe K.K., who was obviously and visibly intoxicated and in a condition constituting an unreasonable and outrageous risk of harm to other persons;*

h. *recklessly serving liquor, malt or brewed beverages and permitting liquor, malt or brewed beverages to be served, furnished or given to persons who are visibly intoxicated in violation of the laws of the Commonwealth of Pennsylvania and in particular the Pennsylvania Liquor Code, 47 Pa.C.S.A. §4-493;*

i. *recklessly violating the terms and conditions of the liquor license issued to Defendant;*

j. *other acts or omissions constituting negligence, gross negligence, recklessness, and carelessness as may be ascertained through discovery and may be demonstrated by the evidence at the trial of this case.*

276.   As a direct and proximate result of the negligence, carelessness, recklessness, willful and tortious conduct of "Sin Defendants", "Assembly Defendants", "Logan Hotel Defendants" and "Skeeters Defendants", Plaintiff, Jane Doe K.K., was severely and permanently injured.

THE VILLARI FIRM, PLLC
258 S. 11TH STREET
PHILADELPHIA, PA 19107
215.600.1393
215.600.1309 (FAX)
WWW.VILLARIFIRM.COM

MESSA & ASSOCIATES, P.C.
123 S. 22ND STREET
PHILADELPHIA, PA 19103
215.568.3500
215.568.3501 (FAX)
WWW.MESSALAW.COM

99

*Jane Doe K.K. v. Lyft, Inc., et al.*
*Plaintiff's Third Amended Complaint*

Case ID: 250402203
Control No.: 251251102

277.   As a direct and proximate result of negligence, gross negligence, willfulness, reckless and outrageous behavior of "Sin Defendants", "Assembly Defendants", "Logan Hotel Defendants" and "Skeeters Defendants", Plaintiff, Jane Doe K.K., suffered the injuries described in the Facts section above, and incorporated herein as if fully set forth.

278.   As a direct and proximate result of negligence, gross negligence, willful, wanton and outrageous conduct of "Sin Defendants", "Assembly Defendants", "Logan Hotel Defendants" and "Skeeters Defendants", Plaintiff, Jane Doe K.K., has suffered pain and suffering, humiliation, embarrassment, mental anguish, and will continue to do so for an infinite amount of time into the future.

279.   As a direct and proximate result of the negligence, gross negligence, carelessness, recklessness, wanton and/or willful conduct of "Sin Defendants", "Assembly Defendants", "Logan Hotel Defendants" and "Skeeters Defendants" Plaintiff, Jane Doe K.K., has been deprived of the past and future ordinary pleasures of life and will continue to suffer for an infinite amount of time into the future, all to her great detriment and loss.

**WHEREFORE,** Plaintiff, Jane Doe K.K., hereby demands judgment against all named Defendants jointly and severally and claim compensatory damages against all named Defendants in an amount in excess of the jurisdictional amount subject to compulsory arbitration, as well as prejudgment interest, post-judgment interest, punitive damages and delay damages.

### COUNT XIII
### LIQUOR LIABILITY
### PLAINTIFF v. THE "SIN DEFENDANTS"

Plaintiffs incorporate by reference the preceding paragraphs as if same were more fully set forth herein at length.

THE VILLARI FIRM, PLLC
258 S. 11TH STREET
PHILADELPHIA, PA 19107
215.600.1363
215.600.1309 (FAX)
WWW.VILLARIFIRM.COM

MESSA & ASSOCIATES, P.C.
123 S. 22ND STREET
PHILADELPHIA, PA 19103
215.568.3500
215.568.3501 (FAX)
WWW.MESSALAW.COM

100

*Jane Doe K.K. v. Lyft, Inc., et al.*
*Plaintiff's Third Amended Complaint*

280.   On or about the evening of January 13, 2024, Sin Philadelphia, LLC, SDG 1102 Germantown Ave, LLC, JVZ Hospitality, LLC, LMB68, LLC, WM Hospitality, LLC, and/or Justin Veasey by and through its bartenders and/or waiters and/or waitresses and/or management including but not limited to Lauren Szasz, Eric Royer, Arielle Brown a/k/a Arielle Branch, in the course of conducting business as a liquor and/or restaurant establishment, furnished and served Plaintiff Jane Doe K.K. multiple intoxicating beverages while she was visibly intoxicated.

281.   At all times material hereto, on or about the evening of January 13, 2024, Plaintiff Jane Doe K.K. was a patron of the said Defendants, Sin Philadelphia, LLC, SDG 1102 Germantown Ave, LLC, JVZ Hospitality, LLC, LMB68, LLC, WM Hospitality, LLC, and/or Justin Veasey where she was negligently, carelessly, wantonly, willfully and recklessly sold and served alcoholic beverages while she was obviously in a visibly intoxicated condition, in violation of applicable Pennsylvania Law.

282.   It was reasonably foreseeable to Sin Philadelphia, LLC, SDG 1102 Germantown Ave, LLC, JVZ Hospitality, LLC, LMB68, LLC, WM Hospitality, LLC, and/or Justin Veasey by and through its bartenders and/or waiters and/or waitresses and/or management including but not limited to Arielle Brown a/k/a Arielle Branch, Lauren Szasz and Eric Royer that overserving an obviously intoxicated female patron would place her at increased risk of harm during transportation following departure from the premises.

283.   At all times material hereto, the negligent, careless, willful, wanton and reckless acts and conduct by Sin Philadelphia, LLC, SDG 1102 Germantown Ave, LLC, JVZ Hospitality, LLC, LMB68, LLC, WM Hospitality, LLC and/or Justin Veasey by and

*Jane Doe K.K. v. Lyft, Inc., et al.*
*Plaintiff's Third Amended Complaint*

THE VILLARI FIRM, PLLC
258 S. 11TH STREET
PHILADELPHIA, PA 19107
215.600.1963
215.600.1300 (FAX)
WWW.VILLARIFIRM.COM

MESSA & ASSOCIATES, P.C.
123 S. 22ND STREET
PHILADELPHIA, PA 19103
215.568.3500
215.568.3501 (FAX)
WWW.MESSALAW.COM

Case ID: 250402203
Control No.: 25123102

through its agents, servants, representatives and/or employees was outrageous and was a legal cause of the inebriation, the need to order a rideshare through Defendant, Lyft, Inc., and, ultimately, the sexual assault sustained by Plaintiff, and consists of the following:

    a. *outrageously, recklessly, negligently and carelessly serving intoxicating beverages in such quantities to Plaintiff Jane Doe K.K. as to cause her to become intoxicated;*

    b. *outrageously, recklessly, negligently and carelessly continuing to serve intoxicating beverages to Plaintiff Jane Doe K.K. at a time when the agents, servants, representatives and/or employees of Sin Philadelphia, LLC, SDG 1102 Germantown Ave, LLC, JVZ Hospitality, LLC, LMB68, LLC, WM Hospitality, LLC and/or Justin Veasey knew or should have known that Jane Doe K.K. was visibly intoxicated;*

    c. *employing incompetently trained bartenders, waiters and/or waitresses and/or other employees, agents, representatives and/or servants;*

    d. *recklessly, negligently and carelessly failing to instruct or train its agents, servants, representatives and/or employees regarding the amounts of intoxicating beverages to be serves to customers, patrons and/or business invitees of the Defendant;*

    e. *recklessly, negligently and carelessly failing to instruct or train its agents, servants, representatives and/or employees to recognize the signs of visible intoxication;*

    f. *recklessly failing to have or follow an established program instituted and operating which would prevent service to visibly intoxicated patrons;*

    g. *recklessly failing to stop service of intoxicating beverages to Plaintiff Jane Doe K.K., who was obviously and visibly intoxicated and in a condition constituting an unreasonable and outrageous risk of harm to other persons;*

    h. *recklessly serving liquor, malt or brewed beverages and permitting liquor, malt or brewed beverages to be served, furnished or given to persons who are visibly intoxicated in violation of the laws of the Commonwealth of Pennsylvania and in particular the Pennsylvania Liquor Code, 47 Pa.C.S.A. §4-493;*

    i. *recklessly violating the terms and conditions of the liquor license issued to Defendant;*

    j. *other acts or omissions constituting negligence, gross negligence, recklessness, and carelessness as may be ascertained through discovery and may be demonstrated by the evidence at the trial of this case.*

    284. As a direct and proximate result of the negligence, carelessness, recklessness, willful and tortious conduct of Defendant Sin Philadelphia, LLC, SDG 1102

THE VILLARI FIRM, PLLC
258 S. 11ᵀᴴ STREET
PHILADELPHIA, PA 19107
215.600.1363
215.600.1309 (FAX)
WWW.VILLARIFIRM.COM

MESSA & ASSOCIATES, P.C.
123 S. 22ᴺᴰ STREET
PHILADELPHIA, PA 19103
215.568.3500
215.568.3501 (FAX)
WWW.MESSALAW.COM

*Jane Doe K.K. v. Lyft, Inc., et al.*
*Plaintiff's Third Amended Complaint*

Case ID: 250402203
Control No.: 25123203

Germantown Ave, LLC, JVZ Hospitality, LLC, LMB68, LLC, WM Hospitality, LLC and/or Justin Veasey Plaintiff, Jane Doe K.K., was severely and permanently injured.

285. As a direct and proximate result of negligence, gross negligence, willfulness, reckless and outrageous behavior of Defendant Sin Philadelphia, LLC, SDG 1102 Germantown Ave, LLC, JVZ Hospitality, LLC, LMB68, LLC, WM Hospitality, LLC and/or Justin Veasey Plaintiff, Jane Doe K.K., suffered the injuries described in the Facts section above, and incorporated herein as if fully set forth.

286. As a direct and proximate result of negligence, gross negligence, willful, wanton and outrageous conduct of Defendant Sin Philadelphia, LLC, SDG 1102 Germantown Ave, LLC, JVZ Hospitality, LLC, LMB68, LLC, WM Hospitality, LLC and/or Justin Veasey Plaintiff, Jane Doe K.K., has suffered pain and suffering, humiliation, embarrassment, mental anguish, and will continue to do so for an infinite amount of time into the future.

287. As a direct and proximate result of the negligence, gross negligence, carelessness, recklessness, wanton and/or willful conduct of Defendant Sin Philadelphia, LLC, SDG 1102 Germantown Ave, LLC, JVZ Hospitality, LLC, LMB68, LLC, WM Hospitality, LLC and/or Justin Veasey, Plaintiff, Jane Doe K.K., has been deprived of the past and future ordinary pleasures of life and will continue to suffer for an infinite amount of time into the future, all to her great detriment and loss.

**WHEREFORE,** Plaintiff, Jane Doe K.K., hereby demands judgment against all named Defendants jointly and severally and claim compensatory damages against all named Defendants in an amount in excess of the jurisdictional amount subject to compulsory arbitration, as well as prejudgment interest, post-judgment interest,

THE VILLARI FIRM, PLLC
25 S. 11TH STREET
PHILADELPHIA, PA 19107
215.600.1363
215.600.1309 (FAX)
WWW.VILLARIFIRM.COM

MESSA & ASSOCIATES, P.C.
123 S. 22ND STREET
PHILADELPHIA, PA 19103
215.568.3500
215.568.3501 (FAX)
WWW.MESSALAW.COM

103

*Jane Doe K.K. v. Lyft, Inc., et al.*
*Plaintiff's Third Amended Complaint*

Case ID: 250402203
Control No.: 25123102

punitive damages and delay damages.

**COUNT XIV**
**LIQUOR LIABILITY**
**PLAINTIFF v. THE "SKEETERS DEFENDANTS'**

Plaintiffs incorporate by reference the preceding paragraphs as if same were more fully set forth herein at length.

288.   On or about the evening of January 13, 2024 and/or the early morning hours of January 14, 2024, Skeeters Pub and Reggie's, Inc., by and through its bartenders and/or waiters and/or waitresses and/or management, in the course of conducting business as a liquor and/or restaurant establishment, furnished and served Plaintiff Jane Doe K.K. multiple intoxicating beverages while she was visibly intoxicated.

289.   At all times material hereto, on or about the evening of January 13, 2024, and/or the early morning hours of January 14, 2024, Plaintiff Jane Doe K.K. was a patron of the said Defendants, Skeeters Pub and Reggie's, Inc., where she was negligently, carelessly, wantonly, willfully and recklessly sold and served alcoholic beverages while she was obviously in a visibly intoxicated condition, in violation of applicable Pennsylvania Law.

290.   It was reasonably foreseeable to Skeeters Pub and Reggie's, Inc., by and through its bartenders and/or waiters and/or waitresses and/or management that overserving an obviously intoxicated female patron would place her at increased risk of harm during transportation following departure from the premises.

291.   At all times material hereto, the negligent, careless, willful, wanton and reckless acts and conduct by Skeeters Pub and Reggie's, Inc., by and through its agents,

THE VILLARI FIRM, PLLC
258 S. 11TH STREET
PHILADELPHIA, PA 19107
215.600.1303
215.600.1309 (FAX)
WWW.VILLARIFIRM.COM

MESSA & ASSOCIATES, P.C.
123 S. 22ND STREET
PHILADELPHIA, PA 19103
215.568.3500
215.568.3501 (FAX)
WWW.MESSALAW.COM

104


*Jane Doe K.K. v. Lyft, Inc., et al.*
*Plaintiff's Third Amended Complaint*


Case ID: 250402203
Control No.: 25123162

servants, representatives and/or employees was outrageous and was a legal cause of the inebriation, the need to order a rideshare through Defendant, Lyft, Inc., and, ultimately, the sexual assault sustained by Plaintiff, and consists of the following:

    a. *outrageously, recklessly, negligently and carelessly serving intoxicating beverages in such quantities to Plaintiff Jane Doe K.K. as to cause her to become intoxicated;*

    b. *outrageously, recklessly, negligently and carelessly continuing to serve intoxicating beverages to Plaintiff Jane Doe K.K. at a time when the agents, servants, representatives and/or employees of Skeeters Pub and Reggie's, Inc. knew or should have known that Jane Doe K.K. was visibly intoxicated;*

    c. *employing incompetently trained bartenders, waiters and/or waitresses and/or other employees, agents, representatives and/or servants;*

    d. *recklessly, negligently and carelessly failing to instruct or train its agents, servants, representatives and/or employees regarding the amounts of intoxicating beverages to be serves to customers, patrons and/or business invitees of the Defendant;*

    e. *recklessly, negligently and carelessly failing to instruct or train its agents, servants, representatives and/or employees to recognize the signs of visible intoxication;*

    f. *recklessly failing to have or follow an established program instituted and operating which would prevent service to visibly intoxicated patrons;*

    g. *recklessly failing to stop service of intoxicating beverages to Plaintiff Jane Doe K.K., who was obviously and visibly intoxicated and in a condition constituting an unreasonable and outrageous risk of harm to other persons;*

    h. *recklessly serving liquor, malt or brewed beverages and permitting liquor, malt or brewed beverages to be served, furnished or given to persons who are visibly intoxicated in violation of the laws of the Commonwealth of Pennsylvania and in particular the Pennsylvania Liquor Code, 47 Pa.C.S.A. §4-493;*

    i. *recklessly violating the terms and conditions of the liquor license issued to Defendant;*

    j. *other acts or omissions constituting negligence, gross negligence, recklessness, and carelessness as may be ascertained through discovery and may be demonstrated by the evidence at the trial of this case.*

292. As a direct and proximate result of the negligence, carelessness, recklessness, willful and tortious conduct of Defendants Skeeters Pub and Reggie's, Inc., Plaintiff, Jane Doe K.K., was severely and permanently injured.

THE VILLARI FIRM, PLLC
25 S. 11TH STREET
PHILADELPHIA, PA 19107
215.600.1363
215.600.1309 (FAX)
WWW.VILLARIFIRM.COM

MESSA & ASSOCIATES, P.C.
123 S. 22ND STREET
PHILADELPHIA, PA 19103
215.568.3500
215.568.3501 (FAX)
WWW.MESSALAW.COM

105

*Jane Doe K.K. v. Lyft, Inc., et al.*
*Plaintiff's Third Amended Complaint*

Case ID: 250402203
Control No.: 251231162


293.    As a direct and proximate result of negligence, gross negligence, willfulness, reckless and outrageous behavior of Defendants Skeeters Pub and Reggie's, Inc., Plaintiff, Jane Doe K.K., suffered the injuries described in the Facts section above, and incorporated herein as if fully set forth.

294.    As a direct and proximate result of negligence, gross negligence, willful, wanton and outrageous conduct of Defendants Skeeters Pub and Reggie's, Inc., Plaintiff, Jane Doe K.K., has suffered pain and suffering, humiliation, embarrassment, mental anguish, and will continue to do so for an infinite amount of time into the future.

295.    As a direct and proximate result of the negligence, gross negligence, carelessness, recklessness, wanton and/or willful conduct of Defendants Skeeters Pub and Reggie's, Inc., Plaintiff, Jane Doe K.K., has been deprived of the past and future ordinary pleasures of life and will continue to suffer for an infinite amount of time into the future, all to her great detriment and loss.

**WHEREFORE,** Plaintiff, Jane Doe K.K., hereby demands judgment against all named Defendants jointly and severally and claim compensatory damages against all named Defendants in an amount in excess of the jurisdictional amount subject to compulsory arbitration, as well as prejudgment interest, post-judgment interest, punitive damages and delay damages.

### COUNT XV
### LIQUOR LIABILITY
### PLAINTIFF v. THE "ASSEMBLY DEFENDANTS"

Plaintiffs incorporate by reference the preceding paragraphs as if same were more fully set forth herein at length.

THE VILLARI FIRM, PLLC
258 S. 11TH STREET
PHILADELPHIA, PA 19107
215.600.1363
215.600.1309 (FAX)
WWW.VILLARIFIRM.COM

MESSA & ASSOCIATES, P.C.
123 S. 22ND STREET
PHILADELPHIA, PA 19103
215.568.3500
215.568.3501 (FAX)
WWW.MESSALAW.COM

106

*Jane Doe K.K. v. Lyft, Inc., et al.*
*Plaintiff's Third Amended Complaint*

Case ID: 250402203
Control No.: 25123103

296.     On or about the evening of January 13, 2024, Defendants Sage Hospitality Resources, LLC, d/b/a Sage Hospitality Group, and Sage Client 258, LLC, who were doing business as and publicly known as the Assembly Rooftop Lounge by and through their bartenders and/or waiters and/or waitresses and/or management, in the course of conducting business as a liquor and/or restaurant establishment, furnished and served Plaintiff Jane Doe K.K. multiple intoxicating beverages while she was visibly intoxicated.

297.     At all times material hereto, on or about the evening of January 13, 2024, Plaintiff Jane Doe K.K. was a patron of the said Defendants, Sage Hospitality Resources, LLC D/B/A Sage Hospitality Group and Sage Client 258, LLC, who were doing business as and publicly known as the Assembly Rooftop Lounge where she was negligently, carelessly, wantonly, willfully and recklessly sold and served alcoholic beverages while she was obviously in a visibly intoxicated condition, in violation of applicable Pennsylvania Law.

298.     It was reasonably foreseeable to  Sage Hospitality Resources, LLC D/B/A Sage Hospitality Group and Sage Client 258, LLC by and through its bartenders and/or waiters and/or waitresses and/or management including " Yogev A" but not limited to that overserving an obviously intoxicated female patron would place her at increased risk of harm during transportation following departure from the premises.

299.     At all times material hereto, the negligent, careless, willful, wanton and reckless acts and conduct by Defendants Sage Hospitality Resources, LLC D/B/A Sage Hospitality Group and Sage Client 258, LLC, who were doing business as and publicly known as the Assembly Rooftop Lounge by and through its agents, servants, representatives and/or employees was outrageous and was a legal cause of the inebriation, the need to order a rideshare through Defendant, Lyft, Inc., and, ultimately,

THE VILLARI FIRM, PLLC
258 S. 11TH STREET
PHILADELPHIA, PA 19107
215.600.1303
215.600.1309 (FAX)
WWW.VILLARIFIRM.COM

MESSA & ASSOCIATES, P.C.
123 S. 22ND STREET
PHILADELPHIA, PA 19103
215.568.3500
215.568.3501 (FAX)
WWW.MESSALAW.COM

*Jane Doe K.K. v. Lyft, Inc., et al.*
*Plaintiff's Third Amended Complaint*

Case ID: 250402203
Control No.: 25123162

the sexual assault sustained by Plaintiff, and consists of the following:

    a. *outrageously, recklessly, negligently and carelessly serving intoxicating beverages in such quantities to Plaintiff Jane Doe K.K. as to cause her to become intoxicated;*

    b. *outrageously, recklessly, negligently and carelessly continuing to serve intoxicating beverages to Plaintiff Jane Doe K.K. at a time when the agents, servants, representatives and/or employees of-Sage Hospitality Resources, LLC D/B/A Sage Hospitality Group, and Sage Client 258, LLC who were doing business as and publicly known as the Assembly Rooftop Lounge, knew or should have known that Jane Doe K.K. was visibly intoxicated;*

    c. *employing incompetently trained bartenders, waiters and/or waitresses and/or other employees, agents, representatives and/or servants;*

    d. *recklessly, negligently and carelessly failing to instruct or train its agents, servants, representatives and/or employees regarding the amounts of intoxicating beverages to be serves to customers, patrons and/or business invitees of the Defendant;*

    e. *recklessly, negligently and carelessly failing to instruct or train its agents, servants, representatives and/or employees to recognize the signs of visible intoxication;*

    f. *recklessly failing to have or follow an established program instituted and operating which would prevent service to visibly intoxicated patrons;*

    g. *recklessly failing to stop service of intoxicating beverages to Plaintiff Jane Doe K.K., who was obviously and visibly intoxicated and in a condition constituting an unreasonable and outrageous risk of harm to other persons;*

    h. *recklessly serving liquor, malt or brewed beverages and permitting liquor, malt or brewed beverages to be served, furnished or given to persons who are visibly intoxicated in violation of the laws of the Commonwealth of Pennsylvania and in particular the Pennsylvania Liquor Code, 47 Pa.C.S.A. §4-493;*

    i. *recklessly violating the terms and conditions of the liquor license issued to Defendant.*

    j. *other acts or omissions constituting negligence, gross negligence, recklessness, and carelessness as may be ascertained through discovery and may be demonstrated by the evidence at the trial of this case.*

300. As a direct and proximate result of the negligence, carelessness, recklessness, willful and tortious conduct of Defendants Sage Hospitality Resources, LLC D/B/A Sage Hospitality Group and Sage Client 258, LLC, who were doing business as and publicly known as the Assembly Rooftop Lounge, Plaintiff, Jane Doe K.K., was severely

THE VILLARI FIRM, PLLC
258 S. 11TH STREET
PHILADELPHIA, PA 19107
215.600.1355
215.600.1309 (FAX)
WWW.VILLARIFIRM.COM

MESSA & ASSOCIATES, P.C.
123 S. 22ND STREET
PHILADELPHIA, PA 19103
215.568.3500
215.568.3501 (FAX)
WWW.MESSALAW.COM


*Jane Doe K.K. v. Lyft, Inc., et al.*
*Plaintiff's Third Amended Complaint*


Case ID: 250402203
Control No.: 25125162

and permanently injured.

301.   As a direct and proximate result of negligence, gross negligence, willfulness, reckless and outrageous behavior of Defendants Sage Hospitality Resources, LLC D/B/A Sage Hospitality Group and Sage Client 258, LLC, who were doing business as and publicly known as the Assembly Rooftop Lounge Plaintiff, Jane Doe K.K., suffered the injuries described in the Facts section above, and incorporated herein as if fully set forth.

302.   As a direct and proximate result of negligence, gross negligence, willful, wanton and outrageous conduct of Defendants Sage Hospitality Resources, LLC D/B/A Sage Hospitality Group and Sage Client 258, LLC, who were doing business as and publicly known as the Assembly Rooftop Lounge --Plaintiff, Jane Doe K.K., has suffered pain and suffering, humiliation, embarrassment, mental anguish, and will continue to do so for an infinite amount of time into the future.

303.   As a direct and proximate result of the negligence, gross negligence, carelessness, recklessness, wanton and/or willful conduct of Defendants Sage Hospitality Resources, LLC D/B/A Sage Hospitality Group and Sage Client 258, LLC, who were doing business as and publicly known as the Assembly Rooftop Lounge-- Plaintiff, Jane Doe K.K., has been deprived of the past and future ordinary pleasures of life and will continue to suffer for an infinite amount of time into the future, all to her great detriment and loss.

**WHEREFORE,** Plaintiff, Jane Doe K.K., hereby demands judgment against all named Defendants jointly and severally and claim compensatory damages against all named Defendants in an amount in excess of the jurisdictional amount subject to compulsory arbitration, as well as prejudgment interest, post-judgment interest, punitive damages and delay damages.

THE VILLARI FIRM, PLLC
25 S. 11TH STREET
PHILADELPHIA, PA 19107
215.600.1303
215.600.1309 (FAX)
WWW.VILLARIFIRM.COM

MESSA & ASSOCIATES, P.C.
123 S. 22ND STREET
PHILADELPHIA, PA 19103
215.568.3500
215.568.3501 (FAX)
WWW.MESSALAW.COM

109

*Jane Doe K.K. v. Lyft, Inc., et al.*
*Plaintiff's Third Amended Complaint*

Case ID: 250402203
Control No.: 25123102

**COUNT XVI**
**LIQUOR LIABILITY**
**PLAINTIFF v. THE "LOGAN HOTEL DEFENDANTS"**

Plaintiffs incorporate by reference the preceding paragraphs as if same were more fully set forth herein at length.

304. On or about the evening of January 13, 2024, Defendants—Hilton Worldwide, Inc., Hilton Franchise Holding, LLC, Park Hotels & Resorts, Inc., Host Hotels & Resorts, LP, HMC OLS II, LP and CCFS Philadelphia, LLC, who were doing business as and publicly known as The Logan Philadelphia's Hotel by and through its bartenders and/or waiters and/or waitresses and/or management including their ostensible employee and/or agent, Yogev Avidar in the course of conducting business as a liquor and/or restaurant establishment, publicly known as the Assembly Rooftop Lounge, furnished and served Plaintiff Jane Doe K.K. multiple intoxicating beverages while she was visibly intoxicated.

305. At all times material hereto, on or about the evening of January 13, 2024, Plaintiff Jane Doe K.K. was a patron of the said Defendants, Hilton Worldwide, Inc., Hilton Franchise Holding, LLC, Park Hotels & Resorts, Inc., Host Hotels & Resorts, LP, HMC OLS II, LP and CCFS Philadelphia, LLC, who were doing business as and publicly known as The Logan Philadelphia's Hotel, where she was negligently, carelessly, wantonly, willfully and recklessly sold and served alcoholic beverages at the publicly known "Assembly Rooftop Lounge" while she was obviously in a visibly intoxicated condition, in violation of applicable Pennsylvania Law.

306. It was reasonably foreseeable to Hilton Worldwide, Inc., Hilton Franchise Holding, LLC, Park Hotels & Resorts, Inc., Host Hotels & Resorts, LP, HMC OLS II, LP

THE VILLARI FIRM, PLLC
258 S. 11TH STREET
PHILADELPHIA, PA 19107
215.600.1363
215.600.1309 (FAX)
WWW.VILLARIFIRM.COM

MESSA & ASSOCIATES, P.C.
123 S. 22ND STREET
PHILADELPHIA, PA 19103
215.568.3500
215.568.3501 (FAX)
WWW.MESSALAW.COM

110

Case ID: 250402203
Control No.: 25040263

and CCFS Philadelphia, LLC, by and through its bartenders and/or waiters and/or waitresses and/or management including but not limited to "Yogev Avidar" that overserving an obviously intoxicated female patron would place her at increased risk of harm during transportation following departure from the premises.

307. At all times material hereto, Hilton Worldwide, Inc., Hilton Franchise Holding, LLC, Park Hotels & Resorts, Inc., Host Hotels & Resorts, LP, HMC OLS II, LP and CCFS Philadelphia, LLC, who were doing business as and publicly known as The Logan Philadelphia's Hotel by and through its agents, servants, representatives and/or employees serving alcohol at the hotel's Assembly Rooftop Lounge, was outrageous and was a legal cause of the inebriation, the need to order a rideshare through Defendant, Lyft, Inc., and, ultimately, the sexual assault sustained by Plaintiff, and consists of the following:

   a. *outrageously, recklessly, negligently and carelessly serving intoxicating beverages in such quantities to Plaintiff Jane Doe K.K. as to cause her to become intoxicated;*
   b. *outrageously, recklessly, negligently and carelessly continuing to serve intoxicating beverages to Plaintiff Jane Doe K.K. at a time when the agents, servants, representatives and/or employees of Hilton Worldwide, Inc., Hilton Franchise Holding, LLC, Park Hotels & Resorts, Inc., Host Hotels & Resorts, LP, HMC OLS II, LP and CCFS Philadelphia, LLC, who were doing business as and publicly known as The Logan Philadelphia's Hotel knew or should have known that Jane Doe K.K. was visibly intoxicated;*
   c. *employing incompetently trained bartenders, waiters and/or waitresses and/or other employees, agents, representatives and/or servants;*
   d. *recklessly, negligently and carelessly failing to instruct or train its agents, servants, representatives and/or employees regarding the amounts of intoxicating beverages to be serves to customers, patrons and/or business invitees of the Defendant;*
   e. *recklessly, negligently and carelessly failing to instruct or train its agents, servants, representatives and/or employees to recognize the signs of visible intoxication;*
   f. *recklessly failing to have or follow an established program instituted and operating which would prevent service to visibly intoxicated patrons;*

THE VILLARI FIRM, PLLC
25 S S. 11TH STREET
PHILADELPHIA, PA 19107
215.600.1393
215.600.1309 (FAX)
WWW.VILLARIFIRM.COM

MESSA & ASSOCIATES, P.C.
123 S. 22ND STREET
PHILADELPHIA, PA 19103
215.568.3500
215.568.3501 (FAX)
WWW.MESSALAW.COM

111

*Jane Doe K.K. v. Lyft, Inc., et al.*
*Plaintiff's Third Amended Complaint*

g. *recklessly failing to stop service of intoxicating beverages to Plaintiff Jane Doe K.K., who was obviously and visibly intoxicated and in a condition constituting an unreasonable and outrageous risk of harm to other persons;*

h. *recklessly serving liquor, malt or brewed beverages and permitting liquor, malt or brewed beverages to be served, furnished or given to persons who are visibly intoxicated in violation of the laws of the Commonwealth of Pennsylvania and in particular the Pennsylvania Liquor Code, 47 Pa.C.S.A. §4-493;*

i. *recklessly violating the terms and conditions of the liquor license issued to Defendant;*

j. *other acts or omissions constituting negligence, gross negligence, recklessness, and carelessness as may be ascertained through discovery and may be demonstrated by the evidence at the trial of this case.*

308. As a direct and proximate result of the negligence, carelessness, recklessness, willful and tortious conduct of Defendants Hilton Worldwide, Inc., Hilton Franchise Holding, LLC, Park Hotels & Resorts, Inc., Host Hotels & Resorts, LP, HMC OLS II, LP and CCFS Philadelphia, LLC, who were doing business as and publicly known as The Logan Philadelphia's Hotel Plaintiff, Jane Doe K.K., was severely and permanently injured.

309. As a direct and proximate result of negligence, gross negligence, willfulness, reckless and outrageous behavior of Defendants Hilton Worldwide, Inc., Hilton Franchise Holding, LLC, Park Hotels & Resorts, Inc., Host Hotels & Resorts, LP, HMC OLS II, LP and CCFS Philadelphia, LLC, who were doing business as and publicly known as The Logan Philadelphia's Hotel Plaintiff, Jane Doe K.K., suffered the injuries described in the Facts section above, and incorporated herein as if fully set forth.

310. As a direct and proximate result of negligence, gross negligence, willful, wanton and outrageous conduct of Defendants Hilton Worldwide, Inc., Hilton Franchise Holding, LLC, Park Hotels & Resorts, Inc., Host Hotels & Resorts, LP, HMC OLS II, LP and CCFS Philadelphia, LLC, who were doing business as and publicly known as The

THE VILLARI FIRM, PLLC
258 S. 11TH STREET
PHILADELPHIA, PA 19107
215.600.1303
215.600.1363 (FAX)
WWW.VILLARIFIRM.COM

MESSA & ASSOCIATES, P.C.
123 S. 22ND STREET
PHILADELPHIA, PA 19103
215.568.3500
215.568.3501 (FAX)
WWW.MESSALAW.COM

*Jane Doe K.K. v. Lyft, Inc., et al.*
*Plaintiff's Third Amended Complaint*

Case ID: 250402203
Control No.: 25043163

Logan Philadelphia's Hotel Plaintiff, Jane Doe K.K., has suffered pain and suffering, humiliation, embarrassment, mental anguish, and will continue to do so for an infinite amount of time into the future.

311.    As a direct and proximate result of the negligence, gross negligence, carelessness, recklessness, wanton and/or willful conduct of Defendants Hilton Worldwide, Inc., Hilton Franchise Holding, LLC, Park Hotels & Resorts, Inc., Host Hotels & Resorts, LP, HMC OLS II, LP and CCFS Philadelphia, LLC, who were doing business as and publicly known as The Logan Philadelphia's Hotel, Plaintiff, Jane Doe K.K., has been deprived of the past and future ordinary pleasures of life and will continue to suffer for an infinite amount of time into the future, all to her great detriment and loss.

**WHEREFORE,** Plaintiff, Jane Doe K.K., hereby demands judgment against all named Defendants jointly and severally and claim compensatory damages against all named Defendants in an amount in excess of the jurisdictional amount subject to compulsory arbitration, as well as prejudgment interest, post-judgment interest, punitive damages and delay damages.

## COUNT XVII
### NEGLIGENCE
### PLAINTIFF v. DEFENDANTS, JOHN/JANE DOE I thru III
### (Drivers/Operation of Vehicle)

Plaintiffs incorporate by reference the preceding paragraphs as if same were more fully set forth herein at length.

312.    It is believed and therefore averred that Defendants Enes Aydin, Omer F. Arcagok and/or Lyft, Inc. utilized unknown drivers/operators of the subject Tesla vehicle that were present and/or involved in the subject January 13-14, 2024 sexual assault

THE VILLARI FIRM, PLLC
25 S. 11TH STREET
PHILADELPHIA, PA 19107
215.600.1303
215.600.1305 (FAX)
WWW.VILLARIFIRM.COM

MESSA & ASSOCIATES, P.C.
123 S. 22ND STREET
PHILADELPHIA, PA 19103
215.568.3500
215.568.3501 (FAX)
WWW.MESSALAW.COM

*Jane Doe K.K. v. Lyft, Inc., et al.*
*Plaintiff's Third Amended Complaint*

Case ID: 250402203
Control No.: 25123162

and/or events leading up to/after the sexual assault, hence the reason for incorporating John/Jane Doe I thru III as Defendants in this Complaint.

313.    Defendants, John/Jane Doe I thru III are directly liable for his/her own negligent, careless and reckless indifference toward Plaintiff, K.K. In addition, John/Jane Doe I thru III are vicariously liable for the negligence and carelessness of his/her agents, servants, employees, apparent agents and ostensible agents, and all other person who participated in the driving and/or operating of the subject Tesla vehicle transporting K.K. by and through Defendants, Lyft, Inc.'s mobile app, and their identities are not yet known to Plaintiff.

314.    These Defendants were directed and controlled by Defendant, Lyft, Inc., who did so through its policies, procedures, and Lyft driver app.

315.    The acts of Defendants, John/Jane Doe I thru III during the course and scope of their employment, directly and/or indirectly resulted in harmful or offensive contact with the body of Plaintiff, Jane Doe K.K., including but not limited to:

   a. *indecent Assault, pursuant to 18 Pa.C.S.A. §3126;*
   b. *aggravated Indecent Assault, pursuant to 18 Pa.C.S.A. §3125;*
   c. *sexual Assault, pursuant to 18 Pa.C.S.A. §3124.1;*
   d. *involuntary Deviate Sexual Intercourse, pursuant to 18 Pa.C.S.A. §3123;*
   e. *simple Assault, pursuant to 18 Pa.C.S.A. §2701;*
   f. *negligently, falsely imprisoning Jane Doe, K.K.;*
   g. *offensive sexual, impermissive touching;*
   h. *impermissive touching;*
   i. *impermissive sexual conduct when Plaintiff was not able to consent*
   j. *other acts or omissions constituting negligence, gross negligence, recklessness, and carelessness as may be ascertained through discovery and may be demonstrated by the evidence at the trial of this case.*

316.    As a direct and proximate result of the negligence, carelessness, recklessness, willful and tortious conduct of Defendants, John/Jane Doe I thru III, Jane Doe K.K., was severely and permanently injured.

THE VILLARI FIRM, PLLC
258 S. 11TH STREET
PHILADELPHIA, PA 19107
215.600.1363
215.600.1309 (FAX)
WWW.VILLARIFIRM.COM

MESSA & ASSOCIATES, P.C.
123 S. 22ND STREET
PHILADELPHIA, PA 19103
215.568.3500
215.568.3501 (FAX)
WWW.MESSALAW.COM

114

*Jane Doe K.K. v. Lyft, Inc., et al.*
*Plaintiff's Third Amended Complaint*

Case ID: 250402203
Control No.: 250402203

317.    As a direct and proximate result of negligence, gross negligence, willfulness, reckless and outrageous behavior of Defendants John/Jane Doe I thru III, Plaintiff, Jane Doe K.K., suffered the injuries described in the Facts section above, and incorporated herein as if fully set forth.

318.    As a direct and proximate result of negligence, gross negligence, willful, wanton and outrageous conduct of Defendants John/Jane Doe I thru III, Plaintiff, Jane Doe K.K., has suffered pain and suffering, humiliation, embarrassment, mental anguish, and will continue to do so for an infinite amount of time into the future.

319.    As a direct and proximate result of the negligence, gross negligence, carelessness, recklessness, wanton and/or willful conduct of Defendants John/Jane Doe I thru III, Plaintiff, Jane Doe K.K., has been deprived of the past and future ordinary pleasures of life and will continue to suffer for an infinite amount of time into the future, all to her great detriment and loss.

**WHEREFORE,** Plaintiff, Jane Doe K.K., hereby demands judgment against all named Defendants jointly and severally and claim compensatory damages against all named Defendants in an amount in excess of the jurisdictional amount subject to compulsory arbitration, as well as prejudgment interest, post-judgment interest, punitive damages and delay damages.

### COUNT XVIII
### NEGLIGENT ENTRUSTMENT
### PLAINTIFF v. DEFENDANTS, JOHN/JANE DOE IV thru V
### (Owners and/or Possessors of the subject Tesla)

Plaintiffs incorporate by reference the preceding paragraphs as if same were more fully set forth herein at length.

THE VILLARI FIRM, PLLC
258 S. 11TH STREET
PHILADELPHIA, PA 19107
215.600.1963
215.600.1309 (FAX)
WWW.VILLARIFIRM.COM

MESSA & ASSOCIATES, P.C.
123 S. 22ND STREET
PHILADELPHIA, PA 19103
215.568.3500
215.568.3501 (FAX)
WWW.MESSALAW.COM

*Jane Doe K.K. v. Lyft, Inc., et al.*
*Plaintiff's Third Amended Complaint*

Case ID: 250402203
Control No.: 25123102



320.    It is believed and therefore averred that Defendants, Enes Aydin, Omer F. Arcagok and/or Lyft, Inc. utilized unknown owners and/or possessors of the subject Tesla vehicle that were present and/or involved in the subject January 13-14, 2024 sexual assault and/or events leading up to/after the sexual assault, hence the reason for incorporating John/Jane Doe IV thru V as Defendants in this Complaint.

321.    Defendants, John/Jane Doe IV thru V are directly liable for his/her own negligent, careless and reckless indifference toward Plaintiff, K.K. In addition, John/Jane Doe IV thru V are vicariously liable for the negligence and carelessness of his/her agents, servants, employees, apparent agents and ostensible agents, and all other person who participated in the driving and/or operating and/or owning and/or possessing of the subject Tesla vehicle transporting K.K. by and through Defendants, Lyft, Inc.'s mobile app, and their identities are not yet known to Plaintiff.

322.    At all times relevant hereto, Defendants, John/Jane Doe IV thru V's negligence, carelessness, recklessness and such acts and omissions include the following:

    a.  *negligent entrustment of vehicle;*
    b.  *knowing that Lyft vehicles are taken off route by the driver and failing to follow up on the push notification or radio to the police so that a wellness check can be immediately performed when the car is taken off route and/or stopped at the wrong location;*
    c.  *engaging, participating and oversight of unsafe practice of swapping Lyft accounts;*
    d.  *negligent entrustment of application, account services, utilization of the program, vehicles and equipment;*
    e.  *negligently permitting driver to use vehicle for Lyft driver app;*
    f.  *permitting vehicle swapping;*
    g.  *knowingly ignoring and/or sanctioning and/or endorsing the unsafe practice of account swapping among rideshare drivers;*
    h.  *negligently, falsely imprisoning Jane Doe, K.K.;*
    i.  *other acts or omissions constituting negligence, gross negligence, recklessness, and carelessness as may be ascertained through discovery and may be demonstrated by the evidence at the trial of this case.*

THE VILLARI FIRM, PLLC
258 S. 11TH STREET
PHILADELPHIA, PA 19107
215.600.1363
215.600.1309 (FAX)
WWW.VILLARIFIRM.COM

MESSA & ASSOCIATES, P.C.
123 S. 22ND STREET
PHILADELPHIA, PA 19103
215.568.3500
215.568.3501 (FAX)
WWW.MESSALAW.COM

116

*Jane Doe K.K. v. Lyft, Inc., et al.*
*Plaintiff's Third Amended Complaint*

Case ID: 250402203
Control No.: 25020623 

323.    As a direct and proximate result of the negligence, carelessness, recklessness, willful and tortious conduct of Defendants, John/Jane Doe IV thru V, Jane Doe K.K., was severely and permanently injured.

324.    As a direct and proximate result of negligence, gross negligence, willfulness, reckless and outrageous behavior of Defendants John/Jane Doe IV thru V, Plaintiff, Jane Doe K.K., suffered the injuries described in the Facts section above, and incorporated herein as if fully set forth.

325.    As a direct and proximate result of negligence, gross negligence, willful, wanton and outrageous conduct of Defendants John/Jane Doe IV thru V, Plaintiff, Jane Doe K.K., has suffered pain and suffering, humiliation, embarrassment, mental anguish, and will continue to do so for an infinite amount of time into the future.

326.    As a direct and proximate result of the negligence, gross negligence, carelessness, recklessness, wanton and/or willful conduct of Defendants John/Jane Doe IV thru V, Plaintiff, Jane Doe K.K., has been deprived of the past and future ordinary pleasures of life and will continue to suffer for an infinite amount of time into the future, all to her great detriment and loss.

**WHEREFORE,** Plaintiff, Jane Doe K.K., hereby demands judgment against all named Defendants jointly and severally and claim compensatory damages against all named Defendants in an amount in excess of the jurisdictional amount subject to compulsory arbitration, as well as prejudgment interest, post-judgment interest, punitive damages and delay damages.

THE VILLARI FIRM, PLLC
25B S. 11TH STREET
PHILADELPHIA, PA 19107
215.600.1263
215.600.1309 (FAX)
WWW.VILLARIFIRM.COM

MESSA & ASSOCIATES, P.C.
123 S. 22ND STREET
PHILADELPHIA, PA 19103
215.568.3500
215.568.3501 (FAX)
WWW.MESSALAW.COM

117

*Jane Doe K.K. v. Lyft, Inc., et al.*
*Plaintiff's Third Amended Complaint*

Case ID: 250402203
Control No.: 25125162

**COUNT XIX**
**LIQUOR LIABILITY**
**PLAINTIFF v. DEFENDANTS, JOHN/JANE DOE VI thru XVI**
**(Wait staff, servers, management, and/or bartenders)**

Plaintiffs incorporate by reference the preceding paragraphs as if same were more fully set forth herein at length.

327.    It is believed and therefore averred that Defendants, Sin Philadelphia, LLC, SDG 1102 Germantown Ave, LLC, JVZ Hospitality, LLC, LMB68, LLC, WM Hospitality, LLC, Justin Veasey, Skeeters Pub, Reggies, Inc., Sage Hospitality Resources, LLC d/b/a Sage Hospitality Group, Sage Client 258, LLC, Hilton Worldwide, Inc., Hilton Franchise Holding, LLC, Park Hotels & Resorts, Inc., Host Hotels & Resorts, LP, HMC OLS II, LP and CCFS Philadelphia, LLC, who were doing business as and publicly known as The Logan Philadelphia's Hotel  and its lounge publicly known as Assembly Rooftop Lounge wait staff, servers, management and/or bartenders that were present and/or served intoxicating amounts of alcohol to Jane Doe who was visibly intoxicated and prior to her getting into the subject Lyft vehicle where she was sexually assaulted while initially passed out only to awake to find her assailant-Lyft driver, hence the reason for incorporating John/Jane Doe VI thru XVI as Defendants in this Complaint.

328.    Defendants, John/Jane Doe VI thru XVI are directly liable for his/her own negligent, careless and reckless indifference toward Plaintiff, Jane Doe K.K. In addition, Jane/John Doe VI thru XVI are vicariously liable for the negligence and carelessness of his/her agents, servants, employees, apparent agents and ostensible agents, and all other persons who participated in the service/serving of Jane Doe K.K. at issue herein on January 13, 2024 and into the early morning of January 14, 2024 and are not yet known to Plaintiff.

THE VILLARI FIRM, PLLC
258 S. 11TH STREET
PHILADELPHIA, PA 19107
215.600.1963
215.600.1309 (FAX)
WWW.VILLARIFIRM.COM

MESSA & ASSOCIATES, P.C.
123 S. 22ND STREET
PHILADELPHIA, PA 19103
215.568.3500
215.568.5501 (FAX)
WWW.MESSALAW.COM

118

*Jane Doe K.K. v. Lyft, Inc., et al.*
*Plaintiff's Third Amended Complaint*

Case ID: 250402203
Control No.: 25123162


329.    It was reasonably foreseeable to the aforementioned defendants by and through John/Jane Doe VI thru XVI its bartenders and/or waiters and/or waitresses and/or management that overserving an obviously intoxicated female patron would place her at increased risk of harm during transportation following departure from the premises.

330.    At all times material hereto, the negligent, careless, willful, wanton and reckless acts and conduct by Defendants, John/Jane Doe VI thru XVI, by and through their agents, servants, representatives and/or employees was outrageous and was a legal cause of the inebriation, the need to order a rideshare through Defendant, Lyft, Inc., and, ultimately, the sexual assault sustained by Plaintiff, and consists of the following:

a. *outrageously, recklessly, negligently and carelessly serving intoxicating beverages in such quantities to Plaintiff Jane Doe K.K. as to cause her to become intoxicated;*

b. *outrageously, recklessly, negligently and carelessly continuing to serve intoxicating beverages to Plaintiff Jane Doe K.K. at a time when the agents, servants, representatives and/or employees of Sin Philadelphia, LLC, SDG 1102 Germantown Ave, LLC, JVZ Hospitality, LLC, LMB68, LLC, WM Hospitality, LLC, Justin Veasey, Skeeters Pub, Reggies, Inc., Sage Hospitality Resources, LLC d/b/a Sage Hospitality Group, Sage Client 258, LLC, who were also doing business as Assembly Rooftop Lounge,  Hilton Worldwide, Inc., Hilton Franchise Holding, LLC, Park Hotels & Resorts, Inc., Host Hotels & Resorts, LP, HMC OLS II, LP and CCFS Philadelphia, LLC, who were doing business as and publicly* known *as The Logan Philadelphia's Hotel knew or should have known that Jane Doe K.K. was visibly intoxicated;*

c. *employing incompetently trained bartenders, waiters and/or waitresses and/or other employees, agents, representatives and/or servants;*

d. *recklessly, negligently and carelessly failing to instruct or train its agents, servants, representatives and/or employees regarding the amounts of intoxicating beverages to be serves to customers, patrons and/or business invitees of the Defendant;*

e. *recklessly, negligently and carelessly failing to instruct or train its agents, servants, representatives and/or employees to recognize the signs of visible intoxication;*

f. *recklessly failing to have or follow an established program instituted and operating which would prevent service to visibly intoxicated patrons;*

g. *recklessly failing to stop service of intoxicating beverages to Plaintiff Jane*

The Villari Firm, PLLC
25 S. 11TH STREET
PHILADELPHIA, PA 19107
215.600.1593
215.600.1595 (FAX)
WWW.VILLARIFIRM.COM

MESSA & ASSOCIATES, P.C.
123 S. 22ND STREET
PHILADELPHIA, PA 19103
215.568.3500
215.568.3501 (FAX)
WWW.MESSALAW.COM

119



Case ID: 250402203
Control No.: 25125102

Doe K.K., who was obviously and visibly intoxicated and in a condition constituting an unreasonable and outrageous risk of harm to other persons;

h. recklessly serving liquor, malt or brewed beverages and permitting liquor, malt or brewed beverages to be served, furnished or given to persons who are visibly intoxicated in violation of the laws of the Commonwealth of Pennsylvania and in particular the Pennsylvania Liquor Code, 47 Pa.C.S.A. §4-493;

i. recklessly violating the terms and conditions of the liquor license issued to Defendant;

j. other acts or omissions constituting negligence, gross negligence, recklessness, and carelessness as may be ascertained through discovery and may be demonstrated by the evidence at the trial of this case.

331. As a direct and proximate result of the negligence, carelessness, recklessness, willful and tortious conduct of Defendants John/Jane Doe VI thru XVI, Plaintiff, Jane Doe K.K., was severely and permanently injured.

332. As a direct and proximate result of negligence, gross negligence, willfulness, reckless and outrageous behavior of Defendants John/Jane Doe VI thru XVI, Plaintiff, Jane Doe K.K., suffered the injuries described in the Facts section above, and incorporated herein as if fully set forth.

333. As a direct and proximate result of negligence, gross negligence, willful, wanton and outrageous conduct of Defendants John/Jane Doe VI thru XVI, Plaintiff, Jane Doe K.K., has suffered pain and suffering, humiliation, embarrassment, mental anguish, and will continue to do so for an infinite amount of time into the future.

334. As a direct and proximate result of the negligence, gross negligence, carelessness, recklessness, wanton and/or willful conduct of Defendants John/Jane Doe VI thru XVI, Plaintiff, Jane Doe K.K., has been deprived of the past and future ordinary pleasures of life and will continue to suffer for an infinite amount of time into the future, all to her great detriment and loss.

THE VILLARI FIRM, PLLC
258 S. 11ᵀᴴ STREET
PHILADELPHIA, PA 19107
215.600.1303
215.600.1309 (FAX)
WWW.VILLARIFIRM.COM

MESSA & ASSOCIATES, P.C.
123 S. 22ᴺᴰ STREET
PHILADELPHIA, PA 19103
215.568.3500
215.568.3501 (FAX)
WWW.MESSALAW.COM

*Jane Doe K.K. v. Lyft, Inc., et al.*
*Plaintiff's Third Amended Complaint*

Case ID: 250402203
Control No.: 25030203

**WHEREFORE,** Plaintiff, Jane Doe K.K., hereby demands judgment against all named Defendants jointly and severally and claim compensatory damages against all named Defendants in an amount in excess of the jurisdictional amount subject to compulsory arbitration, as well as prejudgment interest, post-judgment interest, punitive damages and delay damages.

### COUNT XX
### LIQUOR LIABILITY AND NEGLIGENCE
### PLAINTIFF v. DEFENDANTS, ABC CORPORATION I thru VII
### (Restaurants, bars, hospitality groups, property management, management and/or hotels)

Plaintiffs incorporate by reference the preceding paragraphs as if same were more fully set forth herein at length.

335.   It is believed and therefore averred that Defendants, ABC Corporations I thru VII employed agents, servants and/or employees that were present and/or served intoxicating amounts of alcohol to Jane Doe K.K. who was visibly intoxicated and prior to her getting into the subject Lyft vehicle where she was sexually assaulted while initially passed out only to awake to find her assailant-Lyft driver, hence the reason for incorporating ABC Corporations I thru VII as Defendants in this Complaint.

336.   Defendants, ABC Corporations I thru VII are directly liable for their negligent, careless and reckless indifference toward Plaintiff, Jane Doe K.K. In addition, ABC Corporations I thru VII are vicariously liable for the negligence and carelessness of their agents, servants, employees, apparent agents and ostensible agents, and all other persons who participated in the service/serving of Jane Doe K.K. at issue herein on January 13, 2024 and into the early morning of January 14, 2024  are not yet known to

THE VILLARI FIRM, PLLC
258 S. 11TH STREET
PHILADELPHIA, PA 19107
215.600.1963
215.600.1309 (FAX)
WWW.VILLARIFIRM.COM

MESSA & ASSOCIATES, P.C.
123 S. 22ND STREET
PHILADELPHIA, PA 19103
215.568.3500
215.568.3501 (FAX)
WWW.MESSALAW.COM

121

*Jane Doe K.K. v. Lyft, Inc., et al.*
*Plaintiff's Third Amended Complaint*



Case ID: 250402203
Control No.: 251231162

Plaintiff.

337. It was reasonably foreseeable to ABC Corporations I thru VII by and through its bartenders and/or waiters and/or waitresses and/or management that overserving an obviously intoxicated female patron would place her at increased risk of harm during transportation following departure from the premises.

338. At all times material hereto, the negligent, careless, willful, wanton and reckless acts and conduct by Defendants, ABC Corporation I thru VII, by and through their agents, servants, representatives and/or employees was outrageous and was a legal cause of the inebriation, the need to order a rideshare through Defendant, Lyft, Inc., and, ultimately, the sexual assault sustained by Plaintiff, and consists of the following:

  a. *outrageously, recklessly, negligently and carelessly serving intoxicating beverages in such quantities to Plaintiff Jane Doe K.K. as to cause her to become intoxicated;*
  b. *outrageously, recklessly, negligently and carelessly continuing to serve intoxicating beverages to Plaintiff Jane Doe K.K. at a time when the agents, servants, representatives and/or employees of Sin Philadelphia, LLC, SDG 1102 Germantown Ave, LLC, JVZ Hospitality, LLC, LMB68, LLC, WM Hospitality, LLC, Justin Veasey, Skeeters Pub, Reggies, Inc., Sage Hospitality Resources, LLC d/b/a Sage Hospitality Group, Sage Client 258, LLC, who were also doing business as Assembly Rooftop Lounge, Hilton Worldwide, Inc., Hilton Franchise Holding, LLC, Park Hotels & Resorts, Inc., Host Hotels & Resorts, LP, HMC OLS II, LP and CCFS Philadelphia, LLC, who were doing business as and publicly known as The Logan Philadelphia's Hotel knew or should have known that Jane Doe K.K. was visibly intoxicated;*
  c. *employing incompetently trained bartenders, waiters and/or waitresses and/or other employees, agents, representatives and/or servants;*
  d. *recklessly, negligently and carelessly failing to instruct or train its agents, servants, representatives and/or employees regarding the amounts of intoxicating beverages to be serves to customers, patrons and/or business invitees of the Defendant;*
  e. *recklessly, negligently and carelessly failing to instruct or train its agents, servants, representatives and/or employees to recognize the signs of visible intoxication;*
  f. *recklessly failing to have or follow an established program instituted and operating which would prevent service to visibly intoxicated patrons;*
  g. *recklessly failing to stop service of intoxicating beverages to Plaintiff Jane*

THE VILLARI FIRM, PLLC
258 S. 11TH STREET
PHILADELPHIA, PA 19107
215.600.1303
215.600.1309 (FAX)
WWW.VILLARIFIRM.COM

MESSA & ASSOCIATES, P.C.
123 S. 22ND STREET
PHILADELPHIA, PA 19103
215.568.3500
215.568.3501 (FAX)
WWW.MESSALAW.COM

*Jane Doe K.K. v. Lyft, Inc., et al.*
*Plaintiff's Third Amended Complaint*

Case ID: 250402203
Control No.: 25020402203

> Doe K.K., who was obviously and visibly intoxicated and in a condition constituting an unreasonable and outrageous risk of harm to other persons;
>
> h. recklessly serving liquor, malt or brewed beverages and permitting liquor, malt or brewed beverages to be served, furnished or given to persons who are visibly intoxicated in violation of the laws of the Commonwealth of Pennsylvania and in particular the Pennsylvania Liquor Code, 47 Pa.C.S.A. §4-493;
>
> i. recklessly violating the terms and conditions of the liquor license issued to Defendant.
>
> j. other acts or omissions constituting negligence, gross negligence, recklessness, and carelessness as may be ascertained through discovery and may be demonstrated by the evidence at the trial of this case.

339. As a direct and proximate result of the negligence, carelessness, recklessness, willful and tortious conduct of Defendants ABC Corporations I thru VII, Plaintiff, Jane Doe K.K., was severely and permanently injured.

340. As a direct and proximate result of negligence, gross negligence, willfulness, reckless and outrageous behavior of Defendants ABC Corporations I thru VII, Plaintiff, Jane Doe K.K., suffered the injuries described in the Facts section above, and incorporated herein as if fully set forth.

341. As a direct and proximate result of negligence, gross negligence, willful, wanton and outrageous conduct of Defendants ABC Corporations I thru VII, Plaintiff, Jane Doe K.K., has suffered pain and suffering, humiliation, embarrassment, mental anguish, and will continue to do so for an infinite amount of time into the future.

342. As a direct and proximate result of the negligence, gross negligence, carelessness, recklessness, wanton and/or willful conduct of Defendants ABC Corporations I thru VII, Plaintiff, Jane Doe K.K., has been deprived of the past and future ordinary pleasures of life and will continue to suffer for an infinite amount of time into the future, all to her great detriment and loss.

THE VILLARI FIRM, PLLC
258 S. 11TH STREET
PHILADELPHIA, PA 19107
215.600.1363
215.600.1369 (FAX)
WWW.VILLARIFIRM.COM

MESSA & ASSOCIATES, P.C.
123 S. 22ND STREET
PHILADELPHIA, PA 19103
215.568.3500
215.568.3501 (FAX)
WWW.MESSALAW.COM

123



*Jane Doe K.K. v. Lyft, Inc., et al.*
*Plaintiff's Third Amended Complaint*


Case ID: 250402203
Control No.: 25123162

**WHEREFORE,** Plaintiff, Jane Doe K.K., hereby demands judgment against all named Defendants jointly and severally and claim compensatory damages against all named Defendants in an amount in excess of the jurisdictional amount subject to compulsory arbitration, as well as prejudgment interest, post-judgment interest, punitive damages and delay damages.

**COUNT XXI**
**NEGLIGENT ENTRUSTMENT**
**PLAINTIFF v. DEFENDANTS, ABC CORPORATION VIII thru X**
**(Rideshare Companies)**

Plaintiffs incorporate by reference the preceding paragraphs as if same were more fully set forth herein at length.

343.    It is believed and therefore averred that Defendants, Enes Aydin, Omer F. Arcagok, and/or Lyft, Inc. utilized unknown Rideshare Companies leading up to the subject January 13-14, 2024 sexual assault and/or events leading up to/after the sexual assault, hence the reason for incorporating ABC Corporation VIII thru X as Defendants in this Complaint.

344.    Defendants, ABC Corporation VIII thru X are directly liable for their own negligent, careless and reckless indifference toward Plaintiff, K.K. In addition, ABC Corporation VIII thru X are vicariously liable for the negligence and carelessness of his/her agents, servants, employees, apparent agents and ostensible agents, and all other persons who participated in the rideshare application/company utilization related to the subject Tesla vehicle transporting K.K. by and through Defendants, Lyft, Inc.'s mobile app, or ABC Corporation VIII thru X's mobile app or similar platform, and their identities are not yet known to Plaintiff.

THE VILLARI FIRM, PLLC
258 S. 11TH STREET
PHILADELPHIA, PA 19107
215.600.1963
215.600.1309 (FAX)
WWW.VILLARIFIRM.COM

MESSA & ASSOCIATES, P.C.
123 S. 22ND STREET
PHILADELPHIA, PA 19103
215.568.3500
215.568.3501 (FAX)
WWW.MESSALAW.COM

124

*Jane Doe K.K. v. Lyft, Inc., et al.*
*Plaintiff's Third Amended Complaint*

Case ID: 250402203
Control No.: 25120303

345. At all times relevant hereto, Defendant, ABC Corporation VIII thru X's negligence, carelessness, recklessness and such acts and omissions include the following:

a. *failure to monitor Enes Aydin's account activity;*
b. *failure to monitor Omer Arcagok's interacts with customers specifically with Plaintiff Jane Doe KK;*
c. *failure to adequately supervise the Enes account Enes Aydin, and Omer Arcagok;*
d. *failure to take proper security measures;*
e. *failure to install/require video recording devices in all Lyft vehicles;*
f. *failure to install live feed video streaming device in all Lyft vehicles including the subject Lyft vehicle;*
g. *failure to timely and properly track drivers by GPS or other means;*
h. *failure to send signal to police when they knew and had reason to know the subject Lyft was off-route and stopped for an extended period of time;*
i. *failure to require all prospective drivers to utilize Live Scan, a finger printing based background check which is administered through the department of Justice and FBI databases;*
j. *failure to require all drivers to resubmit to Live Scan screening on imminent periodic basis;*
k. *knowingly allowing illegal residents to purchase driver identities;*
l. *promoting a black market for selling driver identities;*
m. *failure to require all prospective drivers to undergo in person interviews;*
n. *failure to use face recognition monitoring of all drivers for each shift as a sign-in;*
o. *failure to require and perform reference checks on all prospective drivers including proof of residency; character references and employment history;*
p. *failure to provide in-app panic buttons that would send an alert to Lyft's Critical Response Team, local police, and other relevant agencies so a passenger has a way to quickly contact authorities in the event of an unsafe situation or the threat of an assault;*
q. *failure to install tamper-proof dash cameras in all Lyft vehicles that alert the Critical Response Team if the camera is disabled or in some way malfunctions;*
r. *failure to employ a means for female passengers to connect with female drivers if they wish;*
s. *failure to deploy a service to check on drivers and passengers if the Lyft ride stops unexpectedly somewhere, veers far off course, or takes much longer than expected to complete the ride;*
t. *failure to report all complaints of physical and/or sexual violence, assault and harassment by Lyft drivers to law enforcements;*
u. *failure to require all drivers to complete sexual harassment and sexual assault prevention training prior to being able to drive for Lyft;*
v. *failure to have policies in place to immediately deactivate any driver Lyft*

THE VILLARI FIRM, PLLC
258 S. 11TH STREET
PHILADELPHIA, PA 19107
215.600.1363
215.600.1309 (FAX)
WWW.VILLARIFIRM.COM

MESSA & ASSOCIATES, P.C.
123 S. 22ND STREET
PHILADELPHIA, PA 19103
215.568.3500
215.568.3501 (FAX)
WWW.MESSALAW.COM

125

*Jane Doe K.K. v. Lyft, Inc., et al.*
*Plaintiff's Third Amended Complaint*

Case ID: 250402203
Control No.: 25123162


receives a complaint or allegation of sexual assault by that driver;

w. *failing to require all drivers to immediately report to Lyft any charge involving kidnapping, violence, physical force, kidnapping and/or any charge involving physical and/or sexual assault;*

x. *failure to adopt a zero-tolerance policy for improper conduct;*

y. *failure to maintain a surveillance camera and rules requiring its continuing operation during all rides;*

z. *failure to inform drivers that if they turn off the surveillance system during a Lyft ride, they will be terminated from the Lyft platform;*

aa. *failure to inform drivers that they may not leave the car and accompany a passenger to their home or to any other location outside the vehicle;*

bb. *failure to inform the drivers that any reports of criminal acts committed by Lyft drivers during, or as a result of driving with Lyft, will be fully investigated by Lyft and reported to law enforcement;*

cc. *failing to provide for the safety and protection of Plaintiff, Jane Doe K.K.;*

dd. *failing to adequately train employees to not engage in sexual assault and abuse;*

ee. *failing to take reasonable measures to protect customers such as Plaintiff, Jane Doe K.K., against violent crimes, sexual assault and abuse and/or harm from its employees;*

ff. *failing to implement policies to prevent the sexual abuse and sexual assault of customers;*

gg. *failing to enforce policies which were enacted to prevent sexual abuse and sexual assault of customers;*

hh. *failing to adequately control interaction between its drivers and customers;*

ii. *failing to adequately have policies in place to perform appropriate background and criminal activity checks on its drivers;*

jj. *failing to perform an adequate background and criminal activity check on Defendant Enes Aydin and Omer Arcagok;*

kk. *failing to perform adequate screening on Defendant Enes Aydin and Omer Arcagok;*

ll. *failing to adequately investigate assault allegations against Lyft drivers;*

mm. *failing to report assault allegations against Lyft drivers;*

nn. *failing to run thorough background checks on drivers;*

oo. *failing to cooperate with law enforcement investigations regarding reports of physical and sexual assault;*

pp. *failing to timely intervene to stop the assault against Plaintiff, Jane Doe K.K.;*

qq. *failing to timely respond and assist Plaintiff, Jane Doe, K.K.;*

rr. *committing negligence per se:*

    1.     *Indecent Assault, pursuant to 18 Pa.C.S.A. §3126;*

    2.     *Aggravated Indecent Assault, pursuant to 18 Pa.C.S.A. §3125;*

    3.     *Sexual Assault, pursuant to 18 Pa.C.S.A. §3124.1;*

    4.     *Involuntary Deviate Sexual Intercourse, pursuant to 18*

THE VILLARI FIRM, PLLC
258 S. 11TH STREET
PHILADELPHIA, PA 19107
215.600.1303
215.600.1309 (FAX)
WWW.VILLARIFIRM.COM

MESSA & ASSOCIATES, P.C.
123 S. 22ND STREET
PHILADELPHIA, PA 19103
215.568.3500
215.568.3501 (FAX)
WWW.MESSALAW.COM

126

Case ID: 250402203
Control No.: 25012629

> *Pa.C.S.A. §3123;*
> 5.      *Simple Assault, pursuant to 18 Pa.C.S.A. §2701;*
> ss. *failing to take reasonable safety measures to ensure the safety and well-being of customers such as Plaintiff, Jane Doe K.K.;*
> tt.  *negligent entrustment of vehicle;*
> uu. *knowing that Lyft vehicles are taken off route by the driver and failing to follow up on the push notification or radio to the police so that a wellness check can be immediately performed when the car is taken off route and/or stopped at the wrong location;*
> vv. *engaging and oversight of unsafe practice of swapping Lyft accounts;*
> ww.     *negligent entrustment of application, account services, utilization of the program, vehicles and equipment;*
> xx. *knowingly ignoring and/or sanctioning and/or endorsing the unsafe practice of account swapping among drivers;*
> yy. *negligently, falsely imprisoning Jane Doe, K.K.; and*
> zz. *other acts or omissions constituting negligence, gross negligence, recklessness, and carelessness as may be ascertained through discovery and may be demonstrated by the evidence at the trial of this case.*

346.    As a direct and proximate result of the negligence, carelessness, recklessness, willful and tortious conduct of Defendants, ABC Corporation VIII thru X, Jane Doe K.K., was severely and permanently injured.

347.    As a direct and proximate result of negligence, gross negligence, willfulness, reckless and outrageous behavior of Defendants ABC Corporation VIII thru X, Plaintiff, Jane Doe K.K., suffered the injuries described in the Facts section above, and incorporated herein as if fully set forth.

348.    As a direct and proximate result of negligence, gross negligence, willful, wanton and outrageous conduct of Defendants ABC Corporation VIII thru X, Plaintiff, Jane Doe K.K., has suffered pain and suffering, humiliation, embarrassment, mental anguish, and will continue to do so for an infinite amount of time into the future.

349.    As a direct and proximate result of the negligence, gross negligence, carelessness, recklessness, wanton and/or willful conduct of Defendants ABC Corporation VIII thru X, Plaintiff, Jane Doe K.K., has been deprived of the past and future

THE VILLARI FIRM, PLLC
258 S. 11TH STREET
PHILADELPHIA, PA 19107
215.600.1963
215.600.1369 (FAX)
WWW.VILLARIFIRM.COM

MESSA & ASSOCIATES, P.C.
123 S. 22ND STREET
PHILADELPHIA, PA 19103
215.568.3500
215.568.3501 (FAX)
WWW.MESSALAW.COM

127

*Jane Doe K.K. v. Lyft, Inc., et al.*
*Plaintiff's Third Amended Complaint*


Case ID: 250402203
Control No.: 25123162

ordinary pleasures of life and will continue to suffer for an infinite amount of time into the future, all to her great detriment and loss.

**WHEREFORE,** Plaintiff, Jane Doe K.K., hereby demands judgment against all named Defendants jointly and severally and claim compensatory damages against all named Defendants in an amount in excess of the jurisdictional amount subject to compulsory arbitration, as well as prejudgment interest, post-judgment interest, punitive damages and delay damages.

## COUNT XXII
### NEGLIGENCE – VICARIOUS LIABILITY
### PLAINTIFF V. DEFENDANTS, ABC CORPORATIONS VIII thru X
### (Rideshare Companies)

Plaintiffs incorporate by reference the preceding paragraphs as if same were more fully set forth herein at length.

350. It is believed and therefore averred that Defendants, Enes Aydin, Omer F. Arcagok and/or Lyft, Inc. utilized unknown Rideshare companies that were present and/or involved in the subject January 13-14, 2024 sexual assault and/or events leading up to/after the sexual assault, hence the reason for incorporating ABC Corporations VIII thru X as Defendants in this Complaint.

351. Defendants, ABC Corporations VIII thru X are directly liable for their own negligent, careless and reckless indifference toward Plaintiff, K.K. In addition, ABC Corporations VIII thru X are vicariously liable for the negligence and carelessness of his/her agents, servants, employees, apparent agents and ostensible agents, and all other persons who participated in the driving and/or operating and/or owning and/or possessing of the subject Tesla vehicle transporting K.K. by and through Defendants, Lyft,

THE VILLARI FIRM, PLLC
258 S. 11TH STREET
PHILADELPHIA, PA 19107
215.600.1393
215.600.1309 (FAX)
WWW.VILLARIFIRM.COM

MESSA & ASSOCIATES, P.C.
123 S. 22ND STREET
PHILADELPHIA, PA 19103
215.568.3500
215.568.3501 (FAX)
WWW.MESSALAW.COM

*Jane Doe K.K. v. Lyft, Inc., et al.*
*Plaintiff's Third Amended Complaint*

Case ID: 250402203
Control No.: 25023283

Inc.'s mobile app, or ABC Corporations VIII thru X's mobile app, and their identities are not yet known to Plaintiff.

352.    Defendant, ABC Corporations VIII thru X are vicariously liable for the acts of its managers, drivers, operators, owners and/or possessors of its vehicles, including but not limited to Defendants Enes Aydin and Omer Arcagok, the drivers described herein, in that the acts that were perpetuated upon Plaintiff, Jane Doe K.K., were negligent, grossly negligent, reckless and careless specifically as follows:

   a. *committing harassment, pursuant to 18 Pa.C.S.A. §2709(a);*
   b. *committing indecent assault, pursuant to 18 Pa.C.S.A. §3126(a);*
   c. *committing sexual abuse;*
   d. *failing to take reasonable safety measures to ensure the safety and well-being of customers such as Plaintiff, Jane Doe K.K.;*
   e. *failing to take reasonable measures to protect customers such as Plaintiff, Jane Doe K.K., against violent crimes, sexual assault and abuse and/or harm from its drivers;*
   f. *negligent hiring and/or selection and/or retention of agents, employees, managers and/or contractors;*
   g. *taking and/or allowing KK to be taken off-route without rendering proper assistance;*
   h. *negligently and recklessly misrepresenting the identity of the drivers to KK;*
   i. *negligently, careless and recklessly failing to intervene;*
   j. *causing the injuries identified throughout this complaint by failing to recognize that the off-route delay required an escalation of communication beyond a push notification;*
   k. *engaging and oversight of unsafe practice of swapping rideshare accounts;*
   l. *failing to communicate properly with the authorities concerning the unsafe swapping practice; the off-route delay and stopped vehicle to in order to prevent harm to K.K.*
   m. *negligent entrustment of application, account services, utilization of the program, vehicles and equipment;*
   n. *other acts or omissions constituting negligence, gross negligence, recklessness, and carelessness as may be ascertained through discovery and may be demonstrated by the evidence at the trial of this case;*
   o. *failing to communicate with the authorities about the swapping of vehicle practice, the off-route delay and the subject vehicle being stopped for extended period of time;*
   p. *engaging in negligent and reckless retention and hiring of drivers;*

The Villari Firm, PLLC
258 S. 11th Street
Philadelphia, PA 19107
215.600.1363
215.600.1309 (Fax)
WWW.VILLARIFIRM.COM

MESSA & ASSOCIATES, P.C.
123 S. 22nd Street
Philadelphia, PA 19103
215.568.3500
215.568.3501 (Fax)
WWW.MESSALAW.COM

*Jane Doe K.K. v. Lyft, Inc., et al.*
*Plaintiff's Third Amended Complaint*

Case ID: 250402203
Control No.: 25123162

q. *negligent entrustment of application, account services, utilization of the program, vehicles and equipment;*
r. *knowingly ignoring and/or sanctioning and/or endorsing the unsafe practice of account swapping among drivers;*
s. *negligently, falsely imprisoning Jane Doe, K.K.;*
t. *other acts or omissions constituting negligence, gross negligence, recklessness, and carelessness as may be ascertained through discovery and may be demonstrated by the evidence at the trial of this case.*

353. As a direct and proximate result of the negligence, carelessness, recklessness, willful and tortious conduct of Defendants, ABC Corporations VIII thru X, Jane Doe K.K., was severely and permanently injured.

354. As a direct and proximate result of negligence, gross negligence, willfulness, reckless and outrageous behavior of Defendants ABC Corporations VIII thru X, Plaintiff, Jane Doe K.K., suffered the injuries described in the Facts section above, and incorporated herein as if fully set forth.

355. As a direct and proximate result of negligence, gross negligence, willful, wanton and outrageous conduct of Defendants ABC Corporations VIII thru X, Plaintiff, Jane Doe K.K., has suffered pain and suffering, humiliation, embarrassment, mental anguish, and will continue to do so for an infinite amount of time into the future.

356. As a direct and proximate result of the negligence, gross negligence, carelessness, recklessness, wanton and/or willful conduct of Defendants ABC Corporations VIII thru X, Plaintiff, Jane Doe K.K., has been deprived of the past and future ordinary pleasures of life and will continue to suffer for an infinite amount of time into the future, all to her great detriment and loss.

**WHEREFORE,** Plaintiff, Jane Doe K.K., hereby demands judgment against all named Defendants jointly and severally and claim compensatory damages against all named Defendants in an amount in excess of the jurisdictional amount subject to

THE VILLARI FIRM, PLLC
258 S. 11TH STREET
PHILADELPHIA, PA 19107
215.600.1363
215.600.1309 (FAX)
WWW.VILLARIFIRM.COM

MESSA & ASSOCIATES, P.C.
123 S. 22ND STREET
PHILADELPHIA, PA 19103
215.568.3500
215.568.3501 (FAX)
WWW.MESSALAW.COM

130

*Jane Doe K.K. v. Lyft, Inc., et al.*
*Plaintiff's Third Amended Complaint*

compulsory arbitration, as well as prejudgment interest, post-judgment interest, punitive damages and delay damages.

**COUNT XXIII**
**NEGLIGENCE – DIRECT LIABILITY**
**PLAINTIFF V. DEFENDANTS, ABC CORPORATIONS VIII thru X**
**(Rideshare Companies)**

Plaintiffs incorporate by reference the preceding paragraphs as if same were more fully set forth herein at length.

357.    It is believed and therefore averred that Defendants Enes Aydin, Omer F. Arcagok and/or Lyft, Inc. utilized unknown Rideshare companies that were present and/or involved in the subject January 13-14, 2024 sexual assault and/or events leading up to/after the sexual assault, hence the reason for incorporating ABC Corporations VIII thru X as Defendants in this Complaint.

358.    Defendants, ABC Corporations VIII thru X are directly liable for their own negligent, careless and reckless indifference toward Plaintiff, K.K. by and through Defendants, Lyft, Inc.'s mobile app, or ABC Corporations VIII thru X's mobile app, and their identities are not yet known to Plaintiff.

359.    At all times relevant hereto, Defendant, ABC Corporations VIII thru X's negligence, carelessness, recklessness and such acts and omissions include the following:

    a. *failure to monitor Enes Aydin's account activity;*
    b. *failure to monitor Omer Arcagok's interacts with customers specifically with Plaintiff Jane Doe KK;*
    c. *failure to adequately supervise Enes Account, Enes Aydin and Omer Arcagok;*
    d. *failure to take proper security measures;*
    e. *failure to install/require video recording devices in all rideshare vehicles;*
    f. *failure to install live feed video streaming device in all rideshare vehicles including the subject rideshare vehicle;*

THE VILLARI FIRM, PLLC
25 S S. 11TH STREET
PHILADELPHIA, PA 19107
215.600.1563
215.600.1509 (FAX)
WWW.VILLARIFIRM.COM

MESSA & ASSOCIATES, P.C.
123 S. 22ND STREET
PHILADELPHIA, PA 19103
215.568.3500
215.568.3501 (FAX)
WWW.MESSALAW.COM

131


*Jane Doe K.K. v. Lyft, Inc., et al.*
*Plaintiff's Third Amended Complaint*


Case ID: 250402203
Control No.: 25123162

g. *failure to timely and properly track drivers by GPS or other means;*

h. *failure to send signal to police when they knew and had reason to know the subject rideshare vehicle was off-route and stopped for an extended period of time;*

i. *failure to require all prospective drivers to utilize Live Scan, a finger printing based background check which is administered through the department of Justice and FBI databases;*

j. *failure to require all drivers to resubmit to Live Scan screening on imminent periodic basis;*

k. *knowingly allowing illegal residents to purchase driver identities;*

l. *promoting a black market for selling driver identities;*

m. *failure to require all prospective drivers to undergo in person interviews;*

n. *failure to use face recognition monitoring of all drivers for each shift as a sign-in;*

o. *failure to require and perform reference checks on all prospective drivers including proof of residency; character references and employment history;*

p. *failure to escalate the push notifications sent to passengers phone to the police;*

q. *failure to stop driver from taking KK off-route;*

r. *failure to dispatch to the local authorities;*

s. *failure to implement preventative and interventional measures to safeguard female passenger from being assaulted;*

t. *failure to provide in-app panic buttons that would send an alert to the rideshares' Critical Response Team, local police, and other relevant agencies so a passenger has a way to quickly contact authorities in the event of an unsafe situation or the threat of an assault;*

u. *failure to install tamper-proof dash cameras in all rideshare vehicles that alert the Critical Response Team if the camera is disabled or in some way malfunctions;*

v. *failure to employ a means for female passengers to connect with female drivers if they wish;*

w. *failure to deploy a service to check on drivers and passengers if the rideshare ride stops unexpectedly somewhere, veers far off course, or takes much longer than expected to complete the ride;*

x. *failure to report all complaints of physical and/or sexual violence, assault and harassment by rideshare drivers to law enforcements;*

y. *failure to require all drivers to complete sexual harassment and sexual assault prevention training prior to being able to drive for rideshare;*

z. *failure to have policies in place to immediately deactivate any driver the rideshare company receives a complaint or allegation of sexual assault by that driver;*

aa. *failing to require all drivers to immediately report to the rideshare company any charge involving kidnapping, violence, physical force, kidnapping and/or any charge involving physical and/or sexual assault;*

bb. *failure to adopt a zero-tolerance policy for improper conduct;*

THE VILLARI FIRM, PLLC
258 S. 11TH STREET
PHILADELPHIA, PA 19107
215.600.1363
215.600.1309 (FAX)
WWW.VILLARIFIRM.COM

MESSA & ASSOCIATES, P.C.
123 S. 22ND STREET
PHILADELPHIA, PA 19103
215.568.3500
215.568.3501 (FAX)
WWW.MESSALAW.COM

132

*Jane Doe K.K. v. Lyft, Inc., et al.*
*Plaintiff's Third Amended Complaint*

cc. *failure to maintain a surveillance camera and rules requiring its continuing operation during all rides;*

dd. *failure to inform drivers that if they turn off the surveillance system during a rideshare ride, they will be terminated from the rideshare platform;*

ee. *failure to inform drivers that they may not leave the car and accompany a passenger to their home or to any other location outside the vehicle;*

ff. *failure to inform the drivers that any reports of criminal acts committed by rideshare drivers during, or as a result of driving with the rideshare company, will be fully investigated by the rideshare company and reported to law enforcement;*

gg. *failing to provide for the safety and protection of Plaintiff, Jane Doe K.K.;*

hh. *failing to adequately train employees to not engage in sexual assault and abuse;*

ii. *failing to take reasonable measures to protect customers such as Plaintiff, Jane Doe K.K., against violent crimes, sexual assault and abuse and/or harm from its employees;*

jj. *failing to implement policies to prevent the sexual abuse and sexual assault of customers;*

kk. *failing to enforce policies which were enacted to prevent sexual abuse and sexual assault of customers;*

ll. *failing to adequately control interaction between its drivers and customers;*

mm. *failing to adequately have policies in place to perform appropriate background and criminal activity checks on its drivers;*

nn. *failing to perform an adequate background and criminal activity check on Defendant Enes Aydin and Omer Arcagok;*

oo. *failing to perform adequate screening on Defendant Enes Aydin and Omer Arcagok;*

pp. *failing to adequately investigate assault allegations against rideshare drivers;*

qq. *failing to report assault allegations against rideshare drivers;*

rr. *failing to run thorough background checks on drivers;*

ss. *failing to cooperate with law enforcement investigations regarding reports of physical and sexual assault;*

tt. *failing to timely intervene to stop the assault against Plaintiff, Jane Doe K.K.;*

uu. *failing to timely respond and assist Plaintiff, Jane Doe, K.K.;*

vv. *committing negligence per se:*

    1. *Indecent Assault, pursuant to 18 Pa.C.S.A. §3126;*

    2. *Aggravated Indecent Assault, pursuant to 18 Pa.C.S.A. §3125;*

    3. *Sexual Assault, pursuant to 18 Pa.C.S.A. §3124.1;*

    4. *Involuntary Deviate Sexual Intercourse, pursuant to 18 Pa.C.S.A. §3123;*

    5. *Simple Assault, pursuant to 18 Pa.C.S.A. §2701;*

ww. *failing to take reasonable safety measures to ensure the*

THE VILLARI FIRM, PLLC
258 S. 11TH STREET
PHILADELPHIA, PA 19107
215.600.1593
215.600.1599 (FAX)
WWW.VILLARIFIRM.COM

MESSA & ASSOCIATES, P.C.
123 S. 22ND STREET
PHILADELPHIA, PA 19103
215.568.3500
215.568.3501 (FAX)
WWW.MESSALAW.COM

*Jane Doe K.K. v. Lyft, Inc., et al.*
*Plaintiff's Third Amended Complaint*

Case ID: 250402203
Control No.: 25120162



safety and well- being of customers such as Plaintiff, Jane Doe K.K.;

xx. negligent entrustment of vehicle;

yy. knowing that rideshare vehicles are taken off route by the driver and failing to follow up on the push notification or radio to the police so that a wellness check can be immediately performed when the car is taken off route and/or stopped at the wrong location;

zz. engaging and oversight of unsafe practice of swapping rideshare accounts;

aaa.    negligent entrustment of application, account services, utilization of the program, vehicles and equipment;

bbb.    knowingly ignoring and/or sanctioning and/or endorsing the unsafe practice of account swapping among drivers;

ccc.    negligently, falsely imprisoning Jane Doe, K.K.;

ddd.        other acts or omissions constituting negligence, gross negligence, recklessness, and carelessness as may be ascertained through discovery and may be demonstrated by the evidence at the trial of this case.

360. As a direct and proximate result of the negligence, carelessness, recklessness, willful and tortious conduct of Defendants, ABC Corporations VIII thru X, Jane Doe K.K., was severely and permanently injured.

361. As a direct and proximate result of negligence, gross negligence, willfulness, reckless and outrageous behavior of Defendants ABC Corporations VIII thru X, Plaintiff, Jane Doe K.K., suffered the injuries described in the Facts section above, and incorporated herein as if fully set forth.

362. As a direct and proximate result of negligence, gross negligence, willful, wanton and outrageous conduct of Defendants ABC Corporations VIII thru X, Plaintiff, Jane Doe K.K., has suffered pain and suffering, humiliation, embarrassment, mental anguish, and will continue to do so for an infinite amount of time into the future.

363. As a direct and proximate result of the negligence, gross negligence, carelessness, recklessness, wanton and/or willful conduct of Defendants ABC Corporations VIII thru X, Plaintiff, Jane Doe K.K., has been deprived of the past and

THE VILLARI FIRM, PLLC
258 S. 11TH STREET
PHILADELPHIA, PA 19107
215.600.3393
215.600.1309 (FAX)
WWW.VILLARIFIRM.COM

MESSA & ASSOCIATES, P.C.
123 S. 22ND STREET
PHILADELPHIA, PA 19103
215.568.3500
215.568.3501 (FAX)
WWW.MESSALAW.COM

134

*Jane Doe K.K. v. Lyft, Inc., et al.*
*Plaintiff's Third Amended Complaint*

Case ID: 250402203
Control No: 25040303

future ordinary pleasures of life and will continue to suffer for an infinite amount of time into the future, all to her great detriment and loss.

**WHEREFORE,** Plaintiff, Jane Doe K.K., hereby demands judgment against all named Defendants jointly and severally and claim compensatory damages against all named Defendants in an amount in excess of the jurisdictional amount subject to compulsory arbitration, as well as prejudgment interest, post-judgment interest, punitive damages and delay damages.

## NOTICE OF PRESERVATION OF EVIDENCE

PLAINTIFF HEREBY DEMANDS AND REQUESTS THAT DEFENDANTS TAKE NECESSARY ACTION TO ENSURE THE PRESERVATION OF ALL DOCUMENTS, COMMUNICATIONS, WHETHER ELECTRONIC OR OTHERWISE, ITEMS AND THINGS IN THE POSSESSION OR CONTROL OF ANY PARTY TO THIS ACTION OR ANY ENTITY OVER WHICH ANY PARTY TO THIS ACTION HAS CONTROL OR FROM WHOM ANY PARTY TO THIS ACTION HAS ACCESS TO, ANY DOCUMENTS, ITEMS OR THINGS WHICH MAY IN ANY MANNER BE RELEVANT TO OR RELATE TO THE SUBJECT MATTER OF THE CAUSES OF ACTION AND/OR THE ALLEGATIONS OF THIS COMPLAINT.

## DEMAND FOR JURY TRIAL

Plaintiffs demand a jury trial of twelve jurors.

**MESSA & ASSOCIATES, P.C.**              **THE VILLARI FIRM, PLLC**

By: _/s/ Joseph L. Messa, Jr._       By: _/s/ Heidi G. Villari_
    JOSEPH L. MESSA, JR.                  HEIDI G. VILLARI
    **MESSA & ASSOCIATES, P.C.**          **THE VILLARI FIRM, PLLC**
    123 S. 22nd Street                    258 S. 11th Street
    Philadelphia, PA 19103                Philadelphia, PA 19107
    215.569-3500                          215.600-1363

THE VILLARI FIRM, PLLC
258 S. 11TH STREET
PHILADELPHIA, PA 19107
215.600.1363
215.600.1306 (FAX)
WWW.VILLARIFIRM.COM

MESSA & ASSOCIATES, P.C.
123 S. 22ND STREET
PHILADELPHIA, PA 19103
215.569.3500
215.568.3501 (FAX)
WWW.MESSALAW.COM

135

_Jane Doe K.K. v. Lyft, Inc., et al._
_Plaintiff's Third Amended Complaint_

Case ID: 250402203
Control No.: 25121162


215.568-3501 (fax)                           215.600-1309 (fax)
                                             Attorneys for Plaintiffs

Dated: <u>September 29, 2025</u>

THE VILLARI FIRM, PLLC
258 S. 11TH STREET
PHILADELPHIA, PA 19107
215.600.1303
215.600.1309 (FAX)
WWW.VILLARIFIRM.COM

MESSA & ASSOCIATES, P.C.
123 S. 22ND STREET
PHILADELPHIA, PA 19103
215.568.3500
215.568.3501 (FAX)
WWW.MESSALAW.COM

136

*Jane Doe K.K. v. Lyft, Inc., et al.*
*Plaintiff's Third Amended Complaint*

Case ID: 250402203
Control No.: 25102033

# Exhibit "A"

Case ID: 250402203

Case ID: 250402203

FILED
15 DEC 2025 05:40 pm
Civil Administration
A. MALONIS

| | | |
|---|---|---|
| JANE DOE K.K. | § | COURT OF COMMON PLEAS |
| | : | PHILADELPHIA COUNTY |
| v. | § | |
| | : | DOCKET NO. 250402203 |
| LYFT, INC., *et al.* | § | *LEAD CASE* |

| | | |
|---|---|---|
| JANE DOE K.K. | § | COURT OF COMMON PLEAS |
| | : | PHILADELPHIA COUNTY |
| v. | § | |
| | : | DOCKET NO. 250701118 |
| FERGIE'S PUB, *et al.* | § | |

## ORDER

**AND NOW**, this _9th_ day of _Jan_, 2026, upon consideration of Plaintiff's Motion to Amend the Complaint and Caption Pursuant to Pa. R.C.P. 1033, and any response thereto, it is hereby **ORDERED** and **DECREED** that Plaintiff's Motion is **GRANTED** and Plaintiff is granted leave to file Plaintiff's Amended Complaint, as attached to Plaintiff's Motion as Exhibit "B." *Defendants retain all rights of objection for any matter not previously addressed by this Court.*

**BY THE COURT:**

_____ J.

ORDER-Doe Kk Vs Lyft, Inc. Etal [FJB]

25040220300261

Case ID: 250402203
Control No.: 25123162
Case ID: 250402203