# EXHIBIT G



September 16, 2025

**VIA EMAIL**
Kathleen J. Devlin
kdevlin@wglaw.com

      Re:    Lance's Tavern, LLC, et,al v. Triton Claim Management, et. al.
                Philadelphia County Court of Common Pleas

Dear Kathleen,

    Pursuant to our recent conversation, I have taken the liberty of enclosing an initial draft of the Declaratory Judgment with regard to the above-referenced entities.

    Please review at your convenience and contact me with any questions or comments.

                              Sincerely,

                              Thomas A. Musi, Jr., Esquire

TAM/lmk
Cc:    Dina L. Daubenberger, Esquire

Enclosure

**MUSI, MATTSON, DAUBENBERGER & CLARK, LLP**
Thomas A. Musi, Jr., Esquire
Attorney ID No.: 75950
21 West Third Street
Media, Pennsylvania 19063
(T) 610 891 8806 | (F) 610 891 8807
tam@mmdlawfirm.com                                                         *Attorney for Plaintiffs*

| | |
|---|---|
| LANCE'S TAVERN, LLC : <br> d/b/a SKEETERS PUB : <br> & : <br> REGGIE'S INC., : <br>       Plaintiffs, : <br> : <br> v. : <br> : <br> TRITON CLAIM MANAGEMENT, LLC : <br> 2400 Lakeview Parkway, Suite 475 : <br> Alpharetta, GA 30009 : <br> & : <br> SUTTON SPECIALTY INS. CO. : <br> 110 E Atlantic Avenue, Suite 330 : <br> Delray Beach, FL 33444 : <br>       Defendants. : <br> : | IN THE COURT OF COMMON PLEAS <br> PHILADELPHIA COUNTY <br><br> CASE NO.: |

## **NOTICE TO DEFEND**

      You have been sued in Court.  If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this Complaint and Notice are served, by entering a written appearance personally or by an attorney and filing in writing with the Court your defenses or objections to the claims set forth against you.  You are warned that if you fail to do so, the case may proceed without you and a judgment may be entered against you by the Court without further notice for any money claimed in the Complaint, or for any other claim or relief requested by the Plaintiff.  You may lose money or property or other rights important to you.

      YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE.  IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET HELP.

      IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE

## **DELAWARE COUNTY BAR ASSOCIATION**
335 West Front Street
Media, PA 19063
(610) 566-6625

      Le han demandado a usted en la corte.  Si usted quiere defenderse de estas demandas expuestas en las paginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificacion.  Hace falta asentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona.  Sea avisado que si usted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion.  Ademas, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda.  Usted puede perer dinero o sus propiedades u otros derechos importantes para usted.

      LLEVA ESTA DEMANDA A UN ABOGADO INMEDIATAMENTE.  SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO. VAYA EN PERSONA O LLAME POR TELEFONO A LA OFICINA CUYA DIRECCION SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL.

2

**MUSI, MATTSON, DAUBENBERGER & CLARK, LLP**
Thomas A. Musi, Jr., Esquire
Attorney ID No.: 75950
21 West Third Street
Media, Pennsylvania 19063
(T) 610 891 8806 | (F) 610 891 8807
tam@mmdlawfirm.com                                                      *Attorney for Plaintiffs*

| | | |
|---|---|---|
| LANCE'S TAVERN, LLC | : | |
| d/b/a SKEETERS PUB | : | |
|     & | : | |
| REGGIE'S INC., | : | |
|       Plaintiffs, | : | IN THE COURT OF COMMON PLEAS |
| | : | PHILADELPHIA COUNTY |
| v. | : | |
| | : | CASE NO.: |
| TRITON CLAIM MANAGEMENT, LLC | : | |
| 2400 Lakeview Parkway, Suite 475 | : | |
| Alpharetta, GA 30009 | : | |
|     & | : | |
| SUTTON SPECIALTY INS. CO. | : | |
| 110 E Atlantic Avenue, Suite 330 | : | |
| Delray Beach, FL 33444 | : | |
|       Defendants. | : | |
| | : | |

## COMPLAINT FOR DECLARATORY JUDGMENT

**I. INTRODUCTION**

1. This is an action for declaratory judgment under 42 Pa.C.S. § 7531 et seq. to determine the rights and obligations of the parties under a liability insurance policy issued by Defendants to Plaintiff.

2. Plaintiff seeks a declaration that Defendants has a duty to defend and indemnify Plaintiff in connection with an underlying civil action filed against Plaintiff in the Philadelphia Court of Common Pleas, arising out of allegations that Plaintiff's employees allegedly overserved alcohol to a patron.

3

**II. PARTIES**

3. Plaintiff, Reggie's, Inc. and Lances Tavern, LLC d/b/a Skeeter's Pub, Inc.("Plaintiff"), is a New Jersey corporation with its principal place of business at 7-11 Coles Road, Blackwood, New Jersey, operating a bar and restaurant in Philadelphia, Pennsylvania.

4. Defendant, Sutton Specialty Insurance Company is an insurance company authorized to do business in the Commonwealth of Pennsylvania, with a principal mailing address of 110 E. Atlantic Avenue, Suite 330, Delray Beach, Florida, 33444. Defendant, Triton Claim Management, LLC is a claims administration company headquartered at 2400 Lakeview Parkway, Suite 475, Alpharetta, Georgia, 30009 ("Defendants").

**III. JURISDICTION AND VENUE**

5. Jurisdiction is proper under 42 Pa.C.S. § 7532 because an actual controversy exists between Plaintiff and Defendants regarding insurance coverage.

6. Venue is proper in Philadelphia County because the underlying civil action is pending in this Court, Plaintiff conducts business in Philadelphia, and Defendants issued the subject policy covering risks located in Philadelphia.

**IV. FACTUAL BACKGROUND**

7. Defendants issued a liability insurance policy, Policy No. ISCH200000218-01, to Plaintiff, effective June 16, 2023-June 16, 2024, which provided general liability and liquor liability coverage.

8. On or about April 16, 2025, Jane Doe filed a civil action against Plaintiff in the Court of Common Pleas of Philadelphia County at Docket No. 250402203 (the "Underlying Action").

9. In the Underlying Action, Plaintiff is alleged to have violated Pennsylvania's Dram Shop Act, 47 P.S. § 4-493(1), by overserving alcohol to the underlying plaintiff.

10. The complaint in the Underlying Action further alleges that, as a result of being overserved, the underlying plaintiff lacked the capacity to give proper consent and was thereafter sexually assaulted by her Lyft driver.

11. The claims against Plaintiff are limited to allegations of negligence in serving alcohol, not for committing or facilitating a sexual assault.

12. By letter dated May 13, 2025, Defendants disclaimed coverage and denied both defense and indemnity, asserting that the claims in the Underlying Action arose out of or were excluded as "sexual assault" or "sexual misconduct" under the policy.

13. Defendants' denial is improper because the claims asserted against Plaintiff do not allege that Plaintiff committed or in any way participated in a sexual assault. Rather, they allege negligence in serving alcohol, a risk plainly within the scope of coverage under the general liability and liquor liability provisions of the policy.

14. Plaintiff has incurred, and continues to incur, substantial defense costs as a result of Defendants' wrongful denial.

## V. COUNT I - CLAIM FOR DECLARATORY JUDGMENT

15. Plaintiff incorporates by reference the preceding paragraphs as though set forth fully herein.

16. An actual controversy exists between Plaintiff and Defendants concerning the scope of coverage provided by the policy.

17. Defendants has refused to defend or indemnify Plaintiff in the Underlying Action, citing exclusions that are inapplicable to the allegations made therein.

18. Under Pennsylvania law, the duty to defend is broader than the duty to indemnify, and it arises whenever the complaint against the insured may potentially come within the policy coverage. See Erie Ins. Exch. v. Transamerica Ins. Co., 533 A.2d 1363, 1368 (Pa. 1987).

19. The allegations of negligent service of alcohol fall within the liquor liability and general liability coverage afforded by the policy.

20. Exclusions for "sexual assault" or "sexual misconduct" do not apply because Plaintiff is not alleged to have committed or directed such conduct; rather, the alleged assault was committed by a third party unconnected to Plaintiff.

21. Defendant's denial of coverage is contrary to the express language of the policy and to Pennsylvania law governing an insurer's duty to defend and indemnify.

**VI. COUNT II – BAD FAITH (42 Pa. C.S. § 8371)**

22. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

23. Defendants have acted in bad faith toward Plaintiff in violation of 42 Pa. C.S. § 8371.

24. Defendants lacked a reasonable basis for denying benefits under the policy.

25. Defendants knew or recklessly disregarded its lack of a reasonable basis when it denied Plaintiff's tender of defense and indemnity.

26. Defendants failed to conduct a fair and objective investigation of the claim.

27. Defendants misrepresented pertinent policy provisions relating to coverage.

28. Defendants' bad faith conduct has caused Plaintiff to incur substantial damages, including attorney fees, costs, and other consequential losses.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in its favor and against Defendants in an amount in excess of $50,000.00 and granting such other and further relief as the Court deems just and proper.

                                              Respectfully submitted:

Date: September 5, 2025

                                              Thomas A. Musi, Jr., Esquire
                                              Musi, Mattson, Daubenberger & Clark, LLP
                                              *Attorney for Plaintiffs*