# EXHIBIT H



1500 Broadway, Suite 2401  
New York, NY 10036

T: (516) 408-2422  
F: (516) 461-3271

Kathleen J. Devlin  
Partner

Direct Dial: (908).340-0056  
Email: kdevlin@wglaw.com

September 29, 2025

**BY EMAIL:**
Thomas A. Musi, Jr. Esq.
Musi, Mattson, Daubenberger & Clark, LLP
21 West Third Street
Media, PA 19063
tam@mmdlawfirm.com

Re:   ***Jane Doe KK v. Lyft, Inc, et al***
        Insured           : Reggie's Inc. & Lance's Tavern LLC DBA Skeeter's Pub
        Date of Loss   : January 13, 2024
        Claim No       : ISC20068
        WG File No.   : 0215200

Dear Tom:

As you know, we are counsel for Sutton Specialty Insurance Company ("Sutton") in the above matter. This responds to your recent correspondence attaching a draft Declaratory Judgment Complaint ("Draft Complaint") arising out of Sutton's denial of coverage to Reggie's Inc. & Lance's Tavern LLC DBA Skeeter's Pub ("Skeeter's") for the claims asserted against it in the action Jane Doe KK v. Lyft, Inc., et al ("Jane Doe" Action).

Your Draft Complaint alleges that Sutton's May 13, 2025 disclaimer was improper because the claims against Skeeter's in the Jane Doe Action do not allege that it committed or in any way participated in Jane Doe's sexual assault. Rather, you assert the claims against Skeeter's are for negligence in serving alcohol, a risk which you claim as being within the scope of coverage under the General Liability and Liquor Liability provisions of the Sutton policy. It appears that you may not have received a copy of the June 9, 2025 supplemental disclaimer, a copy of which is attached for your review. The June 9, 2025 letter is incorporated herein and supplemented as follows.

The Second Amended Complaint in the Jane Doe Action, which you recently provided, alleges that Skeeter's served alcohol to Jane Doe who was visibly intoxicated, prior to her getting into a Lyft vehicle where she was sexually assaulted. The Plaintiff alleges that the negligent, careless, willful, wanton and reckless actions and conduct of Skeeter's was outrageous and was a legal cause of her inebriation, the need to order a rideshare, and ultimately the sexual assault.

You contend that there is coverage for this liquor liability case against Skeeter's under the COMMERCIAL GENERAL LIABILITY COVERAGE FORM (the "CGL Coverage Form") in the Sutton Policy. As set forth in prior correspondence, the CGL Coverage Form contains a "Liquor Liability" exclusion that provides:

> **2. Exclusions**
>
> This insurance does not apply to:
>
> * * *
>
> **c. Liquor Liability**
>
> "Bodily injury" or "property damage" for which any insured may be held liable by reason of:
>
> **(1)** Causing or contributing to the intoxication of any person;
>
> **(2)** The furnishing of alcoholic beverages to a person under the legal drinking age or under the influence of alcohol; or
>
> **(3)** Any statute, ordinance or regulation relating to the sale, gift, distribution or use of alcoholic beverages.
>
> This exclusion applies even if the claims against any insured allege negligence or other wrongdoing in:
>
> **(a)** The supervision, hiring, employment, training or monitoring of others by that insured; or
>
> **(b)** Providing or failing to provide transportation with respect to any person that may be under the influence of alcohol;
>
> if the "occurrence" which caused the "bodily injury" or "property damage", involved that which is described in Paragraph **(1), (2)** or **(3)** above.
>
> However, this exclusion applies only if you are in the business of manufacturing, distributing, selling, serving or furnishing alcoholic beverages. For the purposes of this exclusion, permitting a person to bring alcoholic beverages on your premises, for consumption on your premises, whether or not a fee is charged or a license is required for such activity, is not by itself considered the business of selling, serving or furnishing alcoholic beverages.

Thus, based upon the Liquor Liability exclusion, coverage to Skeeter's is excluded under the CGL Coverage Form.

You are also claiming that coverage for the <u>Jane Doe</u> Action is provided under the LIQUOR LIABILITY COVERAGE FORM in the Sutton Policy, and that any exclusion for sexual assault or sexual misconduct does not apply as any such act was not committed by Skeeter's, but rather by an unrelated third-party.

As set forth in previous correspondence, the Sutton Policy contains the LIMITED ASSAULT OR BATTERY COVERAGE endorsement (IL HOS 05 05 01 14), which contains the following exclusions applicable to the CGL Coverage Form and Liquor Liability Coverage Form:

> **LIMITED ASSAULT OR BATTERY COVERAGE**
>
> \* \* \*
>
> **III.   EXCLUSIONS**
>
> **A.  Additional Exclusion Applicable to the COMMERCIAL GENERAL LIABILITY COVERAGE FORM**
>
> The following exclusion is added to the **COMMERCIAL GENERAL LIABILITY COVERAGE FORM**:
>
> Injury, damage or loss, however caused, arising, directly or indirectly, out of:
>
> **1.**  Assault;
>
> **2.**  Battery;
>
> **3.**  Any "assault or battery incident".
>
> **B.  Additional Exclusion Applicable to the LIQUOR LIABILITY COVERAGE FORM**
>
> The following exclusion is added to the **LIQUOR LIABILITY COVERAGE FORM**:
>
> This insurance does not apply to "injury", damage or loss, however caused, arising, directly or indirectly, out of:
>
> **4.**  Assault;
>
> **5.**  Battery;
>
> **6.**  Any "assault or battery incident".
>
> \* \* \*

The Sutton Policy defines an "Assault or battery incident" as follows:

> "Assault or battery incident" means harmful or offensive contact between or among two or more persons including, but not limited to, apprehension of harmful or offensive contact or threats or harmful or offensive contact. An "assault or battery incident" may be:
>
> **a.**  provoked or unprovoked by any person; and
>
> **b.**  arise out of or result from any act or omission in connection with:

    **(1)** Prevention or suppression of an "assault or battery incident";

    **(2)** Protection of persons or property;

    **(3)** Negligent hiring, supervision, retention or training of any "employee" of the Insured; or

    **(4)** Implementation of adequate security measures, through security personnel, surveillance or other security devices.

Thus, the above exclusions are not limited to an "Assault or battery incident" committed by Skeeter's, but rather, they apply to "injury," damage, or loss, however caused, arising, directly or indirectly, out of Assault, Battery or an "Assault or battery incident." As the <u>Jane Doe</u> Action seeks damages for "injury" arising, directly or indirectly, out of Assault, Battery or an "Assault or battery incident," coverage for the <u>Jane Doe</u> Action is completely excluded under the CGL Coverage Form and Liquor Liability Coverage Form in the Sutton Policy. Sutton properly denied coverage on this basis.

Accordingly, for the reasons discussed above and in prior correspondence, Sutton maintains its proper denial of coverage to Skeeter's.

Sutton's coverage position is based upon the information available. This letter is not and should not be construed as a waiver of any terms, conditions, exclusions or any other provisions of the Sutton Policy. Sutton expressly reserves its right to supplement the foregoing if additional information is developed or disclosed and to assert policy positions and defenses not discussed herein which may be determined to be applicable. No waiver of the right to assert additional positions or defenses is intended and such a waiver is denied.

Please let us know if you have any questions.

Sincerely,

WEBER GALLAGHER SIMPSON
STAPLETON FIRES & NEWBY LLP

*Kathleen J. Devlin*
_____

Neil L. Sambursky, Esq.
Kathleen J. Devlin, Esq.

# EXHIBIT A



1500 Broadway, Suite 2401          T: (516) 408-2422
New York, NY 10036          F: (516) 461-3271

Kathleen J. Devlin          Direct Dial: (908).340-0056
Partner          Email: kdevlin@wglaw.com

June 9, 2025

**BY EMAIL:**
Ronald P. Sharrar
Senior Account Executive
Progress Brokerage Group LLC
Insurance Brokers & Consultants
920 West Sproul Road, Suite 201
Springfield, PA 19064
rsharrar@progressbrokerage.com

Re:    ***Jane Doe KK v. Lyft, Inc, et al***
      Insured       :   Reggie's Inc. & Lance's Tavern LLC DBA Skeeter's Pub
      Date of Loss   :   January 13, 2024
      Claim No      :   ISC20068
      WG File No.   :   0215200

Dear Mr. Sharrar:

We are counsel for Sutton Specialty Insurance Company ("Sutton") and are authorized to provide its positions in the above matter. As you know, Sutton issued a Hospitality Package Policy ("Sutton Policy") to Reggie's Inc. & Lance's Tavern LLC DBA Skeeter's Pub ("Skeeter's").

On May 13, 2025, Triton Claim Management, LLC, the authorized representative for Sutton issued a disclaimer to Skeeter's based on the **EXCLUSION- PUNITIVE OR EXEMPLARY DAMAGES** endorsement and the sexual assault and punitive damages exclusion contained in the **LIMITED ASSAULT OR BATTERY COVERAGE** endorsement. Thereafter, you disputed the coverage position "as this is a liquor claim and the insured has $1M in liquor liability coverage. We understand there is no coverage for a sexual assault nor punitive damages but the liquor claim is what would trigger coverage." Kindly accept this as Sutton's response and supplemental disclaimer.

Preliminary, you appear to understand that coverage is not afforded for the subject claims under the **COMMERCIAL GENERAL LIABILITY COVERAGE FORM**, which contains the **Liquor Liability** exclusion. Likewise, you concede that punitive damages are not covered under the Sutton Policy by virtue of the **EXCLUSION – PUNITIVE OR EXEMPLARY DAMAGES** endorsement. It is also against the public policy of New Jersey to provide coverage for punitive damages.

**RONALD P. SHARRAR**
**JUNE 9, 2025**
**PAGE 2 OF 3**

You also concede there is no coverage for a sexual assault. Even though KK's injuries arise from the sexual assault, you take the position that there should be coverage under the liquor liability coverage.

The **LIQUOR LIABILITY COVERAGE FORM** provides that Sutton "will pay those sums that the insured becomes legally obligated to pay as damages because of 'injury' to which this insurance applies if liability for such 'injury' is imposed on the insured by reason of the selling, serving or furnishing of any alcoholic beverage." While the Complaint may allege an "injury" and liquor liability, which is "imposed on the insured by reason of the selling, serving or furnishing of any alcoholic beverage," the Insuring Agreement of the **LIQUOR LIABILITY COVERAGE FORM** further provides that Sutton "will have no duty to defend the insured against any 'suit' seeking damages for 'injury' to which this insurance does not apply." The Complaint clearly seeks damages for "injury" to which this insurance does not apply by virtue of the following exclusion:

> **LIMITED ASSAULT OR BATTERY COVERAGE**
> 
> \*\*\*
> 
> **III.   EXCLUSIONS**
> 
> \*\*\*
> 
> **B.   Additional Exclusion Applicable to the LIQUOR LIABILITY COVERAGE FORM**
> 
> The following exclusion is added to the **LIQUOR LIABILITY COVERAGE FORM**:
> 
> This insurance does not apply to "injury", damage or loss, however caused, arising, directly or indirectly, out of:
> 
> **1.**   Assault;
> 
> **2.**   Battery;
> 
> **3.**   Any "assault or battery incident".

The Complaint alleges that the Skeeter Defendants served intoxicating amounts of alcohol to KK who was visibly intoxicated and prior to her getting into the Lyft vehicle where she was sexually assaulted while initially passed out. Count XI alleges negligence against the Skeeter Defendants, as well as the other tavern-related defendants. Count XIII alleges liquor liability against the Skeeters Defendants. The Plaintiff alleges that the negligent, careless, willful, wanton and reckless actions and conduct of Skeeters Defendants was outrageous and was a legal cause of the inebriation, the need to order a rideshare, and ultimately the sexual assault. The **LIQUOR LIABILITY COVERAGE FORM** does not provide coverage here because KK's "injury," damage or loss arose, directly or indirectly out of an assault and battery. The exclusion clearly provides that assault and battery, however caused, that arises, directly or indirectly, out of an assault, battery, or "assault or battery incident" is excluded from coverage. Accordingly, Sutton disclaims coverage based on the assault and battery exclusion contained in the **LIQUOR LIABILITY COVERAGE FORM.**

**RONALD P. SHARRAR**
**JUNE 9, 2025**
**PAGE 3 OF 3**

For the reasons set forth in the original disclaimer and above, Sutton is under no obligation to defend or indemnify the Skeeter Defendants.

Sutton's coverage position is based upon the information available. This letter is not and should not be construed as a waiver of any terms, conditions, exclusions or any other provisions of the Sutton Policy. Sutton expressly reserves its right to supplement the foregoing if additional information is developed or disclosed and to assert policy positions and defenses not discussed herein which may be determined to be applicable. No waiver of the right to assert additional positions or defenses is intended and such a waiver is denied. Sutton reserves the right to withdraw from the defense of the above matter and/or to seek an adjudication of coverage.

Should you wish to take this matter up with the New York State Department of Financial Services, you may file with the Department either on its website at http://www.dfs.ny.gov//consumer/fileacomplaint.htm or you may write to or visit the Consumer Assistance Unit, Financial Frauds and Consumer Protection Division, New York State Department of Financial Services, at: One State Street, New York, NY 10004; One Commerce Plaza, Albany, NY 12257; 13B Mineola Boulevard, Mineola, NY 11501; or Walter J. Mahoney Office Building, 65 Court Street, Buffalo, NY 14202.

Please do not hesitate to contact me if you have any questions.

Sincerely,

WEBER GALLAGHER SIMPSON
STAPLETON FIRES & NEWBY LLP

*Kathleen J. Devlin*

Kathleen J. Devlin, Esq.

cc:   Lisa Crutchfield (lcrutchfield@tritonclaims.com)

   Heidi G. Villari, Esq.
   The Villari Firm, PLLC
   258 S 11th Street
   Philadelphia, PA 19107
   hvillari@villarifirm.com

   Lance Oberparleiter
   Lance's Tavern, LLC d/b/a Skeeter's Pub
   7-11 Coles Road
   Blackwood, New Jersey 08012
   l.obie@comcast.net