# EXHIBIT I

## Court of Common Pleas of Philadelphia County
### Trial Division
# Civil Cover Sheet

**For Prothonotary Use Only (Docket Number)**
**OCTOBER 2025**    **00231**
E-Filing Number: 2510004180

| | |
|---|---|
| **PLAINTIFF'S NAME** <br> LANCE'S TAVERN, LLC, ALIAS: SKEETERS PUB | **DEFENDANT'S NAME** <br> TRITON CLAIM MANAGEMENT, LLC |
| **PLAINTIFF'S ADDRESS** <br> 7-11 COLES ROAD <br> BLACKWOOD  NJ 08012 | **DEFENDANT'S ADDRESS** <br> 2400 LAKEWVIEW PARKWAY SUITE 475 <br> ALPHARETTA GA 30009 |
| **PLAINTIFF'S NAME** | **DEFENDANT'S NAME** <br> SUTTON SPECIALTY INSURANCE COMPANY |
| **PLAINTIFF'S ADDRESS** | **DEFENDANT'S ADDRESS** <br> 110 E. ATLANTIC AVENUE SUITE 330 <br> DELRAY BEACH FL 33444 |
| **PLAINTIFF'S NAME** | **DEFENDANT'S NAME** |
| **PLAINTIFF'S ADDRESS** | **DEFENDANT'S ADDRESS** |

| TOTAL NUMBER OF PLAINTIFFS | TOTAL NUMBER OF DEFENDANTS | COMMENCEMENT OF ACTION |
|---|---|---|
| 1 | 2 | [X] Complaint  [ ] Petition Action  [ ] Notice of Appeal <br> [ ] Writ of Summons  [ ] Transfer From Other Jurisdictions |

| AMOUNT IN CONTROVERSY | COURT PROGRAMS | | | |
|---|---|---|---|---|
| [ ] $50,000.00 or less <br> [X] More than $50,000.00 | [ ] Arbitration <br> [ ] Jury <br> [X] Non-Jury <br> [ ] Other: | [ ] Mass Tort <br> [ ] Savings Action <br> [ ] Petition | [ ] Commerce <br> [ ] Minor Court Appeal <br> [ ] Statutory Appeals | [ ] Settlement <br> [ ] Minors <br> [ ] W/D/Survival |

**CASE TYPE AND CODE**
1D - INSURANCE, DECLARATORY JUDGMNT

**STATUTORY BASIS FOR CAUSE OF ACTION**

**RELATED PENDING CASES (LIST BY CASE CAPTION AND DOCKET NUMBER)**

FILED
PRO PROTHY
OCT 02 2025
S. GILLIAM

**IS CASE SUBJECT TO COORDINATION ORDER?**  YES    NO

**TO THE PROTHONOTARY:**
Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant: LANCE'S TAVERN, LLC
Papers may be served at the address set forth below.

| NAME OF PLAINTIFF'S/PETITIONER'S/APPELLANT'S ATTORNEY | ADDRESS |
|---|---|
| THOMAS A. MUSI | MUSI, MALONE & DAUBENBERGER <br> 21 WEST THIRD STREET <br> MEDIA PA 19063 |
| **PHONE NUMBER** (610)891-8806 | **FAX NUMBER** (610)891-8807 | |
| **SUPREME COURT IDENTIFICATION NO.** <br> 75950 | **E-MAIL ADDRESS** <br> jam@mmdlawfirm.com |
| **SIGNATURE OF FILING ATTORNEY OR PARTY** <br> THOMAS MUSI | **DATE SUBMITTED** <br> Thursday, October 02, 2025, 11:51 am |

FINAL COPY (Approved by the Prothonotary Clerk)

## Court of Common Pleas of Philadelphia County
### Trial Division
# Civil Cover Sheet

**For Prothonotary Use Only (Docket Number)**

*Filed and Attested by the Office of Judicial Records 02 OCT 2025 10:55 am GILLI[?]*

| | |
|---|---|
| **PLAINTIFF'S NAME**<br>Lance's Tavern, LLC d/b/a Skeeters Pub | **DEFENDANT'S NAME**<br>Triton Claim Management, LLC |
| **PLAINTIFF'S ADDRESS**<br>7-11 Coles Road,<br>Blackwood, NJ 08012 | **DEFENDANT'S ADDRESS**<br>2400 Lakeview Parkway, Suite 475<br>Alpharetta, GA 30009 |
| **PLAINTIFF'S NAME**<br>Reggie's Inc. | **DEFENDANT'S NAME**<br>Sutton Specialty Insurance Company |
| **PLAINTIFF'S ADDRESS**<br>7-11 Coles Road,<br>Blackwood, NJ 08012 | **DEFENDANT'S ADDRESS**<br>110 E Atlantic Avenue, Suite 330<br>Delray Beach, FL 33444 |
| **PLAINTIFF'S NAME** | **DEFENDANT'S NAME** |
| **PLAINTIFF'S ADDRESS** | **DEFENDANT'S ADDRESS** |

**TOTAL NUMBER OF PLAINTIFFS:** 2
**TOTAL NO. OF DEFENDANTS:** 2

**COMMENCEMENT OF ACTION**
- [X] Complaint
- [ ] Writ of Summons
- [ ] Petition Action
- [ ] Transfer From Other Jurisdictions
- [ ] Notice of Appeal

**AMOUNT IN CONTROVERSY**
- [ ] $50,000.00 or less
- [X] More than $50,000.00

**COURT PROGRAMS**
- [ ] Arbitration
- [ ] Jury
- [X] Non-Jury
- [ ] Other:
- [ ] Mass Tort
- [ ] Savings Action
- [ ] Petition
- [ ] Minor Court Appeal
- [ ] Statutory Appeals
- [ ] Commerce (Completion of Addendum Required)
- [ ] Settlement
- [ ] Minors
- [ ] W/D/Survival

**CASE TYPE AND CODE (SEE INSTRUCTIONS)**
1D

**STATUTORY BASIS FOR CAUSE OF ACTION (SEE INSTRUCTIONS)**
42 Pa.C.S. § 7531 et seq.

**RELATED PENDING CASES (LIST BY CASE CAPTION AND DOCKET NUMBER)**
2025042203
250701118

**IS CASE SUBJECT TO COORDINATION ORDER?**
Yes [ ]  No [ ]

**TO THE PROTHONOTARY:**
Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant:
Papers may be served at the address set forth below.

| | |
|---|---|
| **NAME OF PLAINTIFF'S/PETITIONER'S/APPELLANT'S ATTORNEY**<br>Thomas A. Musi, Jr., Esquire | **ADDRESS (SEE INSTRUCTIONS)**<br>21 W Third Street<br>Media, PA 19063 |
| **PHONE NUMBER**<br>610-891-8806 | **FAX NUMBER**<br>610-891-8807 | |
| **SUPREME COURT IDENTIFICATION NO.**<br>75950 | **E-MAIL ADDRESS**<br>tam@mmdlawfirm.com |
| **SIGNATURE**<br>*/s/ Thomas A. Musi* | **DATE**<br>10/2/2025 |

01-101 (Rev. 6/08)

Case ID: 251000231

**MUSI, MATTSON, DAUBENBERGER & CLARK, LLP**
Thomas A. Musi, Jr., Esquire
Attorney ID No.: 75950
21 West Third Street
Media, Pennsylvania 19063
(T) 610 891 8806 | (F) 610 891 8807
tam@mmdlawfirm.com

*Attorney for Plaintiffs*

| | |
|---|---|
| LANCE'S TAVERN, LLC<br>d/b/a SKEETERS PUB<br>&<br>REGGIE'S INC.,<br>    Plaintiffs,<br><br>v.<br><br>TRITON CLAIM MANAGEMENT, LLC<br>2400 Lakeview Parkway, Suite 475<br>Alpharetta, GA 30009<br>&<br>SUTTON SPECIALTY INS. CO.<br>110 E Atlantic Avenue, Suite 330<br>Delray Beach, FL 33444<br>    Defendants. | IN THE COURT OF COMMON PLEAS<br>PHILADELPHIA COUNTY<br><br>CASE NO.: |

### NOTICE TO DEFEND

You have been sued in Court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this Complaint and Notice are served, by entering a written appearance personally or by an attorney and filing in writing with the Court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so, the case may proceed without you and a judgment may be entered against you by the Court without further notice for any money claimed in the Complaint, or for any other claim or relief requested by the Plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET HELP.

IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE

Case ID: 251000231

**DELAWARE COUNTY BAR ASSOCIATION**
335 West Front Street
Media, PA 19063
(610) 566-6625

    Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las paginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificacion. Hace falta asentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion. Ademas, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perer dinero o sus propiedades u otros derechos importantes para usted.

    LLEVA ESTA DEMANDA A UN ABOGADO INMEDIATAMENTE. SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO. VAYA EN PERSONA O LLAME POR TELEFONO A LA OFICINA CUYA DIRECCION SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL.

Case ID: 251000231

**MUSI, MATTSON, DAUBENBERGER & CLARK, LLP**
Thomas A. Musi, Jr., Esquire
Attorney ID No.: 75950
21 West Third Street
Media, Pennsylvania 19063
(T) 610 891 8806 | (F) 610 891 8807
tam@mmdlawfirm.com

*Attorney for Plaintiffs*

| | |
|---|---|
| LANCE'S TAVERN, LLC<br>d/b/a SKEETERS PUB<br>&<br>REGGIE'S INC.,<br>    Plaintiffs,<br><br>v.<br><br>TRITON CLAIM MANAGEMENT, LLC<br>2400 Lakeview Parkway, Suite 475<br>Alpharetta, GA 30009<br>&<br>SUTTON SPECIALTY INS. CO.<br>110 E Atlantic Avenue, Suite 330<br>Delray Beach, FL 33444<br>    Defendants. | IN THE COURT OF COMMON PLEAS<br>PHILADELPHIA COUNTY<br><br>CASE NO.: |

## COMPLAINT FOR DECLARATORY JUDGMENT

**I. INTRODUCTION**

1. This is an action for declaratory judgment under 42 Pa.C.S. § 7531 et seq. to determine the rights and obligations of the parties under a liability insurance policy issued by Defendants to Plaintiff.

2. Plaintiff seeks a declaration that Defendants has a duty to defend and indemnify Plaintiff in connection with an underlying civil action filed against Plaintiff in the Philadelphia Court of Common Pleas, arising out of allegations that Plaintiff's employees allegedly overserved alcohol to a patron.

3

Case ID: 251000231

## II. PARTIES

3. Plaintiff, Reggie's, Inc. and Lances Tavern, LLC d/b/a Skeeter's Pub, Inc.("Plaintiff"), is a New Jersey corporation with its principal place of business at 7-11 Coles Road, Blackwood, New Jersey, operating a bar and restaurant in Philadelphia, Pennsylvania.

4. Defendant, Sutton Specialty Insurance Company is an insurance company authorized to do business in the Commonwealth of Pennsylvania, with a principal mailing address of 110 E. Atlantic Avenue, Suite 330, Delray Beach, Florida, 33444. Defendant, Triton Claim Management, LLC is a claims administration company headquartered at 2400 Lakeview Parkway, Suite 475, Alpharetta, Georgia, 30009 ("Defendants").

## III. JURISDICTION AND VENUE

5. Jurisdiction is proper under 42 Pa.C.S. § 7532 because an actual controversy exists between Plaintiff and Defendants regarding insurance coverage.

6. Venue is proper in Philadelphia County because the underlying civil action is pending in this Court, Plaintiff conducts business in Philadelphia, and Defendants issued the subject policy covering risks located in Philadelphia.

## IV. FACTUAL BACKGROUND

7. Defendants issued a liability insurance policy, Policy No. ISCH200000218-01, to Plaintiff, effective June 16, 2023-June 16, 2024, which provided general liability and liquor liability coverage.

8. On or about April 16, 2025, Jane Doe filed a civil action against Plaintiff in the Court of Common Pleas of Philadelphia County at Docket No. 250402203 (the "Underlying Action").

9. In the Underlying Action, Plaintiff is alleged to have violated Pennsylvania's Dram Shop Act, 47 P.S. § 4-493(1), by overserving alcohol to the underlying plaintiff.

Case ID: 251000231

10. The complaint in the Underlying Action further alleges that, as a result of being overserved, the underlying plaintiff lacked the capacity to give proper consent and was thereafter sexually assaulted by her Lyft driver.

11. The claims against Plaintiff are limited to allegations of negligence in serving alcohol, not for committing or facilitating a sexual assault.

12. By letter dated May 13, 2025, Defendants disclaimed coverage and denied both defense and indemnity, asserting that the claims in the Underlying Action arose out of or were excluded as "sexual assault" or "sexual misconduct" under the policy.

13. Defendants' denial is improper because the claims asserted against Plaintiff do not allege that Plaintiff committed or in any way participated in a sexual assault. Rather, they allege negligence in serving alcohol, a risk plainly within the scope of coverage under the general liability and liquor liability provisions of the policy.

14. Plaintiff has incurred, and continues to incur, substantial defense costs as a result of Defendants' wrongful denial.

15. By letter dated September 29, 2025, Defendants issued an additional denial of coverage in response to Plaintiffs' draft declaratory judgment complaint. In that letter, Defendants again refused to provide coverage, this time invoking the Policy's "Assault and Battery Exclusion."

16. This subsequent denial is improper. The Defendants' reliance on the Assault and Battery Exclusion is premised solely upon accepting the allegations of the underlying plaintiff as true and conclusive. Defendants have improperly assumed that Skeeter's Pub engaged in wrongful conduct, when in fact the allegations in the underlying complaint remain disputed and unproven.

17. By relying on disputed allegations as gospel to deny coverage, Defendants have prematurely concluded liability on the part of Skeeter's Pub and disregarded the well-settled principle that an

insurer's duty to defend arises whenever the claims even potentially fall within the scope of coverage.

18. Because Skeeter's Pub is not alleged to have committed or directed an assault or battery, and because the claims against it are grounded in negligence relating to the service of alcohol, the Assault and Battery Exclusion does not apply. Defendants' continued refusal to defend Plaintiffs is therefore wrongful and contrary to Pennsylvania law.

**V. COUNT I - CLAIM FOR DECLARATORY JUDGMENT**

19. Plaintiff incorporates by reference the preceding paragraphs as though set forth fully herein.

20. An actual controversy exists between Plaintiff and Defendants concerning the scope of coverage provided by the policy.

21. Defendants has refused to defend or indemnify Plaintiff in the Underlying Action, citing exclusions that are inapplicable to the allegations made therein.

22. Under Pennsylvania law, the duty to defend is broader than the duty to indemnify, and it arises whenever the complaint against the insured may potentially come within the policy coverage. See Erie Ins. Exch. v. Transamerica Ins. Co., 533 A.2d 1363, 1368 (Pa. 1987).

23. The allegations of negligent service of alcohol fall within the liquor liability and general liability coverage afforded by the policy.

24. Exclusions for "sexual assault" or "sexual misconduct" do not apply because Plaintiff is not alleged to have committed or directed such conduct; rather, the alleged assault was committed by a third party unconnected to Plaintiff.

25. Defendant's denial of coverage is contrary to the express language of the policy and to Pennsylvania law governing an insurer's duty to defend and indemnify.

Case ID: 251000231

26. Defendants' subsequent reliance on the Assault and Battery Exclusion in their September 29, 2025 denial letter is likewise improper, as the exclusion is inapplicable to the claims asserted in the Underlying Action.

27. Defendants' refusal to provide a defense on the basis of this exclusion further underscores the existence of an actual controversy and the necessity of declaratory relief.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in its favor and against Defendants in an amount in excess of $50,000.00 and granting such other and further relief as the Court deems just and proper.

## VI. COUNT II – BAD FAITH (42 Pa. C.S. § 8371)

28. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

29. Defendants have acted in bad faith toward Plaintiff in violation of 42 Pa. C.S. § 8371.

30. Defendants lacked a reasonable basis for denying benefits under the policy.

31. Defendants knew or recklessly disregarded its lack of a reasonable basis when it denied Plaintiff's tender of defense and indemnity.

32. Defendants failed to conduct a fair and objective investigation of the claim.

33. Defendants misrepresented pertinent policy provisions relating to coverage.

34. Defendants' bad faith conduct has caused Plaintiff to incur substantial damages, including attorney fees, costs, and other consequential losses.

35. Defendants compounded their bad faith by issuing a second denial on September 29, 2025, citing the Assault and Battery Exclusion. This denial, like the prior denial, was issued without reasonable basis, without fair investigation, and in reckless disregard of their obligations under the Policy and Pennsylvania law.

36. Defendants' serial denials demonstrate a pattern of bad faith claims handling, undertaken to avoid providing the defense and indemnity to which Plaintiffs are entitled.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in its favor and against Defendants in an amount in excess of $50,000.00 and granting such other and further relief as the Court deems just and proper.

Respectfully submitted:

Date: October 2, 2025

*Thomas A. Musi, Jr., Esquire*
Musi, Mattson, Daubenberger & Clark, LLP
*Attorney for Plaintiffs*

8

Case ID: 251000231