**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| LANCE'S TAVERN, LLC d/b/a SKEETERS PUB & REGGIE'S INC., | : : : | Civil Action No.: **2:25-cv-06245-JHS** |
| Plaintiffs, | : : | |
| v. | : : | |
| SUTTON SPECIALTY INS. CO. 110 E Atlantic Avenue, Suite 330 Delray Beach, FL 33444, | : : : : | |
| Defendant. | : : | |

**DEFENDANT SUTTON SPECIALTY INSURANCE COMPANY'S
BRIEF IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**

Of Counsel
Neil L. Sambursky, Esq. *(Admitted pro hac vice)*
Kathleen J. Devlin, Esq. *(Admitted pro hac vice)*
Denise M. DePekary, Esq. (Attorney ID: 328217)

**WEBER GALLAGHER SIMPSON STAPLETON FIRES & NEWBY LLP**
2000 Market Street, 13th Floor
Philadelphia, PA 19102
(516) 408-2422
|Attorneys For Defendant
SUTTON SPECIALTY INS. CO

## **TABLE OF CONTENTS**

**Page(s)**

I.   PRELIMINARY STATEMENT ...........................................................................1

II.  FACTUAL AND PROCEDURAL BACKGROUND...........................................3

III. LEGAL ARUGMENT .......................................................................................3

   A.  STANDARD OF REVIEW .........................................................................3

   B.  NEW JERSEY SUBSTANTIVE STATE LAW CONTROLS THE INTERPRETATION OF THE SUTTON POLICY .........................................................................3

   C.  SUTTON HAS NO DUTY TO DEFEND SKEETER'S PUB IN THE UNDERLYING ACTION AS THERE IS NO POTENTIAL COVERAGE FOR THE CLAIMS ASSERTED.................................................................................................5

      1.  THERE IS NO COVERAGE FOR THE UNDERLYING ACTION UNDER THE LIMITED ASSAULT AND BATTERY COVERAGE ENDORSEMENT ...............6

      2.  COVERAGE FOR THE UNDERLYING ACTION IS EXCLUDED UNDER THE LIQUOR LIABILITY COVERAGE FORM IN THE SUTTON POLICY...............8

      3.  COVERAGE FOR THE UNDERLYING ACTION IS EXCLUDED UNDER THE COMMERCIAL GENERAL LIABILITY COVERAGE FORM IN THE SUTTON POLICY ......................................................................................12

         A.) THE LIQUOR LIABILITY EXCLUSION APPLIES.......................................12

         B.) THE ASSAULT OR BATTERY EXCLUSION APPLIES .................................14

   D.  PUNITIVE DAMAGES ARE NOT COVERED UNDER THE SUTTON POLICY ....15

   E.  SKEETER'S PUB'S BAD FAITH CLAIM FAILS AS A MATTER OF LAW .............17

IV. CONCLUSION.................................................................................................19

# TABLE OF AUTHORITIES

**Case(s)**                                                                    **Page(s)**

Acceptance Ins. Co. v. Seybert
    2000 PA 207 (Pa. Super. 2000) ........................................................................10

Alli Rest. v. Amtrust N. Am., Inc.
    2026 U.S. Dist. LEXIS 39002 (D.N.J. Feb. 25, 2026) ......................................13

Anderson v. Liberty Lobby, Inc.
    477 U.S. 242 (1986)...........................................................................................3

Britamco Underwriters, Inc. v. Grzeskiewicz
    639 A.2d 1208 (Pa. Super. 1994)................................................................10, 15

Bensalem Racing Ass'n v. Ace Prop. & Cas. Ins. Co.
    No. 4858, 2017 Phila Ct. Com. Pl. LEXIS 132
    (Pa. Ct. Com. Pl. Phila. Cnty. Mar. 21, 2017) ..................................................17

Chubb Custom Ins. Co. v. Prudential Ins. Co. of Am.
    195 N.J. 231 (2008) ...........................................................................................5

Cipolla v. Shaposka
    439 Pa. 563 A.2d 854 (Pa. 1970) .......................................................................4

Erie R.R. Co. v. Tompkins
    304 U.S. 64 (1938).............................................................................................3

Flomerfelt v. Cardiello
    202 N.J. 432 (2010) ...........................................................................................6

Hammersmith v. TIG Ins. Co.
    480 F.3d 220 (3d Cir. 2007)...............................................................................4

Hartford Accident Indem. Co. v. Aetna Life Cas. Ins. Co.
    98 N.J. 18 (1984) ...............................................................................................5

J.C. Penney Life Ins. Co. v. Pilosi
    393 F.3d 356 (3d Cir. 2004) .............................................................................18

Johnson & Johnson v. Aetna Cas. And Sur. Co.
    285 N.J. Super. 575 (App Div. 1995) ...............................................................17

Klaxon Co. v. Stentor Elec. Mfg. Co.
    313 U.S. 487 (1941)...........................................................................................4

Loigman v. Massachusetts Bay Ins Co.
    235 N.J. Super. 67 (App. Div. 1989) ...............................................................16

Luse v. Liberty Mut. Fire Ins. Co.
    411 Fed. Appx. 462 (3d Cir. 2011)..................................................................17

Luzuriaga v. Copacabana Nightclub
    No. A-4404-10T2, 2012 N.J. Super. Unpub. LEXIS 2225
    (N.J. Super. Ct. App. Div. Oct. 1, 2012) .....................................................10, 15

Melville v. American Home Assurance Co.
    584 F.2d 1306 (3d Cir. 1978)............................................................................4

Newark v. Hartford Acc. & Indem. Co.
    134 N.J. Super. 537 (App. Div. 1975) ..............................................................16

Pickett ex rel. Est. of Pickett v. Moore's Lounge
    464 N.J. Super. 549 (App. Div. 2020)..............................................................14

Polarome Int'l, Inc. v. Greenwich Ins. Co.
    404 N.J. Super. 241 (App. Div. 2008) ...............................................................5

President v. Jenkins
    180 N.J. 550 (2004) ........................................................................................5

Progressive Cas. Ins. Co. v. Hurley
    166 N.J. 260 (2001) ........................................................................................6

QBE Ins Corp. v. Walters
    148 A.3d 785 (Pa. Super. 2016) ......................................................................15

Robson v. EMC Ins. Cos.
    785 A.2d 507, (Pa. Super. 2001).....................................................................17

Roth v. Norfalco LLC
    651 F.3d 367 (3rd. Cir. 2011) .........................................................................3

Stafford v. T.H.E. Ins. Co.
    309 N.J. Super. 97 (App. Div. 1998) ...............................................................11

Templo Fuente De Vida Corp. v. National Union Fire Ins. Co. of Pittsburgh
    224 N.J. 189 (2016) ........................................................................................5

Terletsky v. Prudential Prop. & Cas. Ins. Co.
    649 A.2d 680 (Pa. Super. 1994).......................................................................18

United States Fidelity & Guaranty v. Griggs
    341 Pa. Super. 286 (1985)...........................................................................6, 13

<u>Variety Farms, Inc. v. New Jersey Mfrs. Ins. Co.</u>
    172 N.J. Super. 10 (App. Div. 1980) ...............................................................16

<u>Wacker-Ciocco v. Gov't Emps. Ins. Co.</u>
    439 N.J. Super. 603 (App. Div. 2015)...............................................................18

<u>White Pine Ins. Co. v. Bala Inn, Inc.</u>
    2018 U.S. Dist. LEXIS 34196 (E.D. Pa. Mar. 2, 2018).....................................15

**<u>Rules / Statutes</u>**

Pennsylvania's Bad Faith Statute, 42 Pa. Cons. Stat. § 8371 ...................................17, 18

Federal Rule of Civil Procedure 56 ...............................................................................3

**<u>Other Authority</u>**

Restatement (Second) Conflict of Laws § 193 ...........................................................4, 5

**NOW COMES** the Defendant, Sutton Specialty Insurance Company ("Sutton"), by and through its undersigned counsel, hereby submits this Brief in Support of Its Motion for Summary Judgment.

## I.    PRELIMINARY STATEMENT

The issue in this insurance coverage Declaratory Judgment Action is whether Sutton Policy Number ISCH0200000218-01, issued to "Reggie's Inc. & Lance's Tavern LLC DBA Skeeter's Pub" ("Skeeter's Pub") and effective June 16, 2023 - June 16, 2023 (the "Sutton Policy"), provides coverage to Skeeter's Pub for the claims asserted against it in the action <u>Jane Doe K.K., v. Lyft, Inc, et al</u>, Case No. 250402203, pending in the Court of Common Pleas, Philadelphia County (the "Underlying Action"), which alleges that Skeeter's Pub, located in New Jersey, as well as other establishments, served intoxicating amounts of alcohol to Jane Doe K.K. ("Jane Doe"), who was visibly intoxicated, prior to her getting into a Lyft vehicle in which she was sexually assaulted in New Jersey by the Lyft driver.  Sutton properly denied coverage for the claim.

The undisputed facts establish as a matter of law that for the following reasons, there is no coverage under the Sutton Policy for the Underlying Action:

1. The Limited Assault And Battery Coverage Endorsement in the Sutton Policy, which provides limited coverage to Skeeter's Pub for damages because of "injury" or "bodily injury" arising out of an "assault or battery incident" "by any insured," does not apply. It is undisputed the complaints in the Underlying Action do not allege that "any insured" under the Sutton Policy assaulted Jane Doe. Rather, the assault was allegedly committed by a third party (a Lyft driver). Importantly, because the Underlying Action alleges sexual assault, coverage under the Limited Assault And Battery Coverage Endorsement is completely excluded based upon the sexual assault exclusion in that

endorsement. Thus, Skeeter's Pub is not entitled to coverage under the Limited Assault And Battery Coverage Endorsement. Sutton properly disclaimed coverage to Skeeter's Pub on this basis.

2. The Limited Assault And Battery Coverage Endorsement contains two virtually identical assault or battery exclusions: one that applies to the Liquor Liability Coverage Form and another that applies to the Commercial General Liability Coverage Form. The assault or battery exclusions exclude coverage for "'injury', damage or loss, however caused, arising, directly or indirectly, out of: 1. Assault; 2. Battery; 3. Any 'assault or battery incident.'" The alleged sexual assault of Jane Doe by a Lyft driver is an "assault or battery incident" as that term is clearly and unambiguously defined in the Sutton Policy. As the Underlying Action seeks damages for "injury" arising, directly or indirectly, out of Assault, Battery or an "Assault or battery incident," coverage for the Underlying Action is completely excluded under both the Liquor Liability Coverage Form and Commercial General Liability Coverage Form in the Sutton Policy. Sutton properly disclaimed coverage to Skeeter's Pub on this basis.

3. The Exclusion-Punitive Or Exemplary Damages endorsement in the Sutton Policy, together with the punitive damages exclusion in the Limited Assault or Battery Coverage Endorsement, completely exclude coverage for punitive damages. Moreover, under New Jersey law, which governs this matter, insurance coverage for punitive damages is against public policy. Sutton properly disclaimed coverage to Skeeter's Pub for the punitive damage claim.

4. As Sutton properly disclaimed coverage to Skeeter's Pub for the Underlying Action, there is no factual or legal basis for Skeeter's Pub claim for bad faith against Sutton.

For the reasons discussed, based upon the undisputed facts, as a matter of law, Sutton's motion for summary judgment must be granted in all respects.

## II.    FACTUAL AND PROCEDURAL BACKGROUND

For purposes of brevity, Sutton incorporates by reference the factual and procedural background set forth in its Statement of Undisputed Material Facts ("SUMF") as if the same were stated at length.

## III.    LEGAL ARGUMENT

### A.    STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 56, a federal court shall grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to summary judgment as a matter of law." Fed. R. Civ. P. 56(a). When reviewing a motion for summary judgment, the court "consider[s] the evidence in the light most favorable to the nonmovant and draw[s] all reasonable inferences in that party's favor." Roth v. Norfalco LLC, 651 F.3d 367, 373-74 (3rd. Cir. 2011) (internal citation omitted). The court ruling on the motion for summary judgment does not evaluate the evidence and decide the truth of the matter but rather determines whether there is a genuine dispute for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49 (1986).

For the reasons discussed, based upon the undisputed evidence, as a matter of law, Sutton's motion for summary judgment should be granted in its entirety.

### B.    NEW JERSEY SUBSTANTIVE STATE LAW CONTROLS THE INTERPRETATION OF THE SUTTON POLICY

A federal court sitting in diversity must apply federal procedural law and state substantive law. See generally Erie R.R. Co. v. Tompkins, 304 U.S. 64, 80 (1938). The Erie doctrine requires a federal court sitting in diversity to apply the forum state's conflict of laws principles to determine

which state's substantive law applies to the interpretation of a contract. Klaxon Co. v. Stentor Elec. Mfg. Co., 313 U.S. 487, 496-97 (1941). In Hammersmith v. TIG Ins. Co., a case concerning the interpretation of an insurance policy without a choice-of-law provision, like here, explained that a Pennsylvania federal court sitting in diversity must apply Pennsylvania's multi-step "interest/contacts" methodology to determine which state's substantive law governs the interpretation of a contract (e.g., an insurance policy) in dispute. 480 F.3d 220, 226 (3d Cir. 2007). The federal court first determines whether there is an "actual or real" conflict between the potentially applicable states' laws. Id. When a true conflict exists, the federal court then determines which state has the "greater interest in the application of its law." Id. at 231 (quoting Cipolla v. Shaposka, 267 A.2d 854, 855-56 (Pa. 1970)).

To assess these contacts, Pennsylvania utilizes § 193 of the Second Restatement of Conflicts of Law while "bearing in mind that [the court] [is] concerned with the contract of insurance and not the underlying tort." Id. at 232-33 (internal quotation marks and citation omitted)). The Restatement provides that:

> The "validity of . . . [an insurance policy] and the rights created thereby are determined by the local law of the state which the parties understood was to be the principal location of the insured risk during the term of the policy, unless . . . some other state has a more significant relationship . . . to the transaction and the parties, in which event the local law of the other state will be applied.

Restatement (Second) Conflict of Laws § 193.

The court also considers the "interests and policies that may be validly asserted by each jurisdiction." Melville v. American Home Assurance Co., 584 F.2d 1306, 1311 (3d Cir. 1978). The following is "paramount" under this analysis: a state's interest in regulating an insurance policy issued to an insured in that state; the delivery of an insurance policy in that state; the insurance policy's reference to that state, by name, in the title of the policy. Hammersmith, 480

4

F.3d at 235.

Here, Skeeter's Pub and Sutton understood New Jersey "to be the principal location of the insured risk during the term of the policy" as the insured's business—an establishment hosting patrons and serving liquor—is physically located in New Jersey.  Skeeter's Pub's alleged acts at issue in the Underlying Action occurred in New Jersey, as did the alleged assault.  No "other state has a more significant relationship" to the Sutton Policy than New Jersey.  Accordingly, New Jersey has more significant contacts to the Sutton Policy issued to the Skeeter's Pub under § 193's framework. In any event, under both Pennsylvania and New Jersey law, Sutton's motion should be granted as Skeeter's Pub is not entitled to coverage under the Sutton Policy for the claims asserted against it in the Underlying Action.

### C.    SUTTON HAS NO DUTY TO DEFEND SKEETER'S PUB IN THE UNDERLYING ACTION AS THERE IS NO POTENTIAL COVERAGE FOR THE CLAIMS ASSERTED

Sutton has no duty to defend Skeeter's Pub in the Underlying Action, because based upon the allegations of the complaint in that case, Sutton has no potential duty to indemnify Skeeter's Pub. Under New Jersey law, "[n]either the duty to defend nor the duty to indemnify 'exists except with respect to occurrences for which the policy provides coverage.'"  Polarome Int'l, Inc. v. Greenwich Ins. Co., 404 N.J. Super. 241, 274 (App. Div. 2008) (quoting Hartford Accident & Indem. Co. v. Aetna Life & Cas. Ins. Co., 98 N.J. 18, 22 (1984)).

In construing the terms of an insurance contract, a court must abide by their "plain ordinary meeting." President v. Jenkins, 180 N.J. 550, 562 (2004) (quoting Zacarias v. Allstate Ins Co., 168 N.J. 590, 595 (2001). "If the plain language of the policy is unambiguous, we will 'not engage in a strained construction to support the imposition of liability' or write a better policy for the insured than the one purchased."  Templo Fuente De Vida Corp. v. Nat'l Union Fire Ins. Co. of Pittsburgh, 224 N.J. 189, 200 (2016) (quoting Chubb Custom Ins. Co. v. Prudential Ins. Co. of

Am., 195 N.J. 231, 238 (2008) (quoting Progressive Cas. Ins. Co. v. Hurley, 166 N.J. 260, 273 (2001))). Likewise, "[e]xclusionary clauses are presumptively valid and are enforced if they are specific, plain, clear, prominent, and not contrary to public policy." Flomerfelt v. Cardiello, 202 N.J. 432, 441 (2010) (internal quotation marks and citations omitted). Far-fetched interpretations of policy exclusions will not suffice to create ambiguity and provide coverage for the insured. Id. at 442 (internal quotation marks and citation omitted). Pennsylvania follows these same principles. See United States Fidelity and Guaranty v. Griggs, 341 Pa. Super. 286, 289-90 (1985).

The clear and unambiguous terms, conditions and exclusions contained in the Sutton Policy eliminate any potential coverage for the claims asserted in the Underlying Action. Thus, Sutton is entitled to summary judgment as a matter of law.

### 1. THERE IS NO COVERAGE FOR THE UNDERLYING ACTION UNDER THE LIMITED ASSAULT AND BATTERY COVERAGE ENDORSEMENT

The Limited Assault And Battery Coverage Endorsement in the Sutton Policy provides limited coverage to Skeeter's Pub for damages because of "injury" or "bodily injury" arising out of an "assault or battery incident" "by any insured," does not apply, as follows:

**LIMITED ASSAULT OR BATTERY COVERAGE**
**(Claims Expense within Coverage Limits)**

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILTY COVERAGE FORM

LIQUOR LIABILTY COVERAGE FORM

**SCHEDULE**

**Sub-limits of Insurance:**
$100,000 **Each Assault or Battery Incident Sub-limit**
$100,000 **Annual Assault or Battery Aggregate Sub-limit**

**I.    LIMITED ASSAULT AND BATTERY INSURING AGREEMENT**

**A.** We will pay all sums the Named Insured is legally obligated to pay as damages because of "injury", "bodily injury", "property damage" or "personal and advertising injury" ***arising out of an "assault or battery incident" by any insured.***

**B.** We will have the right and duty to defend the Insured against any "suit" seeking those damages.

However, we will have no duty to defend the Insured against any "suit" seeking damages for "injury", "bodily injury", "property damage" or "personal and advertising injury" to which this insurance does not apply. We may, at our discretion, investigate any "assault and battery incident" and settle any claim or "suit" that may result. But:

**1.** The amount we will pay for damages and the cost of defense is limited as described in Section **II LIMITS OF INSURANCE** of this coverage form; and

**2.** Our right and duty to defend end when we have used up the applicable sub-limit of insurance in the payment of judgments or settlements under as described in Section **II LIMITS OF INSURANCE** in this coverage form.

No other obligation or liability to pay sums or perform acts or services is covered.

**C.** This insurance applies only if the "assault or battery incident":

**1.** Arises out of your operations, which includes, but is not limited to, the selling, serving or furnishing of alcoholic beverages

**2.** Takes place in the "coverage territory"; and

**3.** Occurs during the policy period.

Damages because of "bodily injury" include damages claimed by any person or organization for care, loss of services or death resulting at any time from the "bodily injury."

\* \* \*

## II.    EXCLUSIONS

### C. Exclusions Applicable to the LIMITED ASSAULT AND BATTERY COVERAGE

This insurance does not apply to:

7

1. "Injury", claim or loss, however caused, arising, directly or indirectly, out of sexual assault, abuse or molestation.
2. Any claim for punitive or exemplary damages.

Further, the exclusions applicable to the **LIQUOR LIABILITY COVERAGE FORM** shall also apply to **LIMITED ASSAULT AND BATTERY COVERAGE**.

\* \* \*

(SUMF No. 10.)

The Complaint in the Underlying Action alleges that Jane Doe was allegedly sexually assaulted by a Lyft driver. As such, based upon the above exclusion, "III.C.1," coverage for the Underlying Action is completely excluded under the Limited Assault And Battery Coverage Endorsement in the Sutton Policy. Further, the Underlying Action does not allege that any assault was committed by "any insured" (i.e., Skeeter's Pub). Thus, there is no potential coverage for Skeeter's Pub under the clear and unambiguous terms of the Limited Assault And Battery Coverage Endorsement. Sutton properly denied coverage to Skeeter's Pub under the Limited Assault And Battery Coverage Endorsement.

## 2. COVERAGE FOR THE UNDERLYING ACTION IS EXCLUDED UNDER THE LIQUOR LIABILITY COVERAGE FORM OF THE SUTTON POLICY

The Insuring Agreement of the Liquor Liability Coverage Form provides that Sutton "will pay those sums that the insured becomes legally obligated to pay as damages because of 'injury' to which this insurance applies if liability for such 'injury' is imposed on the insured by reason of the selling, serving or furnishing of any alcoholic beverage." (SUMF No. 9.) Although the Complaint in the Underlying Action may allege an "injury," which is imposed on Skeeter's Pub "by reason of the selling, serving or furnishing of any alcoholic beverage," the Insuring Agreement of the Liquor Liability Coverage Form further provides that Sutton "will have no duty to defend

the insured against any 'suit' seeking damages for 'injury' to which this insurance does not apply."

(SUMF No. 9.)  Skeeter's Pub's motion disregards this term of the Sutton Policy.

The Limited Assault And Battery Coverage Endorsement modifies the coverage under the Liquor Liability Coverage Form, in among other ways, by adding following assault or battery exclusion (the "Assault or Battery Exclusion -Liquor Liability"):

### III.  EXCLUSIONS

#### A. Additional Exclusion Applicable to the LIQUOR LIABILITY COVERAGE FORM

The following exclusion is added to the LIQUOR LIABILITY COVERAGE FORM**:**

This insurance does not apply to "injury", damage or loss, however caused, arising, directly or indirectly, out of:

**1.** Assault;

**2.** Battery;

**3.** Any "assault or battery incident".

\* \* \*

### IV.  DEFINITIONS

"Assault or battery incident" means harmful or offensive contact between or among two or more persons including, but not limited to, apprehension of harmful or offensive contact or threats or harmful or offensive contact. An "assault or battery incident" may be:

**a.** provoked or unprovoked by any person; and

**b.** arise out of or result from any act or omission in connection with:

**(1)** Prevention or suppression of an "assault or battery incident";

**(2)** Protection of persons or property;

**(3)** Negligent hiring, supervision, retention or training of any "employee" of the Insured; or

**(4)** Implementation of adequate security measures, through security personnel, surveillance or other security devices.

\* \* \*

9

See SUMF. No. 10.

The sexual assault at issue in the Underlying Action qualifies as an "assault or battery incident" as that term is plainly defined in the Sutton Policy. Sutton's denial of coverage under the Liquor Liability Coverage Form, based upon Assault or Battery Exclusion - Liquor Liability, is proper factually and as a matter of law.

The courts in New Jersey and Pennsylvania enforce assault and battery exclusions within policies that provide liquor liability coverage to insureds. See, e.g., Luzuriaga v. Copacabana Nightclub, No. A-4404-10T2, 2012 N.J. Super. Unpub. LEXIS 2225 (N.J. Super. Ct. App. Div. Oct. 1, 2012) (enforcing assault and battery exclusions in commercial general liability policy and liquor liability policy and affirming that insurers had no duty to defend or provide coverage in lawsuit alleging negligent service of alcohol to visibly intoxicated patrons who committed assault); Acceptance Ins. Co. v. Seybert, 2000 PA 207 (Pa. Super. 2000) (holding the policy's assault and battery exclusions, one of which contained in liquor liability coverage part, precluded insurer's duty to defend insured bar for assault that occurred off the bar's premises and that allegedly followed bar's excessive serving of alcohol to visibly intoxicated individuals).

 In Britamco Underwriters, Inc. v. Grzeskiewicz, 639 A.2d 1208 (Pa. Super 1994), Donna Lee Smith ("Smith") was "violently attacked" with a broken beer bottle by a patron of a tavern. Id. at 1209. Smith filed suit against the tavern and its owner, alleging that her injuries were caused by the tavern's carelessness and negligence through its employees. Id. The tavern sought coverage for the claims under its muti-peril insurance policy. Id. In Grzeskiewicz, like Sutton, the insurer properly disclaimed coverage due to the policy's exclusions for claims arising from incidents of assault and battery and for liquor liability/dram shop claims. Id. Although the trial court denied the insurer's motion for summary judgment, on appeal the appellate court reversed the trial court

and held the liquor liability and assault and battery exclusions precluded coverage. Id. at 1211-12.

Similarly, in Stafford v. T.H.E. Ins. Co., the New Jersey Appellate Division reversed the trial court and held that the assault or battery exclusion was clear and unambiguous and barred coverage for a shooting incident, even though there were allegations of negligence against the insured. 309 N.J. Super. 97, 99–100 (App. Div. 1998). In Stafford, patrons attending the insured's establishment ("Club Mirage") shot three other patrons in attendance. Id. at 100. Club Mirage was insured under a commercial general liability policy that contained the following assault or battery exclusion in an endorsement:

> In consideration of the premium charged, it is agreed that NO coverage of any kind (including but not limited to cost of defense) is provided by this policy for Bodily Injury and/or Property Damage arising out of or caused in whole or in part by an assault and/or battery. Further, NO coverage is provided if the underlying operative facts constitute an assault and/or battery irrespective of whether the claim alleges negligent hiring, supervision and/or retention against the insured or any other negligent action. . . .

Id.

Holding this assault and battery exclusion was unambiguous, the Appellate Division stated that "[c]ontrary to the trial judge, we see no ambiguity whatsoever in the terms of the exclusion. Its language plainly indicates to the average reader that, *no matter who commits the assault and battery*, no coverage will be provided." Id. at 104-05 (emphasis added). The Appellate Division further noted that "[t]he first sentence clearly excludes coverage for bodily injury or property damage 'arising out of or caused in whole or in part' by an assault or battery." Id. at 105. Accordingly, the exclusion barred coverage for Club Mirage. Id. at 106.

In the instant case, the Assault or Battery Exclusion -Liquor Liability excludes from coverage any "injury," damage, or loss, however caused, arising, directly or indirectly, out of Assault, Battery or an "Assault or battery incident." In the Underlying Action, the alleged sexual

assault of Jane Doe by a Lyft driver is clearly an "assault or battery incident" as defined in the Sutton Policy. As the Underlying Action seeks damages for "injury" arising, directly or indirectly, out of Assault, Battery or an "Assault or battery incident," coverage for the Underlying Action is completely excluded under the Liquor Liability Coverage Form. Sutton properly denied coverage to Skeeter's Pub under the Liquor Liability Coverage Form.

Accordingly, Sutton's motion for summary judgment should be granted.

### 3. COVERAGE FOR THE UNDERLYING ACTION IS EXCLUDED UNDER THE COMMERCIAL GENERAL LIABILITY COVERAGE FORM OF THE SUTTON POLICY

Pursuant to the Insuring Agreement of the Commercial General Liability Coverage Form, Sutton "will pay those sums that the insured becomes legally obligated to pay as damages because of 'bodily injury'… to which this insurance applies." However, Sutton "will have no duty to defend the insured against any 'suit' seeking damages for 'bodily injury'… to which this insurance does not apply." (SUMF No. 8.) The Liquor Liability exclusion and the assault or battery exclusion preclude coverage under the Commercial General Liability Coverage Form.

#### A.) THE LIQUOR LIABILITY EXCLUSION APPLIES

The Commercial General Liability Coverage Form in the Sutton Policy contains the standard "Liquor Liability" exclusion that provides:

**2. Exclusions**

This insurance does not apply to:

"Bodily injury" or "property damage" for which any insured may be held liable by reason of:

**1.** Causing or contributing to the intoxication of any person;

**2.** The furnishing of alcoholic beverages to a person under the legal drinking age or under the influence of alcohol; or

**3.** Any statute, ordinance or regulation relating to the sale, gift, distribution or use of alcoholic beverages.

This exclusion applies even if the claims against any insured allege negligence or other wrongdoing in:

**(a)** The supervision, hiring, employment, training or monitoring of others by that insured; or

**(b)** Providing or failing to provide transportation with respect to any person that may be under the influence of alcohol;

if the "occurrence" which caused the "bodily injury" or "property damage", involved that which is described in Paragraph (1), (2) or (3) above.

However, this exclusion applies only if you are in the business of manufacturing, distributing, selling, serving or furnishing alcoholic beverages. For the purposes of this exclusion, permitting a person to bring alcoholic beverages on your premises, for consumption on your premises, whether or not a fee is charged or a license is required for such activity, is not by itself considered the business of selling, serving or furnishing alcoholic beverages.

\* \* \*

(SUMF No. 8.)

The Complaint in the Underlying Action alleges "liquor liability" and the New Jersey and Pennsylvania courts have held liquor liability exclusions contained in commercial general liability policies to be clear and unambiguous. See, e.g., Alli Rest. v. Amtrust N. Am., Inc., 2026 U.S. Dist. LEXIS 39002, at *9 n.2 (D.N.J. Feb. 25, 2026) ("the Commercial General Liability Policy contains a 'Total Liquor Liability Exclusion' that ***clearly*** states the policy 'does not apply to . . . . allegations including, but not limited to . . . any act, error, or omission relating to the consumption or distribution of any alcoholic beverage.'" (emphasis added)); United States Fidelity & Guaranty v. Griggs, 341 Pa. Super. 286, 291 (1985) (the liquor liability exclusion unambiguously excludes liquor liability coverage under general liability policy; this exclusion was "more or less standard language in tavern general liability policies, and is generally recognized as accomplishing the result intended").

In the Underlying Action, Jane Doe alleges she was sexually assaulted by the Lyft driver because while she was visibly intoxicated, she was overserved liquor by Skeeter's Pub in violation of Pennsylvania's laws and Dram Shop Act. Based on the clear and unambiguous language of the Liquor Liability exclusion, coverage for Skeeter's Pub is excluded under the Commercial General Liability Coverage Form in the Sutton Policy.

### B.) THE ASSAULT OR BATTERY EXCLUSION APPLIES

The Limited Assault And Battery Coverage Endorsement modifies the coverage under the Commercial General Liability Coverage Form, in among other ways, by adding following assault or battery exclusion (the "Assault or Battery Exclusion – CGL"):

> **III.    EXCLUSIONS**
>
> **A. Additional Exclusion Applicable to the COMMERCIAL GENERAL LIABILITY COVERAGE FORM**
>
> **The following exclusion is added to the COMMERCIAL GENERAL LIABILITY COVERAGE FORM:**
>
> Injury, damage or loss, however caused, arising, directly or indirectly, out of:
>
> **1.** Assault;
>
> **2.** Battery;
>
> **3.** Any "assault or battery incident".
>
> * * *

(SUMF No. 10.)

The sexual assault at issue in the Underlying Action alleges qualifies as an "assault or battery incident" as that term is plainly defined in the Sutton Policy. Sutton's denial of coverage under the Commercial General Liability Coverage Form, based upon the clear and unambiguous language of the Assault or Battery Exclusion - CGL, is proper factually and as a matter of law. See, e.g., Pickett ex rel. Est. of Pickett v. Moore's Lounge, 464 N.J. Super. 549 (App. Div. 2020)

14

(holding coverage was precluded for fatal shooting at tavern on account of assault or battery exclusion within commercial general liability policy issued to insured tavern); <u>Luzuriaga v. Copacabana Nightclub</u>, No. A-4404-10T2, 2012 N.J. Super. Unpub. LEXIS 2225 (N.J. Super. Ct. App. Div. Oct. 1, 2012); <u>Britamco Underwriters Inc. v. Grzeskiewicz</u>, 639 A.2d 1208 (Pa. Super. 1994) (enforcing assault and battery exclusion and accordingly holding that insurer had no duty to defend insured bar in lawsuit involving assault allegations); <u>QBE Ins Corp. v. Walters</u>, 148 A.3d 785, 792 (Pa. Super. 2016). ("The myriad allegations presented in the underlying complaint fall within the scope of the definition of 'assault and battery' contained in the exclusion, and thus, there is no duty to defend or indemnify."); <u>White Pine Ins. Co. v. Bala Inn, Inc.</u>, 2018 U.S. Dist. LEXIS 34196, at *18-19 (E.D. Pa. Mar. 2, 2018) ("All of the [underlying plaintiff's] allegations involve [the insured's] negligence, recklessness, or carelessness in failing to prevent the shooting (an assault), conduct that is clearly excluded by the unambiguous language of the Assault and Battery Exclusion. Therefore, [the insurer] does not owe a duty to defend or indemnify [the insured] for the [underlying litigation].").

Based on the clear and unambiguous language of the Assault or Battery-CGL Exclusion, coverage for Skeeter's Pub is excluded under the Commercial General Liability Coverage Form, and Sutton's motion for summary judgment should be granted.

### D. **PUNITIVE DAMAGES ARE NOT COVERED UNDER THE SUTTON POLICY**

The Underlying Action seeks, *inter alia*, punitive damages.  As there is no coverage for the claims asserted in the Underlying Action, there is no coverage for any damage award, including but not limited to punitive damages.  In any event, coverage for such damages is excluded under the Sutton Policy.

The Sutton Policy contains the Exclusion-Punitive Or Exemplary Damages endorsement, which provides that the Sutton Policy does not apply to punitive or exemplary damages, as follows:

**EXCLUSION – PUNITIVE OR EXEMPLARY DAMAGES**

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE FORM
LIQUOR LIABILITY COVERAGE FORM

Regardless of any other provision of this policy, this policy does not apply to punitive or exemplary damages.

If a "suit" is brought against any insured, and falls within the coverage provided by the policy, seeking both compensatory damages (damages for economic loss and pain and suffering) and "punitive or exemplary damages" (damages as a means of punishment), no coverage shall be provided by this policy for any costs, interest, defense costs, attorney or legal fees or any type of damages attributable to punitive or exemplary damages.

"Punitive or exemplary damages" means those damages imposed to punish a wrongdoer and to deter others from similar conduct.

(SUMF No. 11.)

The Exclusion-Punitive Or Exemplary Damages endorsement in the Sutton Policy, together with the punitive damages exclusion in the Limited Assault of Battery Coverage Endorsement (SUMF No. 10), completely exclude coverage for the punitive damages claim. Moreover, under New Jersey law, which governs this matter, insurance coverage for punitive damages is against public policy. See Variety Farms, Inc. v. New Jersey Mfrs. Ins. Co., 172 N.J. Super. 10, 13, 24-25 (App. Div. 1980) ("We consider the sounder rule to be that public policy does not permit a tortfeasor to shift the burden of punitive damages to his insurer.") (internal citations omitted); see also Loigman v. Mass. Bay Ins Co., 235 N.J. Super. 67, 73 (App. Div. 1989) (concluding that federal Rule 11 sanctions "were punitive in nature and uninsurable"); Newark v. Hartford Acc. & Indem. Co., 134 N.J. Super. 537, 547 (App. Div. 1975) (noting that public policy "would plainly not permit . . . indemnification by the carrier of any claim for punitive damages.");

16

Johnson & Johnson v. Aetna Cas. and Sur. Co., 285 N.J. Super. 575, 583 (App Div. 1995) ("New Jersey sides with those jurisdictions which proscribe coverage for punitive damages liability because such a result offends public policy and frustrates the purpose of punitive damage awards").

Under Pennsylvania law, an insurance policy clause excluding recovery for punitive damages is enforced on independent grounds. See, e.g., Robson v. EMC Ins. Cos., 785 A.2d 507, 510 (Pa. Super. 2001) ("As evidenced by the provisions of the insurance policy set forth above, [the insurer] did not agree to indemnify its insured for claims for punitive damages. Therefore, [the insurer] was not obligated to do so." (internal citation omitted)).  Pennsylvania courts will also bar the recovery of punitive damages on public policy grounds in certain instances. See generally Bensalem Racing Ass'n v. Ace Prop. & Cas. Ins. Co., No. 4858, 2017 Phila Ct. Com. Pl. LEXIS 132, at *6 (Pa. Ct. Com. Pl. Phila. Cnty. Mar. 21, 2017) (noting Pennsylvania's longstanding rule that a claim for punitive damages against a tortfeasor who committed outrageous and wanton misconduct is excluded from coverage as a matter of law unless the insured's liability stems from vicarious liability).

Accordingly, Sutton is not obligated to provide coverage to Skeeter's Pub for punitive or exemplary damages and Sutton properly disclaimed coverage to Skeeter's Pub for the punitive damage claim.

### E.  SKEETER'S PUB'S BAD FAITH CLAIM FAILS AS A MATTER OF LAW

Skeeter's Pub alleges a bad faith claim against Sutton under Pennsylvania's Bad Faith Statute, 42 Pa. Cons. Stat. § 8371, which "provides a remedy in an action under an insurance policy, if the court finds that the insurer has acted in bad faith." Luse v. Liberty Mut. Fire Ins. Co., 411 Fed. App'x. 462, 465 (3d Cir. 2011).  Pennsylvania law defines "bad faith" as "any frivolous or unfounded refusal to pay proceeds of a policy." Id. (internal citation omitted).

To establish a bad faith claim against an insurer pursuant to § 8371, the plaintiff must demonstrate by clear and convincing evidence that "(1) the insurer did not have a reasonable basis for its action, and (2) the insurer knew or recklessly disregarded its lack of reasonable basis." Id. (internal citations omitted). Indeed, "merely insinuat[ing]" bad faith against an insurer fails under the guidelines set forth under Pennsylvania law. See Terletsky v. Prudential Prop. & Cas. Ins. Co., 649 A.2d 680, 688 (Pa. Super. 1994) ("bad faith must be proven by clear and convincing evidence and not merely insinuated."). An insurer's negligence or bad judgment does not constitute bad faith, and the accused insurer need only provide "[a] reasonable basis" for its denial of coverage to defeat a bad faith claim under § 8371. See id. (internal citation omitted); J.C. Penney Life Ins. Co. v. Pilosi, 393 F.3d 356, 367-68 (3d Cir. 2004).

Here, based upon the undisputed facts, plain and unambiguous terms, conditions and exclusions in the Sutton Policy and the law, Sutton's coverage position is more than reasonable – it is demonstrably correct. Skeeter's Pub has not submitted any evidence or law to the contrary. As set forth in Terletsky, a mere insinuation of bad faith is insufficient. Skeeter's Pub's bad faith claim also fails under New Jersey law. See Wacker-Ciocco v. Gov't Emps. Ins. Co., 439 N.J. Super. 603, 610-11 (App. Div. 2015) ("Bad faith is an intentional tort. To establish bad faith, a plaintiff must show the lack of a reasonable basis for denying the claim or unreasonably delaying its processing, and the insurer's knowledge or reckless disregard that it was acting unreasonably" (internal citations omitted)). Based on the foregoing, it is respectfully submitted that Sutton's motion for summary judgment be granted and the Court dismiss the bad faith claim against Sutton with prejudice.

IV.    **CONCLUSION**

**WHEREFORE**, a review of the clear and unambiguous terms of the Sutton Policy dictates that the claims asserted against Skeeter's Pub in the Underlying Action are not covered under the Sutton Policy, and Sutton's Motion should be granted. For the foregoing reasons, it is respectfully submitted that (a) Sutton's Motion for Summary Judgment be granted in its entirety; and (b) the Court declare and adjudge that Sutton is not obligated to provide a defense or indemnity to Skeeter's Pub for the claims asserted against them in the Underlying Action.

Respectfully submitted,

Date: March 4, 2026

**WEBER GALLAGHER SIMPSON STAPLETON FIRES & NEWBY, LLP**

/s/ _____

By: Denise M. DePekary, Esq.
Attorney ID: 328217
Neil L. Sambursky, Esq.
(Admitted *pro hac vice*)
Kathleen J. Devlin, Esq.
(Admitted *pro hac vice*)
2000 Market Street, 13th Floor
Philadelphia, PA 19102
ddepekary@wglaw.com
neil.sambursky@wglaw.com
kdevlin@wglaw.com
*Attorneys for Defendant*
*Sutton Specialty Insurance Company*