# EXHIBIT J

**IN THE COURT OF COMMON PLEAS**
**PHILADELPHIA COUNTY**

| | |
|---|---|
| LANCE'S TAVERN, LLC d/b/a<br>SKEETERS PUB & REGGIE'S INC., | : CIVIL DIVISION<br>:<br>: No. 251000231 |
| Plaintiffs, | :<br>: |
| v. | : Filed on behalf of Defendants:<br>: |
| TRITON CLAIM MANAGEMENT, LLC<br>2400 Lakeview Parkway, Suite 475<br>Alpharetta, GA 30009<br>&<br>SUTTON SPECIALTY INS. CO.<br>110 E Atlantic Avenue, Suite 330<br>Delray Beach, FL 33444 | : Triton Claim Management, LLC and<br>: Sutton Specialty Insurance Company<br>:<br>: Counsel of Record for These Parties:<br>:<br>: **Denise M. DePekary, Esquire**<br>: Pa. I.D. 328217<br>: ddepekary@wglaw.com<br>: |
| Defendants. | : **WEBER GALLAGER SIMPSON**<br>: **STAPLETON FIRES & NEWBY, LLP**<br>: 2000 Market Street, Suite 1300<br>: Philadelphia, PA 19103<br>: (215) 972-7900 |

*Filed and Attested by the*
*Office of Judicial Records*
*04 NOV 2025 02:40 pm*
*A. STAMATO*

<u>**NOTICE OF FILING OF REMOVAL OF ACTION**</u>

PLEASE TAKE NOTICE that the above-captioned case has been removed to the United States District Court for the Eastern District of Pennsylvania. A copy of the Notice of Removal filed with the United States District Court is attached hereto as Exhibit "1".

In accordance with 28 U.S.C. § 1446(d), the filing of the Notice of Removal affects the removal of this action and, in accordance with that statute, this Court may proceed no further unless and until the case is remanded.

Dated: November 4, 2025

**WEBER GALLAGHER SIMPSON**
**STAPLETON FIRES & NEWBY, LLP**

By: /s/ *Denise M. DePekary*
Denise M. DePekary, Esq.
Attorney ID: 328217
2000 Market Street, 13th Floor
Philadelphia, PA 19102
ddepekary@wglaw.com
*Attorneys for Defendants*
*Triton Claim Management, LLC and*
*Sutton Specialty Insurance Company*

**IN THE COURT OF COMMON PLEAS**
**PHILADELPHIA COUNTY**

| | |
|---|---|
| LANCE'S TAVERN, LLC d/b/a SKEETERS PUB & REGGIE'S INC., | : CIVIL DIVISION |
| | : |
| | : No. 251000231 |
| Plaintiffs, | : |
| | : Filed on behalf of Defendants: |
| v. | : |
| | : Triton Claim Management, LLC and |
| TRITON CLAIM MANAGEMENT, LLC | : Sutton Specialty Insurance Company |
| 2400 Lakeview Parkway, Suite 475 | : |
| Alpharetta, GA 30009 | : Counsel of Record for These Parties: |
| & | : |
| SUTTON SPECIALTY INS. CO. | : **Denise M. DePekary, Esquire** |
| 110 E Atlantic Avenue, Suite 330 | : Pa. I.D. 328217 |
| Delray Beach, FL 33444 | : ddepekary@wglaw.com |
| | : |
| Defendants. | : **WEBER GALLAGER SIMPSON** |
| | : **STAPLETON FIRES & NEWBY, LLP** |
| | : 2000 Market Street, Suite 1300 |
| | : Philadelphia, PA 19103 |
| | : (215) 972-7900 |

**CERTIFICATE OF COMPLIANCE**
**REGARDING CONFIDENTIAL INFORMATION**

I certify that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

Dated: November 4, 2025

**WEBER GALLAGHER SIMPSON STAPLETON FIRES & NEWBY, LLP**

By: /s/ *Denise M. DePekary*
Denise M. DePekary, Esq.
Attorney ID: 328217
2000 Market Street, 13th Floor
Philadelphia, PA 19102
ddepekary@wglaw.com
*Attorneys for Defendants*
*Triton Claim Management, LLC and*
*Sutton Specialty Insurance Company*

**IN THE COURT OF COMMON PLEAS**
**PHILADELPHIA COUNTY**

| | |
|---|---|
| LANCE'S TAVERN, LLC d/b/a | : CIVIL DIVISION |
| SKEETERS PUB & REGGIE'S INC., | : |
| | : No. 251000231 |
| Plaintiffs, | : |
| | : Filed on behalf of Defendants: |
| v. | : |
| | : Triton Claim Management, LLC and |
| TRITON CLAIM MANAGEMENT, LLC | : Sutton Specialty Insurance Company |
| 2400 Lakeview Parkway, Suite 475 | : |
| Alpharetta, GA 30009 | : Counsel of Record for These Parties: |
| & | : |
| SUTTON SPECIALTY INS. CO. | : **Denise M. DePekary, Esquire** |
| 110 E Atlantic Avenue, Suite 330 | : Pa.  I.D. 328217 |
| Delray Beach, FL 33444 | : ddepekary@wglaw.com |
| | : |
| Defendants. | : **WEBER GALLAGER SIMPSON** |
| | : **STAPLETON FIRES & NEWBY, LLP** |
| | : 2000 Market Street, Suite 1300 |
| | : Philadelphia, PA 19103 |
| | : (215) 972-7900 |

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on today's date, a true and correct copy of the foregoing Notice of

Filing of Removal was served by electronic mail and first-class mail, postage prepaid, and/or

email, upon all attorneys of record and/or unrepresented parties, addressed as follows:

> Thomas A. Musi, Jr., Esquire
> Musi, Mattson, Daubenberger & Clark, LLP
> 21 West Third Street
> Media, PA 19063
> tam@mmdlawfirm.com
> *Attorneys for Plaintiff*

Dated: November 4, 2025

**WEBER GALLAGHER SIMPSON**
**STAPLETON FIRES & NEWBY, LLP**

By: /s/ *Denise M. DePekary*

Denise M. DePekary, Esq.
Attorney ID: 328217
2000 Market Street, 13th Floor
Philadelphia, PA 19102
ddepekary@wglaw.com
*Attorneys for Defendants*
*Triton Claim Management, LLC and*
*Sutton Specialty Insurance Company*

# EXHIBIT 1

Case ID: 251000231

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

LANCE'S TAVERN, LLC d/b/a     :
SKEETERS PUB & REGGIE'S INC.,    :   Civil Action No.:
                               :
                 Plaintiffs,   :   **DEFENDANTS' NOTICE**
       v.                    :   **OF REMOVAL**
                               :
TRITON CLAIM MANAGEMENT, LLC   :
2400 Lakeview Parkway, Suite 475     :
Alpharetta, GA 30009                :
&                                   :
SUTTON SPECIALTY INS. CO.      :
110 E Atlantic Avenue, Suite 330     :
Delray Beach, FL 33444             :
                               :
                  Defendants.   :

1.      Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, the Defendants, TRITON CLAIM MANAGEMENT, LLC (hereafter "Triton") and SUTTON SPECIALTY INSURANCE COMPANY (hereafter "Sutton") (collectively "Defendants") hereby file this Notice of Removal of the above-captioned matter from the Court of Common Pleas, Philadelphia County, to the United States District Court, Eastern District of Pennsylvania.

2.      Triton and Sutton are named as parties in a civil action commenced by Plaintiffs in the Court of Common Pleas, Philadelphia County, captioned <u>Lance's Tavern, LLC, et al. v. Triton Claim Management, LLC, et al.</u>, Case No. 251000231 (the "State Court Action"). A copy of Plaintiffs' Summons and Complaint (the "Complaint") is annexed hereto as **Exhibit A**.

3.      On October 7, 2025, Triton was served with the Summons and Complaint.

4.      Upon information and belief, Sutton has not yet been served with the Summons and Complaint.

5.      The State Court Action is a civil action, a controversy between citizens of different states, in which the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and therefore, this Court has original jurisdiction thereof pursuant to 28 U.S.C. §1332.

6.      The State Court Action may be removed to this Court by the Defendants pursuant to 28 U.S.C. §1441 (a) and (b).

7.      Triton is a limited liability company organized and existing under the laws of the State of Florida, with its principal place of business located in Alpharetta, Georgia.

8.      Triton's members are: John Fleming – a Georgia resident; Brian Fleming – a Georgia resident; Rachel Sheffield – a Georgia resident; and, Mark Lobel – a Florida resident.

9.      Sutton is a company organized and existing under the laws of the State of Oklahoma with its principal place of business located in Delray Beach, Florida.

10.     Plaintiff, LANCE'S TAVERN, LLC d/b/a SKEETERS PUB ("Lance's"), is a limited liability company organized under the laws of the State of New Jersey with its principal place of business located in Blackwood, New Jersey. See Exhibit A.

11.     Upon information and belief, Plaintiff, REGGIE'S INC. ("Reggie's"), is a corporation organized and existing under the laws of the State of New Jersey with its principal place of business located in Blackwood, New Jersey. See Exhibit A.

12.     A copy of this Notice of Removal will be filed with the clerk of the Court of Common Pleas, Philadelphia County, as required by 28 U.S.C. §1446(d).

13.     By submitting this Notice of Removal, the Defendants do not admit that the Complaint has any basis in law or fact, nor do the Defendants waive any defenses, claims or counterclaims they may have.

14.     The Defendants have not filed a responsive pleading in the State Court Action.

Case ID: 251000231

**WHEREFORE**, notice is given that this action is hereby removed from the Court of Common Pleas, Philadelphia County, to the United States District Court, Eastern District of Pennsylvania, and the Defendants request that this action proceed in this Court as an action properly removed to it.

Date: November 3, 2025

**WEBER GALLAGHER SIMPSON STAPLETON FIRES & NEWBY, LLP**

/s/ *Denise M. DePekary*

By: Denise M. DePekary, Esq.
Attorney ID: 328217
2000 Market Street, 13th Floor
Philadelphia, PA 19102
ddepekary@wglaw.com
*Attorneys for Defendants*
*Triton Claim Management, LLC and*
*Sutton Specialty Insurance Company*

To:     Thomas A. Musi, Jr., Esquire
Musi, Mattson, Daubenberger & Clark, LLP
21 West Third Street
Media, PA 19063
tam@mmdlawfirm.com
*Attorneys for Plaintiffs*

Case ID: 251000231

# Exhibit A

Case ID: 251000231

Court of Common Pleas of Philadelphia County

Trial Division

# Civil Cover Sheet

| For Prothonotary Use Only (Docket Number) |
| --- |

Filed and Attested by the
Office of Judicial Records
02 OCT 2025 10:51 am
S. GILLIAM

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
| --- | --- |
| Lance's Tavern, LLC d/b/a Skeeters Pub | Triton Claim Management, LLC |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
| --- | --- |
| 7-11 Coles Road, Blackwood, NJ 08012 | 2400 Lakeview Parkway, Suite 475 Alpharetta, GA 30009 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
| --- | --- |
| Reggie's Inc. | Sutton Specialty Insurance Company |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
| --- | --- |
| 7-11 Coles Road, Blackwood, NJ 08012 | 110 E Atlantic Avenue, Suite 330 Delray Beach, FL 33444 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
| --- | --- |
| | |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
| --- | --- |
| | |

| TOTAL NUMBER OF PLAINTIFFS | TOTAL NO. OF DEFENDANTS | COMMENCEMENT OF ACTION |
| --- | --- | --- |
| 2 | 2 | ☒ Complaint    ☐ Petition Action    ☐ Notice of Appeal<br>☐ Writ of Summons    ☐ Transfer From Other Jurisdictions |

| AMOUNT IN CONTROVERSY | COURT PROGRAMS | | | |
| --- | --- | --- | --- | --- |
| ☐ $50,000.00 or less<br>☒ More than $50,000.00 | ☐ Arbitration<br>☐ Jury<br>☒ Non-Jury<br>☐ Other: | ☐ Mass Tort<br>☐ Savings Action<br>☐ Petition | ☐ Minor Court Appeal<br>☐ Statutory Appeals<br>☐ Commerce (Completion of Addendum Required) | ☐ Settlement<br>☐ Minors<br>☐ W/D/Survival |

**CASE TYPE AND CODE (SEE INSTRUCTIONS)**

1D

**STATUTORY BASIS FOR CAUSE OF ACTION (SEE INSTRUCTIONS)**

42 Pa.C.S. § 7531 et seq.

| RELATED PENDING CASES (LIST BY CASE CAPTION AND DOCKET NUMBER) | IS CASE SUBJECT TO COORDINATION ORDER? | |
| --- | --- | --- |
| 2025042203<br>250701118 | Yes    No<br>☐    ☐<br>☐    ☐<br>☐    ☐ | |

**TO THE PROTHONOTARY:**

Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant:

Papers may be served at the address set forth below.

| NAME OF PLAINTIFF'S/PETITIONER'S/APPELLANT'S ATTORNEY | ADDRESS (SEE INSTRUCTIONS) |
| --- | --- |
| Thomas A. Musi, Jr., Esquire | 21 W Third Street Media, PA 19063 |

| PHONE NUMBER | FAX NUMBER | |
| --- | --- | --- |
| 610-891-8806 | 610-891-8807 | |

| SUPREME COURT IDENTIFICATION NO. | E-MAIL ADDRESS |
| --- | --- |
| 75950 | tam@mmdlawfirm.com |

| SIGNATURE | DATE |
| --- | --- |
| | 10/2/2025 |

01-101 (Rev. 6/08)

**MUSI, MATTSON, DAUBENBERGER & CLARK, LLP**
Thomas A. Musi, Jr., Esquire
Attorney ID No.: 75950
21 West Third Street
Media, Pennsylvania 19063
(T) 610 891 8806 | (F) 610 891 8807
tam@mmdlawfirm.com                                        *Attorney for Plaintiffs*

---

| | | |
|---|---|---|
| LANCE'S TAVERN, LLC | : | |
| d/b/a SKEETERS PUB | : | |
| & | : | |
| REGGIE'S INC., | : | |
| Plaintiffs, | : | IN THE COURT OF COMMON PLEAS |
| | : | PHILADELPHIA COUNTY |
| v. | : | |
| | : | CASE NO.: |
| TRITON CLAIM MANAGEMENT, LLC | : | |
| 2400 Lakeview Parkway, Suite 475 | : | |
| Alpharetta, GA 30009 | : | |
| & | : | |
| SUTTON SPECIALTY INS. CO. | : | |
| 110 E Atlantic Avenue, Suite 330 | : | |
| Delray Beach, FL 33444 | : | |
| Defendants. | : | |
| | : | |

---

## NOTICE TO DEFEND

You have been sued in Court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this Complaint and Notice are served, by entering a written appearance personally or by an attorney and filing in writing with the Court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so, the case may proceed without you and a judgment may be entered against you by the Court without further notice for any money claimed in the Complaint, or for any other claim or relief requested by the Plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET HELP.

IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE

Case ID: 251000231

# DELAWARE COUNTY BAR ASSOCIATION

335 West Front Street
Media, PA 19063
(610) 566-6625

Le han demandado a usted en la corte.  Si usted quiere defenderse de estas demandas expuestas en las paginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificacion.  Hace falta asentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona.  Sea avisado que si usted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion.  Ademas, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda.  Usted puede perer dinero o sus propiedades u otros derechos importantes para usted.

LLEVA ESTA DEMANDA A UN ABOGADO INMEDIATAMENTE.  SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO. VAYA EN PERSONA O LLAME POR TELEFONO A LA OFICINA CUYA DIRECCION SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL.

Case ID: 251000231

**MUSI, MATTSON, DAUBENBERGER & CLARK, LLP**
Thomas A. Musi, Jr., Esquire
Attorney ID No.: 75950
21 West Third Street
Media, Pennsylvania 19063
(T) 610 891 8806 | (F) 610 891 8807
tam@mmdlawfirm.com                                          *Attorney for Plaintiffs*

_____

LANCE'S TAVERN, LLC                    :
d/b/a SKEETERS PUB                     :
&                                      :
REGGIE'S INC.,                         :
                    Plaintiffs,        :        IN THE COURT OF COMMON PLEAS
                                       :        PHILADELPHIA COUNTY
v.                                     :
                                       :        CASE NO.:
TRITON CLAIM MANAGEMENT, LLC           :
2400 Lakeview Parkway, Suite 475       :
Alpharetta, GA 30009                   :
&                                      :
SUTTON SPECIALTY INS. CO.              :
110 E Atlantic Avenue, Suite 330       :
Delray Beach, FL 33444                 :
                    Defendants.        :
                                       :

_____

## **COMPLAINT FOR DECLARATORY JUDGMENT**

## I. INTRODUCTION

1. This is an action for declaratory judgment under 42 Pa.C.S. § 7531 et seq. to determine the

rights and obligations of the parties under a liability insurance policy issued by Defendants to

Plaintiff.

2. Plaintiff seeks a declaration that Defendants has a duty to defend and indemnify Plaintiff in

connection with an underlying civil action filed against Plaintiff in the Philadelphia Court of

Common Pleas, arising out of allegations that Plaintiff's employees allegedly overserved alcohol

to a patron.

Case ID: 251000231

## II. PARTIES

3. Plaintiff, Reggie's, Inc. and Lances Tavern, LLC d/b/a Skeeter's Pub, Inc.("Plaintiff"), is a New Jersey corporation with its principal place of business at 7-11 Coles Road, Blackwood, New Jersey, operating a bar and restaurant in Philadelphia, Pennsylvania.

4. Defendant, Sutton Specialty Insurance Company is an insurance company authorized to do business in the Commonwealth of Pennsylvania, with a principal mailing address of 110 E. Atlantic Avenue, Suite 330, Delray Beach, Florida, 33444. Defendant, Triton Claim Management, LLC is a claims administration company headquartered at 2400 Lakeview Parkway, Suite 475, Alpharetta, Georgia, 30009 ("Defendants").

## III. JURISDICTION AND VENUE

5. Jurisdiction is proper under 42 Pa.C.S. § 7532 because an actual controversy exists between Plaintiff and Defendants regarding insurance coverage.

6. Venue is proper in Philadelphia County because the underlying civil action is pending in this Court, Plaintiff conducts business in Philadelphia, and Defendants issued the subject policy covering risks located in Philadelphia.

## IV. FACTUAL BACKGROUND

7. Defendants issued a liability insurance policy, Policy No. ISCH200000218-01, to Plaintiff, effective June 16, 2023-June 16, 2024, which provided general liability and liquor liability coverage.

8. On or about April 16, 2025, Jane Doe filed a civil action against Plaintiff in the Court of Common Pleas of Philadelphia County at Docket No. 250402203 (the "Underlying Action").

9. In the Underlying Action, Plaintiff is alleged to have violated Pennsylvania's Dram Shop Act, 47 P.S. § 4-493(1), by overserving alcohol to the underlying plaintiff.

Case ID: 251000231

10. The complaint in the Underlying Action further alleges that, as a result of being overserved, the underlying plaintiff lacked the capacity to give proper consent and was thereafter sexually assaulted by her Lyft driver.

11. The claims against Plaintiff are limited to allegations of negligence in serving alcohol, not for committing or facilitating a sexual assault.

12. By letter dated May 13, 2025, Defendants disclaimed coverage and denied both defense and indemnity, asserting that the claims in the Underlying Action arose out of or were excluded as "sexual assault" or "sexual misconduct" under the policy.

13. Defendants' denial is improper because the claims asserted against Plaintiff do not allege that Plaintiff committed or in any way participated in a sexual assault. Rather, they allege negligence in serving alcohol, a risk plainly within the scope of coverage under the general liability and liquor liability provisions of the policy.

14. Plaintiff has incurred, and continues to incur, substantial defense costs as a result of Defendants' wrongful denial.

15. By letter dated September 29, 2025, Defendants issued an additional denial of coverage in response to Plaintiffs' draft declaratory judgment complaint. In that letter, Defendants again refused to provide coverage, this time invoking the Policy's "Assault and Battery Exclusion."

16. This subsequent denial is improper. The Defendants' reliance on the Assault and Battery Exclusion is premised solely upon accepting the allegations of the underlying plaintiff as true and conclusive. Defendants have improperly assumed that Skeeter's Pub engaged in wrongful conduct, when in fact the allegations in the underlying complaint remain disputed and unproven.

17. By relying on disputed allegations as gospel to deny coverage, Defendants have prematurely concluded liability on the part of Skeeter's Pub and disregarded the well-settled principle that an

Case ID: 251000231

insurer's duty to defend arises whenever the claims even potentially fall within the scope of coverage.

18. Because Skeeter's Pub is not alleged to have committed or directed an assault or battery, and because the claims against it are grounded in negligence relating to the service of alcohol, the Assault and Battery Exclusion does not apply. Defendants' continued refusal to defend Plaintiffs is therefore wrongful and contrary to Pennsylvania law.

## V.  COUNT I - CLAIM FOR DECLARATORY JUDGMENT

19. Plaintiff incorporates by reference the preceding paragraphs as though set forth fully herein.

20. An actual controversy exists between Plaintiff and Defendants concerning the scope of coverage provided by the policy.

21. Defendants has refused to defend or indemnify Plaintiff in the Underlying Action, citing exclusions that are inapplicable to the allegations made therein.

22. Under Pennsylvania law, the duty to defend is broader than the duty to indemnify, and it arises whenever the complaint against the insured may potentially come within the policy coverage. See Erie Ins. Exch. v. Transamerica Ins. Co., 533 A.2d 1363, 1368 (Pa. 1987).

23. The allegations of negligent service of alcohol fall within the liquor liability and general liability coverage afforded by the policy.

24. Exclusions for "sexual assault" or "sexual misconduct" do not apply because Plaintiff is not alleged to have committed or directed such conduct; rather, the alleged assault was committed by a third party unconnected to Plaintiff.

25. Defendant's denial of coverage is contrary to the express language of the policy and to Pennsylvania law governing an insurer's duty to defend and indemnify.

Case ID: 251000231

26. Defendants' subsequent reliance on the Assault and Battery Exclusion in their September 29, 2025 denial letter is likewise improper, as the exclusion is inapplicable to the claims asserted in the Underlying Action.

27. Defendants' refusal to provide a defense on the basis of this exclusion further underscores the existence of an actual controversy and the necessity of declaratory relief.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in its favor and against Defendants in an amount in excess of $50,000.00 and granting such other and further relief as the Court deems just and proper.

## VI. COUNT II – BAD FAITH (42 Pa. C.S. § 8371)

28. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

29. Defendants have acted in bad faith toward Plaintiff in violation of 42 Pa. C.S. § 8371.

30. Defendants lacked a reasonable basis for denying benefits under the policy.

31. Defendants knew or recklessly disregarded its lack of a reasonable basis when it denied Plaintiff's tender of defense and indemnity.

32. Defendants failed to conduct a fair and objective investigation of the claim.

33. Defendants misrepresented pertinent policy provisions relating to coverage.

34. Defendants' bad faith conduct has caused Plaintiff to incur substantial damages, including attorney fees, costs, and other consequential losses.

35. Defendants compounded their bad faith by issuing a second denial on September 29, 2025, citing the Assault and Battery Exclusion. This denial, like the prior denial, was issued without reasonable basis, without fair investigation, and in reckless disregard of their obligations under the Policy and Pennsylvania law.

Case ID: 251000231

36. Defendants' serial denials demonstrate a pattern of bad faith claims handling, undertaken to avoid providing the defense and indemnity to which Plaintiffs are entitled.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in its favor and against Defendants in an amount in excess of $50,000.00 and granting such other and further relief as the Court deems just and proper.

Respectfully submitted:

Date: October 2, 2025

Thomas A. Musi, Jr., Esquire
Musi, Mattson, Daubenberger & Clark, LLP
*Attorney for Plaintiffs*

Case ID: 251000231

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

LANCE'S TAVERN, LLC d/b/a SKEETERS PUB & REGGIE'S INC.,

## DEFENDANTS

TRITON CLAIM MANAGEMENT, LLC & SUTTON SPECIALTY INS. CO

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Musi, Mattson, Daubenberger & Clark, LLP
21 West Third Street, Media, PA 19063,
tam@mmdlawfirm.com

Attorneys *(If Known)*
WEBER GALLAGHER, 2000 Market Street, 13th Floor
Philadelphia, PA 19102, ddepekary@wglaw.com

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1  U.S. Government Plaintiff
- [ ] 2  U.S. Government Defendant
- [ ] 3  Federal Question *(U.S. Government Not a Party)*
- [x] 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [x] 2 | [x] 2 | Incorporated *and* Principal Place of Business In Another State | [x] 5 | [x] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

### CONTRACT
- [x] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- [ ] 153 Recovery of Overpayment of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [ ] 190 Other Contract
- [ ] 195 Contract Product Liability
- [ ] 196 Franchise

### REAL PROPERTY
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

### TORTS
**PERSONAL INJURY**
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers' Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury
- [ ] 362 Personal Injury - Medical Malpractice

**PERSONAL INJURY**
- [ ] 365 Personal Injury - Product Liability
- [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

### CIVIL RIGHTS
- [ ] 440 Other Civil Rights
- [ ] 441 Voting
- [ ] 442 Employment
- [ ] 443 Housing/ Accommodations
- [ ] 445 Amer. w/Disabilities - Employment
- [ ] 446 Amer. w/Disabilities - Other
- [ ] 448 Education

### FORFEITURE/PENALTY
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 690 Other

### LABOR
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Management Relations
- [ ] 740 Railway Labor Act
- [ ] 751 Family and Medical Leave Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Employee Retirement Income Security Act

### PRISONER PETITIONS
**Habeas Corpus:**
- [ ] 463 Alien Detainee
- [ ] 510 Motions to Vacate Sentence
- [ ] 530 General
- [ ] 535 Death Penalty
**Other:**
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition
- [ ] 560 Civil Detainee - Conditions of Confinement

### IMMIGRATION
- [ ] 462 Naturalization Application
- [ ] 465 Other Immigration Actions

### BANKRUPTCY
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

### INTELLECTUAL PROPERTY RIGHTS
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 835 Patent - Abbreviated New Drug Application
- [ ] 840 Trademark
- [ ] 880 Defend Trade Secrets Act of 2016

### SOCIAL SECURITY
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

### FEDERAL TAX SUITS
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS—Third Party 26 USC 7609

### OTHER STATUTES
- [ ] 375 False Claims Act
- [ ] 376 Qui Tam (31 USC 3729(a))
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [ ] 480 Consumer Credit (15 USC 1681 or 1692)
- [ ] 485 Telephone Consumer Protection Act
- [ ] 490 Cable/Sat TV
- [ ] 850 Securities/Commodities/ Exchange
- [ ] 890 Other Statutory Actions
- [ ] 891 Agricultural Acts
- [ ] 893 Environmental Matters
- [ ] 895 Freedom of Information Act
- [ ] 896 Arbitration
- [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- [ ] 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- [ ] 1 Original Proceeding
- [x] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. §§ 1332, 1441 and 1446

Brief description of cause:
Declaratory Judgment

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $ _____

CHECK YES only if demanded in complaint:
JURY DEMAND:   [ ] Yes   [ ] No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*   JUDGE _____   DOCKET NUMBER _____

DATE
Nov 3, 2025

SIGNATURE OF ATTORNEY OF RECORD
*Denise M. DePekary*

### FOR OFFICE USE ONLY

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

Case ID: 251000231

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed.  The attorney filing a case should complete the form as follows:

**I.(a)** **Plaintiffs-Defendants.**  Enter names (last, first, middle initial) of plaintiff and defendant.  If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b)** **County of Residence.**  For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c)** **Attorneys.**  Enter the firm name, address, telephone number, and attorney of record.  If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.** **Jurisdiction.**  The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings.  Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff.  (1) Jurisdiction based on 28 U.S.C. 1345 and 1348.  Suits by agencies and officers of the United States are included here.
United States defendant.  (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question.  (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship.  (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states.  When Box 4 is checked, the citizenship of the different parties must be checked.  (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III.** **Residence (citizenship) of Principal Parties.**  This section of the JS 44 is to be completed if diversity of citizenship was indicated above.  Mark this section for each principal party.

**IV.** **Nature of Suit.**  Place an "X" in the appropriate box.  If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable.  Click here for:  Nature of Suit Code Descriptions.

**V.** **Origin.**  Place an "X" in one of the seven boxes.
Original Proceedings.  (1) Cases which originate in the United States district courts.
Removed from State Court.  (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court.  (3) Check this box for cases remanded to the district court for further action.  Use the date of remand as the filing date.
Reinstated or Reopened.  (4) Check this box for cases reinstated or reopened in the district court.  Use the reopening date as the filing date.
Transferred from Another District.  (5) For cases transferred under Title 28 U.S.C. Section 1404(a).  Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer.  (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File.  (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.**  Origin Code 7 was used for historical records and is no longer relevant due to changes in statute.

**VI.** **Cause of Action.**  Report the civil statute directly related to the cause of action and give a brief description of the cause.  **Do not cite jurisdictional statutes unless diversity.**  Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service.

**VII.** **Requested in Complaint.**  Class Action.  Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand.  In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand.  Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.** **Related Cases.**  This section of the JS 44 is used to reference related cases, if any.  If there are related cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.**  Date and sign the civil cover sheet.

Case ID: 251000231

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**

Place of Accident, Incident, or Transaction: _____ Philadelphia County _____

---

*RELATED CASE IF ANY:*  Case Number: _____  Judge: _____

1. Does this case involve property included in an earlier numbered suit?  Yes ☐

2. Does this case involve a transaction or occurrence which was the subject of an earlier numbered suit?  Yes ☐

3. Does this case involve the validity or infringement of a patent which was the subject of an earlier numbered suit?  Yes ☐

4. Is this case a second or successive habeas corpus petition, social security appeal, or pro se case filed by the same individual?  Yes ☐

5. Is this case related to an earlier numbered suit even though none of the above categories apply?  Yes ☐
   If yes, attach an explanation.

I certify that, to the best of my knowledge and belief, the within case ☐ **is** / ☐ **is not** related to any pending or previously terminated action in this court.

---

**Civil Litigation Categories**

*A.  Federal Question Cases:*

- ☐ 1.  Indemnity Contract, Marine Contract, and All Other Contracts)
- ☐ 2.  FELA
- ☐ 3.  Jones Act-Personal Injury
- ☐ 4.  Antitrust
- ☐ 5.  Wage and Hour Class Action/Collective Action
- ☐ 6.  Patent
- ☐ 7.  Copyright/Trademark
- ☐ 8.  Employment
- ☐ 9.  Labor-Management Relations
- ☐ 10.  Civil Rights
- ☐ 11.  Habeas Corpus
- ☐ 12.  Securities Cases
- ☐ 13.  Social Security Review Cases
- ☐ 14.  Qui Tam Cases
- ☐ 15.  Cases Seeking Systemic Relief  **\*see certification below\***
- ☐ 16.  All Other Federal Question Cases. *(Please specify)*: _____

*B.  Diversity Jurisdiction Cases:*

- ☒ 1.  Insurance Contract and Other Contracts
- ☐ 2.  Airplane Personal Injury
- ☐ 3.  Assault, Defamation
- ☐ 4.  Marine Personal Injury
- ☐ 5.  Motor Vehicle Personal Injury
- ☐ 6.  Other Personal Injury *(Please specify)*: _____
- ☐ 7.  Products Liability
- ☐ 8.  All Other Diversity Cases:  *(Please specify)* _____
  _____

I certify that, to the best of my knowledge and belief, that the remedy sought in this case ☐ **does** / ☒ **does not** have implications beyond the parties before the court and ☐ **does** / ☒ **does not** seek to bar or mandate statewide or nationwide enforcement of a state or federal law including a rule, regulation, policy, or order of the executive branch or a state or federal agency, whether by declaratory judgment and/or any form of injunctive relief.

---

**ARBITRATION CERTIFICATION (CHECK ONLY ONE BOX BELOW)**

I certify that, to the best of my knowledge and belief:

☒  Pursuant to Local Civil Rule 53.2(3), this case is not eligible for arbitration either because (1) it seeks relief other than money damages; (2) the money damages sought are in excess of $150,000 exclusive of interest and costs; (3) it is a social security case, includes a prisoner as a party, or alleges a violation of a right secured by the U.S. Constitution, or (4) jurisdiction is based in whole or in part on 28 U.S.C. § 1343.

☐  None of the restrictions in Local Civil Rule 53.2 apply and this case is eligible for arbitration.

NOTE: A trial de novo will be by jury only if there has been compliance with F.R.C.P. 38.