# EXHIBIT L

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LANCE'S TAVERN, LLC d/b/a SKEETERS PUB & REGGIE'S INC., <br><br> Plaintiffs, <br><br> v. <br><br> TRITON CLAIM MANAGEMENT, LLC <br> 2400 Lakeview Parkway, Suite 475 <br> Alpharetta, GA 30009 <br> & <br> SUTTON SPECIALTY INS. CO. <br> 110 E Atlantic Avenue, Suite 330 <br> Delray Beach, FL 33444 <br><br> Defendants. | Case 2:25-cv-06245-JHS <br><br> **ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES** |

Defendant, SUTTON SPECIALTY INSURANCE COMPANY ("Sutton" or "Defendant"), by its attorneys, WEBER GALLAGHER SIMPSON STAPLETON FIRES & NEWBY, LLP, upon information and belief, answers Plaintiff's Complaint as follows:

**COMPLAINT FOR DECLARATORY JUDGMENT**

**I.     INTRODUCTION**

1.     Paragraph "1" of the Complaint does not contain allegations of fact to which a response is required. To the extent a response is required, Defendant denies the allegations and refers all questions of law to the Court.

2.     Paragraph "2" of the Complaint does not contain allegations of fact to which a response is required. To the extent a response is required, Defendant denies the allegations and refers all questions of law to the Court.

**II.  PARTIES**

3.  Denies knowledge or information sufficient to form a belief as to the truth the allegations contained in paragraph "3" of the Complaint.

4.  Denies the allegations contained in paragraph "4" of the Complaint as to Sutton, except admits that Sutton is incorporated in the State of Oklahoma, with a place of business at 110E. Atlantic Ave, Delray Beach, Florida 33444, and is authorized to transact business in Pennsylvania as a surplus-lines carrier through licensed brokers, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph "4" of the Complaint.

**III.  JURISDICTION AND VENUE**

5.  Paragraph "5" of the Complaint does not contain allegations of fact to which a response is required. To the extent a response is required, Defendant denies the allegations and refers all questions of law to the Court.

6.  Denies the allegations contained in paragraph "6" of the Complaint.

**IV.  FACTUAL BACKGROUND**

7.  Denies the allegations contained in paragraph "7" of the Complaint, except admits Sutton issued to "Reggie's Inc. & Lance's Tavern LLC DBA Skeeter's Pub" Policy Number ISCH0200000218-01, for the Policy Period June 16, 2023 – June 16, 2024 (the "Sutton Policy"), the terms, conditions, provisions and exclusions of which speak for themselves.

8.  Denies knowledge or information to form a belief as to the truth of the allegations contained in paragraph "8" of the Complaint and refers to the pleadings in the Underlying Action, which speak for themselves.

9. Denies knowledge or information to form a belief as to the truth of the allegations contained in paragraph "9" of the Complaint and refers to the pleadings in the Underlying Action, which speak for themselves.

10. Denies knowledge or information to form a belief as to the truth of the allegations contained in paragraph "10" of the Complaint and refers to the pleadings in the Underlying Action, which speak for themselves.

11. Denies knowledge or information to form a belief as to the truth of the allegations contained in paragraph "11" of the Complaint and refers to the pleadings in the Underlying Action, which speak for themselves.

12. Denies the allegations contained in paragraph "12" of the Complaint, except admits that Triton Claim Management, LLC, as the authorized representative for Sutton, issued a letter dated May 13, 2025, disclaiming coverage for the Underlying Action and refers to the letter which speaks for itself.

13. Denies the allegations contained in paragraph "13" of the Complaint.

14. Denies the allegations contained in paragraph "14" of the Complaint.

15. Denies the allegations contained in paragraph "15" of the Complaint, except admits that by letter dated September 29, 2025, Sutton maintained its proper denial of coverage for the Underlying Action, and refers to the letter which speaks for itself.

16. Denies the allegations contained in paragraph "16" of the Complaint.

17. Denies the allegations contained in paragraph "17" of the Complaint.

18. Denies the allegations contained in paragraph "18" of the Complaint.

## V. COUNT I – CLAIM FOR DECLARATORY JUDGMENT

19. As and for a response to paragraph "19" of the Complaint, Defendant repeats and realleges each and every allegation contained in paragraphs "1" through "18" of this Answer with the same force and effect as if fully set forth herein.

20. Denies the allegations contained in paragraph "20" of the Complaint and refers all questions of law to the Court.

21. Denies the allegations contained in paragraph "21" of the Complaint, except states that Sutton has no duty to defend or indemnify Plaintiff in the Underlying Action.

22. Paragraph "22" of the Complaint does not contain allegations of fact to which a response is required. To the extent a response is required, Defendant denies the allegations and refers all questions of law to the Court.

23. Denies the allegations contained in paragraph "23" of the Complaint.

24. Denies the allegations contained in paragraph "24" of the Complaint.

25. Denies the allegations contained in paragraph "25" of the Complaint.

26. Denies the allegations contained in paragraph "26" of the Complaint.

27. Denies the allegations contained in paragraph "27" of the Complaint.

## VI. COUNT II – BAD FAITH (42 Pa. C.S. § 8371)

28. As and for a response to paragraph "28" of the Complaint, Defendant repeats and realleges each and every allegation contained in paragraphs "1" through "27" of this Answer with the same force and effect as if fully set forth herein.

29. Denies the allegations contained in paragraph "29" of the Complaint.

30. Denies the allegations contained in paragraph "30" of the Complaint.

31. Denies the allegations contained in paragraph "31" of the Complaint.

32. Denies the allegations contained in paragraph "32" of the Complaint.

33. Denies the allegations contained in paragraph "33" of the Complaint.

34. Denies the allegations contained in paragraph "34" of the Complaint.

35. Denies the allegations contained in paragraph "35" of the Complaint.

36. Denies the allegations contained in paragraph "36" of the Complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims should be dismissed based upon defenses founded upon documentary evidence.

### THIRD AFFIRMATIVE DEFENSE

The claims against Defendant are barred in whole or in part by the terms, provisions, conditions, exclusions, and limitations in the Sutton Policy.

### FOURTH AFFIRMATIVE DEFENSE

The claims alleged may be barred in whole or in part by the doctrines of estoppel, laches, waiver, or unclean hands.

### FIFTH AFFIRMATIVE DEFENSE

Sutton's obligations, if any, under the Sutton Policy are subject to the applicable limits of liability set forth therein.

### SIXTH AFFIRMATIVE DEFENSE

No coverage is afforded under the Sutton Policy to the extent any insured failed to fulfill the applicable conditions precedent and subsequent thereunder.

### SEVENTH AFFIRMATIVE DEFENSE

The Sutton Policy does not cover costs and expenses which were neither reasonable nor necessary, or which were incurred voluntarily or without the prior written consent of Sutton.

### EIGHTH AFFIRMATIVE DEFENSE

There is no coverage with respect to any claimant or other party who is not an insured or additional insured under the Sutton Policy.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to coverage under the CGL Coverage Form of the Sutton Policy by virtue of the Liquor Liability exclusion.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to coverage under the CGL Coverage Form or the Liquor Liability Coverage Form of the Sutton Policy by virtue of the exclusions of the LIMITED ASSAULT OR BATTERY COVERAGE endorsement.

### ELEVENTH AFFIRMATIVE DEFENSE

To the extent the Plaintiff failed to join all necessary and/or indispensable parties to this action, their absence creates a substantial risk that Defendant will be exposed to prejudice. Such parties include, but are not limited to, any other relevant insurers.

### TWELFTH AFFIRMATIVE DEFENSE

If at the time of trial any issues herein have finally been determined against the Plaintiff and/or any other claimant(s) by a tribunal, forum or court, all of competent jurisdiction, then, in that event, the Plaintiffs and/or any other claimant(s) will be estopped from relitigating such issues under principles of res judicata and/or collateral estoppel or any other relevant legal theory.

### THIRTEENTH AFFIRMATIVE DEFENSE

The Plaintiff failed to mitigate their alleged damages.

### FOURTEENTH AFFIRMATIVE DEFENSE

Defendant reserves the right to assert further affirmative defenses as its investigation and discovery continue in this action.

**WHEREFORE,** Defendant requests judgment dismissing the Complaint, together with such other and further relief as the Court deems just and proper.

### JURY DEMAND

Defendant demands trial by jury as to all issues.

Respectfully submitted,

**WEBER GALLAGHER SIMPSON STAPLETON FIRES & NEWBY, LLP**

*Denise M. DePekary*

By: Denise M. DePekary, Esq.
Attorney ID: 328217
Neil L. Sambursky, Esq.
2000 Market Street, 13th Floor
Philadelphia, PA 19102
ddepekary@wglaw.com
*Attorneys for Defendant*
*Sutton Specialty Insurance Company.*

Dated: January 29, 2026

## CERTIFICATION OF SERVICE

     I, Denise M. DePekary, hereby certify that a true and correct copy of Defendant's Answer to Plaintiff's Complaint with Affirmative Defenses has been made available for viewing by all interested counsel on ECF.

WEBER GALLAGHER SIMPSON
STAPLETON FIRES & NEWBY, LLP

*Denise M. DePekary*

By: Denise M. DePekary, Esq.
Attorney ID: 328217
2000 Market Street, 13th Floor
Philadelphia, PA 19102
ddepekary@wglaw.com
*Attorneys for Defendant*
*Sutton Specialty Insurance Company.*

Dated: January 29, 2026