**IN THE UNITED STATES DISTRICT COURT**
**FOR EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| LANCE'S TAVERN, LLC d/b/a SKEETER'S PUB & REGGIE'S INC., Plaintiffs, | :<br>:<br>: |
| | : Civil Action No. 2:25-cv-06245 JHS |
| v. | :<br>: |
| SUTTON SPECIALTY INSURANCE CO. Defendant. | :<br>:<br>:<br>: |

**PLAINTIFFS' REPLY BRIEF IN FURTHER SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT AND IN OPPOSITION TO DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT**

**I. INTRODUCTION**

Defendant Sutton Specialty Insurance Company's opposition to Plaintiff's summary judgment motion does not create any genuine dispute of material fact. Instead, Sutton attempts to avoid its contractual duty to defend by mischaracterizing both the allegations of the Underlying Complaint and the governing legal standard. This dispute presents a straightforward legal question: whether the allegations of the Underlying Complaint potentially fall within the liquor liability coverage provided by Sutton's policy.

Pennsylvania law imposes a broad duty to defend. An insurer must defend whenever the allegations of the complaint potentially fall within the scope of coverage. Because the Underlying Complaint alleges that Plaintiffs negligently served alcohol to a visibly intoxicated patron in violation of Pennsylvania's Dram Shop Act, the allegations fall squarely within the policy's liquor liability coverage, triggering Sutton's duty to defend and establishing that the claims asserted fall within the scope of the Policy's coverage. Accordingly, Plaintiffs are entitled to summary judgment. In short, this case presents a straightforward coverage dispute: whether

an insurer that sold liquor liability coverage may refuse both defense and coverage for a dram shop claim arising from the negligent service of alcohol – the very risk the policy was purchased to insure.

## II. THE DEFENDANT'S NARROW TECHNICAL ARGUMENTS CANNOT OVERCOME THE WELL-SETTLED "FOUR CORNERS" STANDARD MANDATING A DUTY TO DEFEND

Sutton devotes a portion of its opposition to a semantic attack on Plaintiff's presentation of Pennsylvania case law; however, these distractive tactics do not alter the bedrock legal principles that govern this matter. Regardless of Defendant's attempts to narrow the scope of the cited authorities, the substantive law of *Jerrys Sport Center, Baumhammers and Grzeskiewicz* remains undisturbed. Pennsylvania law consistently holds that the duty to defend is determined by comparing the allegations of the underlying complaint to the language of the insurance policy. See *American & Foreign Ins. Co. v. Jerry's Sport Center, Inc.*, 2 A.3d 526 (Pa. 2010); *Kvaerner Metals Div. v. Commercial Union Ins. Co.*, 908 A.2d 888 (Pa. 2006).

Sutton argues that Plaintiffs mischaracterized *Britamco Underwriters, Inc. v. Grzeskiewicz*, 639 A.2d 1208 (Pa. Super. 1994). The case does not support Sutton's position. Rather, it confirms the governing duty-to-defend framework under Pennsylvania law. Under the "four corners" rule, an insurer's duty to defend is determined by comparing the allegations of the complaint with the language of the policy. If the complaint alleges facts that potentially fall within policy coverage, the insurer must provide a defense. Here, the Underlying Complaint alleges that Plaintiffs negligently served alcohol to a visibly intoxicated patron in violation of Pennsylvania's Dram Shop Act. That claim arises from Plaintiffs' alleged service of alcohol, which is the precise risk insured under the policy's liquor liability coverage.

Unlike the circumstances addressed in *Grzeskiewicz*, the negligence alleged here is independent of the subsequent criminal conduct of a third party. Plaintiffs' alleged liability arises from the overservice of alcohol at their establishment, conduct that occurred before and separate from the alleged assault by the Lyft driver. Because the complaint alleges negligent service of alcohol—a claim that potentially falls within the policy's liquor liability coverage—Sutton's duty to defend is triggered as a matter of law.

Sutton cannot run from the mandatory 'Four Corners' rule. The Pennsylvania Supreme Court explicitly held in *Jerry's Sport Center* that an insurer's duty to defend is triggered by the factual allegations of the complaint on its face encompass an injury that is actually or potentially within the scope of the policy. 2 A.3d at 541. The Defendant's claim that this standard 'does not exist' is not only legally incorrect—it is a bad-faith mischaracterization of binding precedent.

Sutton's reliance on *Grzeskiewicz* to avoid its duty is unjustified. While that court found no duty based on a specific 'causal connection' to an assault, it reaffirmed that a court must 'analyze the allegations in the complaint' to find potential coverage. 639 A.2d at 1210. Here, the Complaint alleges an **independent Dram Shop violation**—the negligent over-service of alcohol—which is a distinct 'occurrence' under the policy. Under the 'Potential for Coverage' standard, Sutton is **obligated to defend** as long as *any* claim potentially falls within the policy. The presence of a third-party Lyft driver's assault does not magically erase the Bar's alleged negligence at the tap. By refusing to defend, Sutton is in direct violation of the 'litigation insurance' they sold to the Insured. Sutton has a clear, broad, and mandatory duty to defend this entire action until the claims are 'confined to a recovery that the policy does not cover.' *Jerry's Sport Center*, 2 A.3d at 542. Their refusal to do so is a breach of contract as a matter of law.

To claim that *Donegal Mutual v. Baumhammers* does not stand for the proposition that a duty to defend is triggered by 'potential' coverage is a **bad-faith misrepresentation** of one of Pennsylvania's most significant insurance precedents. In *Baumhammers*, the Pennsylvania Supreme Court explicitly held that when determining the duty to defend, the court must **'look to the allegations in the underlying complaint and the insurance policy at issue.'** 938 A.2d at 290. The Court further reaffirmed that the duty to defend is **broader than the duty to indemnify** and the language of the policy and the allegations of the complaint must be construed together to determine the insurers' obligation. *Donegal Mut. Ins. Co. v. Baumhammers,* 595 Pa. 147, 155, 938 A.2d 286, 290 (2007). Even where an intentional act occurred (like the shootings in *Baumhammers*), if the complaint alleges **negligence** on the part of the insured (such as the parents' failure to supervise), the insurer **must defend**.

Sutton's repeated attempt to use the 'Assault and Battery' exclusion to ignore an independent **Dram Shop claim** for over-service is exactly the kind of narrow, self-serving interpretation that *Baumhammers* and *Jerry's Sport Center* were designed to prevent. By refusing to defend, Sutton is **breaching their fiduciary duty** to provide the 'litigation insurance' they were paid to provide.

### III. THE UNDERLYING COMPLAINT ALLEGES NEGLIGENT SERVICE OF ALCOHOL

The Underlying Complaint alleges that Plaintiffs negligently served alcohol to a visibly intoxicated patron in violation of Pennsylvania's Dram Shop Act. Pennsylvania's Dram Shop Act prohibits licensees from serving alcohol to visibly intoxicated persons and imposes civil liability for injuries caused by such conduct. See 47 P.S. § 4-493(1); *Jardine v. Upper Darby Lodge No. 1973*, 198 A.2d 550 (Pa. 1964). The negligence alleged in the Underlying Complaint arises directly from Plaintiffs' service of alcohol. Such allegations fall squarely within the liquor

liability coverage provided by Sutton's policy, which applies to liability imposed on the insured by reason of selling, serving, or furnishing alcoholic beverages. Because the Underlying Complaint asserts classic Dram Shop negligence claims, those allegations potentially fall within policy coverage and therefore trigger Sutton's duty to defend.

## IV. SUTTON'S OWN POLICY LANGUAGE CONFIRMS THAT COVERAGE IS TRIGGERED

Sutton's own briefing confirms that the policy provides liquor liability coverage for damages imposed on the insured by reason of the selling, serving, or furnishing of alcoholic beverages. The Liquor Liability Coverage Form provides that Sutton will pay damages the insured becomes legally obligated to pay because of injury if liability is imposed on the insured by reason of the selling, serving, or furnishing of alcoholic beverages.

The Underlying Complaint alleges precisely that Plaintiffs negligently served alcohol to a visibly intoxicated patron in violation of Pennsylvania's Dram Shop Act. Because those allegations arise directly from the service of alcohol, they fall squarely within the policy's liquor liability insuring agreement. Once the allegations of the complaint potentially fall within coverage, Pennsylvania law requires the insurer to defend regardless of the insurer's ultimate duty to indemnify. Accordingly, Sutton's duty to defend is triggered as a matter of law.

## V. THE POLICY ALSO PROVIDES COVERAGE FOR THE CLAIMS ASSERTED IN THE UNDERLYING ACTION

Although the duty to defend is broader than the duty to indemnify, the allegations of the Underlying Complaint also establish that the claims asserted fall within the scope of the Policy's liquor liability coverage. Under Pennsylvania law, where the allegations of the complaint fall within the policy's insuring agreement and no exclusion applies, coverage exists as a matter of law. See *Donegal Mutual Insurance Co. v. Baumhammers,* 938 A.2d 286, 290 (Pa. 2007).

The Liquor Liability Coverage Form provides that Sutton will pay damages the insured becomes legally obligated to pay because of injury if liability is imposed on the insured by reason of the selling, serving, or furnishing of alcoholic beverages. The Underlying Complaint alleges precisely that Plaintiffs negligently served alcohol to a visibly intoxicated patron in violation of Pennsylvania's Dram Shop Act. Liability under the Dram Shop Act arises from the service of alcohol to a visibly intoxicated person and the injuries caused by that intoxication. See *Jardine v. Upper Darby Lodge No. 1973*, 198 A.2d 550 (Pa. 1964).

The negligence alleged in the Underlying Complaint arises from Plaintiffs' service of alcohol itself, not from the later conduct of a third party. The complaint alleges that Plaintiffs served alcohol to a visibly intoxicated patron, and that such conduct led to the injuries suffered by Jane Doe. Because the alleged liability arises directly from the selling or furnishing of alcoholic beverages, the claims fall squarely within the Policy's liquor liability insuring agreement.

Sutton's reliance on the Assault and Battery Exclusion does not alter this analysis. As discussed below, the exclusion applies only to assaults or batteries committed by "any insured." The Underlying Complaint does not allege that any insured committed the assault at issue. Instead, the complaint alleges negligent service of alcohol by Plaintiffs and a subsequent assault by a third party. Because the alleged liability against Plaintiffs arises from their negligent service of alcohol—conduct expressly insured under the Policy—the claims asserted fall within the Policy's coverage. Accordingly, the allegations of the Underlying Complaint establish not only Sutton's duty to defend but also that the claims asserted fall within the scope of the Policy's liquor liability coverage for purposes of indemnification, subject to the ultimate factual determinations in the Underlying Action.

**VI. THE ASSAULT AND BATTERY EXCLUSION DOES NOT ELIMINATE THE DUTY TO DEFEND**

Sutton's reliance on the Assault and Battery Exclusion is misplaced. The exclusion, by its own terms, applies only to assaults or batteries "committed by any insured." The Underlying Complaint does not allege that any assault was committed by Skeeter's Pub or any other insured under the policy. Rather, the complaint alleges that Jane Doe was assaulted by a third party after Skeeter's Pub negligently served alcohol. Because the alleged assault was not committed by "any insured," the exclusion does not apply. To interpret the exclusion otherwise would improperly expand its language beyond its plain terms and effectively eliminate the Liquor Liability Coverage Form purchased by the insured. Pennsylvania law requires that exclusions be strictly construed against the insurer.

Sutton's reliance on cases such as *Acceptance Insurance Co. v. Seybert*, 757 A.2d 980 (Pa. Super. 2000) is misplaced. In *Seybert*, the intoxicated patrons who were served alcohol by the insured themselves committed the assault that caused the plaintiff's injuries. The court therefore concluded that the assault and battery exclusion applied because the injuries arose directly from the patrons' assaultive conduct. The circumstances alleged here are materially different. The Underlying Complaint alleges that Jane Doe was the victim of an assault committed by a third party, and that Skeeter's Pub negligently served alcohol prior to the incident. Thus, the liability alleged against Skeeter's Pub arises from the negligent service of alcohol, not from an assault committed by any insured or by the intoxicated patrons themselves. Accordingly, the authorities cited by Sutton do not support its attempt to avoid its duty to defend in this case.

Sutton's interpretation would also render the Liquor Liability Coverage purchased by the insured effectively meaningless. Dram shop liability claims almost invariably arise in

circumstances where an intoxicated patron later commits an assault or other harmful act. If the mere presence of an assault were sufficient to invoke the Assault and Battery Exclusion regardless of who committed it, the Liquor Liability Coverage Form would provide no meaningful protection in the very circumstances it was designed to address. Pennsylvania law does not permit such a construction. Insurance policies must be interpreted so that coverage provisions are given effect and not rendered illusory. At minimum, the allegations in the Underlying Complaint potentially fall within coverage, which is sufficient to trigger Sutton's duty to defend under Pennsylvania law. See *American and Foreign Insurance Co. v. Jerry's Sport Center, Inc.,* 2 A.3d 526 (Pa. 2010). Sutton attempts to avoid its duty to defend by relying on an assault and battery exclusion based on the allegation that the underlying injury resulted from a sexual assault committed by a third party. This argument misapplies the duty-to-defend standard. The Underlying Complaint does not allege that Plaintiffs committed an assault. Rather, it alleges that Plaintiffs negligently served alcohol to a visibly intoxicated patron.

Here, the alleged negligence arises from Plaintiffs' service of alcohol, not from the conduct of the third-party Lyft driver. Because the complaint asserts independent negligence claims against Plaintiffs, those allegations fall within the policy's liquor liability coverage. Policy exclusions must be strictly construed against the insurer. See *Erie Ins. Exch. v. Moore,* 228 A.3d 258 (Pa. 2020). At minimum, the allegations of negligent service of alcohol create potential coverage, which is sufficient to trigger Sutton's duty to defend.

## VII. COURTS ANALYZING LIQUOR LIABILITY CLAIMS FOLLOW THE SAME FRAMEWORK

Courts analyzing liquor liability policies involving assault-related injuries begin their analysis with the allegations against the insured and the language of the policy's insuring

agreement. See *White Pine Ins. Co. v. Bala Inn, Inc.*, 2018 U.S. Dist. LEXIS 34196 (E.D. Pa. Mar. 2, 2018). Where a complaint alleges negligence arising from the service of alcohol, those allegations potentially fall within liquor liability coverage and trigger the insurer's duty to defend. Because the Underlying Complaint alleges negligent service of alcohol in violation of Pennsylvania's Dram Shop Act, the allegations potentially fall within coverage and Sutton must provide coverage and a defense.

## VIII. DEFENDANT'S CHOICE-OF-LAW ARGUMENT DOES NOT CHANGE THE RESULT

Sutton argues that New Jersey law governs the interpretation of the policy. This argument does not alter the outcome of the present motion. Both Pennsylvania and New Jersey apply the same fundamental principle governing the duty to defend: an insurer must defend whenever the allegations of the complaint potentially fall within coverage. Thus, even assuming arguendo that New Jersey law applies, Sutton's duty to defend would still be triggered by the negligence allegations asserted in the Underlying Complaint.

## IX. CONCLUSION

The Underlying Complaint alleges negligent service of alcohol in violation of Pennsylvania's Dram Shop Act. Those allegations fall squarely within the liquor liability coverage provided by Sutton's policy and therefore trigger Sutton's duty to defend. Because no genuine issue of material fact exists and Plaintiffs are entitled to judgment as a matter of law.

WHEREFORE, Plaintiffs respectfully request that this Court grant Plaintiffs' Motion for Summary Judgment and declare that Sutton Specialty Insurance Company owes Plaintiffs a duty to defend, provide coverage for the claims asserted in the Underlying Action and must reimburse Plaintiff for defense costs incurred to date.

                                    Respectfully submitted,

Date: March 11, 2026

Thomas A. Musi, Jr., Esquire
Atty ID: 75950
Musi, Mattson, Daubenberger & Clark, LLP
21 W Third Street
Media, PA 19063
tam@mmdlawfirm.com
*Attorney for Plaintiffs*

## CERTIFICATE OF SERVICE

I, Thomas A. Musi, Jr., Esquire, hereby certify that a true and correct copy of the foregoing to be served on March 11, 2026, via the Court's electronic filing system upon the following:

Denise M. DePekary, Esquire
ddpekary@wglaw.com

Kathleen J. Delvin, Esquire
kdevlin@wglaw.com

Neil L. Sambursky, Esquire
Neil.sambursky@wglaw.com

Date: March 11, 2026

Thomas A. Musi, Jr., Esquire
Atty ID: 75950
Musi, Mattson, Daubenberger & Clark, LLP
21 W Third Street
Media, PA 19063
tam@mmdlawfirm.com
*Attorney for Plaintiffs*