# IN THE UNITED STATES DISTRICT COURT
# FOR EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LANCE'S TAVERN, LLC d/b/a SKEETER'S PUB & REGGIE'S INC., Plaintiffs, | : : : : |
| v. | : Civil Action No. 2:25-cv-06245 JHS : : |
| SUTTON SPECIALTY INSURANCE CO. Defendant. | : : : : |

## ORDER

**AND NOW**, this ___ day of _____, 2026, upon consideration of Defendant Sutton Specialty Insurance Company's Motion for Summary Judgment, Plaintiffs' Response in Opposition thereto, and all papers submitted in connection therewith, it is hereby **ORDERED** that:

1. Defendant Sutton Specialty Insurance Company's Motion for Summary Judgment is **DENIED**.

2. Plaintiffs' Motion for Summary Judgment is **GRANTED**.

3. The Court declares that Defendant Sutton Specialty Insurance Company owes Plaintiffs a duty to defend and provide coverage in the Underlying Action.

BY THE COURT:

_____
Joel H. Slomsky, J.

IN THE UNITED STATES DISTRICT COURT
FOR EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LANCE'S TAVERN, LLC d/b/a SKEETER'S PUB & REGGIE'S INC., Plaintiffs, <br><br> v. <br><br> SUTTON SPECIALTY INSURANCE CO. Defendant. | : <br> : <br> : <br> : <br> : Civil Action No. 2:25-cv-06245 JHS <br> : <br> : <br> : <br> : <br> : <br> : |

**PLAINTIFFS' RESPONSE TO DEFENDANT'S STATEMENT OF UNDISPUTED MATERIAL FACTS, PLAINTIFFS' STATEMENT OF ADDITIONAL MATERIAL FACTS, AND PLAINTIFFS' BRIEF IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

**PLAINTIFFS' RESPONSE TO DEFENDANT'S STATEMENT OF UNDISPUTED MATERIAL FACTS**

Plaintiffs Lance's Tavern, LLC d/b/a Skeeters Pub and Reggie's Inc. ("Plaintiffs"), by and through undersigned counsel, respond to Defendant Sutton Specialty Insurance Company's Statement of Undisputed Material Facts as follows:

1. **Admitted in part and denied in part.** Plaintiffs admit that the Third Amended Complaint in the Underlying action alleges that Jane Doe was sexually assaulted by a Lyft driver after visiting several establishments. Plaintiffs deny the paragraph to the extent Defendant omits the central allegation that Skeeters Pub negligently served alcohol to Jane Doe while she was visibly intoxicated.

2. **Admitted.** The Underlying Complaint alleges that Skeeters Pub served intoxicating amounts of alcohol to Jane Doe while she was visibly intoxicated.

3. **Admitted**

4. **Admitted.**

5. **Admitted.**

6. **Admitted.**

7. **Admitted.**

8. **Admitted in part and denied in part.** Plaintiffs admit that the Sutton policy contains a Commercial General Liability form with the quoted language. Plaintiffs deny that this provision resolves the coverage dispute because the policy also contains a separate Liquor Liability Coverage Form purchased specifically to insure dram shop liability.

9. **Admitted.**

10. **Admitted that the endorsement contains the language quoted.** Plaintiffs deny that the endorsement eliminates Sutton's duty to defend.

11. **Admitted.**

12. **Admitted.**

13. **Admitted that Sutton issued a disclaimer letter.** Plaintiffs deny that the disclaimer was proper under the policy.

14. **Admitted.**

15. **Admitted that correspondence was sent.** Plaintiffs deny that Sutton's coverage position is correct.

16–21. **Admitted as to procedural history only.**

                          Respectfully submitted,

Date: March 13, 2026                    By: _____
                                                Thomas A. Musi, Jr., Esquire
                                                Attorney ID: 75950
                                                Dina L. Daubenberger, Esquire
                                                Attorney ID: 80767
                                                Musi, Mattson, Daubenberger & Clark, LP
                                                21 W Third Street
                                                Media, PA 19063
                                                dld@mmdlawfirm.com
                                                tam@mmdlawfirm.com
                                                Counsel for Plaintiffs

# IN THE UNITED STATES DISTRICT COURT
# FOR EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LANCE'S TAVERN, LLC d/b/a SKEETER'S PUB & REGGIE'S INC., Plaintiffs, <br><br> v. <br><br> SUTTON SPECIALTY INSURANCE CO. Defendant. | : <br> : <br> : <br> : <br> : Civil Action No. 2:25-cv-06245 JHS <br> : <br> : <br> : <br> : <br> : <br> : |

## **PLAINTIFFS' STATEMENT OF UNDISPUTED ADDITIONAL MATERIAL FACTS**

1. The Underlying Complaint alleges that Plaintiffs served alcohol to Jane Doe while she was visibly intoxicated.

2. Pennsylvania's Dram Shop Act prohibits licensees from serving alcohol to visibly intoxicated persons and imposes civil liability for injuries resulting from such service.

3. The Sutton insurance policy includes a Liquor Liability Coverage Form.

4. The Liquor Liability Coverage Form provides coverage for damages imposed on the insured by reason of the selling, serving, or furnishing of alcoholic beverages.

5. The Underlying Complaint asserts negligence claims against Plaintiffs based on their alleged service of alcohol.

6. The alleged assault in the Underlying Complaint was committed by a third-party Lyft driver.

7. The Underlying Complaint does not allege that any assault was committed by Skeeters Pub or any insured under the Sutton policy.

8. Sutton denied coverage and refused to defend Plaintiffs in the Underlying Action.

9. Plaintiffs have incurred defense costs as a result of Sutton's refusal to defend.

                                              Respectfully submitted,

Date: March 13, 2026                By: _____
                                              Thomas A. Musi, Jr., Esquire
                                              Attorney ID: 75950
                                              Dina L. Daubenberger, Esquire
                                              Attorney ID: 80767
                                              Musi, Mattson, Daubenberger & Clark, LP
                                              21 W Third Street
                                              Media, PA 19063
                                              dld@mmdlawfirm.com
                                              tam@mmdlawfirm.com
                                              Counsel for Plaintiffs

IN THE UNITED STATES DISTRICT COURT
FOR EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LANCE'S TAVERN, LLC d/b/a SKEETER'S PUB & REGGIE'S INC., Plaintiffs, | : : : : |
| v. | : Civil Action No. 2:25-cv-06245 JHS : : |
| SUTTON SPECIALTY INSURANCE CO. Defendant. | : : : |

**PLAINTIFFS' BRIEF IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

**I. INTRODUCTION**

Defendant Sutton Specialty Insurance Company's motion for summary judgment attempts to avoid its contractual duty to defend and indemnify by mischaracterizing both the allegations of the Underlying Complaint and the governing legal standard applicable to insurance coverage disputes.

This dispute presents a straightforward legal question: whether the allegations of the Underlying Complaint potentially fall within the liquor liability coverage provided by Sutton's policy. Pennsylvania law imposes a broad duty to defend. An insurer must defend whenever the factual allegations of the complaint potentially fall within the scope of coverage. The Underlying Complaint alleges that Plaintiffs negligently served alcohol to a visibly intoxicated patron in violation of Pennsylvania's Dram Shop Act. Those allegations arise directly from the service of alcohol and therefore fall squarely within the liquor liability coverage Sutton sold to the insured.

In short, this case presents a straightforward coverage dispute: whether an insurer that sold liquor liability coverage may refuse both defense and coverage for a dram shop claim arising from the negligent service of alcohol—the very risk the policy was purchased to insure.

For the reasons set forth, based on the undisputed facts, as a matter of law, Sutton's motion for summary judgment must be denied. Plaintiff's motion for summary judgment should be granted in all respects.

## II. LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 56, a federal court shall grant summary "only where there is no genuine dispute as to any material fact and the movant is entitled to summary judgment as a matter of law." Fed. R. Civ. P. 56(a).  Defendant Sutton Specialty Insurance Company's summary judgment motion does not create any genuine dispute of material fact. Instead, Sutton attempts to avoid its contractual duty to defend by mischaracterizing both the allegations of the Underlying Complaint and the governing legal standard.  This dispute presents a straightforward legal question: whether the allegations of the Underlying Complaint potentially fall within the liquor liability coverage provided by Sutton's policy.

Pennsylvania law imposes a broad duty to defend. An insurer must defend whenever the allegations of the complaint potentially fall within the scope of coverage. Because the Underlying Complaint alleges that Plaintiffs negligently served alcohol to a visibly intoxicated patron in violation of Pennsylvania's Dram Shop Act, the allegations fall squarely within the policy's liquor liability coverage, triggering Sutton's duty to defend and establishing that the

claims asserted fall within the scope of the Policy's coverage. Accordingly, Plaintiffs are entitled to summary judgment.

### III. THE FOUR CORNERS RULE MANDATES A DUTY TO DEFEND

Pennsylvania law governing the duty to defend is clear and well established. Courts determine whether an insurer owes a defense by comparing the allegations of the underlying complaint with the language of the insurance policy. When determining an insurer's duty to defend, courts apply the **Four Corners Rule**, comparing the allegations of the complaint with the language of the insurance policy. The Pennsylvania Supreme Court has repeatedly reaffirmed this principle. In *American & Foreign Insurance Co. v. Jerry's Sport Center, Inc.*, 2 A.3d 526 (Pa. 2010), the Court held: "An insurer's duty to defend is triggered if the factual allegations of the complaint on its face encompass an injury that is actually or potentially within the scope of the policy." The Court further emphasized that the duty to defend is broader than the duty to indemnify and that once triggered, the insurer must defend the entire action until the claims are confined to a recovery that the policy does not cover.

Similarly, in *Kvaerner Metals Div. v. Commercial Union Ins. Co.,* 908 A.2d 888 (Pa. 2006), the Court reaffirmed that the duty to defend is determined solely by the allegations contained within the four corners of the complaint. If the complaint alleges facts that potentially fall within policy coverage, the insurer must defend the entire action. Sutton's attempt to avoid this well-established standard by narrowly parsing the allegations of the complaint directly conflicts with controlling Pennsylvania precedent.

## IV. NEGLIGENCE ALLEGATIONS TRIGGER THE DUTY TO DEFEND EVEN WHERE THE INJURY RESULTS FROM A THIRD-PARTY CRIMINAL ACT

Sutton attempts to avoid its duty to defend by focusing on the later criminal conduct of a third-party Lyft driver. This argument ignores the well-established principle that an insurer must defend where the complaint alleges negligence by the insured, even when the injury ultimately results from intentional criminal conduct. The Pennsylvania Supreme Court addressed precisely this issue in *Donegal Mutual Insurance Co. v. Baumhammers,* 938 A.2d 286 (Pa. 2007).

In *Baumhammers,* victims of a series of shootings sued the parents of the shooter, alleging that they negligently failed to supervise their son. The insurer argued that it had no duty to defend because the injuries resulted from intentional criminal acts. The Pennsylvania Supreme Court rejected that argument and held that the insurer owed a duty to defend because the complaint alleged negligence against the insured. The Court explained that when determining the duty to defend: "The court must look to the allegations in the underlying complaint and the insurance policy at issue." Even though the injuries in *Baumhammers* were caused by intentional shootings, the Court held that the insurer was obligated to defend because the complaint alleged negligent conduct by the insured. The same principle applies here.

The Underlying Complaint alleges that Plaintiffs negligently served alcohol to a visibly intoxicated patron. That alleged negligence occurred before and independent of the later criminal conduct of the Lyft driver. Because the complaint asserts negligence claims against the insured that fall within the policy's liquor liability coverage, Sutton's duty to defend is triggered as a matter of law.

**V. THE UNDERLYING COMPLAINT ASSERTS A CLASSIC DRAM SHOP CLAIM**

The Underlying Complaint alleges that Plaintiffs served alcohol to Jane Doe while she was visibly intoxicated and that such conduct contributed to the injuries she later suffered.

Pennsylvania's Dram Shop Act prohibits licensees from serving alcohol to visibly intoxicated persons and imposes civil liability for injuries resulting from such conduct. The negligence alleged in the complaint arises directly from Plaintiffs' service of alcohol. The Sutton policy provides liquor liability coverage for damages imposed on the insured by reason of the selling, serving, or furnishing of alcoholic beverages. Because the allegations arise directly from Plaintiffs' service of alcohol, they fall squarely within the policy's liquor liability coverage.

**VI. THE ASSAULT AND BATTERY EXCLUSION DOES NOT APPLY**

Sutton further relies on an Assault and Battery Exclusion to deny coverage. The exclusion, by its own terms, applies only to assaults or batteries "committed by any insured." The Underlying Complaint does not allege that any assault was committed by Skeeter's Pub or any other insured under the policy. Rather, the complaint alleges that Jane Doe was assaulted by a third party after Skeeter's Pub negligently served alcohol. Because the alleged assault was not committed by "any insured," the exclusion does not apply. To interpret the exclusion otherwise would improperly expand its language beyond its plain terms and effectively eliminate the Liquor Liability Coverage Form purchased by the insured. Pennsylvania law requires that exclusions be strictly construed against the insurer.

Sutton's reliance on cases such as *Acceptance Insurance Co. v. Seybert*, 757 A.2d 980 (Pa. Super. 2000) is misplaced. In *Seybert*, the intoxicated patrons who were served alcohol by

the insured themselves committed the assault that caused the plaintiff's injuries. The court therefore concluded that the assault and battery exclusion applied because the injuries arose directly from the patrons' assaultive conduct. The circumstances alleged here are materially different. The Underlying Complaint alleges that Jane Doe was the victim of an assault committed by a third party, and that Skeeter's Pub negligently served alcohol prior to the incident. Thus, the liability alleged against Skeeter's Pub arises from the negligent service of alcohol, not from an assault committed by any insured or by the intoxicated patrons themselves. Accordingly, the authorities cited by Sutton do not support its attempt to avoid its duty to defend in this case.

Sutton's interpretation would also render the Liquor Liability Coverage purchased by the insured effectively meaningless. Dram shop liability claims almost invariably arise in circumstances where an intoxicated patron later commits an assault or other harmful act. If the mere presence of an assault were sufficient to invoke the Assault and Battery Exclusion regardless of who committed it, the Liquor Liability Coverage Form would provide no meaningful protection in the very circumstances it was designed to address. Pennsylvania law does not permit such a construction. Insurance policies must be interpreted so that coverage provisions are given effect and not rendered illusory. At minimum, the allegations in the Underlying Complaint potentially fall within coverage, which is sufficient to trigger Sutton's duty to defend under Pennsylvania law. See *American and Foreign Insurance Co. v. Jerry's Sport Center, Inc.,* 2 A.3d 526 (Pa. 2010). Sutton attempts to avoid its duty to defend by relying on an assault and battery exclusion based on the allegation that the underlying injury resulted from a sexual assault committed by a third party. This argument misapplies the duty-to-defend standard.

The Underlying Complaint does not allege that Plaintiffs committed an assault. Rather, it alleges that Plaintiffs negligently served alcohol to a visibly intoxicated patron.

Here, the alleged negligence arises from Plaintiffs' service of alcohol, not from the conduct of the third-party Lyft driver. Because the complaint asserts independent negligence claims against Plaintiffs, those allegations fall within the policy's liquor liability coverage. Policy exclusions must be strictly construed against the insurer. See *Erie Ins. Exch. v. Moore,* 228 A.3d 258 (Pa. 2020). At minimum, the allegations of negligent service of alcohol create potential coverage, which is sufficient to trigger Sutton's duty to defend and provide coverage. Policy exclusions must be strictly construed against the insurer.

**VII. SUTTON'S ARGUMENT REGARDING PUNITIVE DAMAGES DOES NOT ELIMINATE ITS DUTY TO DEFEND**

Sutton also argues that the presence of punitive damages allegations in the Underlying Complaint somehow eliminates its defense obligation. This argument misunderstands the governing duty-to-defend standard under Pennsylvania law.

The duty to defend is determined by comparing the allegations of the complaint with the language of the insurance policy. If any of the claims asserted in the complaint potentially fall within policy coverage, the insurer must defend the entire action. See *American & Foreign Ins. Co. v. Jerry's Sport Center, Inc.,* 2 A.3d 526, 541 (Pa. 2010). As the Pennsylvania Supreme Court explained: "The insurer must defend the insured until the claim is confined to a recovery that the policy does not cover." *Jerry's Sport Center*, 2 A.3d at 542.

The presence of a request for punitive damages does not alter that analysis. Courts repeatedly hold that the duty to defend is triggered by the nature of the underlying claims, not by

the type of damages sought. Here, the Underlying Complaint asserts negligence and dram shop liability claims against Plaintiffs arising from the alleged service of alcohol to a visibly intoxicated patron. Those allegations fall squarely within the policy's liquor liability coverage.

Because the complaint asserts claims that potentially fall within coverage, Sutton is obligated to defend the entire action regardless of whether certain categories of damages may ultimately be recoverable. Thus, Sutton cannot avoid its defense obligation simply by pointing to the presence of punitive damages allegations in the Underlying Complaint.

**VIII. SUMMARY JUDGMENT ON PLAINTIFFS' BAD FAITH CLAIM IS IMPROPER**

Sutton also seeks dismissal of Plaintiffs' statutory bad faith claim under 42 Pa.C.S. § 8371. Summary judgment on that claim is inappropriate. Under Pennsylvania law, an insurer acts in bad faith where it lacks a reasonable basis for denying policy benefits and knew or recklessly disregarded its lack of a reasonable basis. See Terletsky v. Prudential Property & Casualty Ins. Co., 649 A.2d 680, 688 (Pa. Super. 1994). Courts have consistently held that bad faith may be established where an insurer a) fails to conduct a reasonable investigation, b) misinterprets policy language in an unreasonable manner, or c) refuses to defend despite allegations that potentially fall within policy coverage.

Here, Sutton denied coverage and refused to defend Plaintiffs despite the fact that the Underlying Complaint alleges a classic dram shop claim arising from the service of alcohol — the precise risk insured under the policy's Liquor Liability Coverage Form. Rather than applying the governing four-corners rule, Sutton attempts to avoid coverage by focusing on the later criminal conduct of a third-party Lyft driver. As discussed above, that argument directly conflicts

with controlling Pennsylvania Supreme Court precedent, including *Jerry's Sport Center* and *Baumhammers*.

At a minimum, the record presents a genuine dispute regarding whether Sutton's interpretation of the policy and refusal to defend was reasonable. Because the bad faith claim turns on the insurer's conduct and state of mind, courts routinely hold that summary judgment is inappropriate where coverage issues remain contested. Accordingly, Sutton's motion for summary judgment should be denied as to Plaintiffs' bad faith claim.

## IX. DEFENDANT'S CHOICE-OF-LAW ARGUMENT DOES NOT CHANGE THE RESULT

Sutton argues that New Jersey law governs the interpretation of the policy. This argument does not alter the outcome of the present motion. Both Pennsylvania and New Jersey apply the same fundamental principle governing the duty to defend: an insurer must defend whenever the allegations of the complaint potentially fall within coverage. Thus, even assuming arguendo that New Jersey law applies, Sutton's duty to defend would still be triggered by the negligence allegations asserted in the Underlying Complaint.

## IX. CONCLUSION

The Underlying Complaint alleges negligent service of alcohol in violation of Pennsylvania's Dram Shop Act. Those allegations fall squarely within the liquor liability coverage provided by Sutton's policy and therefore trigger Sutton's duty to defend. Because the

policy provides coverage for the conduct alleged in the Underlying Complaint, Sutton's motion for summary judgment must be denied.

WHEREFORE, Plaintiffs respectfully request that this Court grant DENY Defendant Sutton Specialty Insurance Company's Motion for Summary Judgment and declare that Sutton Specialty Insurance Company owes Plaintiffs a duty to defend and provide coverage in the Underlying Action and must reimburse Plaintiff for defense costs incurred to date.

Respectfully submitted,

Date: March 13, 2026     By: _____
Thomas A. Musi, Jr., Esquire
Attorney ID: 75950
Dina L. Daubenberger, Esquire
Attorney ID: 80767
Musi, Mattson, Daubenberger & Clark, LP
21 W Third Street
Media, PA 19063
dld@mmdlawfirm.com
tam@mmdlawfirm.com
Counsel for Plaintiffs

CERTIFICATE OF SERVICE

      I, Thomas A. Musi, Jr., Esquire, hereby certify that on this date a true and correct copy of the foregoing was electronically filed with the Court this date and is available for viewing and downloading from the ECF to all counsel of record:

Denise M. Depekary, Esquire
ddepekary@wglaw.com
kara.kowlaski@wglaw.com
mdamiano@wglaw.com
melinda@wglaw.com

Neil L. Sambursky, Esquire
Neil.sambursky@wglaw.com

Date: March 13, 2026          By: _____
                                      Thomas A. Musi, Jr., Esquire
                                      Attorney ID: 75950
                                      Dina L. Daubenberger, Esquire
                                      Attorney ID: 80767
                                      Musi, Mattson, Daubenberger & Clark, LP
                                      21 W Third Street
                                      Media, PA 19063
                                      dld@mmdlawfirm.com
                                      tam@mmdlawfirm.com
                                      Counsel for Plaintiffs