**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |  |
|---|---|---|
| LANCE'S TAVERN, LLC d/b/a SKEETERS PUB & REGGIE'S INC., | : : : | Civil Action No.: **2:25-cv-06245-JHS** |
| Plaintiffs, | : : | |
| v. | : : | |
| SUTTON SPECIALTY INS. CO. 110 E Atlantic Avenue, Suite 330 Delray Beach, FL 33444, | : : : : : | |
| Defendant. | : : : | |

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF SUTTON
SPECIALTY INSURANCE COMPANY'S MOTION FOR SUMMARY JUDGMENT**

Of Counsel
Neil L. Sambursky, Esq. *(Admitted pro hac vice)*
Kathleen J. Devlin, Esq. *(Admitted pro hac vice)*
Denise M. DePekary, Esq. (Attorney ID: 328217)

**WEBER GALLAGHER SIMPSON STAPLETON FIRES & NEWBY LLP**
2000 Market Street, 13th Floor
Philadelphia, PA 19102
(516) 408-2422
Attorneys For Defendant
SUTTON SPECIALTY INSURANCE COMPANY

**TABLE OF CONTENTS**

**Page(s)**

I.   PRELIMINARY STATEMENT ....................................................................................1

II.  LEGAL ARUGMENT...............................................................................................2

    A.  SUTTON HAS NO DUTY TO DEFEND SKEETER'S PUB IN THE UNDERLYING
    ACTION AS THERE IS NO POTENTIAL COVERAGE UNDER THE SUTTON
    POLICY FOR THE CLAIMS ASSERTED...................................................................2

        1.  COVERAGE IS EXCLUDED UNDER THE CGL COVERAGE FORM AND
        LIQUOR LIABILITY COVERAGE FORM.............................................................3

        2.  THERE IS NO COVERAGE UNDER THE LIMITED ASSAULT OR BATTERY
        COVERAGE ENDORSEMENT ........................................................................4

    B.  SKETTER'S PUB'S BAD FAITH CLAIM FAILS AS A MATTER OF LAW ..............7

III. CONCLUSION...........................................................................................................7

**NOW COMES** the Defendant, Sutton Specialty Insurance Company ("Sutton"), by and through its undersigned counsel, hereby submits this Brief in Further Support of Its Motion for Summary Judgment and in Reply to Plaintiff, Lance's Tavern, LLC d/b/a Skeeter's Pub and Reggie's Inc.'s ("Skeeter's Pub") Oppositions[1].

## I.      PRELIMINARY STATEMENT

It is undisputed that the complaint in the Underlying Action alleges damages for the sexual assault of the underlying plaintiff, Jane Doe K.K. ("Jane Doe"), by a Lyft driver.  It undisputed that the "Limited Assault and Battery Coverage Form" in the Sutton Policy amends the coverage provided under the Commercial General Liability Coverage Form (the "CGL Coverage Form") and Liquor Liability Coverage Form by excluding coverage for any injury, damage or loss, however caused, arising out of an assault, battery or an "assault or battery event."  Thus, based upon the allegations of the complaint in the Underlying Action, and the terms of the Sutton Policy, Sutton properly disclaimed coverage to Skeeter's Pub under the CGL Coverage Form and Liquor Liability Coverage Form.

The "Limited Assault and Battery Coverage Form" provides coverage for "injury" arising out of an "assault or battery incident" committed by any insured. It is undisputed that a Skeeter's Pub employee did not assault the underlying plaintiff, Jane Doe.  Thus, Skeeter's Pub's argument that the Limited Assault and Battery Coverage is triggered is incorrect.  Moreover, the Limited Assault and Battery Coverage Form contains an exclusion that the coverage does not apply to injury, claim or loss, however caused, arising, directly or indirectly, out of sexual assault, abuse or molestation. It is also undisputed that the Underlying Action seeks damages for the underlying

---

[1] This brief is submitted in reply to "Plaintiffs' Reply Brief In Further Support Of Their Motion For Summary Judgment And In Opposition To Defendant's Cross-Motion (sic) For Summary Judgment" filed on March 11, 2026 ("Plf. Opp. I") and  "Plaintiffs' Brief In Opposition to Defendant's Motion For Summary Judgment" filed on March 13, 2026 ("Plf. Opp. II").

plaintiff being sexually assaulted. Thus, based upon the allegations of the complaint in the Underlying Action, and the terms of the Sutton Policy, Sutton properly disclaimed coverage to Skeeter's Pub under the Limited Assault and Battery Coverage Form.

Skeeter's Pub argues that it is entitled to a defense in the Underlying Action because the complaint in the Underlying Action asserts claims against it for negligence and liquor liability, *i.e.* serving intoxicating amount of alcohol to Jane Doe who was visibly intoxicated.  Sutton agrees that underlying complaint asserts those claims; however, for the reasons discussed, based upon the assault and battery and sexual assault exclusions, there is no coverage under the Sutton Policy for the Underlying Action. Skeeter's Pub does not claim that the terms, conditions, or exclusions of the Sutton Policy are vague or ambiguous.

Accordingly, for the reasons discussed herein and in Sutton's moving papers, Sutton's motion for summary judgment should be granted in all respects.

## II.    LEGAL ARGUMENT

### A. SUTTON HAS NO DUTY TO DEFEND SKEETER'S PUB IN THE UNDERLYING ACTION AS THERE IS NO POTENTIAL COVERAGE UNDER THE SUTTON POLICY FOR THE CLAIMS ASSERTED

Skeeter's Pub does not contest Sutton's argument that New Jersey law governs this matter, instead claiming only that Sutton's choice of law argument is a "semantic attack on Plaintiff's presentation of Pennsylvania law."  Plaintiff further asserts that Sutton is "run[nig] from the mandatory 'Four Corners' rule." (Plf. Opp. II, p.2, 3.)  Putting aside the hyperbole in Plaintiff's oppositions, its arguments and claims are just plain wrong.

Skeeter's Pub recognizes that "[u]nder Pennsylvania law, where the allegations of the complaint fall within the policy's insuring agreement and *no exclusion applies*, coverage exists as a matter of law." (Plf. Opp. I at page 5 of 11; citations omitted; emphasis added.)  Sutton does not

seek to avoid the "four corners" rule, whether under New Jersey or Pennsylvania law.  Indeed, the "four corners" rule establishes that Sutton has no coverage for the Underlying Action.

### 1.    COVERAGE IS EXCLUDED UNDER THE CGL COVERAGE FORM AND LIQUOR LIABILITY COVERAGE FORM

It undisputed that the "Limited Assault and Battery Coverage Form" in the Sutton Policy amends the coverage provided under the CGL Coverage Form and Liquor Liability Coverage Form by excluding coverage for any injury, damage or loss, however caused, arising out of an assault, battery or an "assault or battery event."  (Pltf. Rsp.1.)  The exclusions provide:

> **A.  Additional Exclusion Applicable to the COMMERCIAL GENERAL LIABILITY COVERAGE FORM**
>
> The following exclusion is added to the **COMMERCIAL GENERAL LIABILITY COVERAGE FORM:**
>
> Injury, damage or loss, however caused, arising, directly or indirectly, out of:
>
> **1.**  Assault;
>
> **2.**  Battery;
>
> **3.**  Any "assault or battery incident".
>
> **B.  Additional Exclusion Applicable to the LIQUOR LIABILITY COVERAGE FORM**
>
> The following exclusion is added to the **LIQUOR LIABILITY COVERAGE FORM:**
>
> This insurance does not apply to "injury", damage or loss, however caused, arising, directly or indirectly, out of:
>
> **1.**  Assault;
>
> **2.**  Battery;
>
> **3.**  Any "assault or battery incident".

SUMF No. 10.

It is undisputed that the complaint in the Underlying Action alleges Jane Doe, after becoming intoxicated at various establishments, was sexually assaulted by a Lyft driver. (Pltf. Rsp.1.)  Skeeter's Pub does not, and could not, argue that a sexual assault is not an assault, battery, or an "assault or battery incident" as that term is defined in the Sutton Policy.

4

Thus, based upon the allegations of the complaint in the Underlying Action, and the terms of the Sutton Policy, Sutton properly disclaimed coverage to Skeeter's Pub under the CGL Coverage Form[2] and Liquor Liability Coverage Form.

Nevertheless, Skeeter's Pub argues that it is entitled to a defense in the Underlying Action because the complaint in the Underlying Action asserts claims against it for negligence and liquor liability, *i.e.* serving intoxicating amount of alcohol to Jane Doe who was visibly intoxicated. Sutton agrees that underlying complaint asserts those claims. However, as the complaint in the Underlying Action seeks damages arising out of as assault or battery, however caused, such as by overserving liquor to the plaintiff or otherwise, coverage is completely excluded under the CGL Coverage Form and Liquor Liability Coverage Form.

### 2. THERE IS NO COVERAGE UNDER THE LIMITED ASSAULT OR BATTERY COVERAGE ENDORSEMENT

Skeeter's Pub argues throughout its papers that there is coverage under the Liquor Liability Coverage Form for an assault or battery "committed by any insured." (Plf. Opp. II, *passim*.) Skeeter's Pub is mistaken.

As noted, coverage for an assault, battery, or an "assault or battery incident" is excluded under the Liquor Liability Coverage Form. The Limited Assault Or Battery Coverage endorsement, however, provides certain limited coverage for injury or bodily injury arising out of an "assault or battery incident" committed by any insured as follows:

> **I. LIMITED ASSAULT AND BATTERY INSURING AGREEMENT**
> **A.** We will pay all sums the Named Insured is legally obligated to pay as damages because of "injury", "bodily injury", "property damage" or "personal and advertising injury" arising out of an "assault or battery incident" by any insured,

---

[2] Skeeter's Pub does not oppose Sutton's claim that there is no coverage for the Underlying Action under the CGL Coverage Form.

**B.** We will have the right and duty to defend the Insured against any "suit" seeking those damages. However, we will have no duty to defend the Insured against any "suit" seeking damages for "injury", "bodily injury", "property damage" or "personal and advertising injury" to which this insurance does not apply….

\* \* \*

SUMF No. 10.

Thus, by its terms the Limited Assault and Battery Coverage Form only provides coverage for "injury" arising out of an "assault or battery incident" committed by any insured. It is undisputed that a Skeeter's Pub employee did not assault the underlying plaintiff. Therefore, the claims asserted in the complaint in the Underlying Action do not fall within the scope of coverage under the Limited Assault and Battery Coverage Form. Sutton has no duty to defend Skeeter's Pub in the Underlying Action. Sutton properly denied coverage on this basis.

The Limited Assault and Battery Coverage Form also contains an exclusion that the coverage does not apply to injury, claim or loss, however caused, arising, directly or indirectly, out of sexual assault, abuse or molestation, as follows:

**C. Exclusions Applicable to the LIMITED ASSAULT AND BATTERY COVERAGE**

This insurance does not apply to:

**1.** "Injury", claim or loss, however caused, arising, directly or indirectly, out of sexual assault, abuse or molestation.

**2.** Any claim for punitive or exemplary damages.

\* \* \*

SUMF No. 10.

It is also undisputed that the Underlying Action seeks damages for the underlying plaintiff's being sexually assaulted. (Pltf. Rsp.1.) Thus, based upon the allegations of the complaint in the Underlying Action, and the terms of the Sutton Policy, Sutton properly disclaimed coverage to Skeeter's Pub under the Limited Assault and Battery Coverage Form.

Relying on <u>Baumhammers</u>[3], Skeeter's Pub argues that Sutton should "defend where the complaint alleged negligence by the insured, even when the injury ultimately results from intentional criminal conduct." (<u>See</u> Plf. Opp. II at 10 of 17).  This argument is misplaced. Baumhammers was not a Dram Shop case, nor did it address any exclusions at issue in the instant matter.  The Baumhammers Court addressed whether there was an "accident" pursuant to the terms of the subject policy and the number of "occurrences" where the homeowners' son shot and killed a neighbor and then killed four people and injured another in three townships.  <u>Baumhammers</u> has no bearing on Sutton's proper denial of coverage.

Plaintiff also argues that Sutton's interpretation of its policy would "render the Liquor Liability Coverage purchased by the insured effectively meaningless." (<u>See</u> Plf. Opp. I at 7-8 of 11 and Plf. Opp. II at 12 of 17).  There is no basis for this claim.

The coverage afforded by the Liquor Liability Coverage Form is not rendered illusory by the assault or battery exclusion.  For example, there is potential coverage under the Liquor Liability Coverage Form for claims involving bodily injury and/or property damage resulting from car accidents involving patrons who were overserved; property damage caused by an intoxicated patron; slip and fall accidents involving patrons who were overserved alcohol.  Moreover, the Limited Assault and Battery Coverage Form, which modifies the insurance under the Liquor Liability Coverage Form, provides coverage for "injury" arising out of an "assault or battery

---

[3] Incredibly, Skeeter's Pub comments that Sutton pointing out the quotes that did not exist in the cited cases was a "semantic attack" and "distractive tactics." (Plf. Opp. I at 2 of 11.)  It has been a waste of time and resources to review cases that do not contain the cited quotes and/or misrepresents the holding of a case.  Skeeter's Pub disingenuously argues that Sutton claimed "*Baumhammers* does not stand for the proposition that a duty to defend is triggered by 'potential' coverage is a **bad-faith misrepresentation** of one of Pennsylvania's most significant insurance precedents." (<u>See</u> Plf. Opp. I at page 4 of 11; bold in Plf Opp. I.)  While reciting the litany of quotes that did not exist in the cases cited by Skeeter's Pub, Sutton specifically stated that it "recognizes that some of the propositions of law may be true, but the quoted language cited by Skeeter's Pub has not been found in the cased cited by them." (<u>See</u> Sutton's Opp. Brf, fn2.)  Skeeter's Pub's opposition briefs continue to attribute quotes to cases that do not exists. (<u>See</u> Plf. Opp. I at p. 4 of 11; Plf. Opp. II at p. 10 of 17.)

incident" committed by any insured, except for an injury, claim or loss, however caused, arising, directly or indirectly, out of sexual assault, abuse or molestation.

Finally, Skeeter's Pub is also misguided regarding Sutton's argument that punitive damages are not covered.  Sutton is not arguing, as Skeeter's Pub claims, that the presence of punitive damages allegations eliminates its defense obligation of the entire action.  (Plf. Opp. II at Point VII.)   For the reasons discussed, there is no coverage for the claims asserted in the Underlying Action, including any damage award, whether compensatory or punitive.  As set forth in Sutton's moving papers, coverage for punitive and exemplary damages is also excluded by virtue of the EXCLUSION-PUNITIVE OR EXEMPLARY DAMAGES in the Sutton Policy and public policy, neither of which were addressed by Skeeter's Pub in its oppositions.

For the foregoing reasons, based upon the undisputed facts, as a matter of law, there is no coverage under the Sutton Policy for the Underlying Action.  Sutton has no duty to defend Skeeter's Pub.  Sutton's motion for summary judgment should be granted in all respects.

### B. SKEETER'S PUB'S BAD FAITH CLAIM FAILS AS A MATTER OF LAW

As set forth in Sutton's moving brief, Skeeter's Pub's bad faith claims must fail as a matter of law.  (See Sutton Moving Brief at pgs 17-18.)   For the reasons set forth above and previously, Sutton had a reasonable basis to disclaim coverage based on the clear terms of the Sutton Policy. Accordingly, its motion for summary judgment as to the bad faith claim should be granted.

### III.  CONCLUSION

**WHEREFORE**, for the foregoing reasons, and those set forth in its prior briefs, Sutton respectfully submits that (a) Sutton's Motion for Summary Judgment be granted in its entirety; and (b) the Court declare and adjudge that Sutton is not obligated to provide a defense or indemnity to Skeeter's Pub for the claims asserted against it in the Underlying Action.

Respectfully submitted,

Date: March 20, 2026

**WEBER GALLAGHER SIMPSON
STAPLETON FIRES & NEWBY, LLP**

/s/ _____

By: Denise M. DePekary, Esq.
Attorney ID: 328217
Neil L. Sambursky, Esq.
(Admitted *pro hac vice*)
Kathleen J. Devlin, Esq.
(Admitted *pro hac vice*)
2000 Market Street, 13th Floor
Philadelphia, PA 19102
ddepekary@wglaw.com
neil.sambursky@wglaw.com
kdevlin@wglaw.com
*Attorneys for Defendant
Sutton Specialty Insurance Company*

9