**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |  |
|---|---|---|
| LANCE'S TAVERN, LLC d/b/a SKEETERS PUB & REGGIE'S INC., | : : : : | Civil Action No.: **2:25-cv-06245-JHS** |
| Plaintiffs, | : : | |
| v. | : : | |
| SUTTON SPECIALTY INS. CO. 110 E Atlantic Avenue, Suite 330 Delray Beach, FL 33444, | : : : : | |
| Defendant. | : | |

**SUTTON SPECIALTY INSURANCE COMPANY'S RESPONSE TO
PLAINTIFFS' STATEMENT OF UNDISPUTED ADDITIONAL MATERIAL FACTS**

Pursuant to Fed. R. Civ. P. 56, Sutton Specialty Insurance Company ("Sutton")  responds

to Plaintiff's "Undisputed Additional Material Facts" as follows:

1.    The Underlying Complaint alleges that Plaintiffs served alcohol to Jane Doe while

she was visibly intoxicated.

RESPONSE:  Sutton objects to paragraph "1" on the grounds that contrary to Fed. R. Civ.

P. 56 and Judge Slomsky's Scheduling And Motion Practices and Procedures, V. Rule 56 Motions,

Plaintiff failed to cite the source relied on in support of the alleged fact. Subject to and without

waiving its objections, Sutton states that the Underlying Complaint alleges that Skeeter's Pub

served alcohol to Jane Doe while she was visibly intoxicated. See Exhibit B[1].

2.    Pennsylvania's Dram Shop Act prohibits licensees from serving alcohol to visibly

intoxicated persons and imposes civil liability for injuries resulting from such service.

---

[1] Exhibit references are to the exhibits attached to Sutton's moving brief.

RESPONSE:  Sutton objects to paragraph "2" on the grounds that it impermissibly seeks a legal conclusion and does not comply with Fed. R. Civ. P. 56 and Judge Slomsky's Scheduling And Motion Practices and Procedures, V. Rule 56 Motions.

3.    The Sutton insurance policy includes a Liquor Liability Coverage Form.

RESPONSE:  Sutton objects to paragraph "3" on the grounds that contrary to Fed. R. Civ. P. 56 and Judge Slomsky's Scheduling And Motion Practices and Procedures, V. Rule 56 Motions, Plaintiff failed to cite the source relied on in support of the alleged fact. Subject to and without waiving its objections, Sutton admits that the Sutton Policy includes a Liquor Liability Coverage Form.  See Exhibit A.

4.    The Liquor Liability Coverage Form provides coverage for damages imposed on the insured by reason of the selling, serving, or furnishing of alcoholic beverages.

RESPONSE:  Sutton objects to paragraph "4" on the grounds that contrary to Fed. R. Civ. P. 56 and Judge Slomsky's Scheduling And Motion Practices and Procedures, V. Rule 56 Motions, Plaintiff failed to cite the source relied on in support of the alleged fact. Subject to and without waiving its objections, Sutton states denied and refers to the terms, conditions, and exclusions of the Sutton Policy, including, but not limited to, the Liquor Liability Coverage Form, which speaks for itself.  See Exhibit A.

5.    The Underlying Complaint asserts negligence claims against Plaintiffs based on their alleged service of alcohol.

RESPONSE:  Sutton objects to paragraph "5" on the grounds that contrary to Fed. R. Civ. P. 56 and Judge Slomsky's Scheduling And Motion Practices and Procedures, V. Rule 56 Motions, Plaintiff failed to cite the source relied on in support of the alleged fact. Subject to and without waiving its objections, Sutton admits that the Underlying Complaint asserts a cause of action for negligence and refers to the Underlying Complaint, which speaks for itself.  See Exhibit B.

6.      The alleged assault in the Underlying Complaint was committed by a third-party Lyft driver.

RESPONSE:  Sutton objects to paragraph "6" on the grounds that contrary to Fed. R. Civ. P. 56 and Judge Slomsky's Scheduling And Motion Practices and Procedures, V. Rule 56 Motions, Plaintiff failed to cite the source relied on in support of the alleged fact. Subject to and without waiving its objections, Sutton states that the Underlying Complaint alleges an assault on Jane Doe was committed by a Lyft driver. See Exhibit B.

7.      The Underlying Complaint does not allege that any assault was committed by Skeeters Pub or any insured under the Sutton policy.

RESPONSE:  Sutton objects to paragraph "7" on the grounds that contrary to Fed. R. Civ. P. 56 and Judge Slomsky's Scheduling And Motion Practices and Procedures, V. Rule 56 Motions, Plaintiff failed to cite the source relied on in support of the alleged fact. Subject to and without waiving its objections, Sutton states that the Underlying Complaint alleges the assault on Jane Doe was committed by a Lyft driver. It does not allege that an assault was committed by Skeeter's Pub or any insured under the Sutton Policy. See Exhibit B.

8.      Sutton denied coverage and refused to defend Plaintiffs in the Underlying Action

RESPONSE:  Sutton objects to paragraph "8" on the grounds that contrary to Fed. R. Civ. P. 56 and Judge Slomsky's Scheduling And Motion Practices and Procedures, V. Rule 56 Motions, Plaintiff failed to cite the source relied on in support of the alleged fact. Subject to and without waiving its objections, Sutton states that it properly denied coverage and has no duty to defend or indemnify Skeeter's Pub in the Underlying Action.  See Exhibits A, B, D, F, H.

9.      Plaintiffs have incurred defense costs as a result of Sutton's refusal to defend.

RESPONSE:  Sutton objects to paragraph "9" on the grounds that contrary to Fed. R. Civ. P. 56 and Judge Slomsky's Scheduling And Motion Practices and Procedures, V. Rule 56 Motions, Plaintiff failed to cite the source relied on in support of the alleged fact. Subject to and without waiving its objections, Sutton states that it has no knowledge of the amount of costs allegedly incurred by Plaintiff in the defense of the Underlying Action, and Plaintiff has not provided any documentation in support of this assertion. As such, Sutton denies the assertion made in paragraph 9, and the court should not consider this assertion pursuant to Fed. R. Civ. P. 56 (c)(3).  Sutton further states that it has no duty to defend Skeeter's Pub in the Underlying Action.  See Exhibits A, D, F, H.


Date: March 20, 2026

Respectfully submitted,
**WEBER GALLAGHER SIMPSON STAPLETON FIRES & NEWBY, LLP**

/s/ _____

By: Denise M. DePekary, Esq.
Attorney ID: 328217
Neil L. Sambursky, Esq.
(Admitted *pro hac vice*)
Kathleen J. Devlin, Esq.
(Admitted *pro hac vice*)
2000 Market Street, 13th Floor
Philadelphia, PA 19102
ddepekary@wglaw.com
neil.sambursky@wglaw.com
kdevlin@wglaw.com
*Attorneys for Defendant*
*Sutton Specialty Insurance Company*